DAVID S. RATNER, ESQ. (*pro hac vice*)
DALE B. RATNER, ESQ. (SBN 278717)
MORELLI RATNER PC
950 THIRD AVENUE, 11th FLOOR
NEW YORK, NY 10022
(212) 751-9800; FAX (212) 751-0046
*DRatner@morellilaw.com*

Attorneys for *Amicus Curiae*
MORELLI RATNER PC
950 THIRD AVENUE, 11th FLOOR
NEW YORK, NY 10022
(212) 751-9800; FAX (212) 751-0046

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RODNEY SHIVELY, individually and on behalf of others similarly situated, | |
| | Case No. CV12-0290 EMC |
| Plaintiff, | |
| | (Related case: C11-5774 EMC) |
| v. | |
| | (MDL Case No. C12-md-2330 EMC In re Carrier IQ, Inc.) |
| CARRIER IQ, INC.; et al., | |
| Defendants | **CLASS ACTION** |
| | **REPLY OF MORELLI RATNER PC TO OPPOSITION TO MORELLI RATNER PC'S MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*** |
| | Removed from the Superior Court of the State of California, Santa Clara County, Case No. 111 CV 214522 |
| | Date:  July 12, 2012<br>Time:  2:30 a.m.<br>Judge:  Honorable Edward M. Chen |

MORELLI RATNER'S REPLY TO OPPOSITION TO
MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
Civil Case No.: 12-0290 EMC

I.     **INTRODUCTION**

Morelli Ratner PC ("Morelli Ratner"), a nonparty to this action and Plaintiff's counsel in *Briggs v. Carrier IQ*, a related action, respectfully requests that this court grant Morelli Ratner's Motion for Leave to File Brief *Amicus Curiae* in Support of Plaintiff's Motion to Remand (Dkt. No. 65) ("Motion for Leave").  Defendant opposes this motion on various grounds, none of which constitute a proper reason for the court to deny Morelli Ratner's Motion for Leave.

First, Morelli Ratner's brief was not procedurally improper pursuant to N.D. Cal. Civil Local Rule 7-3(d), which applies only to counsel in the instant action, rendering the rule wholly inapplicable to the present situation where a nonparty seeks to introduce information.  Further, Morelli Ratner is a proper *amicus curiae* in this action because the *amicus* brief presents new and useful information that would be helpful to this court in making its determination in the instant case, *Shively v. Carrier IQ, Inc.*, No. 3:12cv00290-EMC ("*Shively*").  More specifically, Morelli Ratner's *amicus* brief cites Judge Feess's Orders remanding the *Eckert* and *Leong* actions ("Remand Orders") in support of the motion to remand the *Shively* action.  The Remand Orders constitute new information for the purposes of an *amicus* brief because they were decided after submission of all papers in the *Shively* action and neither party to the *Shively* action cited the Remand Orders to the court in any of their formal briefings.   Further, the Remand Orders are clearly persuasive because the Remand Orders involve facts and claims identical to the *Shively* action, and Judge Feess's decision was well reasoned and supported by four decades of precedent.  Accordingly, Morelli Ratner PC's Motion for Leave should be granted.

II.    **FACTS**

After Carrier IQ removed *Shively* to the Northern District of California, Plaintiff filed a Motion to Remand on the basis that his claims were based solely on state law.  Defendant opposed Plaintiff's motion on the basis that Plaintiff's third cause of action alleging a violation of the California Penal Code is preempted by the Federal Wiretap Act, 18 U.S.C. §2510, et seq. (*Shively* Dkt. Nos. 1-3, 10-11). On June 8, 2012, Morelli Ratner, counsel for Plaintiffs in related cases, filed a Motion for Leave to file an *amicus* brief in support of the *Shively* Motion for Remand.  (Dkt. No. 65).  On June 22, 2012 Defendant Carrier IQ submitted an opposition to Morelli Ratner's Motion for Leave.  (Dkt. No.

1

92).  A hearing on this motion is set for July 12, 2012.  Morelli Ratner submits this Reply in Carrier IQ's Opposition to Morelli Ratner's Motion for Leave.

