UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION.<br>_____/ | No. C-12-md-2330 EMC<br><br>**ORDER RE PLAINTIFFS' MOTIONS TO APPOINT LEAD COUNSEL**<br><br>**(Docket Nos. 68, 77)** |

Currently pending before the Court are two competing motions to appoint interim lead counsel. Each of the two slates is well qualified. After considering all the factors set forth in this Court's Pretrial Order dated May 1, 2012 (Docket No. 20) (Order at 6-7), the Court hereby **GRANTS** the motion filed by the Hagens Berman and Pearson Simon law firms. While both slates are well qualified, and the Court is particularly impressed with the early work of the Strange & Carpenter law firm, the Court finds that the Hagens Berman and Pearson Simon firms, together with the other firms identified below comprising the executive committee, present an especially impressive set of qualifications with broad and deep experience in handling large, complex litigation, and proven resources to litigate this large, complex class action. In addition, counsel have represented to the Court that they will adopt measures to ensure that costs and expenses, including attorney's fees, are kept within reasonable bounds. The management team appears to be structured efficiently.

Accordingly, the Hagens Berman and Pearson Simon law firms are designated interim co-lead counsel. In addition, the Court approves the use of an executive committee as proposed by the two law firms and names the following firms as members of that committee: (1) the Arias Ozzello

law firm; (2) the Levin Fishbein law firm; (3) the Finkelstein Thompson law firm; and (4) the Kiesel Boucher law firm. Pearson Simon shall serve as liaison counsel. The Court notes that, although it has appointed the above-named firms, it encourages co-lead counsel to work with other firms, in particular, those from the competing slate (such as the Strange & Carpenter firm) should resources beyond the executive committee be needed.

Having appointed interim counsel, the Court imposes the following case management deadlines.

1. Co-lead counsel shall file a consolidated amended complaint by **August 27, 2012**.

2. Co-lead counsel shall also file by **August 27, 2012**, proposed guidelines that they will follow to limit costs and expenses including attorney's fees. The proposed guidelines should address staffing practices (*e.g.*, number of attorneys attending each deposition and court hearings), limits on travel expenses (*e.g.*, coach air fare), etc. Guidelines must provide that: (a) daily, contemporaneous time records must be maintained; (b) block-billing time records shall not be permitted; (c) time records must be based on the tenth of an hour (not a quarter of an hour); (d) time records must be submitted to co-lead counsel for review no later than the week following the last day of a month; and (e) co-lead counsel will appoint one senior attorney from either Hagens Berman or Pearson Simon to collect all billing records monthly and conduct a monthly review of time records to ensure that costs and expenses are reasonable, with the understanding that the Court may, in its discretion, call upon counsel to submit those records and/or a report for the Court's independent review.

3. The parties shall exchange initial disclosures by **September 27, 2012**.

4. Within a week after the filing of the consolidated amended complaint, the parties shall begin to meet and confer regarding a discovery plan. The meet and confer should address, *inter alia*, the phasing, scope, and timing of discovery. Until a discovery plan is submitted to the Court, there shall be no discovery taken by any party other than (a) initial disclosures, (b) discovery directed at the anticipated motion(s) to compel arbitration, or (c) discovery stipulated to by the parties.

5. By **October 11, 2012**, Defendants shall file their motion(s) to compel arbitration. Defendants shall meet and confer prior to filing any motion to compel arbitration to determine whether a single consolidated motion is possible. If one consolidated motion is not possible because of the number of Defendants, Defendants should determine, at the very least, whether joint motions by groupings are feasible. Defendants are forewarned that the Court shall not accept what amounts or is akin to one motion to compel per each Defendant. The deadline for filing the motion(s) to compel may be extended per stipulation in order to conduct discovery if necessary.

This order disposes of Docket Nos. 68 and 77.

IT IS SO ORDERED.

Dated: July 16, 2012

EDWARD M. CHEN
United States District Judge