Steve W. Berman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
Thomas E. Loeser (202724)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
toml@hbsslaw.com

Bruce L. Simon (96241)
Daniel L. Warshaw (185365)
William J. Newsom (267643)
PEARSON SIMON WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswplaw.com
dwarshaw@pswplaw.com
wnewsom@pswplaw.com

*Counsel for Select Plaintiffs and
Interim Co-Lead Counsel for the Proposed Classes*

[*Additional Counsel Listed on Signature Page*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION. | No. 12-md-2330-EMC<br><br>[PROPOSED] GUIDELINES TO LIMIT COSTS AND EXPENSES, INCLUDING ATTORNEYS' FEES |

1  On July 16, 2012, the Court issued an order appointing lead counsel and instructing lead counsel to file "proposed guidelines that they will follow to limit costs and expenses including attorney's fees."  Order Re Plaintiffs' Motions To Appoint Lead Counsel at 2:9-20 (Docket No. 100).  The Court ordered:

> The proposed guidelines should address staffing practices (e.g., number of attorneys attending each deposition and court hearings), limits on travel expenses (e.g., coach air fare), etc. Guidelines must provide that: (a) daily, contemporaneous time records must be maintained; (b) block-billing time records shall not be permitted; (c) time records must be based on the tenth of an hour (not a quarter of an hour); (d) time records must be submitted to co-lead counsel for review no later than the week following the last day of a month; and (e) co-lead counsel will appoint one senior attorney from either Hagens Berman or Pearson Simon to collect all billing records monthly and conduct a monthly review of time records to ensure that costs and expenses are reasonable, with the understanding that the Court may, in its discretion, call upon counsel to submit those records and/or a report for the Court's independent review.

Co-lead counsel understand the need for efficiency and will monitor attorney billing and expenses in order to minimize duplicative or unnecessary work.  In the interest of balancing efficiency with the need to maintain quality and thoroughness in prosecuting this case, co-lead counsel proposes the following, in addition to the procedures set forth above:

1. **Staffing Practices**

Co-lead counsel will delegate work and authorize expenditures to other firms as needed, and will limit such delegation to tasks that are reasonable and necessary to the prosecution of this case.  Only time and costs incurred pursuant to assignments authorized by co-lead counsel will be considered and ultimately reimbursed.

a. Depositions

Unless otherwise authorized by co-lead counsel, counsel for plaintiffs shall send no more than two (2) attorneys and one (1) paraprofessional to any deposition.  When possible, counsel shall limit attendance to no more than one (1) attorney and one (1) paraprofessional.  For example, with regard to the depositions of class representative plaintiffs, counsel shall limit attendance to one attorney selected by co-lead counsel and, if necessary, one attorney from the firm representing that particular plaintiff.

   b. <u>Court Hearings</u>

Absent unusual circumstances, counsel for plaintiffs shall limit attendance at non-dispositive hearings to two attorneys. Counsel attending a hearing without making an appearance, or counsel who are not involved in briefing or arguing at the hearing shall be advised that their time will not be reimbursed at the time of any fee petition.

With respect to hearings related to (1) class certification; (2) motions for summary judgment; (3) motions to compel arbitration; and (4) other significant pretrial motions, co-lead counsel will handle the arguments and delegate work on these important motions to other plaintiffs' firms, preferably those on the executive committee (*see* Motion for Appointment as Co-Lead Counsel, Docket No. 68 at 15:5-7) based on their knowledge of particular areas of the case. In this manner, co-lead counsel will have certain firms specialize in certain areas of the case to reduce the learning curve and increase efficiency when it comes to handling such motions. Any such delegation of work will be done in a manner that avoids duplication of effort.

Co-lead counsel will limit the number of conference calls and group meetings that include multiple counsel, and will limit participation to indispensible attendees. Such conference calls and meetings will be limited to situations of strategic importance for the overall case, or where information (e.g. settlements) needs to be disclosed and discussed. To the extent possible, teleconferencing and video conferencing or other means will be used to limit travel expenses.

  2. **Travel Expenses**

Counsel for plaintiffs shall only seek reimbursement for economy or coach-class airfare for travel. Counsel are welcome to travel by any means they choose, but may only seek reimbursement for coach-class airfare or similarly priced travel arrangements.

Counsel will likewise make reasonable arrangements for lodging and shall seek reimbursement only for reasonable accommodations, not to exceed $250 per night plus tax. The per diem meal expenses will not exceed $120.

