1   RODGER R. COLE (CSB No. 178865)
    rcole@fenwick.com
2   MOLLY R. MELCHER (CSB No. 272950)
    mmelcher@fenwick.com
3   FENWICK & WEST LLP
    Silicon Valley Center
4   801 California Street
    Mountain View, CA  94041
5   Telephone:  650.988.8500
    Facsimile:  650.938.5200
6
7   TYLER G. NEWBY (CSB No. 205790)
    tnewby@fenwick.com
8   JENNIFER J. JOHNSON (CSB No. 252897)
    jjjohnson@fenwick.com
9   FENWICK & WEST LLP
    555 California Street, 12th Floor
    San Francisco, CA 94104
10  Telephone: 415.875.2300
    Facsimile:  415.281.1350
11
    *Attorneys for Defendant Carrier IQ, Inc.*
12
    [*Additional Counsel listed on Signature Page*]
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18  *In re Carrier IQ, Inc. Consumer Privacy*      Case No.: 3:12-md-02330-EMC
    *Litigation*
19                                                 **STIPULATED PROTECTIVE ORDER**

20  [This Document Relates to All Cases]

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   1.      PURPOSES AND LIMITATIONS

2           Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6   Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

7   all disclosures or responses to discovery and that the protection it affords from public disclosure

8   and use extends only to the limited information or items that are entitled to confidential treatment

9   under the applicable legal principles.  The parties further acknowledge, as set forth in Section

10  13.3, below, that this Stipulated Protective Order does not entitle them to file confidential

11  information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that

12  must be followed and the standards that will be applied when a party seeks permission from the

13  court to file material under seal.

14  2.      DEFINITIONS

15          2.1     Challenging Party:  a Party or Non-Party that challenges the designation of

16  information or items under this Order.

17          2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is

18  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

19  of Civil Procedure 26(c).

20          2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as

21  well as their support staff).

22          2.4     Designating Party:  a Party or Non-Party that designates information or items that

23  it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

24  "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL –

25  SOURCE CODE."

26          2.5     Disclosure or Discovery Material:  all items or information, regardless of the

27  medium or manner in which it is generated, stored, or maintained (including, among other things,

28  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1 responses to discovery in this matter.

2      2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

3 the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

4 as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor,

5 and (3) at the time of retention, is not anticipated to become an employee of a Party or of a

6 Party's competitor.

7      2.7    <u>"CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items</u>:

8 extremely sensitive "Confidential Information or Items" the disclosure of which to another Party

9 or Non-Party would create a substantial risk of serious harm that could not be avoided by less

10 restrictive means.

11      2.8    <u>"RESTRICTED CONFIDENTIAL – SOURCE CODE" Information or Items</u>:

12 extremely sensitive "Confidential Information or Items" representing computer code and

13 associated comments and revision histories, formulas, engineering specifications, or schematics

14 that define or otherwise describe in detail the algorithms or structure of software or hardware

15 designs, disclosure of which to another Party or Non-Party would create a substantial risk of

16 serious harm that could not be avoided by less restrictive means.

17      2.9    <u>House Counsel</u>: attorneys who are employees of a party to this action. House

18 Counsel does not include Outside Counsel of Record or any other outside counsel.

19      2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

20 entity not named as a Party to this action.

21      2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

22 action but are retained to represent or advise a party to this action and have appeared in this action

23 on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

24      2.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees,

25 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

26      2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

27 Material in this action.

28      2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services

Fenwick & West LLP
Attorneys at Law
Mountain View

1  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
2  organizing, storing, or retrieving data in any form or medium) and their employees and
3  subcontractors.

4  2.15  Protected Material:  any Disclosure or Discovery Material that is designated as
5  "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED
6  CONFIDENTIAL – SOURCE CODE."

7  2.16  Receiving Party:  a Party that receives Disclosure or Discovery Material from a
8  Producing Party.

