Steve W. Berman (Pro Hac Vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Bruce L. Simon (SBN 96241)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswplaw.com

*Plaintiffs' Interim Co-Lead Counsel*

RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
MOLLY R. MELCHER
(CSB No. 272950)
mmelcher@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
JENNIFER J. JOHNSON
(CSB No. 252897)
jjjohnson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile:  415.281.1350

*Attorneys for Defendant
Carrier IQ, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Carrier IQ, Inc. Consumer Privacy Litigation*<br><br>[This Document Relates to All Cases] | Case No. C-12-md-2330-EMC<br><br>**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   August 22, 2013<br>Time:   10:30 a.m.<br>Place:  Courtroom 5, 17th Floor<br>Judge:  Hon. Edward M. Chen |

FURTHER JOINT CMC STATEMENT                                           Case No. C-12-md-2330-EMC

Pursuant to the Stipulation and Order to Continue Case Management Conference (Dkt. No. 163) and Civil Local Rule 16-10(d), Plaintiffs' Interim Co-Lead Counsel and Counsel for Defendants Carrier IQ, Inc., HTC America, Inc., Huawei Devices USA, Inc., LG Electronics MobileComm U.S.A, Inc., Motorola Mobility LLC, Pantech Wireless, Inc., and Samsung Telecommunications America, LLC (collectively, "Defendants") submit the following Further Joint Case Management Statement reporting progress or changes since the last statement was filed in advance of the Further Case Management Conference currently scheduled for August 22, 2012.[1]

## 1. MOTIONS

### A. Consolidated Motion to Compel Arbitration

#### 1. Plaintiffs' Position

Defendants filed their Consolidated Motion to Compel Arbitration and to Stay Litigation on November 20, 2012. (Dkt. Nos. 129–135). A hearing date on that motion is not yet set. Plaintiffs and Defendants remain engaged in arbitration-related discovery. Plaintiffs also remain engaged in arbitration related-discovery with non-party carriers Sprint, ATTM, and Cricket, whose arbitration provisions Defendants are attempting to invoke in this matter, as well as with non-party Google, Inc. ("Google").

Per the previous stipulations of the parties and order of the Court, Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration shall be due within 40 days of the completion of arbitration-related discovery, or denial of any motions to compel arbitration-related discovery. Dkt. No. 125. Defendants' Reply in support of their Motion to Compel Arbitration shall be filed no later than 30 days after the filing of Plaintiffs' Opposition. *Id.* Because this schedule already has been agreed upon and ordered by the Court, Plaintiffs oppose the improper request[2] of

---

[1] The parties apologize to the Court for the late submission of this Further Joint CMC Statement. The delay was a result of multiple rounds of revisions among the parties in an effort to crystallize their respective positions and streamline the issues before the Court.

[2] Any such request to alter the schedule should be made by motion so that Plaintiffs can respond to it thoroughly, rather than attempted improperly in this Further Joint CMC Statement. Not only is Defendants' request procedurally out-of-order, but Plaintiffs saw the request for the first time at 5:00 pm on August 15, 2013, on the day this Statement was due to be filed, when Defendants transmitted it to them by email.

Defendants below—which fails to take account of the time it will take Defendants to comply with any further order of the Court requiring production in response to Plaintiffs' discovery requests, and which also fails to take account of incomplete arbitration-related discovery between Plaintiffs on the one hand and non-party carriers and Google on the other—that it be altered. If the Defendants and non-parties will now work together with Plaintiffs in good faith, then all remaining arbitration-related discovery matters can be resolved expeditiously. Plaintiffs have done their part by simplifying and limiting their requests to Defendants and to the non-parties (as discussed below) and by advising repeatedly of their willingness to work in good faith with Defendants and non-parties on outstanding matters; they will continue to press for the completion of these remaining arbitration-related discovery matters as promptly as possible.

