# ATTACHMENT A

STEVE W. BERMAN (*Pro Hac Vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

BRUCE L. SIMON (Bar No. 96241)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

*Plaintiffs' Interim Co-Lead Counsel*

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION | No. 12-md-2330-EMC<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT CARRIER IQ, INC. REGARDING UNCONSCIONABILITY AND SCOPE ISSUES** |
|---|---|

PROPOUNDING PARTY: PLAINTIFFS

RESPONDING PARTY: DEFENDANT CARRIER IQ

SET NO.: ONE

TO DEFENDANT CARRIER IQ, INC. AND ITS ATTORNEYS OF RECORD:

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs request that defendant Carrier IQ, Inc. answer the following interrogatories within thirty (30) days of service, and afterwards supplement such interrogatory answers as may become necessary to comply with the requirements of Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

A. "ALL" means "any and all," and the word "ANY" means "any and all."

B. "CARRIER IQ SOFTWARE" means the software identified in YOUR December 14, 2011 letter to Senator Al Franken and which is the subject of this lawsuit, as well as any implementing or interfacing software or code. The term CARRIER IQ SOFTWARE also includes, but is not limited to, IQ Experience Insight Manager.

C. "CELLULAR PROVIDER" means a company that provides wireless voice or data service, such as Sprint, AT&T Mobility, Inc., or Cricket.

D. "COMMUNICATION" when used herein means any and ALL communications of any kind, INCLUDING any and ALL conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, e-mail (or other similar electronic communication), or other such transmittal of information, whether written, oral, or by any other means. The word "COMMUNICATION" also means internal communications.

E. "INCLUDING" means including, but not limited to.

F. "LITIGATION" means this case, *In re Carrier IQ Consumer Privacy Litigation*, No. 12-md-2330-EMC.

G. "MATERIALLY" has its ordinary meaning but also the meaning ascribed to it by defendants at page 14, n.13, of their Consolidated Motion to Compel Arbitration and to Stay Litigation.

H. "PERSON" means and refers to any natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of any kind, and any agent of the foregoing.

I. "RELATE," "RELATING," or other forms of the same shall be interpreted in the broadest sense to mean refer, relate, concern, describe, disclose, discuss, evidence, explain, identify, indicate, involve, memorialize, mention, negate, record, reference, reflect, refute, support, suggest, or touch upon the subject matter indicated.

J. "RELEVANT LAWS" means ANY of the laws at issue in this LITIGATION, including the Federal Wiretap Act, the federal Stored Communications Act, the federal Computer Fraud and Abuse Act, state wiretap and privacy acts, state consumer protection or consumer fraud acts, the federal Magnuson-Moss Warranty Act, and/or state implied warranty of merchantability laws.

K. "YOU" or "YOUR" means and refers to Defendant Carrier IQ, Inc., and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

L. The singular includes the plural and vice versa. The past tense includes the present tense and vice versa.

**GENERAL INSTRUCTIONS**

Unless otherwise stated, these interrogatories are limited in time to the period from December 1, 2007 through the present.

With respect to references to arbitrations or non-arbitration legal proceedings, these are limited to those taking place within the United States.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**INTERROGATORY NO. 8:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on ANY of the plaintiffs' mobile devices transmit or cause the transmission of user information or data when it is disconnected from the network of the CELLULAR PROVIDER whose arbitration provision(s) you seek to invoke against ANY plaintiff in this LITIGATION, particularly over Wi-Fi or by direct connection to an Internet-capable device (*e.g.*, via USB, Firewire, or Bluetooth connection to an Internet-capable computer)? If YOUR answer is yes, please identify the plaintiff(s) affected and his, her, or their mobile device(s); please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 9:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on ANY of the plaintiffs' mobile devices transmit or cause the transmission of user information or data over the network of the CELLULAR PROVIDER whose arbitration provision(s) YOU seek to invoke against ANY plaintiff in this LITIGATION when such mobile device(s) was or is no longer in contract with such CELLULAR PROVIDER? If YOUR answer is yes, please identify the plaintiff(s) affected and his, her, or their mobile device(s); please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 10:**

Was the Carrier IQ product known as IQ Experience Insight Manager installed at ANY time on ANY of the plaintiffs' mobile devices at issue in this LITIGATION? If so, please identify the plaintiff(s) affected and his, her, or their mobile device(s).

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**INTERROGATORY NO. 11:**

Did or does CARRIER IQ SOFTWARE installed at ANY time on ANY of the plaintiffs' mobile devices ever see, access, process, filter, store, or transmit from the mobile device: ANY SMS text messages, whether sent by or to the plaintiff or other user of the device; ANY URLs containing HTTP or HTTPS strings embedded with information such as search terms, user names, passwords, and geo- or GPS-based location data; media viewing history; telephone numbers dialed and attached to calls received; dialer keypad presses; or application purchases and uses?  If YOUR answer to ANY of the foregoing is yes, please identify the plaintiff(s) affected and his, her, or their mobile device(s); please specify the information or data involved; and please identify the recipient of ANY such information or data transmitted.

**INTERROGATORY NO. 12:**

For ANY information or data identified in your answer to Interrogatory No. 11 that is seen, accessed, processed, filtered, stored, or transmitted by the CARRIER IQ SOFTWARE, please identify with specificity ANY term(s) or provision(s) of the CELLULAR PROVIDER terms and conditions of service or other agreement(s) whose arbitration provisions YOU invoke as to ANY plaintiff that YOU contend permits or addresses the seeing, accessing, processing, filtering, storage, or transmission thereof.

