# ATTACHMENT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re: Carrier IQ, Inc. Consumer Privacy Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. C-12-md-2330-EMC |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Google, Inc. c/o Corporation Service Company d/b/a CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see Exhibit A attached hereto.

| Place: Hagens Berman Sobol Shapiro LLP<br>715 Hearst Ave., Suite 202<br>Berkeley, CA 94710 | Date and Time:<br>01/04/2013 9:30 am |
|---|---|

The deposition will be recorded by this method: Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see Exhibit B attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/07/2012

*CLERK OF COURT*

OR _____

_____        *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Plaintiffs_____
Robert F. Lopez                                                           , who issues or requests this subpoena, are:
Hagens Berman Sobol Shapiro LLP          Tel:   206-623-7292
1918 8th Ave., Ste. 3300                          Email: robl@hbsslaw.com
Seattle, WA 98101

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  C-12-md-2330-EMC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  Google, Inc.
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## DEFINITIONS

For the purposes of Exhibits A and B to this subpoena, the following definitions shall apply:

A.   "All" means "any and all," and the word "any" means "any and all."

B.   "Carrier IQ, Inc." means Carrier IQ, Inc., and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other person or entity acting on its behalf or as a fictitious business name for any of the above.

C.   "Carrier IQ, Inc. software" means the software which is the subject of *In re Carrier IQ, Inc. Consumer Privacy Litigation*, No. 12-md-2330-EMC (N.D. Cal.). The term Carrier IQ, Inc. software also includes, but is not limited to, IQ Experience Insight Manager, and any other software coded or sold by Carrier IQ, Inc.

D.   "Cellular provider" means a company that provides consumers with wireless voice or data service, such as Sprint, AT&T Mobile, or Cricket.

E.   "Communication" when used herein means any and all communications of any kind, including any and all conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, e-mail (or other similar electronic communication), or other such transmittal of information, whether written, oral, or by any other means. The word "communication" also means internal communications.

F.   "Document" means and refers to all things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a)(1) and/or within the definitions of writings, recordings and photographs contained in Federal Rule of Evidence 1001 including: documents of any kind, however reproduced and however transcribed; existing and deleted electronic mail ("e-mail"), including forwarded messages, replies, copies, blind copies, attachments of any kind thereto, and all associated electronic metadata; existing and deleted

electronic instant messages ("IMs") sent or received using any instant messaging software of any kind, including IM strings; electronic recordings of any kind, including optically scanned documents, "pdf" files, computer program files, data files, and/or source code; photographs or other visual or audio-visual recordings of any kind and all other forms of Electronically Stored Information ("ESI"), including still or motion pictures, microfilm, microfiche, videotapes, DVDs, or laser discs; sound recordings of any kind, including voice mail, cassettes, microcassettes, or compact discs; and any of the foregoing constituting, repeating, or reflecting any communication, as that term is defined herein. "Document" also includes all drafts of, iterations, amendments, supplements to, and attachments to any of the foregoing whether prepared by Google, Inc. or by any other person, as well as any copies that differ from the copy being produced (*e.g.*, a copy that contains handwritten notes, highlighting, interlineation, underlining, a "redline," or the like).

    G.    "Google, Inc." means Google, Inc. and any partner, employee, independent contractor, representative, attorney, agent, accountant, investigator, subsidiary, parent, affiliate, predecessor-in-interest, successor, or other Person or entity acting on its behalf or as a fictitious business name for any of the above. If an answer to a question regarding Google, Inc. refers specifically to its subsidiary Motorola Mobility, LLC, please indicate as much in the answer.

    H.    "Handset manufacturer" means a manufacturer of mobile devices, such as the manufacturer defendants named in *In re Carrier IQ, Inc. Consumer Privacy Litigation*.

    I.    "Including" means including, but not limited to.

    J.    "Person" means and refers to any natural person or entity, including partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of any kind, and any agent of the foregoing.

    K.    "Relate," "relating," or other forms of the same shall be interpreted in the broadest sense to mean refer, relate, concern, describe, disclose, discuss, evidence, explain,

identify, indicate, involve, memorialize, mention, negate, record, reference, reflect, refute, support, suggest, or touch upon the subject matter indicated.

  L. The singular includes the plural and vice versa. The past tense includes the present tense and vice versa.

  M. "You" or "your" refers to Google, Inc. as defined herein.

# EXHIBIT A

1.      Receipt of any mobile device user's data or content from any HTC-, Huawei-, LG-, Motorola-, Pantech-, or Samsung-branded mobile device onto which Carrier IQ, Inc. software, or any software related thereto (including so-called porting code or software), is or was installed, where such data or content was received in, with, or by way of a crash, de-bugging, or other report related to the Android mobile operating system or any application, or with or from any system log, debugging log, or logcat log, or otherwise, that you know, believe, or suspect was transmitted to you because of the presence on the mobile device of Carrier IQ, Inc. software or software related thereto, including so-called porting software, regardless of whether you did not request, intend, or want to receive any such data or content. "Data or content" in this Exhibit A includes but is not limited to keystrokes, text messages, URLs (including HTTP and HTTPS strings, with or without geo-location or other personal information such as passwords or user names), telephone numbers dialed and attached to calls received, dialer keypad presses, and application purchases and uses.

2.      Assuming you received any data or content referenced in paragraph 1 to this Exhibit A, (a) descriptions and lists of the data or content received; (b) the mobile devices, by brand and model, if known, from which such data or content was received; (c) the dates on which such data or content was received; (d) the volume of the data or content received; (e) the frequency with which the data or content was received; (f) the ways or reasons by which you know, believe or suspect that such data was transmitted to you by way of any Carrier IQ, Inc. software or any software related thereto; and (g) whether you contacted any handset manufacturer or cellular provider with respect to the receipt of such data, and the responses to your contact (or vice-versa, if any device manufacturer or wireless carrier contacted you).

## EXHIBIT B

1. All Documents related to the matters for examination set forth in Exhibit A to this subpoena.