UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION.<br><br>_____/ | No. C-12-md-2330 EMC<br><br>**ORDER DENYING DEFENDANTS' AND GOOGLE'S MOTION FOR PARTIAL RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>**(Docket Nos. 200-01)** |

Defendants and third-party Google Inc. have moved for partial relief from Judge Cousins's order of September 27, 2013. Under federal law, "[a] non-dispositive order entered by a magistrate [judge] must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). When a district court reviews a magistrate judge's order, it "may not simply substitute its judgment for that of the [magistrate judge]." *Id.*

In their motion, Defendants object to that part of Judge Cousins's order which requires them to respond to Interrogatories Nos. 11-13. Defendants essentially have two arguments. First, Defendants assert that Judge Cousins's order was clearly erroneous or contrary to law because he effectively reversed a prior ruling of this Court regarding permissible discovery (and Plaintiffs never moved for reconsideration of that ruling). Second, Defendants argue that Judge Cousins's order was clearly erroneous or contrary to law because he essentially gave Plaintiffs the right to conduct unrestricted merits discovery.

The Court concludes that Defendants have failed to establish either clear error or an act contrary to law. As to the first argument, Judge Cousins properly noted that this Court never held that the discovery sought by Plaintiffs "was necessarily precluded." Docket No. 194 (Order at 7). The Court's order of April 1, 2013, was simply an order providing guidance to the parties in a meet and confer. *See* Docket No. 157 (Order at 1). As to the second argument, Defendants essentially argue that giving Plaintiffs discovery would be contrary to the FAA (which "encourage[s] streamlined arbitration proceedings") because, under Plaintiffs' "logic, a party opposing a motion to compel arbitration would *always* be entitled to obtain unrestricted merits discovery, so long as that party contended he did not contemplate that his claims were within the scope of his contract containing the arbitration provision." Docket No. 200 (Mot. at 4-5) (emphasis in original). But this argument is not persuasive because Plaintiffs' interrogatories are not seeking "unrestricted" merits discovery but rather are sufficiently targeted to exploring whether the claims are outside the scope of the arbitration agreement. Under the FAA, a court is permitted to make a determination as to "whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diag. Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Here, Plaintiffs have articulated what is, on its face, a reasonable argument that the arbitration agreement between the customer and cellular carrier cannot cover the claims asserted because transmittals were being made to unrelated third parties.[1]

Accordingly, Defendants' motion for relief is denied.

///
///
///
///
///

---

[1] In the joint letter of September 6, 2013, Defendants did argue that, with respect to the Cricket arbitration agreement, the responsibility for determining whether the agreement covers the dispute at issue should be made by the arbitrator and not this Court. *See* Docket No. 172 (Joint Letter at 10 n.17); *see also Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011) (instructing that "gateway issues of arbitrability presumptively are reserved for the court, [but] the parties may agree to delegate them to the arbitrator"). However, Defendants have not pressed this argument before this Court. And in any event, even if an arbitrator is to decide the scope issue, discovery will still be useful on this point.

As for Google's motion, Google essentially makes the same arguments as Defendants, and therefore its motion for relief is likewise denied. The Court notes, however, that it is not making any ruling on burden as that is an issue that is being addressed by Judge Cousins.

This order disposes of Docket Nos. 200 and 201.

IT IS SO ORDERED.

Dated: October 16, 2013

_____
EDWARD M. CHEN
United States District Judge