RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
JENNIFER J. JOHNSON (CSB No. 252897)
jjjohnson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

*Attorneys for Defendant
Carrier IQ, Inc.*

[*Additional Counsel listed on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Carrier IQ, Inc. Consumer Privacy Litigation,*<br><br>*[This Document Relates to All Cases]* | Case No.: 3:12-md-02330-EMC<br><br>**DEFENDANTS' MOTION TO STAY LITIGATION PENDING APPEAL OF MARCH 28, 2014 ORDER DENYING MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        June 12, 2014<br>Time:       1:30 p.m.<br>Judge:      Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor |

**TABLE OF CONTENTS**

NOTICE OF MOTION ................................................................................................................. 1

I.  INTRODUCTION ............................................................................................................. 2

II. BACKGROUND ............................................................................................................... 3

III. ARGUMENT ..................................................................................................................... 4

    A.  The Court Should Grant a Stay Because the Appeal of the Order Presents a Serious Legal Question and Has a Fair Prospect of Success. ................ 5

    B.  Failure to Grant a Stay Would Deprive Defendants of the Speed and Economy of Arbitration and Cause Irreparable Harm. ........................................... 9

    C.  Granting a Stay Pending Appeal Would Not Prejudice Plaintiffs. ....................... 10

    D.  Granting a Stay Would Support the Strong Policy in Favor of Arbitration, Save Significant Judicial Resources, and Avoid the Potential for Conflicting Rulings. .................................................................................................. 11

IV. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alascom, Inc. v. ITT North Elec. Co.*,
   727 F.2d 1419 (9th Cir. 1984) .................................................................................................. 9

*Am. Int'l Underwriters (Philippines), Inc. v. The Cont'l Ins. Co.*,
   843 F.2d 1253 (9th Cir. 1988) ................................................................................................ 12

*Blinco v. Green Tree Servicing, LLC*,
   366 F.3d 1249 (11th Cir. 2004) .............................................................................................. 12

*Britton v. Co-op Banking Group*,
   916 F.2d 1405 (9th Cir. 1990) ......................................................................................... 2, 4, 5

*C.B.S. Employees Federal Credit Union v. Donaldson Lufkin & Jenrette Sec. Corp.*,
   716 F. Supp. 307 (W.D. Tenn. 1989) ............................................................................. 7, 8, 9

*Crawford Professional Drugs, Inc. v. CVS Caremark Corp.*,
   --- F.3d ----, 2014 WL 1343608 (5th Cir. Apr. 4, 2014) .......................................................... 7

*Eberle v. Smith*,
   Case No. 07-CV-0120, 2008 WL 238450 ...................................................................... 10, 11

*Goldman v. KPMG*, 173, Cal. App. 4th 209 (2009) ....................................................................... 7

*Jones v. Deutsche Bank AG*,
   Case No. C 04-05357 JW, 2007 WL 1456041 (N.D. Cal. May 17, 2007) .............................. 6

*Laster v. T-Mobile USA, Inc.*,
   Case No. 05-CV-1167 DMS (AJB), 2008 WL 5377635 (S.D. Cal. Nov. 4, 2008) ............ 6, 11

*Leiva-Perez v. Holder*,
   640 F.3d 962 (9th Cir. 2011) ............................................................................................... 5, 8

*Leyva v. Certified Growers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ................................................................................................... 4

*McVicar v. Goodman Global, Inc.*,
   Case No. SACV-13-1223-DOC, 2013 WL 6212149 (C.D. Cal. Nov. 25, 2013) ................... 11

*Murphy v. DirecTV, Inc.*,
   724 F.3d 1218 (9th Cir. 2013) ................................................................................................. 6

*Murphy v. DirecTV, Inc.*,
   Case No. 2:07-06465, 2008 WL 8608808 (C.D. Cal. July 1, 2008) ................................. 7, 11

*Newton v. Am. Debt Services, Inc.*,
 Case No. C-11-3228-EMC, 2012 WL 3155719 (N.D. Cal. Aug. 2, 2012) ............................... 8

*Nken v. Holder*,
 556 U.S. 418 (2009) ................................................................................................................ 5, 6

*Ontiveros v. Zamora*,
 Case No. CIV. S-08-567, 2013 WL 1785891 (E.D. Cal. Apr. 25, 2013) ....................... 8, 9, 10

*Rivers v. Walt Disney Co.*,
 980 F. Supp. 1358 (C.D. Cal. 1997) ............................................................................... 4, 12

