UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE

CARRIER IQ, INC. CONSUMER
PRIVACY LITIGATION.

No. C-12-md-2330 EMC

**ORDER DENYING DEFENDANTS' MOTION TO STAY**

**(Docket No. 267)**

Previously, the Court denied a motion to compel arbitration that was filed on behalf of most Defendants. Defendants have since appealed that order to the Ninth Circuit. Defendants now move for a stay of proceedings pending the appeal. Having considered the parties' briefs, as well as the oral argument of counsel, and for the reasons stated on the record and as supplemented herein, the Court hereby **DENIES** (without prejudice) Defendants' motion.

The parties agree that "the general standards governing stays of proceedings under Rule 62 of the Federal Rules of Civil Procedure apply" here. *C.B.S. Employees Federal Credit Union v. Donaldson*, 716 F. Supp. 307, 309 (W.D. Tenn. 1989) (cited approvingly in *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990)). Under that standard, four factors are considered:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) [whether] public interest [favors a stay]."

*Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1986)). Under Ninth Circuit law, those factors are considered on a continuum; thus, for example, a stay may be appropriate if the party moving for a stay demonstrates that serious legal questions are raised and the balance of hardships tips sharply

in its favor. *See Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008).

Here, Defendants argue that there are serious legal questions based on a recent Fifth Circuit decision. *See Crawford Prof. Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249 (5th Cir. 2014). For the reasons stated in its prior order denying the motion to compel arbitration, the Court remains convinced that, under Ninth Circuit law, the doctrine of equitable estoppel does not apply to Plaintiffs in light of its claims herein. Moreover, *Crawford* is distinguishable. For example, the statutory claim in *Crawford* as pled depended on the terms of the Provider Agreements; here, the statutory claims do not depend on any terms in the wireless carrier agreements. Also, in *Crawford*, the Provider Agreements gave Caremark the right to act in a certain way and all the defendants were Caremark/CVS entities directly affiliated with Caremark; in the case at bar, the wireless carrier agreements gave the wireless carriers the right to act in a certain way, but there is not the same direct affiliation between either the wireless carriers and CIQ or the wireless carriers and the Device Defendants as in *Crawford*. Indeed, in the case at bar, Plaintiffs clearly disavowed that CIQ and/or the Device Defendants were acting on the wireless carriers' behalf.

In any event, if *Crawford* were deemed to give rise to serious legal questions on the merits, the Court finds that, at this juncture in the proceedings, Defendants have not adequately shown that the balance of hardships tips sharply in its favor. According to Defendants, they would be irreparably harmed without a stay pending appeal because, "[a]bsent a stay, litigation of the underlying dispute would commence, and advantages of arbitration in speed and economy will be lost." Mot. at 9. *See, e.g.*, *Zaborowski v. MHN Government Services*, No. C 12-05109 SI, 2013 U.S. Dist. LEXIS 62484, at *6 (N.D. Cal. May 1, 2013) (stating that, "[g]enerally, monetary expenses incurred in litigation are not considered irreparable harm" but "arbitration is unique in this aspect[;] [i]f a party must undergo the expense of a trial before being able to appeal denial of a motion to compel arbitration, the anticipated advantages of arbitration – speed and economy – are lost"). But if this is the basis of Defendants' claim of irreparable injury, the Court is not convinced that, at this juncture, the degree of hardship suffered would be substantial and thus the balance of hardships does not tip decidedly in Defendants' favor. This is especially so since any such harm to Defendants

could be tempered, as stated at the hearing. *Cf. Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801, at *11 (N.D. Cal. Aug. 2, 2007) (stating that "Defendant focuses on the cost of continued litigation while its appeal is pending as its major harm" but "this Court indicated that a stay would be appropriate when the trial date approaches or if discovery were burdensome"). For example, Defendants could seek expedited resolution of their appeal (Plaintiffs stated at the hearing that they would not object). Also, this Court has stated that it is inclined to phase proceedings so as to minimize any burden on Defendants litigating in this forum as opposed to arbitration.

The Court therefore denies Defendants' motion to stay, but without prejudice to later reconsideration. At this juncture, the Court allows the parties to move forward with amendment of the complaint and 12(b)(6) challenges thereto (if a stipulation cannot be reached). The Court shall also allow limited discovery – more specifically, that discovery essential to proceeding with ADR. The parties are directed to meet and confer to agree upon the substance, sequence, timing, and scope of this phase of discovery. To the extent there are discovery disputes, those should be decided by Judge Cousins, and the Court shall inform him that he should be sensitive in evaluating the issue of undue burden given the procedural circumstances herein. If mediation does not result in settlement, the Court shall, at the next Further Case Management Conference (scheduled for November 13, 2014), discuss the path of this litigation.

This order disposes of Docket No. 267.

IT IS SO ORDERED.

Dated: June 13, 2014

_____
EDWARD M. CHEN
United States District Judge