UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION.<br>_____/ | No. C-12-md-2330 EMC<br><br>**ORDER DENYING MOTION TO INTERVENE AS PLAINTIFFS**<br><br>**(Docket No. 357)** |

Currently pending before the Court is a motion to intervene (as plaintiffs) filed by Amber Lambert, Jimmy K. Thulestone, and Jonathon Rich (collectively, "Movants"). Movants claim that they were "personally affected by the Defendants from 2009-2011," that they have "a financial common vested interest in this case," and that they have "financial documents, exhibits, records, charts, graphs, transcripts, emails and financial data to submit to this Court as newly discovered evidence." Mot. at 1-2. Having considered the papers submitted, as well as all other evidence of record, the Court hereby **DENIES** the motion to intervene.

The Court largely agrees with the arguments raised by Plaintiffs in their opposition brief. In particular, the Court notes that Movants have provided no specific basis to allow either intervention of right or permissive intervention. *See* Fed. R. Civ. P. 24(c) (providing that "[t]he motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought"); *Oracle Am. Inc. v. Terix Computer Co., Inc.*, No. 15-3385 PSG (N.D. Cal.) (Docket No. 571) (denying motion to intervene filed by Ms. Lambert, Mr. Rich, and Timmy J. Tholmes, where the same basic argument in support of intervention was made; noting that movants failed to "specify for which claim they seek intervention, nor do they allege any

United States District Court
For the Northern District of California

facts supporting a legitimate connection to the underlying litigation"). In addition, intervention is inappropriate given that nothing suggests Plaintiffs cannot adequately represent any interest Movants have or, even if Plaintiffs could not, Movants have other means to protect their interest (*e.g.*, opting out of the class if certified). *See Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 U.S. Dist. LEXIS 56699, at *20-21 (N.D. Cal. Apr. 23, 2014) ("If the class is certified and Putative Interveners are members of the class, then Putative Interveners do have means to protect their interests. That is, they may object to the settlement during the hearings on motions for preliminary or final approval, or they may opt out of the class and pursue seem to have filed similar frivolous motions to intervene in other cases, which were denied."). Finally, the Court takes note that all Movants have filed similar frivolous motions in other cases. *See, e.g.*, *Keller v. Elec. Arts Inc.*, No. C-09-1967 CW (N.D. Cal.) (Docket No. 1113) (Mr. Rich and Mr. Thule); *In Re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 SC (N.D. Cal.) (Docket No. 2603) (Mr. Rich and Mr. Thule); *In re LinkedIn User Privacy Litig.*, No. C-12-3088 EJD (N.D. Cal.) (Docket No. 107) (Mr. Rich); *In re Google Android Consumer Privacy Litig.*, No. C-11-2664 JSW (N.D. Cal.) (Docket No. 91) (Mr. Rich); *Oracle Am. Inc. v. Terix Computer Co., Inc.*, No. 15-3385 PSG (N.D. Cal.) (Docket No. 559) (Mr. Rich and Ms. Lambert); *In re Apple iPod iTunes Anti-Trust Litig.*, No. C-05-0037 YGR (Docket No. 1034) (Mr. Rich).

Accordingly, the motion for relief is denied.

This order disposes of Docket No. 357.

IT IS SO ORDERED.

Dated: April 30, 2015

_____
EDWARD M. CHEN
United States District Judge

2