### III. ARGUMENT

**A. N.D. Cal. Civil Local Rule 7-3(d) Is Not Applicable To Morelli Ratner, A Nonparty To This Case.**

Defendant erroneously contends that Morelli Ratner, a nonparty to the instant case, has improperly attempted to circumvent Northern District of California's Local Civil Local Rule 7-3(d) by asking for leave to file a brief *amicus curiae* in support of Plaintiff's Motion to Remand.  However, a close reading of the statute reveals that this rule was not intended to apply to a non-party.  N.D. Cal. Civil Local Rule 7-3(d) provides that, "*[C]ounsel* may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed…." (emphasis added).  Defendant simply glosses over the term "counsel" in an improper attempt to bind Morelli Ratner, a nonparty, to a rule applicable solely to the parties in the instant case.  It would be preposterous to assume that the term "counsel" as used in this statute was intended to apply to a nonparty's counsel who lacks standing in the instant case.  This certainly was not meant to apply to nonparties, none of whom have the ability to file documents in the litigation.  *See NVG Gaming, Ltd., v. Upstream Point Molate, LLC,* 355 F.Supp.2d 1061, 1068 (N.D.Cal. 2005) (determining that a nonparty has no control over the litigation and no right to institute any proceedings in it, nor can it file and pleadings or motions in the case).  Rather, the proper vehicle for a nonparty to bring pertinent information to the court's attention is through leave to file an *amicus* brief.  *See IO Group, Inc. v. VEOH Networks, Inc.*, 2007 U.S. Dist. LEXIS 101252 (N.D.Cal. Aug. 22, 2007) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues…if the amicus has 'unique information…that can help the court…'")

Thus, Defendant's "procedurally improper" argument is without merit.  Morelli Ratner PC's amicus brief was procedurally proper and its Motion for Leave should be granted.

MORELLI RATNER'S REPLY TO OPPOSITION TO
MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
Civil Case No.: 12-0290 EMC

### B. Morelli Ratner Is A Proper *Amicus Curiae* Because It Seeks To Provide The Court With New Information, And This Decision Will Affect Numerous Similarly Situated Plaintiffs In Future Cases.

While a district court has discretion to grant or refuse an *amicus curiae* the privilege of being heard, generally courts have "exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence". *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991); *see also Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 U.S. Dist. LEXIS 4467 (N.D. Cal. Jan. 8, 2007). Further, "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. at 997.

Defendant argues that Morelli Ratner is not proper *amicus curiae* because it is acting as counsel for litigants in related cases. This view is outdated as courts are now aware that a "friend of the court" need not be impartial. *See United States v. Michigan,* 940 F.2d 143, 164-65 (6th Cir. 1991) ("We are beyond the original meaning now; an adversary role of an amicus curiae has become accepted."); *Waste Mgmt of Pa., Inc. v. City of York*, 1995 U.S. Dist. LEXIS 13729, *36 (M.D. Pa. May 30, 1995) ("…by the nature of things an *amicus* is not normally impartial.") (citations omitted). Rather, the relevant inquiry is whether a party seeking to file an *amicus* brief presents information that is novel and relevant to the instance action and whether the court's determination will result in future consequences for those not involved in the instant case. *See Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos*, *Inc.*, 272 F.Supp. 2d 919, 925 (N.D. Cal. 2003) ("District courts frequently welcome amicus briefs from non-parties…if the amicus has unique information…that can help the court…."). Further, the Northern District of California has articulated that, "…participation of amicus curiae may be appropriate where legal issues in a case *have potential ramifications beyond the parties directly involved.*" *Id.* (emphasis added).

Here, Morelli Ratner is a proper *amicus curiae* because it seeks to introduce new information to support the *Shively* motion to remand, the outcome of which will affect many parties beyond *Shively*. Morelli Ratner's *amicus* brief presents a recent decision by the Central District of California in which Judge Feess held that the Remand Orders in *Eckert* and *Leong* were proper because the Wiretap Act does not preempt California state law and thus remanded both cases. This decision

3

MORELLI RATNER'S REPLY TO OPPOSITION TO
MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
Civil Case No.: 12-0290 EMC

involved similarly situated Plaintiffs who posed identical claims against the same Defendant. The Remand Orders were decided subsequent to the papers being submitted for the *Shively* Motion to Remand. Morelli Ratner, acting as *amicus curiae*, seeks to introduce the Remand Orders to ensure the court has access to and the ability to consider all relevant information when making its decision in the instant case. Defendant's argument that Plaintiffs are aware of this case and may certainly bring it to the court's attention during oral argument ignores the fact that Plaintiff is under no obligation to do so and the possibility that Plaintiff ultimately may not. If Morelli Ratner is not granted leave to file its *amicus* brief it will not have standing to introduce new information that will very likely have a significant impact on the court's ultimate decision. If Morelli Ratner is denied standing to present such information, such a denial would impede Morelli Ratner's duty to zealously represent the interests of its client, Briggs, a party whose interest in the outcome of *Shively* cannot be overestimated.