  3. **Administrative Expenses**

Counsel may bill for all expenses reasonably incurred in prosecuting this case. Co-lead counsel shall maintain records of all expenses incurred, as well as any funds maintained by

plaintiffs' counsel for the purpose of paying such expenses. Co-lead counsel's explicit authorization shall be required for any expenditure exceeding $5,000. Expenditures under $5,000, such as copying costs, will be left to the discretion of counsel working on authorized assignments, and will be reviewed by co-lead counsel in monthly reports.

Counsel for plaintiffs shall not seek reimbursement for expenses or costs incurred as part of normal overhead costs for running a law firm.

4. **Time Records**

    a.    Recording Requirements

All billing plaintiffs' counsel shall record and maintain daily, contemporaneous time records for all work performed, including work by attorneys, paraprofessionals, and assistants. Counsel shall bill in no larger than tenth of an hour increments, and shall maintain records in such a way that each billed activity is recorded separately. Counsel shall not combine billable activities into block-billing records. Counsel will not be reimbursed for any item of time or cost not described in sufficient detail to determine the nature and purpose of the service or cost.

    b.    Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[1] their billing records shall be prepared and recorded at the then-present rates. Counsel shall not bill a rate other than their standard rates at the time the work is performed.

    c.    Document Review

Document review can be the most challenging area of a case to keep control over time and expenses. Co-lead counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. As noted in their motion for appointment, co-lead counsel have established relationships with excellent vendors willing to match the best

---

[1] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See*, *e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994)

available prices. *See* Docket No. 68 at 12:20 – 13:2. Once a document database is established, searches will be used to create the universe of documents to be reviewed by other counsel. A remote document review system will be used to avoid unnecessary travel expenses and procedures will be put in place to monitor how much time is spent reviewing documents and to monitor the efficiency and quality of review by other firms.

Depending on the volume of documents produced, it is possible that up to 50 document reviewers will be needed. Co-lead counsel will use paraprofessionals as necessary, attorneys for higher level review, and senior attorneys for top-tier review and quality control. Co-lead counsel will impose an hourly rate limitation on paraprofessionals and non-senior attorneys who review documents. That rate limitation cannot be set until the volume of documents and number of reviewers is determined. Where it proves economically advantageous, co-lead counsel may employ contract attorneys to perform efficient and focused document review.

### d.    Co-Lead Counsel Review of Time Records and Expenses

All plaintiffs' counsel shall submit a copy of all billing and expenses to a senior attorney at co-lead counsel for review no later than the week following the last day of each month. Co-lead counsel will collect all billing records and expenses monthly and conduct a monthly review of time records and expenses to ensure that costs and expenses are reasonable. Co-lead counsel shall take particular care to ensure that duplicative work is not being performed. Co-lead counsel shall have the power to discount or eliminate non-compliant or unnecessarily duplicative bills, and shall not submit those time records to the Court nor seek reimbursement for unnecessary expenses.

Co-lead counsel may consider using a third-party vendor to collect time and expense reports, if that will not add unnecessary costs to the case.

Co-lead counsel will maintain records in such a manner as to be prepared to submit for review a summary of their time and expenses to the Court for its interim review if the Court so desires.

Co-lead counsel understand that the Court may review time records in the event of a settlement in order to perform a lodestar cross-check or otherwise ensure that plaintiffs' counsel have not billed unnecessarily. Co-lead counsel will make necessary efforts to pre-screen billing

records to eliminate unnecessary and duplicative work before submitting records to the Court. Because they proposed to limit any fee application to no more than the 25 percent Ninth Circuit benchmark, co-lead counsel are motivated to limit billing and expenses, and to run this case as efficiently as possible.

DATED: August 27, 2012.

        HAGENS BERMAN SOBOL SHAPIRO LLP


By   /s/ Steve W. Berman
      STEVE W. BERMAN

Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Thomas E. Loeser (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com


PEARSON SIMON WARSHAW & PENNY, LLP

By   /s/ Bruce L. Simon
      BRUCE L. SIMON

Bruce L. Simon (96241)
William J. Newsom (267643)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswplaw.com
wnewsom@pswplaw.com

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Clifford H. Pearson (108523)
Daniel L. Warshaw (185365)
PEARSON SIMON WARSHAW & PENNY, LLP
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswplaw.com
dwarshaw@pswplaw.com

*Counsel for Select Plaintiffs and*
*Interim Co-Lead Counsel for the Proposed Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2012, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

Dated: August 27, 2012

/s/ Bruce L. Simon
Bruce L. Simon (96241)
**PEARSON SIMON WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswplaw.com