9  3.  SCOPE

10  The protections conferred by this Stipulation and Order cover not only Protected Material
11  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
12  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
13  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.
14  However, the protections conferred by this Stipulation and Order do not cover the following
15  information:  (a) any information that is in the public domain at the time of disclosure to a
16  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as
17  a result of publication not involving a violation of this Order, including becoming part of the
18  public record through trial or otherwise; and (b) any information known to the Receiving Party
19  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who
20  obtained the information lawfully and under no obligation of confidentiality to the Designating
21  Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

22  4.  DURATION

23  Even after final disposition of this litigation, the confidentiality obligations imposed by
24  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
25  order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all
26  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after
27  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
28  including the time limits for filing any motions or applications for extension of time pursuant to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   applicable law.

2   5.      DESIGNATING PROTECTED MATERIAL

3           5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party

4   or Non-Party that designates information or items for protection under this Order must take care

5   to limit any such designation to specific material that qualifies under the appropriate standards.

6   To the extent it is practical to do so, the Designating Party must designate for protection only

7   those parts of material, documents, items, or oral or written communications that qualify—so that

8   other portions of the material, documents, items, or communications for which protection is not

9   warranted are not swept unjustifiably within the ambit of this Order.

10          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

11  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

12  unnecessarily encumber or retard the case development process or to impose unnecessary

13  expenses and burdens on other parties) expose the Designating Party to sanctions.

14          If it comes to a Designating Party's attention that information or items that it designated

15  for protection do not qualify for protection at all or do not qualify for the level of protection

16  initially asserted, that Designating Party must promptly notify all other parties that it is

17  withdrawing the mistaken designation.

18          5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order

19  (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

20  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

21  designated before the material is disclosed or produced.

22          Designation in conformity with this Order requires:

23          (a)      for information in documentary form (e.g., paper or electronic documents, but

24  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

25  Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL

26  ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" to each page of a document

27  that contains protected material.

28          A Party or Non-Party that makes original documents or materials available for inspection

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all

of the material made available for inspection shall be deemed "CONFIDENTIAL – OUTSIDE

COUNSEL ONLY."  After the inspecting Party has identified the documents it wants copied and

produced, the Producing Party must determine which documents, or portions thereof, qualify for

protection under this Order.  Then, before producing the specified documents, the Producing

Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE

COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" to each page of a

document that contains Protected Material.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony and specify the level of protection being asserted.  When it is

impractical to identify separately each portion of testimony that is entitled to protection and it

appears that substantial portions of the testimony may qualify for protection, the Designating

Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

a right to have up to 21 days to identify the specific portions of the testimony as to which

protection is sought and to specify the level of protection being asserted.  Only those portions of

the testimony that are appropriately designated for protection within the 21 days shall be covered

by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may

specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

entire transcript shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE

COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL –

OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE."

Fenwick & West LLP
Attorneys at Law
Mountain View

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A);

(d)      the court and its personnel;

(e)      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)      the author or recipient of a document in the normal course of business containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3      Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c)      the court and its personnel;

(d)      court reporters and their staff, professional jury or trial consultants, mock

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

        (e)     the author or recipient of a document in the normal course of business containing the information or a custodian or other person who otherwise possessed or knew the information.

        7.4     <u>Disclosure of "RESTRICTED CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" only to:

        (a)     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed.  In no event shall any disclosure be made to current employees, officers, directors or consultants of any competitors of the Producing Party, or to anyone who, at the time of disclosure, is anticipated to become an employee, officer, director or consultant of any competitor of the Producing Party, irrespective of whether they are retained as a disclosed testifying expert or undisclosed consulting expert for the plaintiffs, without the written consent of the Producing Party or an order of the Court.  A "competitor" shall be defined as any mobile device manufacturer or distributor that manufactures, markets, distributes or sells mobile devices[1];

        (c)     the court and its personnel;

        (d)     court reporters and their staff, professional jury or trial consultants, mock

---

[1] This paragraph does not prohibit a Receiving Party, including any competitor of the Designating Party, from disclosing any information or item designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" to its Outside Counsel of Record in this action or the employees of said Outside Counsel pursuant to paragraph 7.4(a).

Fenwick & West LLP
Attorneys at Law
Mountain View

jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)       the author or recipient of a document in the normal course of business containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)       Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3(b) and 7.4(b) first must make a written request to the Designating Party that (1) indicates that the information that the Receiving Party seeks permission to disclose to the Expert is designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE", (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)       A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 business days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 5 business days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.      SOURCE CODE

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "RESTRICTED CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" may be disclosed only as set forth in Paragraphs 7.4 and 7.5.