Defendants' self-serving statement below regarding supposedly "unjustified delays" in seeking arbitration-related discovery is inaccurate. Rather, the "delays" of which Defendants speak have been caused by Defendants' unwillingness to produce nearly any material or information of substance without extensive machinations among the parties, if at all—indeed, Defendants could easily have produced much sooner the little information they gave Plaintiffs on May 28, 2013, all of which was within the call of Plaintiffs' December 2012 discovery requests, without requiring Plaintiffs to propound interrogatories on April 22, 2013; Defendants' complaints that they do not possess or cannot get requested information relating to the arbitration provisions that they themselves have invoked and that is relevant to their motion to compel arbitration; non-party carrier objections, including as to alleged burden, based in part on their desire to see disputes worked out among the parties before taking further action themselves— even though these carriers involved themselves in this matter by submitting declarations in support of Defendants' motion to compel arbitration[3]; and Defendants' own dilatoriness, including, for example, in three Defendants' cases, taking over two weeks (two Defendants) and

---

[3] As to Defendants' suggestion below that Plaintiffs should have filed motions to compel at some earlier point against the non-parties, they completely ignore the jurisdictional issues that complicate motions to compel against non-party discovery targets that reside in different judicial districts. Rather than go that route prematurely, Plaintiffs have sought to work with the carriers in particular toward voluntary production of what Plaintiffs need and are entitled to at this stage of the case. In fact, any delays are a function of Plaintiffs' willingness and repeated efforts to work in good faith with the Defendants and non-parties alike, not a lack of diligence.

FURTHER JOINT CMC STATEMENT        2        Case No. C-12-md-2330-EMC

three weeks (one Defendant), respectively, to send short letters in response to Plaintiffs' letters of July 24, 2013, in which they simply (a) took the position of fellow Defendants and (b) declined to produce the requested material.

2. Defendants' Position

Defendants' Consolidated Motion to Compel Arbitration and to Stay Litigation, which was filed on November 20, 2012 (Dkt. Nos. 129 – 135), has been pending for nearly a year, due largely to Plaintiffs' unjustified delays in seeking arbitration discovery. Defendants request a schedule to conclude Plaintiffs' arbitration discovery and resolve Defendants' Motion to Compel Arbitration. As described in further detail below, Plaintiffs served arbitration-related discovery requests in December 2012, to which Defendants have responded or objected on a timely basis. As set forth below, the parties have agreed to submit a joint letter brief regarding remaining disputes among themselves no later than September 6, 2013. Defendants further request that the Court require Plaintiffs to file their Opposition to Defendants' Motion to Compel Arbitration within 40 days of the Courts' ruling on the discovery motion. Defendants' Reply in support of their Motion to Compel Arbitration shall be filed no later than 30 days after the filing of Plaintiffs' Opposition. (Dkt. No. 125).

**2.    DISCOVERY**

**A.    Plaintiffs' Position**

1. Recap regarding arbitration-related discovery.

Formal merits discovery in this action is stayed pending further order or stipulation. As referenced above, Plaintiffs have propounded arbitration-related discovery, and are in the process of bringing a dispute regarding that discovery before the Court. The following serves as a summary and update regarding arbitration-related discovery:

Plaintiffs have sought arbitration-related discovery to support their opposition to Defendants' Motion to Compel Arbitration. Plaintiffs have served, and Defendants have objected and responded to, 30(b)(6) Deposition Notices, two sets of Interrogatories, Requests for Production of Documents, and Requests for Admissions. In addition, Plaintiffs served

arbitration-related discovery on the three cellular carriers (Sprint, ATTM, and Cricket) whose arbitration provisions Defendants seek to invoke here, as well as Google.

After Defendants objected and responded to Plaintiffs' first set of discovery, the parties met and conferred, and reached a disagreement on the scope of relevant discovery to which plaintiffs were entitled.  On March 21, 2013, the parties filed a joint letter brief with the Court regarding their discovery dispute.  (Dkt. No. 155).  On April 1, 2013, the Court issued its Order re Joint Letter of March 21, 2013 (Dkt. No. 157), finding that Plaintiffs were entitled to certain discovery, and suggesting that Plaintiffs might be best served by serving a further set of interrogatories designed to obtain preliminary answers that could limit the need for Defendants to respond to some of the discovery already served.