**INTERROGATORY NO. 13:**

Has the CARRIER IQ SOFTWARE been removed from, or disabled on, ANY mobile device belonging to ANY plaintiff by YOU or ANY CELLULAR PROVIDER?  If so, please identify the plaintiff(s) affected and his, her, or their mobile device(s), and please describe the contents of ALL COMMUNICATIONS explaining the reasons for, or demanding, that the CARRIER IQ SOFTWARE be removed or disabled, including ANY such COMMUNICATIONS

Case3:12-md-02330-EMC Document172-1 Filed09/06/13 Page7 of 37

advising or explaining that the CARRIER IQ SOFTWARE was not operating as contemplated, specified, or agreed-to by ANY of the plaintiff(s)' CELLULAR PROVIDERS or YOU, or as purportedly contemplated by ANY of the plaintiff(S)' terms and conditions of service, or other agreements, with ANY such CELLULAR PROVIDER.

**PEARSON, SIMON & WARSHAW, LLP**

DATED: April 22, 2013

By: /s/ Steve W. Berman
STEVE W. BERMAN

Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Thomas E. Loeser (Bar No. 202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292

Shana E. Scarlett (Bar No. 217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

By: /s/ Bruce L. Simon
BRUCE L. SIMON

Bruce L. Simon (Bar No. 92641)
William J. Newsom (Bar No. 267643)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
wnewsom@pswlaw.com

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

854494.2

8

PLAINTIFFS' INTERROGATORIES TO DEFENDANT CARRIER IQ, INC. REGARDING UNCONSCIONABILITY AND SCOPE ISSUES

STEVE W. BERMAN (*Pro Hac Vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

BRUCE L. SIMON (Bar No. 96241)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

*Plaintiffs' Interim Co-Lead Counsel*

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE

CARRIER IQ, INC.,
CONSUMER PRIVACY LITIGATION

No. 12-md-2330-EMC

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT HUAWEI DEVICE USA, INC. REGARDING UNCONSCIONABILITY AND SCOPE ISSUES**

PROPOUNDING PARTY: PLAINTIFFS

RESPONDING PARTY: DEFENDANT HUAWEI DEVICE USA, INC.

SET NO.: ONE

TO DEFENDANT HUAWEI DEVICE USA, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs request that Defendant Huawei Device USA, Inc. answer the following interrogatories within thirty (30) days of service, and afterwards supplement such interrogatory answers as may become necessary to comply with the requirements of Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

A. "ALL" means "any and all," and the word "ANY" means "any and all."

B. CARRIER IQ means Defendant Carrier IQ, Inc., and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

C. CARRIER IQ SOFTWARE means the software which is the subject of this lawsuit, as well as any implementing or interfacing software or code. The term CARRIER IQ SOFTWARE also includes, but is not limited to, IQ Experience Insight Manager.

D. "CELLULAR PROVIDER" means a company that provides wireless voice or data service, such as Sprint, AT&T Mobility, Inc., or Cricket.

E. "COMMUNICATION" when used herein means any and ALL communications of any kind, INCLUDING any and ALL conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, e-mail (or other similar electronic communication), or other such transmittal of information, whether written, oral, or by any other means. The word "COMMUNICATION" also means internal communications.

F. "HUAWEI PLAINTIFF" means plaintiff Douglas White.

G. "INCLUDING" means including, but not limited to.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

H. "LITIGATION" means this case, *In re Carrier IQ Consumer Privacy Litigation*, No. 12-md-2330-EMC.

I. "MATERIALLY" has its ordinary meaning but also the meaning ascribed to it by defendants at page 14, n.13, of their Consolidated Motion to Compel Arbitration and to Stay Litigation.

J. "PERSON" means and refers to any natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of any kind, and any agent of the foregoing.

K. "RELATE," "RELATING," or other forms of the same shall be interpreted in the broadest sense to mean refer, relate, concern, describe, disclose, discuss, evidence, explain, identify, indicate, involve, memorialize, mention, negate, record, reference, reflect, refute, support, suggest, or touch upon the subject matter indicated.

L. "RELEVANT LAWS" means ANY of the laws at issue in this LITIGATION, including the Federal Wiretap Act, the federal Stored Communications Act, the federal Computer Fraud and Abuse Act, state wiretap and privacy acts, state consumer protection or consumer fraud acts, the federal Magnuson-Moss Warranty Act, and/or state implied warranty of merchantability laws.

M. "YOU" or "YOUR" means and refers to Defendant Huawei Device USA, Inc. and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

N. The singular includes the plural and vice versa. The past tense includes the present tense and vice versa.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

attempts to compel arbitration under ANY of the CELLULAR PROVIDER arbitration provisions YOU have invoked in this LITIGATION, or under ANY MATERIALLY similar arbitration provisions, in matters involving ANY of the RELEVANT LAWS.

**INTERROGATORY NO. 8:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on the HUAWEI PLAINTIFF'S mobile device transmit or cause the transmission of user information or data when it is disconnected from the network of the CELLULAR PROVIDER whose arbitration provision(s) you seek to invoke against him in this LITIGATION, particularly over Wi-Fi or by direct connection to an Internet-capable device (*e.g.*, via USB, Firewire, or Bluetooth connection to an Internet-capable computer)? If YOUR answer is yes, please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 9:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on the HUAWEI PLAINTIFF'S mobile device transmit or cause the transmission of user information or data over the network of the CELLULAR PROVIDER whose arbitration provision(s) YOU seek to invoke against him in this LITIGATION when such mobile device was or is no longer in contract with such CELLULAR PROVIDER? If YOUR answer is yes, please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 10:**

Was the Carrier IQ product known as IQ Experience Insight Manager installed at ANY

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

time on the HUAWEI PLAINTIFF'S mobile device at issue in this LITIGATION?