*Steiner v. Apple Computer, Inc.*,
 Case No. C 07-04486, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008) ............................ 8, 9, 10

*Stern v. Cingular Wireless Corp., et al.*,
 Case No. CV-05-8842-CAS ................................................................................................ 11

*Winig v. Cingular Wireless LLC*,
 Case No. C-06-4297, 2006 WL 3201047 (N.D. Cal. Nov. 6, 2006) .......................... 10, 11, 14

*In re Wirecomm Wireless, Inc.*,
 Case No. 2:07-CV-2451-MCE, 2008 WL 3056491 (E.D. Cal. Aug. 1, 2008) ........................ 5

**Statutes**

Federal Arbitration Act ................................................................................................... 3, 5

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that, on June 12, 2014, at 1:30 p.m., or at such other day and time as may be designated by the Court, before the Honorable Edward M. Chen, in Courtroom 5, 17th Floor, of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, Defendants Carrier IQ, Inc., HTC America, Inc., HTC Corporation, Huawei Devices USA, Inc., LG Electronics Mobilecomm U.S.A., Inc., Pantech Wireless, Inc., Samsung Telecommunications America, Inc., Samsung Electronics Co., Ltd., and Motorola Mobility LLC will and hereby do move for an order staying all proceedings in this action pending their appeal to the United States Court of Appeals for the Ninth Circuit from the District Court's Order denying Motion to Compel Arbitration (Dkt. No. 129) entered in this action on the 28th day of March, 2014.

This motion is based on the Memorandum of Points and Authorities submitted herewith, the pleadings, records, and files in this action, and such other and further evidence and arguments as may be presented before or at the hearing on this motion.

## I.   INTRODUCTION

On March 28, 2014, this Court denied the Motion to Compel Arbitration and Stay Litigation ("Arbitration Motion") filed by Defendants Carrier IQ, Inc., HTC America, Inc., Huawei Devices USA, Inc., LG Electronics Mobilecomm U.S.A., Inc., Pantech Wireless, Inc., and Samsung Telecommunications America, Inc. (collectively, "Defendants").  Defendants have appealed that ruling to the Ninth Circuit Court of Appeals.[1]  The Ninth Circuit has already set a schedule that calls for briefing to be complete by September 2014, and Defendants will pursue the appeal expeditiously.[2]  In the meantime, Defendants respectfully move for a stay of all activity in this Court while they seek appellate review.[3]

The Court should stay these proceedings while the appeal is decided.  Applying the relevant four factor standard under *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990), district courts in this Circuit routinely grant stays pending appeal of a denial of a motion to compel arbitration.  *First*, the appeal raises substantial, non-frivolous legal questions and has a fair prospect of success.  The Court's March 28, 2014 Order denied the Arbitration Motion, finding that Plaintiffs' claims are not sufficiently intertwined with the agreements between the Plaintiffs and their wireless carriers (which each contain an expansive arbitration clause) for equitable estoppel to apply and require Plaintiffs to arbitrate their dispute with the Defendants.  Under the precedents that directly address analogous circumstances, whether equitable estoppel should apply here is at least a substantial legal question.  Because of the *de*

---

[1] Defendants HTC Corporation and Samsung Electronics, Co., Ltd. join the motion to stay but are not parties to the appeal.  HTC Corporation and Samsung Electronics Co., Ltd were served on May 2, 2014, after the Arbitration Motion was decided and the notice of appeal was filed.

[2] Under the schedule set by the Ninth Circuit on April 30, 2014, Defendants' opening appeal brief is due August 6, 2014; Plaintiffs' opposition brief is due September 5, 2014; and any reply brief is due September 19, 2014.

[3] Plaintiff Jennifer Patrick alleges claims against Defendants Carrier IQ and Motorola Mobility LLC ("Motorola").  Motorola and Carrier IQ have not moved to compel arbitration as to Plaintiff Patrick.  However, Carrier IQ and Motorola have reserved the right to compel arbitration as to unnamed putative class members Plaintiff Patrick purports to represent.  *See* Dkt. No. 129 at 3-4 n.4.  Carrier IQ and Motorola join this motion in requesting the Court stay proceedings as to Plaintiff Patrick's claims pending the Ninth Circuits' resolution of the denial of the Defendants' Arbitration Motion.

*novo* standard of review that applies, Defendants certainly have a substantial possibility of success, and a stay is appropriate.