Moreover, Morelli Ratner is a proper *amicus curiae* because this court's decision will have significant future ramifications beyond *Shively*. Not only will the court's determination on this motion directly affect Morelli Ratner's case in *Briggs*, but it will also impact numerous Plaintiffs in related cases, all of which, and similar to *Shively*, allege only California state law violations.

For these reasons, Morelli Ratner PC is a proper *amicus curiae* and its Motion for Leave should be granted.

C. **The *Amicus* Brief Certainly Provides New And Useful Information for the Court.**

Despite Defendant's misrepresentation of Morelli Ratner PC's *amicus* brief, it does far more than provide duplicative background facts, superfluous summary, and reiteration of arguments. In fact, Morelli Ratner PC's *amicus* brief provides exactly what Defendant denies: it offers new information in the form of a unique legal perspective by applying the federal preemption analysis found in Judge Feess's Remand Orders to the facts of *Shively* by arguing that because *Leong* and *Eckert* allege identical claims arising out of identical facts against an identical Defendant that the United Stated District Court for the Central District of California's preemption analysis should govern *Shively*. Morelli Ratner agrees with Defendant that this Court was informed of Judge Feess's Remand Orders at the May 24, 2012 Case Management Conference. Nevertheless, generally informing this Court of Judge Feess's Order is much different than analyzing the Order as it applies to the facts of *Shively* for the specific purpose of remand. For these reasons and contrary to what

4

MORELLI RATNER'S REPLY TO OPPOSITION TO
MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
Civil Case No.: 12-0290 EMC

Defendant may argue, Morelli Ratner's *amicus* brief goes beyond providing duplicative background facts, superfluous summary, and reiteration of arguments; this is a specific legal argument suggesting the application of a United States District Court's determination of law to another case in a sister district for the narrow purpose of remand.

In addition, Morelli Ratner's *amicus* brief is useful to this Court by examining how Judge Feess's rationale was supported by case law from the Northern District of California.  In this way, Morelli Ratner's *amicus* brief illustrated which cases a district court in California is likely to consider and which cases it likely to disregard when applying federal preemption analysis in the context of the Federal Wiretap Act and California's Invasion of Privacy Act.  As Morelli Ratner's *amicus* brief highlighted, although there exists divergent case law on this issue, the few cases which Defendant cites in its Opposition deviated from decades of consistent federal preemption precedent, a line of cases with rationale so convincing that Judge Feess chose to follow it even though none of these cases were mandatory authority in the Central District of California. Morelli Ratner's *amicus* brief illustrates alternative lines of cases and distinguishes those that are persuasive from those that are ultimately a misguided departure from precedent.  For these reasons and despite Defendant's arguments to the contrary, Morelli Ratner's *amicus* brief provides useful information to the Court.

**D. Defendant Misunderstands The Law When It Argues That The Cases Relied On In The Remand Order Are Not Persuasive Authority**

Defendant's argument that the *Eckert* and *Leong* Remand Orders are not persuasive rests largely on the contention that the *Bunnell* decision was not given sufficient weight by Judge Feess. However, a thorough review of the Remand Orders reveals *Bunnell* was discussed, analyzed, and ultimately dismissed as unpersuasive as it deviates from decades of precedent, both before and after the *Bunnell* decision, regarding federal preemption analysis in the context of the Federal Wiretap Act and California's Invasion of Privacy Act.   Moreover, it is particularly noteworthy that Judge Feess based his decision on several cases arising out of the Northern District rather than follow *Bunnell*, a case from his own district.

Defendant's further inappropriate attempt to argue the merits of federal preemption, presumably in opposition to the *Shively* remand action, is inappropriate at this juncture as it is now the Court's role to make that determination.  Rather, Morelli Ratner urges this court to consider Judge Feess's Remand Orders to hold merit as persuasive authority for the *Shively* action because the

5

Remand Orders consist of parties and claims identical to those in *Shively*. Further, Judge Feess's decisions in *Eckert* and *Leong* holding that the Federal Wiretap Act did not preempt California Invasion of Privacy Act was grounded in sound reasoning and supported by over four decades of precedent from this court and other districts and circuits across the nation.

### IV. **CONCLUSION**

For the foregoing reasons, Morelli Ratner PC, respectfully requests that this Court grant Morelli Ratner PC's Motion for Leave.

Dated: June 28, 2012

/S/David S. Ratner

By: _____

David S. Ratner, Esq.
Morelli Ratner PC
950 Third Avenue, 11th Floor
New York, NY 10022

Attorneys for *Amicus Curiae*

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

                                        David S. Ratner, Esq.
                                        THE LAW OFFICES OF MORELLI RATNER P.C.