(c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at: (1) an office of the Producing Party's counsel; (2) another location located within the Northern District of California or any judicial district within the United States within which the source code is stored in the ordinary course of business (e.g., a source code escrow company); or (3) another mutually agreed upon location.  Any location under

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(1), (2) or (3) above shall be in the continental United States.  Prior to a request for inspection to source code, the parties shall meet and confer in good faith to select a location for review of the source code.  Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide ten (10) days notice prior to any additional inspections.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  No recording or memory devices, including but not limited to mobile phones, cameras, video recorders, or portable storage media, may be brought into the secured room where source code is to be reviewed.   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  Such monitoring shall not be construed as a waiver of the work product privilege or other applicable privileges.  The Producing Party's monitor shall not be an attorney, or paralegal directly involved in the case.

(d)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party for subsequent production.  The Producing Party shall bates number all such printed source code and label each page "RESTRICTED CONFIDENTIAL – SOURCE CODE." Within five (5) days, the Producing Party shall either (i) provide one paper copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose and articulate the reasons for the objection.

Any printed portion that exceeds 10% or 500 pages of the total source code produced, whichever is less, or consists of more than 25 pages of a continuous block of Source Code shall be presumed to be excessive and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The parties shall then meet and confer in good faith, at which time the Requesting Party shall demonstrate the need for printed copies exceeding these presumed limits.  If the parties are unable to reach agreement on the Receiving Party's request for the printed copies, the Producing Party shall produce the printed portion that it does not contend is excessive, and the Producing Party may challenge the remaining portion pursuant to the dispute resolution procedures and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution, except insofar as they are inconsistent with this paragraph.

(e)     The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any printed portions of the Source Code received from a Producing Party, not including copies attached to court filings or used at depositions. The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.  The Producing Party shall maintain the paper copy of the deposition exhibit, and the deposition transcript shall refer to the bates numbers of the exhibit.

(f)     The Receiving Party shall not create any stored electronic copies of the paper copies and shall not convert any of the information contained in the paper copies into any stored electronic format.  This restriction shall not prevent the Receiving Party from using video conferencing technologies to permit persons who are permitted to review source code pursuant to

1    Section 7.4 of this Order to view printouts of the source code for purposes (1) necessary to

2    preparing court filings, pleadings, or other papers (including a testifying expert's report), (2)

3    necessary for deposition, or (3) otherwise necessary for the preparation of its case, provided that a

4    stored electronic copy of the source code is not created by such technologies.

5    9.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

6    LITIGATION

7           If a Receiving Party is served with a subpoena or a court order issued in other litigation

8    that compels disclosure of any information or items designated in this action as

9    "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED

10   CONFIDENTIAL – SOURCE CODE" that Receiving Party must:

11          (a)      promptly notify in writing the Designating Party.  Such notification shall include a

12   copy of the subpoena or court order;

13          (b)      promptly notify in writing the party who caused the subpoena or order to issue in

14   the other litigation that some or all of the material covered by the subpoena or order is subject to

15   this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order;

16   and

17          (c)      cooperate with respect to all reasonable procedures sought to be pursued by the

18   Designating Party whose Protected Material may be affected.

19          If the Designating Party timely seeks a protective order, the Party served with the

20   subpoena or court order shall not produce any information designated in this action as

21   "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED

22   CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the

23   subpoena or order issued, unless the Receiving Party has obtained the Designating Party's

24   permission.  The Designating Party shall bear the burden and expense of seeking protection in

25   that court of its confidential material—and nothing in these provisions should be construed as