Accordingly, Plaintiffs and Defendants met and conferred and agreed, respectively, that Plaintiffs would serve, and Defendants would respond to, a further set of interrogatories.  That agreement was reflected in the parties' joint update letter to the Court filed on April 11, 2013.  (Dkt. No. 158).  Plaintiffs served their interrogatories on April 22, 2013.  Defendants objected and responded to those interrogatories on May 28, 2013.  The parties then updated the Court regarding the status of discovery on June 6, 2013, including that the parties were continuing to meet and confer, that Plaintiffs were propounding follow-up questions and were pursuing non-party discovery (both of which Plaintiffs did), and that the parties would explore follow-up discovery before bringing a dispute to the Court's attention.  (Dkt. No. 161).  Plaintiffs analyzed Defendants' responses, objections, and statements; performed additional research and analysis; and engaged in detailed efforts to reach agreement with the non-parties on production of information, data, and material (including relevant Profiles, which, if produced or described in detail by the carriers, might obviate the need for production of Profiles by the Defendants).[4]

---

[4] On July 1, 2013, following further discussions, Plaintiffs sent detailed letters to the four non-parties offering to narrow their outstanding discovery requests to them and to accept declarations and limited document production in lieu of depositions and more comprehensive document production (with appropriate reservations of rights in the event that any such responses would require follow-up).  Plaintiffs made this offer in view of the Court's order of April 1, 2013, of which the non-parties were made aware.  For example, with Sprint, Plaintiffs focused on facts, details, and statistics regarding Sprint's arbitration provision and arbitrations conducted thereunder; details regarding Profiles and narrowed scope-related issues; and communications between Plaintiffs and Sprint regarding Sprint's arbitration provision.  Also, Plaintiffs sought follow-up information regarding the declaration submitted in support of Defendants' motion to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Plaintiffs then followed up with detailed letters to Defendants dated July 24 and 26, 2013, in which they requested additional information and production of certain materials, including relevant Profiles (software instructions placed on mobile devices bearing Carrier IQ software that are germane to Plaintiffs' defenses to Defendants' pending motion to compel arbitration, including as to the mode-of-transmission issue).

The Parties also stipulated and agreed to postpone the scheduled Case Management Conference until August 22, 2013. (Dkt. No. 162). The Court then entered an order setting the Case Management Conference for August 22, 2013. (Dkt. No. 163).

2. Plan for final resolution of arbitration-related discovery disputes.

With regard to resolving the discovery disputes with the Defendants, Plaintiffs have recently received correspondence from each Defendant in response to Plaintiffs' July letters, which have crystallized all issues in dispute between Plaintiffs and Defendants. As stated below, the parties have agreed to submit a joint letter brief to the Court regarding outstanding disputes by September 6, 2013. Once the Court renders a decision regarding the parties' dispute, Plaintiffs will endeavor to complete arbitration-related discovery post-haste and will advise the Court on the day that arbitration-related discovery among them is completed.

Defendants in their position statement below mischaracterize a call between counsel for Carrier IQ and one of Plaintiffs' attorneys as a "meet and confer" call. Rather than a substantive meet-and-discussion, counsel for Carrier IQ in a non-scheduled call regarding scheduling simply took the opportunity to preview the contents of Carrier IQ's August 5, 2013 letter.

More importantly, Defendants are not presenting a full picture of the Profile issue and why it remains disputed among the parties. Their own letters illustrate that (a) a Carrier IQ-software-equipped mobile device can indeed transmit consumer data or information over Wi-Fi, and that Profiles evidently enable this functionality where present; and (b) that each individual Defendant possesses only incomplete information regarding the contents and instructions of Profiles. Furthermore, Defendants seek to leave the impression that they have answered

---

compel arbitration. Plaintiffs continue to await and are actively pursuing definitive responses to their proposals from the carriers, each of which has cited various reasons for delay, including regarding a proposed protocol for bringing any disputes to this Court for resolution by way of joint letter briefs.