**INTERROGATORY NO. 11:**

Did or does CARRIER IQ SOFTWARE installed at ANY time on the HUAWEI PLAINTIFF'S mobile device ever see, access, process, filter, store, or transmit from the mobile device: ANY SMS text messages, whether sent by or to the HUAWEI PLAINTIFF or other user of the device; ANY URLs containing HTTP or HTTPS strings embedded with information such as search terms, user names, passwords, and geo- or GPS-based location data; media viewing history; telephone numbers dialed and attached to calls received; dialer keypad presses; or application purchases and uses? If YOUR answer to ANY of the foregoing is yes, please specify the information or data involved; and please identify the recipient of ANY such information or data transmitted.

**INTERROGATORY NO. 12:**

For ANY information or data identified in your answer to Interrogatory No. 11 that is seen, accessed, processed, filtered, stored, or transmitted by the CARRIER IQ SOFTWARE, please identify with specificity ANY term(s) or provision(s) of the CELLULAR PROVIDER terms and conditions of service or other agreement(s) whose arbitration provision(s) YOU invoke as to the HUAWEI PLAINTIFF that YOU contend permits or addresses the seeing, accessing, processing, filtering, storage, or transmission thereof.

**INTERROGATORY NO. 13:**

Has the CARRIER IQ SOFTWARE been removed from, or disabled on, ANY mobile device belonging to the HUAWEI PLAINTIFF by YOU or ANY CELLULAR PROVIDER? If

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

so, please describe the contents of ALL COMMUNICATIONS explaining the reasons for, or demanding, that the CARRIER IQ SOFTWARE be removed or disabled, including ANY such COMMUNICATIONS advising or explaining that the CARRIER IQ SOFTWARE was not operating as contemplated, specified, or agreed-to by the HUAWEI PLAINTIFF'S CELLULAR PROVIDERS or CARRIER IQ itself, or as purportedly contemplated by the HUAWEI PLAINTIFF'S terms and conditions of service, or other agreements, with ANY such CELLULAR PROVIDER.

DATED: April 22, 2013

By: /s/ Steve W. Berman

Steve W. Berman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
Thomas E. Loeser (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
toml@hbsslaw.com

By: /s/ Bruce L. Simon
BRUCE L. SIMON

Bruce L. Simon (Bar No. 92641)
William J. Newsom (Bar No. 267643)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
wnewsom@pswlaw.com

Case3:12-md-02330-EMC Document172-1 Filed09/06/13 Page14 of 37

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Bruce L. Simon (CSB No. 96241)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

*Plaintiffs' Interim Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION | No. 12-md-2330-EMC<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT HTC AMERICA, INC. REGARDING UNCONSCIONABILITY AND SCOPE ISSUES** |

PROPOUNDING PARTY: Plaintiffs

RESPONDING PARTY: Defendant HTC America, Inc.

SET: One (1)

PLAINTIFFS' INTERROGATORIES TO DEFENDANT HTC AMERICA, INC.
REGARDING UNCONSCIONABILITY AND SCOPE ISSUES
Case No. 12-md-2330-EMC
010285-11 603528 V1

TO HTC AMERICA, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs request that defendant HTC America, Inc. answer the following interrogatories within thirty (30) days of service, and afterwards supplement such interrogatory answers as may become necessary to comply with the requirements of Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

A. "ALL" means "any and all," and the word "ANY" means "any and all."

B. CARRIER IQ means defendant Carrier IQ, Inc., and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

C. CARRIER IQ SOFTWARE means the software identified in YOUR December 14, 2011 letter to Senator Al Franken and which is the subject of this lawsuit, as well as any implementing or interfacing software or code, including but not limited to the so-called CIQ Interface. The term CARRIER IQ SOFTWARE also includes, but is not limited to, IQ Experience Insight Manager.

D. "CELLULAR PROVIDER" means a company that provides wireless voice or data service, such as Sprint, AT&T Mobility, Inc., or Cricket.

E. "COMMUNICATION" when used herein means any and ALL communications of any kind, INCLUDING any and ALL conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, e-mail (or other similar electronic communication), or other such transmittal of information, whether written, oral, or by any other means. The word "COMMUNICATION" also means internal communications.

F. "HTC PLAINTIFFS" means Dao Phong, Clarissa Portales, Michael Allan, Brian Sandstrom, and/or Luke Szulczewski.

G. "INCLUDING" means including, but not limited to.

H. "LITIGATION" means this case, *In re Carrier IQ Consumer Privacy Litigation*, No. 12-md-2330-EMC.

I. "MATERIALLY" has its ordinary meaning but also the meaning ascribed to it by defendants at page 14, n.13, of their Consolidated Motion to Compel Arbitration and to Stay Litigation.

J. "PERSON" means and refers to any natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of any kind, and any agent of the foregoing.

K. "RELATE," "RELATING," or other forms of the same shall be interpreted in the broadest sense to mean refer, relate, concern, describe, disclose, discuss, evidence, explain, identify, indicate, involve, memorialize, mention, negate, record, reference, reflect, refute, support, suggest, or touch upon the subject matter indicated.