*Second*, denying a stay would cause Defendants irreparable harm. Litigation in this Court constitutes precisely the harm that the arbitration agreements and the Federal Arbitration Act intended to avoid. Defendants would be forced to litigate in the District Court while pursuing an appeal that raises serious legal questions, in effect depriving them of the right to timely and efficiently arbitrate Plaintiffs' claims even if the Court of Appeals concludes that arbitration is appropriate. Advantages of arbitration in terms of efficiency or economy would be lost forever, as further delving into pretrial motions and discovery before Defendants' appeal is decided would result in an irreparable waste of resources in the event that the Ninth Circuit reverses the Order.

*Third*, in contrast, there is no meaningful harm to Plaintiffs from a stay pending appeal. Despite the passage of time resulting from arbitration-related discovery, the case is still at a very early stage, and there is no meaningfully greater risk of a loss of evidence if proceedings in this Court are stayed pending appeal. Indeed, Plaintiffs can hardly claim urgency. Activity in this case slowed to a crawl for more than a year as Plaintiffs embarked on drawn-out arbitration-related discovery prior to submission of their Opposition to Defendants' Arbitration Motion (which included almost none of that discovery).

*Fourth*, the public policy favoring conservation of judicial resources and encouraging arbitration strongly supports a stay. It would not make sense for proceedings in the district court to advance while the Ninth Circuit decides whether the claims should be in arbitration in the first place. A stay would avoid both the possibility of conflicting rulings between this Court and the Ninth Circuit and the substantial investment of further resources by this Court and the parties required to proceed on pleading motions and lengthy and burdensome discovery, all of which may be rendered unnecessary if the appeal is successful.

## II.  BACKGROUND

On August 27, 2012, Plaintiffs filed their First Amended Consolidated Complaint. Dkt. No. 107. On November 20, 2012, Defendants filed their Arbitration Motion and argued that the doctrine of equitable estoppel requires Plaintiffs to arbitrate their claims against Defendants. Dkt.

1  No. 129.  Plaintiffs served arbitration-related discovery requests on December 7, 2012.
2  However, rather than seeking discovery appropriately limited to issues of arbitrability, Plaintiffs
3  served far-reaching document requests, interrogatories, and deposition notices seeking extensive
4  fact discovery on the underlying allegations of the Complaint.  The parties met and conferred at
5  length about the scope of the discovery requests and eventually sought judicial assistance.  *See*
6  Dkt. No. 169 at 8-10 (chronicling meet and confer process from January through August); Dkt.
7  Nos. 172, 194, 200, 202.  Finally, on January 21, 2014, nearly 14 months after Defendants filed
8  their Arbitration Motion, Plaintiffs filed their Opposition.  Dkt. No. 215.  Defendants filed their
9  Reply in support of their Arbitration Motion on February 20, 2014.  Dkt. No. 239.

10  The Court held a hearing on the Arbitration Motion on March 12, 2014, and issued the
11  Order denying the Arbitration Motion on March 28, 2014.  Dkt. No. 251.  In the Order, this Court
12  held that equitable estoppel is not applicable as Plaintiffs' legal claims against Defendants are
13  "not in any way legal way founded upon and do not arise out of the contracts with the wireless
14  carriers.  Instead, they are based on statutory rights not dependent upon the terms of those
15  contracts."  Order at 14-15.  The Court further held that that Defendants failed to establish the
16  applicability of interdependent misconduct.  *Id*. at 19-22.

17  On April 28, 2014, Defendants filed their Notices of Appeal from Order Denying
18  Defendants' Motion to Compel Arbitration and to Stay Litigation [Dkt. No. 129].  Dkt. Nos. 261,
19  263.  On April 30, 2014, the Ninth Circuit issued the following briefing schedule for the Appeal:
20  Opening brief due by August 6, 2014; Answering brief due by September 5, 2014; Reply brief
21  due 14 days after service of Answering brief.