26   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

27   another court.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non- Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Any inadvertent disclosure or production of materials subject to the work product doctrine, the attorney-client privilege, or any other applicable privilege or protection shall not constitute or be deemed a waiver of any such privilege or protection, provided that the Producing Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Producing Party discovers such materials have been inadvertently produced.  A Party who receives any inadvertently disclosed information may not use or disclose such information in this or any other proceeding or to any third party.  Within five (5) business days after receiving notification of the inadvertent disclosure or production, the Receiving Party shall certify in writing that it has destroyed, sequestered or returned all copies of the inadvertently disclosed or produced information, including any summaries thereof.  Within five (5) business days after the receipt of the Receiving Party's confirmation that it has destroyed, sequestered or returned all copies of the inadvertently disclosed or produced information, the Producing Party shall provide the Receiving Party with a record (i.e., privilege log) establishing the privileged or protected nature of the inadvertently disclosed information.  The Producing Party must preserve a copy of all such inadvertently disclosed information.  Notwithstanding the foregoing, the Receiving Party may move the Court for an order compelling production of the inadvertently produced information on the ground that it is not, in fact, privileged or protected; however, the moving party may not assert the circumstances surrounding the inadvertent disclosure as a ground for entering such an order.  Any such motion must be filed within five (5) business days of receipt of the privilege log and under seal, if appropriate.  The Producing Party retains the burden of

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

establishing the privileged or protected nature of any inadvertently disclosed or produced information.  Nothing herein shall otherwise limit the right of any Party to petition the Court for an *in camera* review of the inadvertently disclosed or produced information to determine whether the information is privileged or protected.

13.   MISCELLANEOUS

13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.  If a Receiving Party believes that only a portion of Designated Material is Protected Material, the Receiving Party and Producing Party shall meet and confer in good faith concerning the redaction of only the Protected Material prior to filing with the Court.

14.   COMMUNICATIONS WITH TESTIFYING EXPERTS

Testifying experts shall not be subject to discovery of any draft of their reports in this case

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.  The Parties agree that this section in no way limits protections against discovery of testifying expert draft reports and communications with counsel provided by Federal Rule of Civil Procedure 26(b)(4).

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, or such other time as may be agreed upon by the parties and ordered by the Court, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

\ \ \

\ \ \

\ \ \

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3   Dated:    September 17, 2012                 By: */s/ Robert F. Lopez*
                                                     STEVE W. BERMAN
                                                     HAGENS BERMAN SOBOL SHAPIRO LLP
4                                                    Robert F. Lopez (Pro Hac Vice)
                                                     Thomas E. Loeser (202724)
5                                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                                     1918 Eighth Avenue, Suite 3300
6                                                    Seattle, WA 98101
                                                     Telephone: (206) 623-7292
7                                                    Facsimile:  (206) 623-0594
                                                     steve@hbsslaw.com
8                                                    robl@hbsslaw.com
                                                     toml@hbsslaw.com
9
                                                     Jeff D. Friedman (173886)
10                                                   Shana E. Scarlett (217895)
                                                     HAGENS BERMAN SOBOL SHAPIRO LLP
11                                                   715 Hearst Avenue, Suite 202
                                                     Berkeley, CA 94710
12                                                   Telephone: (510) 725-3000
                                                     Facsimile: (510) 725-3001
13                                                   jefff@hbsslaw.com
                                                     shanas@hbsslaw.com
14
                                                 By: */s/ Daniel L. Warshaw*
15                                                   Daniel L. Warshaw (185365)
                                                     PEARSON SIMON WARSHAW & PENNY,
16                                                   LLP
                                                     15165 Ventura Blvd., Suite 400
17                                                   Sherman Oaks, CA 91403
                                                     Telephone: (818) 788-8300
18                                                   Facsimile:  (818) 788-8104
                                                     dwarshaw@pswplaw.com
19
                                                     BRUCE L. SIMON
20                                                   44 Montgomery Street, Suite 1200
                                                     PEARSON SIMON WARSHAW & PENNY,
21                                                   LLP
                                                     San Francisco, CA 94104
22                                                   Telephone: (415) 433-9000
                                                     Facsimile:  (415) 433-9008
23                                                   bsimon@pswplaw.com

24                                                   *Plaintiffs' Interim Co-Lead Counsel*

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  _/s/ Tyler G. Newby_
        Rodger R. Cole (CSB No. 178865)
        rcole@fenwick.com
        Molly R. Melcher (CSB No. 272950)
        mmelcher@fenwick.com
        FENWICK & WEST LLP
        801 California Street
        Mountain View, CA 94041
        Ph:    (650) 988-8500
        Fax:  (650) 938-5200

        Tyler G. Newby (CSB No. 205790)
        tnewby@fenwick.com
        Jennifer J. Johnson (CSB No. 252897)
        jjjohnson@fenwick.com
        FENWICK & WEST LLP
        555 California Street, 12th Floor
        San Francisco, CA 94104
        Ph: (415) 875-2300
        Fax:  (415) 281-1350