FURTHER JOINT CMC STATEMENT        5        Case No. C-12-md-2330-EMC

Plaintiffs' interrogatories and follow-up requests fully—but in reality, with respect to HTC and Sprint, for example, their actual letters indicate only that supposedly, *Sprint*'*s* proxy server was not capable of receiving transmissions over Sprint's wireless network. This says nothing, however, about whether the relevant mobile devices were capable of sending consumer data or information via Wi-Fi *to third-parties such as Google or application developers*, as enabled by Profiles installed on them or otherwise. This is one of the reasons why Plaintiffs have requested these Profiles; they are plainly relevant to one of Plaintiffs' defenses to Defendants' motion to compel arbitration.[5] Defendants' refusal to produce these Profiles—and the three weeks it took one Defendant to advise Plaintiffs of its refusal—is one more example of unreasonable delay caused by the Defendants.

As for their arbitration-related subpoenas to the carriers and Google, Plaintiffs submitted a further status update on June 28, 2013, advising the Court as to their plans with respect to these requests in light of Defendants' objections and answers to Plaintiffs' interrogatories. (Dkt. No. 164). As explained in footnote 4 above, Plaintiffs have since offered in detail to narrow the scope of their requests to the non-party targets and engaged in further discussions with the carriers in order to determine where voluntary resolution can be reached and where disputes remain for resolution by this Court. Plaintiffs also proposed stipulated schedules to the non-parties for resolution by the Court of any such remaining disputes. In response to Plaintiffs' inquiries and efforts to conclude arbitration-related discover as soon as possible, the three non-party carriers have advised this week that due to various purported reasons, their substantive responses have

---

[5] Defendants argue below that Plaintiffs only recently requested these Profiles. In fact, as Plaintiffs noted in their letters of July 24 and July 26, 2013 to Defendants, Profiles are well within the call of Plaintiffs' previous discovery requests to Defendants. (*See*, *e.g.*, Plaintiffs' First Set of Requests for Production of Documents to Defendant Carrier IQ, Inc. Regarding Arbitration Issues, Nos. 20 (documents relating to claim that Service providers specified types of data to be collected), 22-27 (documents relating to functionality of software; documents provided by service providers and handset manufacturers relating to claims in lawsuit); Plaintiffs' First Set of Requests for Production of Documents to Defendant HTC America, Inc. Regarding Arbitration Nos. 20, 24, and 26 (documents relating to software as the software pertains to transmissions, documents relating to the functionality of Carrier IQ software when mobile devices are disconnected from cellular networks and operating over Wi-Fi, and documents relating to the installation and functionality of Carrier IQ software); Plaintiffs' First Set of Requests for Production of Documents to Huawei Device USA, Inc. No. 17 (documents related to "Metrics and Profiles"). And it is some Defendants who underscored the Profiles' relevance by way of references to them in their May 28, 2013 responses to Plaintiffs' April 22, 2013 interrogatories. Yet of course, no Defendant ever has produced any.

been delayed. (The carriers already had advised that they could not agree to the schedule proposed by Plaintiffs for dispute resolution by way of joint letter briefs to the Court.) Plaintiffs will be speaking with each non-party target within the next few days to endeavor to reach schedules to conclude discovery with them, which well may require rulings by this Court following the submittal of joint letter briefs by the Plaintiffs and non-parties, expeditiously. Finally, Plaintiffs note that once the Court decides the remaining disputes among the parties, that may serve to diminish, or perhaps even eliminate in some or all instances, the disputes among the Plaintiffs and the non-parties.

    3.  Plaintiffs' response to motion to compel arbitration.

As stated above: in accordance with the Second Stipulation and Order for Continuance of Time for Defendants To File Motion(s) To Compel Arbitration and Regarding a Briefing Schedule (Dkt. No. 125), Plaintiffs will file their opposition to Defendants' motion to compel arbitration on the timeline specified therein.

**B.**  **Defendants' Position**

Formal discovery in this action is stayed pending further order or stipulation. Plaintiffs have had ample time to pursue party and non-party arbitration discovery, and they have received more than adequate information to respond to Defendants' Motion to Compel Arbitration. Although Plaintiffs argue they have been working diligently and in good faith with non-parties to resolve their discovery disputes, to Defendants' understanding, they have never sought to compel any discovery responses from the third parties over the course of nearly seven months.

As referenced in paragraph 1.A above, Plaintiffs were permitted to propound arbitration-related discovery. On December 7, 2012, Plaintiffs served Requests for Admission, Requests for Production of Documents, Interrogatories, and Notices of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) on each of the Defendants that have appeared in this action. Rather than seeking discovery appropriately limited to issues of arbitrability, Plaintiffs served far-reaching document requests, interrogatories and deposition notices seeking extensive fact discovery on the underlying allegations of the Complaint. Additionally, Plaintiffs served Fed. R. Civ. P. 45 subpoenas for testimony and documents on third-parties Google, Inc. ("Google"); AT&T

Mobility LLC ("ATTM"); Cricket Communications, Inc. ("Cricket"); and Sprint Solutions, Inc. ("Sprint"); and on Chenell Cummings, Stacie Dobbs, John Throckmorton, and Scott Williamson c/o ATTM; declarant Rick Baughman c/o Cricket; and declarant Stephanie Miller c/o Sprint, each of whom filed declarations in support of Defendants' Motion to Compel Arbitration.

Following receipt of Plaintiffs' broad discovery requests, Defendants attempted to narrow the scope of the requests to issues concerning arbitrability. On January 22, 2013, Defendants served their responses and objections to Plaintiffs' Discovery Requests. As outlined in the February 14, 2013 Joint Status Report (Dkt. No. 147) and March 12, 2013 Stipulation and [Proposed] Order Regarding Joint Discovery Letter Brief (Dkt. No. 149), prior to and following Defendants' service of their discovery responses, the parties engaged in numerous meet-and-confer sessions regarding the appropriate scope of arbitration-related discovery and Defendants' discovery responses. On March 21, 2013, the parties filed a Joint Discovery Letter Brief regarding the permissible scope of arbitration-related discovery. Dkt. No. 155.

On April 1, 2013, the Court issued an Order on the parties' Joint Discovery Letter Brief, ordering the parties to further meet and confer and recommended that Plaintiffs serve targeted interrogatories regarding unconscionability and scope issues. Dkt. No. 157. The parties further met and conferred telephonically on April 5, 2013, and in person on April 8, 2013. On April 22, 2013, Plaintiffs served a set of further interrogatories on each Defendant (with the exception of Motorola, which has not moved to compel arbitration). Defendant served their responses and objections on May 28, 2013. With respect to Plaintiffs' inquiries into the means of transmission of data from the Carrier IQ agent software on Plaintiffs' devices, Carrier IQ explained that Carrier IQ lacked information as to the actual means by which any transmission occurred. However, it further responded that Sprint, which represents the wireless network used by the majority of the Plaintiffs, was not capable of receiving data from the Carrier IQ agent by any means other than the Sprint wireless network. Carrier IQ also responded that the Pantech device used by one plaintiff was not Wi-Fi enabled, and therefore could not transmit data from the Carrier IQ agent by WiFi, and that the Carrier IQ agent software on the Samsung Galaxy devices used by two of the Plaintiffs had not been activated due to technical reasons.

On June 4, 2013, Plaintiffs sent each responding Defendant a letter explaining that their analysis of Defendants' answers and objections was ongoing and, in the letters to Defendants Carrier IQ and Huawei, included a number of follow-up questions relating to their responses to Plaintiffs' interrogatories ("June 4 Letters"). The parties then met and conferred telephonically on June 4, 2013 regarding Plaintiffs' follow-up questions and their respective positions on Plaintiffs' interrogatories that were directed at topics other than the means of transmission (Nos. 11-13). During the call, Defendants reiterated their intention to stand on their objections to Interrogatory Nos. 11-13. Plaintiffs also informed Defendants that they might propound follow-up discovery requests regarding the carrier profiles. *See also* Status Report Re: Arbitration Related Discovery, filed on June 6, 2013 (Dkt. No. 161).

On June 14 and 17, 2013, Defendants Carrier IQ and Huawei sent response letters to Plaintiffs' June 4 Letters, wherein they provided substantive answers to Plaintiffs' follow-up questions, specifically regarding the capabilities of the Carrier IQ agent on Plaintiffs' mobile devices to transmit data by means other than the carrier's networks. Nearly six weeks later, and nearly two months after Defendants served their responses and objections to Plaintiffs' further interrogatories, Plaintiffs sent a letter to each Defendant (with the exception of Motorola) requesting (1) production of all software profiles installed on each Plaintiff's mobile device to ascertain whether Plaintiffs' mobile devices transmit user information or data via Wi-Fi or some other connection off the carriers' network, and (2) substantive answers to the questions posed in Interrogatory Nos. 11-13 relating to the contents and recipients of transmittals from the mobile devices at issue.

On August 2, 2013, *one week* after receiving Plaintiffs' letter, dated July 26, Defendants' liaison counsel, Carrier IQ, met and conferred with Plaintiffs. Carrier IQ reiterated the points made in its June 14 letter that the profiles show only whether the IQ Agent was prohibited from transmitting data over Wi-Fi, and do not show the means by which any data was actually transmitted. Carrier IQ had already informed Plaintiffs in its June 14 letter that the profiles for the Cricket and three of the AT&T devices were capable of uploading over Wi-Fi. In addition, Carrier IQ had already responded that Sprint was capable only of receiving transmissions from

the Carrier IQ software on Sprint phones over the Sprint cellular network. Because the software profiles do not show whether the Carrier IQ software transmitted data over Wi-Fi or off the carrier's network, the profiles will not provide Plaintiffs with any more information than Carrier IQ has already provided.

Carrier IQ also informed Plaintiffs that the parties have met-and-conferred several times regarding Interrogatory Nos. 11-13 and, as discussed during those meetings, and confirmed in the June 14 Letter, Carrier IQ stands on its objections set out in its Interrogatory Responses and maintains that Interrogatory Nos. 11-13 seek information that is outside the scope of permissible arbitration-related discovery. Carrier IQ further confirmed its position in a letter to Plaintiffs, dated August 5, 2013. Between August 5, 2013, and August 14, 2013, Defendants provided substantially similar response letters to Plaintiffs.

Further, while Plaintiff argues that the profiles are "plainly relevant to one of Plaintiffs' defenses," a contention Defendants have consistently contested, Plaintiffs proffer no explanation for their delay in requesting the profiles. The fact that Carrier IQ software profiles are installed on mobile devices has been public information for a number of years. There is no reason that Plaintiffs had to wait seven months after they served their arbitration-related discovery to request them.

### C. Arbitration-Related Discovery Dispute Resolution

The Parties agree that all arbitration-related discovery issues are now ripe for resolution, and they agree to submit a joint letter brief, not to exceed 10 pages, to the Court no later than September 6, 2013. Plaintiffs will submit a draft of their portion to Defendants no later than 5:00 p.m. Pacific time on August 28, 2013. Defendants will then submit a proposed final draft to Plaintiffs no later than 5:00 p.m. Pacific time on September 5, 2013. The Parties will file their joint letter brief on or before September 6, 2013.

### 3. SCHEDULING

#### A. Plaintiffs' Position

Plaintiffs do not believe that further scheduling is warranted prior to the resolution of the Defendants' motion to compel arbitration. Once this motion is resolved, Plaintiffs request that

FURTHER JOINT CMC STATEMENT      10      Case No. C-12-md-2330-EMC

the Court hold a further Case Management Conference and further request the opportunity to present a proposed case schedule at that time.

As stated above, Plaintiffs oppose Defendants' improper attempt to alter the agreed and ordered timeline for a response to Defendants' motion to compel arbitration. Any further effort to alter the schedule already in place should be made by motion, so that Plaintiffs can respond to it thoroughly.

### B. Defendants' Position

As set forth above, Defendants request the Court order the schedule set forth above to bring a close to arbitration discovery and set a briefing schedule for Plaintiffs to file their Opposition to Defendants' Motion to Compel Arbitration.

### 4. OTHER

The parties have no further comments at this time.

Dated: August 19, 2013

By: */s/ Robert F. Lopez*
STEVE W. BERMAN (Pro Hac Vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
Robert F. Lopez (Pro Hac Vice)
Thomas E. Loeser (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
toml@hbsslaw.com

Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

By: */s/ Daniel L. Warshaw*
Daniel L. Warshaw (SBN 185365)
PEARSON SIMON & WARSHAW , LLP
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pswlaw.com

```
                                Bruce L. Simon (SBN 96241)
                                William J. Newsom (SBN 267643)
                                44 Montgomery Street, Suite 2450
                                PEARSON SIMON & WARSHAW, LLP
                                San Francisco, CA 94104
                                Telephone: (415) 433-9000
                                Facsimile:  (415) 433-9008
                                bsimon@pswlaw.com
                                wnewsom@pswlaw.com
```

*Plaintiffs' Interim Co-Lead Counsel*

By: */s/ Tyler G. Newby*

    Tyler G. Newby (CSB No. 205790)
    tnewby@fenwick.com
    Jennifer J. Johnson (CSB No. 252897)
    jjjohnson@fenwick.com
    FENWICK & WEST LLP
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Ph: (415) 875-2300
    Fax:  (415) 281-1350

    Rodger R. Cole (CSB No. 178865)
    rcole@fenwick.com
    Molly R. Melcher (CSB No. 272950)
    mmelcher@fenwick.com
    FENWICK & WEST LLP
    801 California Street
    Mountain View, CA 94041
    Ph:   (650) 988-8500
    Fax:  (650) 938-5200

*Attorneys for Defendant Carrier IQ, Inc.*

By:  */s/ Rosemarie T. Ring*

    Rosemarie T. Ring (SBN 220769)
    Rose.Ring@mto.com
    Jonathan H. Blavin (SBN 230269)
    Jonathan.Blavin@mto.com
    Bryan H. Heckenlively (SBN 279140)
    Bryan.Heckenlively@mto.com
    MUNGER, TOLLES & OLSON, LLP
    560 Mission Street
    Twenty-Seventh Floor
    San Francisco, CA  94105-2907
    Phone: (415) 512-4000
    Fax: (415) 512-4077

Henry Weissmann (SBN 132418)
Henry.Weissmann@mto.com
MUNGER, TOLLES & OLSON, LLP
355 South Grand Avenue,
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant HTC America, Inc.*


By: */s Simon J. Frankel*
Simon J. Frankel
sfrankel@cov.com
Mali B. Friedman
mfriedman@cov.com
COVINGTON & BURLING LLP
1 Front St., 35th Floor
San Francisco, CA 94111
Phone: (415) 591-6000
Fax: (415) 591-6091

*Attorneys for Defendant Huawei Devices USA, Inc.*


By: */s/ James Donato*
James Donato (SBN (146140)
jdonato@shearman.com
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111-5994
Phone: (415) 616-1100
Fax:(415) 616-1199

*Attorneys for Defendant LG Electronics MobileComm U.S.A., Inc.*


By: */s/ Norman K. Beck*
Peter C. McCabe III
pmccabe@winston.com
Norman K. Beck
nbeck@winston.com
Scott T. Sakiyama
ssakiyama@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Phone: (312) 558-5600
Fax: (312) 558-5700

|   |   |
|---|---|
| 1 | Krista M. Enns (SBN 206430) |
| 2 | kenns@winston.com |
|   | WINSTON & STRAWN LLP |
| 3 | 101 California Street |
|   | San Francisco, CA 94111-5894 |
| 4 | Telephone: (415) 591-1000 |
|   | Facsimile:   (415) 591-1400 |

*Attorneys for Defendant Motorola Mobility LLC*

By:   */s/ Wayne M. Helge*
Wayne M. Helge
whelge@park-law.com
H.C. Park & Associates, PLC
1894 Preston White Drive
Reston, VA 20191
Phone: (703) 288-5105
Fax: (703) 288-5139

*Attorneys for Defendant Pantech Wireless, Inc.*

By:  */s/ Lance A. Etcheverry*
Lance A. Etcheverry
lance.etcheverry@skadden.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Phone:      (213) 687-5000
Fax:(213) 687-5600

*Attorneys for Defendant Samsung Telecommunications America, LLC*

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FURTHER JOINT CMC STATEMENT       14       Case No. C-12-md-2330-EMC

**ATTESTATION**

I, Robert F. Lopez, am the ECF User whose identification and password are being used to file this **FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT.** In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: August 19, 2013          *s/Robert F. Lopez*
                                                       ROBERT F. LOPEZ