L. "RELEVANT LAWS" means ANY of the laws at issue in this LITIGATION, including the Federal Wiretap Act, the federal Stored Communications Act, the federal Computer Fraud and Abuse Act, state wiretap and privacy acts, state consumer protection or consumer fraud acts, the federal Magnuson-Moss Warranty Act, and/or state implied warranty of merchantability laws.

M. "YOU" or "YOUR" means and refers to defendant HTC America, Inc. and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

**<u>INTERROGATORY NO. 7</u>:**

Please identify the case names, numbers, and courts wherein YOU made ANY previous attempts to compel arbitration under ANY of the CELLULAR PROVIDER arbitration provisions YOU have invoked in this LITIGATION, or under ANY MATERIALLY similar arbitration provisions, in matters involving ANY of the RELEVANT LAWS.

**<u>INTERROGATORY NO. 8</u>:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on ANY of the HTC PLAINTIFFS' mobile devices transmit or cause the transmission of user information or data when it is disconnected from the network of the CELLULAR PROVIDER whose arbitration provision(s) you seek to invoke against ANY HTC PLAINTIFF in this LITIGATION, particularly over Wi-Fi or by direct connection to an Internet-capable device (*e.g.*, via USB, Firewire, or Bluetooth connection to an Internet-capable computer)? If YOUR answer is yes, please identify the HTC PLAINTIFF(S) affected and his, her, or their mobile device(s); please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**<u>INTERROGATORY NO. 9</u>:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on ANY of the HTC PLAINTIFFS' mobile devices transmit or cause the transmission of user information or data over the network of the CELLULAR PROVIDER whose arbitration provision(s) YOU seek to invoke against ANY HTC PLAINTIFF in this LITIGATION when such mobile device(s) was or is no longer in contract with such CELLULAR PROVIDER? If YOUR answer is yes, please identify the HTC PLAINTIFF(S) affected and his, her, or their mobile device(s); please describe ALL such transmissions,

including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 10:**

Was the Carrier IQ product known as IQ Experience Insight Manager installed at ANY time on ANY of the HTC PLAINTIFFS' mobile devices at issue in this LITIGATION? If so, please identify the HTC PLAINTIFF(S) affected and his, her, or their mobile device(s).

**INTERROGATORY NO. 11:**

Did or does CARRIER IQ SOFTWARE installed at ANY time on ANY of the HTC PLAINTIFFS' mobile devices ever see, access, process, filter, store, or transmit from the mobile device: ANY SMS text messages, whether sent by or to the HTC PLAINTIFF or other user of the device; ANY URLs containing HTTP or HTTPS strings embedded with information such as search terms, user names, passwords, and geo- or GPS-based location data; media viewing history; telephone numbers dialed and attached to calls received; dialer keypad presses; or application purchases and uses? If YOUR answer to ANY of the foregoing is yes, please identify the HTC PLAINTIFF(S) affected and his, her, or their mobile device(s); please specify the information or data involved; and please identify the recipient of ANY such information or data transmitted.

**INTERROGATORY NO. 12:**

For ANY information or data identified in your answer to Interrogatory No. 11 that is seen, accessed, processed, filtered, stored, or transmitted by the CARRIER IQ SOFTWARE, please identify with specificity ANY term(s) or provision(s) of the CELLULAR PROVIDER terms and conditions of service or other agreement(s) whose arbitration provisions YOU invoke as to ANY HTC PLAINTIFF

that YOU contend permits or addresses the seeing, accessing, processing, filtering, storage, or transmission thereof.

**INTERROGATORY NO. 13:**

Has the CARRIER IQ SOFTWARE been removed from, or disabled on, ANY mobile device belonging to ANY HTC PLAINTIFF by YOU or ANY CELLULAR PROVIDER? If so, please identify the HTC PLAINTIFF(S) affected and his, her, or their mobile device(s), and please describe the contents of ALL COMMUNICATIONS explaining the reasons for, or demanding, that the CARRIER IQ SOFTWARE be removed or disabled, including ANY such COMMUNICATIONS advising or explaining that the CARRIER IQ SOFTWARE was not operating as contemplated, specified, or agreed-to by ANY of the HTC PLAINTIFFS' CELLULAR PROVIDERS or CARRIER IQ itself, or as purportedly contemplated by ANY of the HTC PLAINTIFFS' terms and conditions of service, or other agreements, with ANY such CELLULAR PROVIDER.

DATED: April 22, 2013

By: /s/ Steve W. Berman

Steve W. Berman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
Thomas E. Loeser (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
toml@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Bruce L. Simon (CSB No. 96241)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

*Plaintiffs' Interim Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION | No. 12-md-2330-EMC<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT LG ELECTRONICS MOBILECOMM U.S.A., INC. REGARDING UNCONSCIONABILITY AND SCOPE ISSUES** |

PROPOUNDING PARTY: Plaintiffs

RESPONDING PARTY: Defendant LG Electronics MobileComm U.S.A., Inc.

SET: One (1)

TO LG ELECTRONICS MOBILECOMM U.S.A., INC.
AND ITS ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs request that defendant LG Electronics MobileComm U.S.A., Inc. answer the following interrogatories within thirty (30) days of service, and afterwards supplement such interrogatory answers as may become necessary to comply with the requirements of Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

A. "ALL" means "any and all," and the word "ANY" means "any and all."

B. CARRIER IQ means defendant Carrier IQ, Inc., and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

C. CARRIER IQ SOFTWARE means the software that is the subject of this lawsuit, as well as any implementing or interfacing software or code. The term CARRIER IQ SOFTWARE also includes, but is not limited to, IQ Experience Insight Manager.

D. "CELLULAR PROVIDER" means a company that provides wireless voice or data service, such as Sprint, AT&T Mobility, Inc., or Cricket.

E. "COMMUNICATION" when used herein means any and ALL communications of any kind, INCLUDING any and ALL conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, e-mail (or other similar electronic communication), or other such transmittal of information, whether written, oral, or by any other means. The word "COMMUNICATION" also means internal communications.

F. "INCLUDING" means including, but not limited to.

G. "LG PLAINTIFFS" means Matthew Hiles, Bobby Cline, and/or Colleen Fischer..

H. "LITIGATION" means this case, *In re Carrier IQ Consumer Privacy Litigation*, No. 12-md-2330-EMC.

I. "MATERIALLY" has its ordinary meaning but also the meaning ascribed to it by defendants at page 14, n.13, of their Consolidated Motion to Compel Arbitration and to Stay Litigation.

J. "PERSON" means and refers to any natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of any kind, and any agent of the foregoing.

K. "RELATE," "RELATING," or other forms of the same shall be interpreted in the broadest sense to mean refer, relate, concern, describe, disclose, discuss, evidence, explain, identify, indicate, involve, memorialize, mention, negate, record, reference, reflect, refute, support, suggest, or touch upon the subject matter indicated.

L. "RELEVANT LAWS" means ANY of the laws at issue in this LITIGATION, including the Federal Wiretap Act, the federal Stored Communications Act, the federal Computer Fraud and Abuse Act, state wiretap and privacy acts, state consumer protection or consumer fraud acts, the federal Magnuson-Moss Warranty Act, and/or state implied warranty of merchantability laws.

M. "YOU" or "YOUR" means and refers to defendant LG Electronics MobileComm U.S.A., Inc. and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

N. The singular includes the plural and vice versa. The past tense includes the present tense and vice versa.

Case3:12-md-02330-EMC Document172-1 Filed09/06/13 Page23 of 37

to compel arbitration under ANY of the CELLULAR PROVIDER arbitration provisions YOU have invoked in this LITIGATION, or under ANY MATERIALLY similar arbitration provisions, in matters involving ANY of the RELEVANT LAWS.

**INTERROGATORY NO. 8:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on ANY of the LG PLAINTIFFS' mobile devices transmit or cause the transmission of user information or data when it is disconnected from the network of the CELLULAR PROVIDER whose arbitration provision(s) you seek to invoke against ANY LG PLAINTIFF in this LITIGATION, particularly over Wi-Fi or by direct connection to an Internet-capable device (*e.g.*, via USB, Firewire, or Bluetooth connection to an Internet-capable computer)? If YOUR answer is yes, please identify the LG PLAINTIFF(S) affected and his, her, or their mobile device(s); please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 9:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on ANY of the LG PLAINTIFFS' mobile devices transmit or cause the transmission of user information or data over the network of the CELLULAR PROVIDER whose arbitration provision(s) YOU seek to invoke against ANY LG PLAINTIFF in this LITIGATION when such mobile device(s) was or is no longer in contract with such CELLULAR PROVIDER? If YOUR answer is yes, please identify the LG PLAINTIFF(S) affected and his, her, or their mobile device(s); please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

5

PLAINTIFFS' INTERROGATORIES TO DEFENDANT LG ELECTRONICS MOBILECOMM U.S.A., INC. REGARDING UNCONSCIONABILITY AND SCOPE ISSUES
No. 12-md-2330-EMC

010285-11 603546 V1

Case3:12-md-02330-EMC Document172-1 Filed09/06/13 Page24 of 37

**INTERROGATORY NO. 10:**

Was the Carrier IQ product known as IQ Experience Insight Manager installed at ANY time on ANY of the LG PLAINTIFFS' mobile devices at issue in this LITIGATION? If so, please identify the LG PLAINTIFF(S) affected and his, her, or their mobile device(s).

**INTERROGATORY NO. 11:**

Did or does CARRIER IQ SOFTWARE installed at ANY time on ANY of the LG PLAINTIFFS' mobile devices ever see, access, process, filter, store, or transmit from the mobile device: ANY SMS text messages, whether sent by or to the LG PLAINTIFF or other user of the device; ANY URLs containing HTTP or HTTPS strings embedded with information such as search terms, user names, passwords, and geo- or GPS-based location data; media viewing history; telephone numbers dialed and attached to calls received; dialer keypad presses; or application purchases and uses? If YOUR answer to ANY of the foregoing is yes, please identify the LG PLAINTIFF(S) affected and his, her, or their mobile device(s); please specify the information or data involved; and please identify the recipient of ANY such information or data transmitted.

**INTERROGATORY NO. 12:**

For ANY information or data identified in your answer to Interrogatory No. 11 that is seen, accessed, processed, filtered, stored, or transmitted by the CARRIER IQ SOFTWARE, please identify with specificity ANY term(s) or provision(s) of the CELLULAR PROVIDER terms and conditions of service or other agreement(s) whose arbitration provisions YOU invoke as to ANY LG PLAINTIFF that YOU contend permits or addresses the seeing, accessing, processing, filtering, storage, or transmission thereof.

6

PLAINTIFFS' INTERROGATORIES TO DEFENDANT LG ELECTRONICS MOBILECOMM U.S.A., INC. REGARDING UNCONSCIONABILITY AND SCOPE ISSUES
No. 12-md-2330-EMC

010285-11 603546 V1

**INTERROGATORY NO. 13:**

Has the CARRIER IQ SOFTWARE been removed from, or disabled on, ANY mobile device belonging to ANY LG PLAINTIFF by YOU or ANY CELLULAR PROVIDER? If so, please identify the LG PLAINTIFF(S) affected and his, her, or their mobile device(s), and please describe the contents of ALL COMMUNICATIONS explaining the reasons for, or demanding, that the CARRIER IQ SOFTWARE be removed or disabled, including ANY such COMMUNICATIONS advising or explaining that the CARRIER IQ SOFTWARE was not operating as contemplated, specified, or agreed-to by ANY of the LG PLAINTIFFS' CELLULAR PROVIDERS or CARRIER IQ itself, or as purportedly contemplated by ANY of the LG PLAINTIFFS' terms and conditions of service, or other agreements, with ANY such CELLULAR PROVIDER.

DATED: April 22, 2013

By: /s/ Steve W. Berman
Steve W. Berman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
Thomas E. Loeser (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
toml@hbsslaw.com

By: /s/ Bruce L. Simon
Bruce L. Simon (Bar No. 96241)
William J. Newsom (Bar No. 267643)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
wnewsom@pswlaw.com

Case3:12-md-02330-EMC Document172-1 Filed09/06/13 Page26 of 37

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Bruce L. Simon (CSB No. 96241)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

bsimon@pswlaw.com

*Plaintiffs' Interim Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE

CARRIER IQ, INC.,
CONSUMER PRIVACY LITIGATION

No. 12-md-2330-EMC

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT PANTECH WIRELESS, INC. REGARDING UNCONSCIONABILITY AND SCOPE ISSUES**

PROPOUNDING PARTY: Plaintiffs

RESPONDING PARTY: Defendant Pantech Wireless, Inc.

SET: One (1)

PLAINTIFFS' INTERROGATORIES TO DEFENDANT PANTECH WIRELESS, INC.
REGARDING UNCONSCIONABILITY AND SCOPE ISSUES
Case No. 12-md-2330-EMC
010285-11 603562 V1

TO PANTECH WIRELESS, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs request that defendant Pantech Wireless, Inc. answer the following interrogatories within thirty (30) days of service, and afterwards supplement such interrogatory answers as may become necessary to comply with the requirements of Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

A. “ALL” means “any and all,” and the word “ANY” means “any and all.”

B. CARRIER IQ means defendant Carrier IQ, Inc., and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

C. CARRIER IQ SOFTWARE means the software identified in YOUR December 14, 2011 letter to Senator Al Franken and which is the subject of this lawsuit, as well as any implementing or interfacing software or code. The term CARRIER IQ SOFTWARE also includes, but is not limited to, IQ Experience Insight Manager.

D. “CELLULAR PROVIDER” means a company that provides wireless voice or data service, such as Sprint, AT&T Mobility, Inc., or Cricket.

E. “COMMUNICATION” when used herein means any and ALL communications of any kind, INCLUDING any and ALL conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, e-mail (or other similar electronic communication), or other such transmittal of information, whether written, oral, or by any other means. The word “COMMUNICATION” also means internal communications.

F. "INCLUDING" means including, but not limited to.

G. "LITIGATION" means this case, *In re Carrier IQ Consumer Privacy Litigation*, No. 12-md-2330-EMC.

H. "MATERIALLY" has its ordinary meaning but also the meaning ascribed to it by defendants at page 14, n.13, of their Consolidated Motion to Compel Arbitration and to Stay Litigation.

I. "PANTECH PLAINTIFF" means Mark Laning.

J. "PERSON" means and refers to any natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of any kind, and any agent of the foregoing.

K. "RELATE," "RELATING," or other forms of the same shall be interpreted in the broadest sense to mean refer, relate, concern, describe, disclose, discuss, evidence, explain, identify, indicate, involve, memorialize, mention, negate, record, reference, reflect, refute, support, suggest, or touch upon the subject matter indicated.

L. "RELEVANT LAWS" means ANY of the laws at issue in this LITIGATION, including the Federal Wiretap Act, the federal Stored Communications Act, the federal Computer Fraud and Abuse Act, state wiretap and privacy acts, state consumer protection or consumer fraud acts, the federal Magnuson-Moss Warranty Act, and/or state implied warranty of merchantability laws.

M. "YOU" or "YOUR" means and refers to defendant Pantech Wireless, Inc. and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

N. The singular includes the plural and vice versa. The past tense includes the present tense and vice versa.

to compel arbitration under ANY of the CELLULAR PROVIDER arbitration provisions YOU have invoked in this LITIGATION, or under ANY MATERIALLY similar arbitration provisions, in matters involving ANY of the RELEVANT LAWS.

**INTERROGATORY NO. 8:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on the PANTECH PLAINTIFF'S mobile device transmit or cause the transmission of user information or data when it is disconnected from the network of the CELLULAR PROVIDER whose arbitration provision(s) you seek to invoke against him in this LITIGATION, particularly over Wi-Fi or by direct connection to an Internet-capable device (*e.g.*, via USB, Firewire, or Bluetooth connection to an Internet-capable computer)? If YOUR answer is yes, please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 9:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on the PANTECH PLAINTIFF'S mobile device transmit or cause the transmission of user information or data over the network of the CELLULAR PROVIDER whose arbitration provision(s) YOU seek to invoke against him in this LITIGATION when such mobile device(s) was or is no longer in contract with such CELLULAR PROVIDER? If YOUR answer is yes, please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 10:**

Was the Carrier IQ product known as IQ Experience Insight Manager installed at ANY time on the PANTECH PLAINTIFF'S mobile device at issue in this LITIGATION?

**INTERROGATORY NO. 11:**

Did or does CARRIER IQ SOFTWARE installed at ANY time on the PANTECH PLAINTIFF'S mobile device ever see, access, process, filter, store, or transmit from the mobile device: ANY SMS text messages, whether sent by or to the PANTECH PLAINTIFF or other user of the device; ANY URLs containing HTTP or HTTPS strings embedded with information such as search terms, user names, passwords, and geo- or GPS-based location data; media viewing history; telephone numbers dialed and attached to calls received; dialer keypad presses; or application purchases and uses? If YOUR answer to ANY of the foregoing is yes, please specify the information or data involved; and please identify the recipient of ANY such information or data transmitted.

**INTERROGATORY NO. 12:**

For ANY information or data identified in your answer to Interrogatory No. 11 that is seen, accessed, processed, filtered, stored, or transmitted by the CARRIER IQ SOFTWARE, please identify with specificity ANY term(s) or provision(s) of the CELLULAR PROVIDER terms and conditions of service or other agreement(s) whose arbitration provisions YOU invoke as to the PANTECH PLAINTIFF that YOU contend permits or addresses the seeing, accessing, processing, filtering, storage, or transmission thereof.

**INTERROGATORY NO. 13:**

Has the CARRIER IQ SOFTWARE been removed from, or disabled on, the mobile device belonging to the PANTECH PLAINTIFF by YOU or ANY CELLULAR PROVIDER? If so, please describe the contents of ALL COMMUNICATIONS explaining the reasons for, or demanding, that the CARRIER IQ SOFTWARE be removed or disabled, including ANY such COMMUNICATIONS advising or explaining that the CARRIER IQ SOFTWARE was not operating as contemplated, specified, or agreed-to by the PANTECH PLAINTIFF'S CELLULAR PROVIDER or CARRIER IQ itself, or as purportedly contemplated by the PANTECH PLAINTIFF'S terms and conditions of service, or other agreements, with his CELLULAR PROVIDER.

DATED: April 22, 2013

By: /s/ Steve W. Berman
Steve W. Berman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
Thomas E. Loeser (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
toml@hbsslaw.com

By: /s/ Bruce L. Simon
Bruce L. Simon (Bar No. 96241)
William J. Newsom (Bar No. 267643)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
wnewsom@pswlaw.com

STEVE W. BERMAN (*Pro Hac Vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

BRUCE L. SIMON (Bar No. 96241)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

*Plaintiffs' Interim Co-Lead Counsel*

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION | No. 12-md-2330-EMC<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT SAMSUNG TELECOMMUNICATIONS AMERICA, LLC REGARDING UNCONSCIONABILITY AND SCOPE ISSUES** |
|---|---|

PROPOUNDING PARTY: PLAINTIFFS

RESPONDING PARTY: DEFENDANT SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

SET NO.: ONE

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

TO DEFENDANT SAMSUNG TELECOMMUNICATIONS AMERICA, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs request that Samsung Telecommunications America, LLC. answer the following interrogatories within thirty (30) days of service, and afterwards supplement such interrogatory answers as may become necessary to comply with the requirements of Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

A. “ALL” means “any and all,” and the word “ANY” means “any and all.”

B. CARRIER IQ means Defendant Carrier IQ, Inc., and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for any of the above.

C. CARRIER IQ SOFTWARE means the software identified in YOUR December 14, 2011 letter to Senator Al Franken and which is the subject of this lawsuit, as well as any implementing or interfacing software or code. The term CARRIER IQ SOFTWARE also includes, but is not limited to, IQ Experience Insight Manager.

D. “CELLULAR PROVIDER” means a company that provides wireless voice or data service, such as Sprint, AT&T Mobility, Inc., or Cricket.

E. “COMMUNICATION” when used herein means any and ALL communications of any kind, INCLUDING any and ALL conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, e-mail (or other similar electronic communication), or other such transmittal of information, whether written, oral, or by any other means. The word “COMMUNICATION” also means internal communications.

F. “INCLUDING” means including, but not limited to.

G. "LITIGATION" means this case, *In re Carrier IQ Consumer Privacy Litigation*, No. 12-md-2330-EMC.

H. "MATERIALLY" has its ordinary meaning but also the meaning ascribed to it by defendants at page 14, n.13, of their Consolidated Motion to Compel Arbitration and to Stay Litigation.

I. "PERSON" means and refers to any natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of any kind, and any agent of the foregoing.

J. "RELATE," "RELATING," or other forms of the same shall be interpreted in the broadest sense to mean refer, relate, concern, describe, disclose, discuss, evidence, explain, identify, indicate, involve, memorialize, mention, negate, record, reference, reflect, refute, support, suggest, or touch upon the subject matter indicated.

K. "RELEVANT LAWS" means ANY of the laws at issue in this LITIGATION, including the Federal Wiretap Act, the federal Stored Communications Act, the federal Computer Fraud and Abuse Act, state wiretap and privacy acts, state consumer protection or consumer fraud acts, the federal Magnuson-Moss Warranty Act, and/or state implied warranty of merchantability laws.

L. "SAMSUNG PLAINTIFF" or "SAMSUNG PLAINTIFFS" mean plaintiffs Leron Levy, Daniel Pipkin, Gary Cribbs, Ryan McKeen, Shawn Grisham, Eric Thomas, and/or Patrick Kenny.

M. "YOU" or "YOUR" means and refers to defendant Samsung Telecommunications America, LLC. and ANY partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other PERSON or entity acting on its behalf or as a fictitious business name for ANY of the above

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**INTERROGATORY NO. 7:**

Please identify the case names, numbers, and courts wherein YOU made ANY previous attempts to compel arbitration under ANY of the CELLULAR PROVIDER arbitration provisions YOU have invoked in this LITIGATION, or under ANY MATERIALLY similar arbitration provisions, in matters involving ANY of the RELEVANT LAWS.

**INTERROGATORY NO. 8:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on ANY of the SAMSUNG PLAINTIFFS' mobile devices transmit or cause the transmission of user information or data when it is disconnected from the network of the CELLULAR PROVIDER whose arbitration provision(s) you seek to invoke against ANY SAMSUNG PLAINTIFF in this LITIGATION, particularly over Wi-Fi or by direct connection to an Internet-capable device (*e.g.*, via USB, Firewire, or Bluetooth connection to an Internet-capable computer)? If YOUR answer is yes, please identify the SAMSUNG PLAINTIFF(S) affected and his, her, or their mobile device(s); please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

**INTERROGATORY NO. 9:**

Did or does the CARRIER IQ SOFTWARE installed at ANY time on ANY of the SAMSUNG PLAINTIFFS' mobile devices transmit or cause the transmission of user information or data over the network of the CELLULAR PROVIDER whose arbitration provision(s) YOU seek to invoke against ANY SAMSUNG PLAINTIFF in this LITIGATION when such mobile device(s) was or is no longer in contract with such CELLULAR PROVIDER? If YOUR answer is yes, please identify the SAMSUNG PLAINTIFF(S) affected and his, her, or their mobile device(s); please describe ALL such transmissions, including ALL types of information or data transmitted; and please identify ALL recipients of ALL such information or data transmitted.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**INTERROGATORY NO. 10:**

Was the Carrier IQ product known as IQ Experience Insight Manager installed at ANY time on ANY of the SAMSUNG PLAINTIFFS' mobile devices at issue in this LITIGATION? If so, please identify the SAMSUNG PLAINTIFF(S) affected and his, her, or their mobile device(s).

**INTERROGATORY NO. 11:**

Did or does CARRIER IQ SOFTWARE installed at ANY time on ANY of the SAMSUNG PLAINTIFFS' mobile devices ever see, access, process, filter, store, or transmit from the mobile device: ANY SMS text messages, whether sent by or to the SAMSUNG PLAINTIFF or other user of the device; ANY URLs containing HTTP or HTTPS strings embedded with information such as search terms, user names, passwords, and geo- or GPS-based location data; media viewing history; telephone numbers dialed and attached to calls received; dialer keypad presses; or application purchases and uses? If YOUR answer to ANY of the foregoing is yes, please identify the SAMSUNG PLAINTIFF(S) affected and his, her, or their mobile device(s); please specify the information or data involved; and please identify the recipient of ANY such information or data transmitted.

**INTERROGATORY NO. 12:**

For ANY information or data identified in your answer to Interrogatory No. 11 that is seen, accessed, processed, filtered, stored, or transmitted by the CARRIER IQ SOFTWARE, please identify with specificity ANY term(s) or provision(s) of the CELLULAR PROVIDER terms and conditions of service or other agreement(s) whose arbitration provisions YOU invoke as to ANY SAMSUNG PLAINTIFF that YOU contend permits or addresses the seeing, accessing,

Case3:12-md-02330-EMC Document172-1 Filed09/06/13 Page37 of 37

processing, filtering, storage, or transmission thereof.

**INTERROGATORY NO. 13:**

Has the CARRIER IQ SOFTWARE been removed from, or disabled on, ANY mobile device belonging to ANY SAMSUNG PLAINTIFF by YOU or ANY CELLULAR PROVIDER? If so, please identify the SAMSUNG PLAINTIFF(S) affected and his, her, or their mobile device(s), and please describe the contents of ALL COMMUNICATIONS explaining the reasons for, or demanding, that the CARRIER IQ SOFTWARE be removed or disabled, including ANY such COMMUNICATIONS advising or explaining that the CARRIER IQ SOFTWARE was not operating as contemplated, specified, or agreed-to by ANY of the SAMSUNG PLAINTIFFS' CELLULAR PROVIDERS or CARRIER IQ itself, or as purportedly contemplated by ANY of the SAMSUNG PLAINTIFF(S)' terms and conditions of service, or other agreements, with ANY such CELLULAR PROVIDER.

DATED: April 22, 2013

By: /s/ Steve W. Berman

Steve W. Berman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
Thomas E. Loeser (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
toml@hbsslaw.com

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

854489.2

8

PLAINTIFFS' INTERROGATORIES TO DEFENDANT SAMSUNG TELECOMMUNICATIONS AMERICA, LLC REGARDING UNCONSCIONABILITY AND SCOPE ISSUES