22  **III.   ARGUMENT**

23  A district court has the inherent power to stay proceedings and may do so within its
24  discretion.  *Britton*, 916 F.2d at 1412 (stay pending appeal from denial of motion to compel
25  arbitration is "proper subject for the exercise of discretion by the trial court"); *Rivers v. Walt*
26  *Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (granting motion to stay in connection
27  with a motion to consolidate).  A stay is appropriate when it would serve the interests of judicial
28  economy and efficiency.  *See Britton*, 916 F.2d at 1412; *Leyva v. Certified Growers of Cal., Ltd.*,

593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

In determining whether a stay is proper, a district court should consider (1) whether the appeal raises serious legal questions or has a fair prospect of success, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 426 (2009) (articulating traditional stay factors in determining whether courts of appeals considering a petition for review of removal may prevent the order from taking effect while adjudicating the petition); *Leiva-Perez v. Holder*, 640 F.3d 962, 966-68 (9th Cir. 2011) (interpreting first *Nken* factor as requiring that the appeal raise serious legal questions or have a reasonable probability or fair prospect of success).

Although district courts within the Ninth Circuit, unlike those in the majority of other circuits, are not *required* to automatically stay proceedings upon the appeal of an order denying a motion to compel arbitration, *see Britton*, 916 F.2d at 1411, they routinely do so, as the cases cited below reflect. This is because the relevant factors almost always favor a stay when an order denying arbitration is being appealed. This case is no exception.

### A. The Court Should Grant a Stay Because the Appeal of the Order Presents a Serious Legal Question and Has a Fair Prospect of Success.

The appeal here raises substantial, non-frivolous legal questions and has a fair prospect of success, so the first element of the standard alone supports grant of a stay. *See Britton*, 916 F.2d at 1412 ("The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration.") (citations omitted); *In re Wirecomm Wireless, Inc.*, No. 2:07-CV-2451-MCE, 2008 WL 3056491, at *2-3 (E.D. Cal. Aug. 1, 2008) (finding arbitration motion presented a substantial question where appellant raised issues of first impression and granting motion to stay litigation); *Laster v. T-Mobile USA, Inc.*, No. 05CV1167 DMS (AJB), 2008 WL 5377635 (S.D. Cal. Nov. 4,

2008) (granting stay where question of enforceability of revised class arbitration waiver presented a substantial question and where balance of equities favored a stay without examining remaining *Nken* factors); *Jones v. Deutsche Bank AG*, No. C 04-05357 JW, 2007 WL 1456041, at *2 (N.D. Cal. May 17, 2007) (granting a stay pending appeal because whether non-signatories to an arbitration agreement may equitably estop signatories from litigation raised "substantial questions concerning the law of arbitrability and the doctrine of equitable estoppel in the Ninth Circuit").

Central to the Arbitration Motion (and to the Court's Order denying it) was whether law or equity requires that wireless services customers arbitrate disputes pursuant to the customers' agreements with their wireless service providers where the customers' claims are asserted against entities not parties to the agreements. In particular, the motion raised the issue of whether wireless customers could avoid arbitration by suing only the manufacturers of the devices they obtained from their wireless carriers, and not the carriers themselves, and by omitting any mention of their underlying contracts with the carriers from their claims. As the Court is aware, Defendants' Arbitration Motion contended that Plaintiffs claims are intertwined with their wireless service contracts, and turns on whether Plaintiffs consented in those agreements to data collection from their phones while using their service providers' networks. Defendants further argued that Plaintiffs allege substantially interdependent and concerted misconduct that is intimately connected with the wireless service agreements. As a result, both circumstances requiring application of equitable estoppel articulated by the Ninth Circuit in *Murphy v. DirecTV, Inc.*, 724 F.3d 1218 (9th Cir. 2013), are met.

Defendants recognize that this Court decided equitable estoppel did not require Plaintiffs to arbitrate their claims, holding that "[t]he legal claims against Defendants are not in any legal way founded upon and do not arise out of the contracts with the wireless carriers. Instead, they are based on statutory rights not dependent upon the terms of those contracts." March 28, 2014 Order at 14-15. But Defendants respectfully suggest that, particularly in light of recent developments in the case law of equitable estoppel and the novelty of the issues raised in this action relating to consent, reasonable minds may differ on the substantial question of whether Plaintiffs' claims are sufficiently intertwined with their wireless service contracts such that

equitable estoppel should require arbitration. As the Court pointed out to Plaintiffs' counsel at the hearing on the Arbitration Motion, "it sounds to me you would concede that the terms of these contracts, these carrier contracts, will inform ultimately, to a certain extent, the issue of authorization consent or not." 3/12/14 Tr. at 51: 22-25.

To that end, the Court identified as a "core" and "central question" whether the equitable estoppel doctrine "encompasses a situation where the merits of the case may turn in part on, or be defined by, the agreement which contains the arbitration agreement," even if the Plaintiff's pleadings do not affirmatively put that agreement at issue. *Id.* at 62:17-63:2, 63:21-64:4. The Ninth Circuit has not addressed that question, but the Fifth Circuit did just weeks after the hearing before this Court—in a case applying California law. *See Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, --- F.3d ----, 2014 WL 1343608 (5th Cir. Apr. 4, 2014). In *Crawford*, the Fifth Circuit applied *Goldman v. KPMG*, 92 Cal. Rptr. 3d 534 (Ct. App. 2009), the same case this Court relied upon, and concluded that the plaintiffs were equitably estopped from denying an agreement to arbitrate with a non-signatory defendant. The court reached this conclusion even though, as here, the plaintiffs alleged *statutory* (and not contractual) claims and contractual authorization was asserted as a defense to those claims. *Crawford*, 2014 WL 1343608 at *5-7.

The Court is not required to conclude that the Ninth Circuit will reverse its decision in order to find that the appeal raises a serious legal question. *See Murphy v. DirecTV, Inc.*, No. 2:07-06465, 2008 WL 8608808, at *2 (C.D. Cal. July 1, 2008); *see also C.B.S. Employees Fed. Credit Union v. Donaldson Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 309 (W.D. Tenn. 1989) (explaining that the first prong of the test is satisfied when the movant presents a "serious legal question" because "it is unlikely a district court would ever be able to find that defendants will be likely to succeed on the merits of their appeal"). Rather, the Court need only find that the question of whether equitable estoppel arbitration here is substantial and difficult, and that there is a paucity of governing authority directly on point. *See Murphy*, 2008 WL 8608808 at *2; *C.B.S.*, 716 F. Supp. at 309; *see also Steiner v. Apple Computer, Inc.*, No. C 07-04486 SBA, 2008 WL 1925197, at*3 (N.D. Cal. Apr. 29, 2008) (AT&T's arbitration motion, which raised the issue of

whether its class arbitration waiver was unconscionable or not, was substantial because reasonable persons could disagree on the answer).

In addition, the legal issues raised in the appeal are substantial because they address important issues of widespread consumer concern. *See Steiner*, 2008 WL 1925197, at*3 (granting stay because AT&T's appeal regarding the issue of whether its class arbitration waiver was unconscionable involved an important issue of consumer concern). There are hundreds of millions of wireless subscribers in the United States. The relationship between a wireless subscriber and his or her carrier is fundamentally different from that between a television or automobile purchaser and a retail store, and the question of whether even a portion of those hundreds of millions of wireless subscribers would need to arbitrate disputes made in connection with their wireless services and against entities not party to the wireless service agreements is necessarily one of widespread consumer concern.

Notably, the applicable standard only requires that the appeal raise serious legal questions *or* have a reasonable prospect of success. *Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011). And, Defendants need not show that success is more likely than not in order to prevail on this factor. *See id*. at 968. Indeed, one California district court has suggested that an appellant has a fair prospect of success on appeal from an order denying a motion to compel arbitration where there is *some* supporting authority because "[d]enial of a motion to compel arbitration is reviewed de novo." *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK/DAD, 2013 WL 1785891, at *3 (E.D. Cal. Apr. 25, 2013); *cf. Newton v. Am. Debt Services, Inc.*, Case No. C-11-3228-EMC, 2012 WL 3155719, at *2-7 (N.D. Cal. Aug. 2, 2012) (finding no serious legal question where one of defendants' proposed arguments was contrary to Ninth Circuit law and the other involved evidentiary–not legal—questions that had not been properly preserved in any event). Here, given that the Arbitration Motion advanced colorable reasons for compelling arbitration and will be reviewed de novo, the first prong of the stay standard is met.

### B. Failure to Grant a Stay Would Deprive Defendants of the Speed and Economy of Arbitration and Cause Irreparable Harm.

The second prong of the standard asks whether Defendants will be irreparably harmed if a stay is not granted. Absent a stay, litigation of the underlying dispute would commence, and advantages of arbitration in speed and economy will be lost. As one California federal court recently explained, "[i]f, in fact, defendant has a right to arbitrate this dispute, it ought to enjoy some benefit of this right. At this stage of the litigation, for defendant to be forced to proceed to trial, only to afterwards be allowed to arbitrate the dispute, would constitute a hollow victory indeed." *Ontiveros*, 2013 WL 1785891, at *4. The Ninth Circuit has recognized this logic. *See Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) ("[W]here an order grants a stay of arbitration, one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes. If that party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy— are lost forever."); *Steiner*, 2008 WL 1925197, at *4-5 (finding that litigation expenses constitute irreparable harm in the context of whether to stay litigation pending appeal of a motion to compel arbitration and holding appellant made a "strong showing" of irreparable harm where appellant would suffer litigation costs). Although the cost of a litigation may not be considered an irreparable harm in other contexts, "this is a unique situation" because "[t]he main purpose for defendants' appeal is to avoid the expense of litigation" and therefore "the time and expense of litigation do constitute irreparable harm in this instance." *C.B.S.*, 716 F. Supp. at 310.

Here, a finding by the Ninth Circuit that Plaintiffs' wireless service agreements require arbitration of Plaintiffs' claims against Defendants under the equitable estoppel doctrine would render unwarranted any time and expense incurred litigating the case in the District Court while the appeal was pending. And, the absence of a stay of district court proceedings would unnecessarily force the parties to engage in simultaneous litigation in the district and appellate courts. *See Steiner*, 2008 WL 1925197, at *4-5 (litigation costs constitute irreparable harm). Once Defendants are put to the burden and cost of responding to the Complaint and thereafter participating in what is likely to be burdensome and costly discovery, there is no way to

DEFENDANTS' MOTION TO STAY LITIGATION
PENDING APPEAL         9         CASE NO. 3:12-md-02330-EMC

1  ameliorate that burden and cost if the Ninth Circuit reverses and enforces Plaintiffs' obligations to
2  arbitrate their dispute.
3        Because "there are significant consequences to denying a stay and allowing the case to
4  proceed" pending appeal, the irreparable harm element is met. *See Ontiveros*, 2013 WL 1785891,
5  at *4.

6      **C.**    **Granting a Stay Pending Appeal Would Not Prejudice Plaintiffs.**

7        While it is manifest that Defendants will suffer irreparable harm if they are required to
8  defend against Plaintiffs' claims in this Court before the Ninth Circuit has acted on the appeal,
9  Plaintiffs would suffer no comparable harm if the Court stays proceedings pending resolution of
10 the appeal. As an initial matter, Plaintiffs engaged in extensive and lengthy discovery in
11 connection with their Opposition to Defendants' Arbitration Motion, demonstrating that any
12 further delay resulting from the appeal would not materially harm their interests. In addition, a
13 stay has the potential to maximize efficiency and economy for all parties, including Plaintiffs. If
14 Defendants prevail on appeal, the need for further action by this Court would be eliminated, and
15 so any costs incurred and time spent by Plaintiffs in continuing litigation in the district court
16 would have been wasted. *See Steiner*, 2008 WL 1925197, at *4-5.
17       Furthermore, the courts that have addressed this prong of the stay standard have focused
18 on undue loss or destruction of evidence stemming from a delay. *See, e.g.*, *Ontiveros*, 2013 WL
19 1785891, at *4; *Winig v. Cingular Wireless LLC*, No. C-06-4297, 2006 WL 3201047 at *2 (N.D.
20 Cal. Nov. 6, 2006) ("the Court is not persuaded that plaintiff or the proposed class will suffer
21 harm in connection with the preservation of evidence"); *Eberle v. Smith*, No. 07-cv-0120 W
22 (WMC), 2008 WL 238450, at *4 (N.D. Cal. Jan. 29, 2008) (plaintiffs failed to demonstrate
23 prejudice from stay by their generalized allegations that documents could be lost and witnesses'
24 memories may dim). Here, there is no reason to think that a further delay—likely equivalent to, if
25 not shorter than, the time it took for Plaintiffs to oppose the Arbitration Motion—will cause any
26 loss of evidence or other cognizable harm to Plaintiffs.
27       Moreover, this case is still in its nascent stages. Although the consolidated cases were
28 filed over two years ago, the Plaintiffs still intend to amend their pleading and no motions to

1 dismiss have yet been filed, let alone decided. Granting a stay at this stage of the proceedings
2 would not materially affect any current or pending efforts or give rise to more than de minimis
3 costs from delay. *See Murphy*, 2008 WL 8608808, at *3; *Winig*, 2006 WL 3201047, at *2; *see
4 also McVicar v. Goodman Global, Inc.*, Case No. SACV-13-1223-DOC, 2013 WL 6212149
5 (C.D. Cal. Nov. 25, 2013) (granting stay in connection with a motion to consolidate in part
6 because the case was still in its early stages as the court had just entertained motions to dismiss).
7 This is particularly true here, as, under the Ninth Circuit's current briefing schedule, the appeal
8 would be fully briefed by mid-September 2014.

      **D.    Granting a Stay Would Support the Strong Policy in Favor of Arbitration, Save Significant Judicial Resources, and Avoid the Potential for Conflicting Rulings.**

11       The public interest also supports a stay here. Courts repeatedly have held that "the strong
12 public policy favoring arbitration warrants issuance of a stay pending appeal" of an order denying
13 a motion to compel arbitration. *Murphy*, 2008 WL 8608808, at *4; *see Eberle*, 2008 WL 238450,
14 at *4 ("It is clear that disputes about whether or not parties must submit to arbitration take place
15 against a backdrop of policies encouraging arbitration and the preservation and integrity of
16 judicial resources. Here, continuing to litigate in this Court during the pendency of the appeal
17 would undermine both policies . . . ."); *Laster*, 2008 WL 5377635, at *3 (a stay "serves the
18 public's interest by promoting the 'strong federal policy encouraging arbitration as a prompt,
19 economical and adequate method of dispute resolution'") (internal quotation marks and citations
20 omitted); *Stern v. Cingular Wireless Corp., et al.*, No. CV-05-8842-CAS, 2006 WL 2790243, at
21 *2 (C.D. Cal. Sept. 11, 2006) ("Although the plaintiff class will have to wait longer to have their
22 injuries redressed, a stay will serve the public interest in arbitration as articulated by Congress.").
23 This fact alone warrants a stay.
24       In addition, a stay would be in the public interest because it would promote the important
25 policy goals of judicial efficiency and economy. In particular, a stay would save significant
26 judicial resources and avoid the possibility of conflicting rulings by this Court and the Ninth
27 Circuit. Congress has recognized that "one of the principal benefits of arbitration [lies in]
28 avoiding the high costs and time involved in judicial dispute resolution." *Blinco v. Green Tree*

*Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004). That benefit is lost if the case proceeds in the district court while the Court of Appeals considers whether an arbitration agreement should be enforced. *Cf. Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) (abstention warranted to avoid "duplicative efforts and creating a strong possibility of inconsistent results").

A stay also would avoid this Court's having to expend its resources further familiarizing itself with the intricacies of a case that ultimately may be heard in an arbitral forum. At a minimum, a stay would eliminate the need for this Court to address the extensive motion to dismiss that Defendants anticipate filing to attack pleading defects in the current Consolidated Amended Complaint and any amended pleading Plaintiffs may file. *See Rivers*, 980 F. Supp. at 1360-61 (fact that efforts by the court in familiarizing itself with the case could be rendered unnecessary favored granting the motion to stay in connection with a motion to consolidate). And of course, any rulings by this Court while the appeal is pending may be rendered moot if the appeal is successful. *See id.* at 1361.

## IV.    CONCLUSION

For all these reasons, the Court should stay proceedings pending the Ninth Circuit's resolution of the pending appeal of the denial of the Defendants' Arbitration Motion.

Dated: May 7, 2014

By: */s/ Simon J. Frankel*
Simon J. Frankel
sfrankel@cov.com
Katherine R.H. Gasztonyi
kgasztonyi@cov.com
COVINGTON & BURLING LLP
1 Front St., 35th Floor
San Francisco, CA 94111
Phone: (415) 591-6000
Fax: (415) 591-6091

*Attorneys for Defendant Huawei Devices USA, Inc.*

By: */s/ Rosemarie T. Ring*
Rosemarie T. Ring (SBN 220769)
Rose.Ring@mto.com
Jonathan H. Blavin (SBN 230269)
Jonathan.Blavin@mto.com

DEFENDANTS' MOTION TO STAY LITIGATION PENDING APPEAL         12         CASE NO. 3:12-md-02330-EMC

Bryan H. Heckenlively (SBN 279140)
Bryan.Heckenlively@mto.com
MUNGER, TOLLES & OLSON, LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Phone: (415) 512-4000
Fax: (415) 512-4077

Henry Weissmann (SBN 132418)
Henry.Weissmann@mto.com
MUNGER, TOLLES & OLSON, LLP
355 South Grand Avenue,
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant HTC America, Inc.*


By: */s/ Oluwaseun O. Ajayi*
　　Alan A. Wright
　　awright@park-law.com
　　Oluwaseun O. Ajayi (SBN 250903)
　　oajayi@park-law.com
　　H.C. Park & Associates, PLC
　　1894 Preston White Drive
　　Reston, VA 20191
　　Phone: (703) 288-5105
　　Fax: (703) 288-5139

　　*Attorneys for Defendant Pantech Wireless, Inc.*



By: */s/ Lance A. Etcheverry*
　　Lance A. Etcheverry (SBN 199916)
　　lance.etcheverry@skadden.com
　　SKADDEN, ARPS, SLATE, MEAGHER &
　　FLOM LLP
　　300 South Grand Avenue, Suite 3400
　　Los Angeles, California 90071
　　Phone: (213) 687-5000
　　Fax: (213) 687-5600

　　S. Sheryl Leung (SBN 238229)
　　sheryl.leung@skadden.com
　　SKADDEN, ARPS, SLATE, MEAGHER &
　　FLOM LLP
　　525 University Ave. Suite 1400
　　Palo Alto, CA 94301
　　Phone: (650) 470-4544
　　Fax: (650) 798-6605

DEFENDANTS' MOTION TO STAY LITIGATION
PENDING APPEAL                                   13                 CASE NO. 3:12-md-02330-EMC

*Attorneys for Defendant Samsung Telecommunications America, LLC*

By: */s/ Rodger R. Cole*

    Rodger R. Cole (CSB No. 178865)
    rcole@fenwick.com
    Molly R. Melcher (CSB No. 272950)
    mmelcher@fenwick.com
    FENWICK & WEST LLP
    801 California Street
    Mountain View, CA 94041
    Ph:   (650) 988-8500
    Fax:  (650) 938-5200

    Tyler G. Newby (CSB No. 205790)
    tnewby@fenwick.com
    Jennifer J. Johnson (CSB No. 252897)
    jjjohnson@fenwick.com
    FENWICK & WEST LLP
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Ph: (415) 875-2300
    Fax:  (415) 281-1350

*Attorneys for Defendant Carrier IQ, Inc.*

|   |   |
|---|---|
| 1 | |
| 2 | By: */s/ Jeff E. Scott*<br>Jeff E. Scott (SBN 126308) |
| 3 | ScottJ@gtlaw.com<br>Lori Chang (SBN 228142) |
| 4 | ChangL@gtlaw.com<br>Rebekah Guyon (SBN 291037) |
| 5 | GuyonR@gtlaw.com<br>GREENBERG TRAURIG, LLP |
| 6 | 1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067-2121 |
| 7 | Tel: 310-586-7700<br>Fax: 310-586-7800 |
| 8 | Ian C. Ballon (SBN 141819) |
| 9 | Ballon@gtlaw.com<br>GREENBERG TRAURIG, LLP |
| 10 | 1900 University Avenue, 5th Floor<br>East Palo Alto, CA 94303 |
| 11 | Tel: 650-328-8500<br>Fax: 650-328-8508 |
| 12 | *Attorneys for Defendant LG Electronics MobileComm U.S.A., Inc.* |
| 13 | |
| 14 | By: */s/ Norman K. Beck*<br>Peter C. McCabe III |
| 15 | pmccabe@winston.com<br>Norman K. Beck |
| 16 | nbeck@winston.com<br>Scott T. Sakiyama |
| 17 | ssakiyama@winston.com<br>WINSTON & STRAWN LLP |
| 18 | 35 W. Wacker Drive<br>Chicago, IL 60601-9703 |
| 19 | Phone: (312) 558-5600<br>Fax:    (312) 558-5700 |
| 20 | Krista M. Enns (SBN 206430) |
| 21 | kenns@winston.com<br>WINSTON & STRAWN LLP |
| 22 | 101 California Street<br>San Francisco, CA 94111-5894 |
| 23 | Telephone: (415) 591-1000<br>Facsimile:  (415) 591-1400 |
| 24 | *Attorneys for Defendant Motorola Mobility LLC* |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

DEFENDANTS' MOTION TO STAY LITIGATION
PENDING APPEAL                                    15                            CASE NO. 3:12-md-02330-EMC

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Simon J. Frankel, am the ECF User whose identification and password are being used to file this **DEFENDANTS' MOTION TO STAY LITIGATION PENDING APPEAL OF MARCH 28, 2014 ORDER DENYING MOTION TO COMPEL ARBITRATION**. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: May 7, 2014        */s/ Simon J. Frankel*
                          Simon J. Frankel