        *Attorneys for Defendant Carrier IQ, Inc.*

By:  _/s/ Rosemarie T. Ring_
        Rosemarie T. Ring (SBN 220769)
        Rose.Ring@mto.com
        Jonathan H. Blavin (SBN 230269)
        Jonathan.Blavin@mto.com
        Bryan H. Heckenlively (SBN 279140)
        Bryan.Heckenlively@mto.com
        MUNGER, TOLLES & OLSON, LLP
        560 Mission Street
        Twenty-Seventh Floor
        San Francisco, CA  94105-2907
        Phone: (415) 512-4000
        Fax: (415) 512-4077

        Henry Weissmann (SBN 132418)
        Henry.Weissmann@mto.com
        MUNGER, TOLLES & OLSON, LLP
        355 South Grand Avenue,
        Thirty-Fifth Floor
        Los Angeles, CA  90071-1560
        Telephone:  (213) 683-9100
        Facsimile:   (213) 687-3702

        *Attorneys for Defendant HTC America, Inc.*

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

2

3

4

5

6

7

8

9

10

11

12

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Simon J. Frankel
　　Simon J. Frankel
　　sfrankel@cov.com
　　Mali B. Friedman
　　mfriedman@cov.com
　　COVINGTON & BURLING LLP
　　1 Front St., 35th Floor
　　San Francisco, CA 94111
　　Phone:  (415) 591-6000
　　Fax: (415) 591-6091

　　*Attorneys for Defendant Huawei Devices USA, Inc.*

By:  /s/ James Donato
　　James Donato (SBN (146140)
　　jdonato@shearman.com
　　SHEARMAN & STERLING LLP
　　Four Embarcadero Center, Suite 3800
　　San Francisco, CA 94111-5994
　　Phone:  (415) 616-1100
　　Fax:(415) 616-1199

　　*Attorneys for Defendant LG Electronics MobileComm U.S.A., Inc.*

By:  /s/ Norman K. Beck
　　Peter C. McCabe III
　　pmccabe@winston.com
　　Norman K. Beck
　　nbeck@winston.com
　　Scott T. Sakiyama
　　ssakiyama@winston.com
　　WINSTON & STRAWN LLP
　　35 W. Wacker Drive
　　Chicago, IL  60601-9703
　　Phone: (312) 558-5600
　　Fax:    (312) 558-5700

　　Richard A. Lapping (SBN: 107496)
　　rlapping@winston.com
　　WINSTON & STRAWN LLP
　　101 California Street
　　San Francisco, CA 94111-5894
　　Telephone: (415) 591-1000
　　Facsimile:  (415) 591-1400

　　*Attorneys for Defendant Motorola Mobility LLC*

1    By:  /s/ Wayne M. Helge
2         Wayne M. Helge
          whelge@park-law.com
3         H.C. Park & Associates, PLC
          8500 Leesburg Pike, Suite 7500
          Vienna, VA 22182
4         Phone: (703) 288-5105
          Fax: (703) 288-5139
5
6         Attorneys for Defendant Pantech Wireless, Inc.

7    By:  /s/ Lance A. Etcheverry
8         Lance A. Etcheverry
          lance.etcheverry@skadden.com
9         300 South Grand Avenue, Suite 3400
          Los Angeles, California 90071
          Phone:     (213) 687-5000
10        Fax:(213) 687-5600

11        Attorneys for Defendant Samsung
          Telecommunications America, LLC
12

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

13

14   DATED:        September 20, 2012

15   _____    _____
                                        THE HONORABLE EDWARD M. CHEN
16                                      United States ...

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER             23             CASE NO. 3:12-md-02330-EMC

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Tyler G. Newby, attest that concurrence in the filing of this document has been obtained from the signatories indicated by a "conformed" signature (/s/) in this e-filed document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of September, 2012 in San Francisco, California.

DATED:  September 17, 2012                          /s/ Tyler G. Newby
                                                                   Tyler G. Newby

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2012 in the case *In re Carrier IQ, Inc. Consumer Privacy Litigation*; Case No. 3:12-md-02330-EMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____, 2012

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                    [signature]

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW