# Exhibit A

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Bruce L. Simon (SBN 96241)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional signatures below]*

RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone: 650.988.8500
Facsimile:  650.938.5200

TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ANNASARA G. PURCELL
(CSB No. 295512)
apurcell@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile:  415.281.1350

*Attorneys for Defendant
Carrier iQ, Inc.*

*[Additional signatures below]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Carrier IQ, Inc. Consumer Privacy Litigation*<br><br>[This Document Relates to All Cases] | Case No. C-12-md-2330-EMC<br><br>**STIPULATION OF SETTLEMENT AND RELEASE** |

1.    This Stipulation of Settlement and Release is entered into by Plaintiffs Patrick Kenny, Daniel Pipkin, Jennifer Patrick, Dao Phong, Ryan McKeen, Leron Levy, Luke Szulczewski, Michael Allan, Gary Cribbs, Shawn Grisham, Bobby Cline, Mark Laning, Clarissa Portales, Douglas White, Eric Thomas, Brian Sandstrom, and Colleen Fischer, individually and on behalf of the Class as defined below, and Defendants Carrier iQ, Inc. ("Carrier iQ"); HTC America, Inc. and HTC Corporation ("HTC defendants"); Huawei Device USA, Inc. ("Huawei Device USA"); LG Electronics MobileComm U.S.A., Inc. and LG Electronics, Inc. ("LG defendants"); Motorola Mobility LLC ("Motorola Mobility"); Pantech Wireless, Inc. ("Pantech Wireless"); and Samsung Electronics America, Inc.[1] and Samsung Electronics Co., Ltd. ("Samsung defendants"), subject to the approval of the Court.

## DEFINITIONS

2.    As used in this Settlement Agreement, the following terms shall have the following meanings:

a.    "Action" means the above-captioned lawsuit.

b.    "Agreement" or "Settlement Agreement" or "Settlement" means this Stipulation of Settlement and Release.

c.    "Asset Sale" means Carrier iQ's sale of the Carrier iQ Software (defined below) and assignment of the intellectual property rights to the Carrier iQ Software to AT&T Mobility IP, LLC in 2015.

d.    "Authorized User" means a person authorized by name on the Wireless Provider account for a Covered Mobile Device during the Class Period.

e.    "CAFA Notice" means the notice to be sent by Defendants to appropriate

---

[1] Plaintiffs' Second Consolidated Amended Complaint erroneously named "Samsung Telecommunications America, Inc." as a defendant, when at the time the proper name for the entity was Samsung Telecommunications America, LLC.  Effective January 1, 2015, Defendant Samsung Telecommunications America, LLC merged with and into Samsung Electronics America, Inc., with Samsung Electronics America, Inc. as the surviving entity.  Consequently, Samsung Electronics America, Inc. stands in the place of Samsung Telecommunications America, LLC in this Settlement Agreement.

STIPULATION OF SETTLEMENT AND RELEASE

1

Case No. C-12-md-2330-EMC

federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) days after the Motion for Preliminary Approval is filed with the Court.

f.   "Carrier iQ Software" means the software at issue in this Action, or any of its constituents, including but not limited to the so-called IQ Agent and CIQ Interface.

g.   "Claim" means a claim submitted to the Settlement Administrator pursuant to the Claims Program established by this Agreement.

h.   "Claim Form" means the document made available pursuant to the provisions of the Notice Plan that a Class Member must submit, subject to the provisions of this stipulation, in order to obtain benefits under this Settlement Agreement.  The Claim Form shall be substantially in the form set forth in Exhibit A to this Agreement.

i.   "Claims Period" means that period of time that expires sixty (60) days from the Class Notice Date.

j.   "Claims Program" means the procedure set forth in paragraphs 26-35 for submitting and processing Claims.

k.   "Class Counsel" means Hagens Berman Sobol Shapiro LLP and Pearson Simon & Warshaw, LLP.

l.   "Class Member" means any Person who is included within the definition of the Settlement Class and who does not validly and timely request exclusion from the Settlement Class, in accordance with the provisions of the Notice Plan.

m.   "Class Notice" means the Notice of Class Action Settlement as approved by the Court in its Preliminary Approval Order.  The Settlement Administrator, in consultation with Class Counsel, shall prepare two forms of Class Notice: the Short Form Notice of Proposed Class Action Settlement and the Long Form Notice of Proposed Class Action Settlement.

n.   "Class Notice Date" means the date that the Class Notice is first disseminated, as certified by the Settlement Administrator.

o.   "Class Period" means the period of time between December 1, 2007 and

STIPULATION OF SETTLEMENT AND RELEASE

2

Case No. C-12-md-2330-EMC

1    the date of entry of the Court's order granting preliminary approval of the Settlement.

2                    p.    "Court" means the United States District Court for the Northern District of

3    California.

4                    q.    "Covered Mobile Device" means a telephone or tablet manufactured or

5    marketed by any Manufacturer Defendant that was equipped with Carrier iQ software at the time

6    of sale to end users of the Covered Mobile Device.

7                    r.    "Defendants" means and includes Carrier iQ, Inc.; HTC America, Inc.;

8    HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG

9    Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America,

10   Inc.; and Samsung Electronics Co., Ltd.

11                    s.    "Effective Date" means either: (a) the date of the Order of Final Approval

12   of this Agreement by the Court, if no objections are timely filed; (b) the expiration date of the

13   time for filing notice of any appeal from the Order of Final Approval by the Court if any timely

14   objections are filed but no appeal is filed; or (c) if an appeal is filed, the latest of (i) the date of

15   final affirmance of that Order of Final Approval (ii) the expiration of the time for a petition for

16   writ of certiorari to review the Order of Final Approval if affirmed and, if the certiorari is granted,

17   the date of final affirmance of the Order of Final Approval following review pursuant to that

18   grant; or (iii) the date of final dismissal of any appeal from the Order of Final Approval or the

19   final dismissal of any proceeding on certiorari to review the Order of Final Approval that has the

20   effect of confirming the Order of Final Approval.

21                    t.    "Eligible Claimant" means a Class Member who submits a Claim Form,

22   and substantially all information and materials as described therein, within the time limits set

23   forth in this Agreement.

24                    u.    "Final Approval Hearing" means the hearing to be requested by the parties

25   and conducted by the Court, following appropriate notice to the Class and an opportunity for

26   Class Members to exclude themselves from the Class, at which time Plaintiffs will request the

27   Court to finally approve the fairness, reasonableness, and adequacy of the terms and conditions of

28   STIPULATION OF SETTLEMENT AND
     RELEASE                                          3                    Case No. C-12-md-2330-EMC

this Agreement and to enter an Order of Final Approval and Final Judgment.  The Final Approval Hearing shall be no earlier than sixty (60) days after the CAFA Notice date.

v.      "Final Approval Motion" or "Motion for Final Approval" means Plaintiffs' motion seeking final approval of this Agreement.

w.      "Final Judgment" means the judgment dismissing with prejudice all claims asserted against Defendants in the Action, which shall be entered following the Final Approval Hearing.

x.      "Gross Settlement Fund" means the total amount of funds that Defendants, and/or, as applicable, their insurer(s), shall pay to resolve the Released Claims by the Named Plaintiffs and the Class Members.  The Gross Settlement Fund shall be the sum of Nine Million U.S. Dollars ($9,000,000.00), plus the interest that is earned after the money is transferred by the Defendants to the Settlement Administrator.  Defendants' responsibility to pay any amounts in settlement, including but not limited to payments to the Named Plaintiffs or former Named Plaintiff Matthew Hiles; to Class Members; for attorneys' fees, costs, and expenses; for any fees or costs of the Settlement Administrator; or for any taxes shall not exceed their contributions to the Gross Settlement Fund.

y.      "Manufacturer Defendants" means HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics Mobile Comm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd.

z.      "Net Settlement Fund" means the settlement funds that are available for distribution to the Eligible Class Members, or, as applicable, to the *cy pres* recipients as designated herein, and specifically constitutes the Gross Settlement Fund less: (a) the service awards addressed in paragraph 36 below for the Named Plaintiffs and former Named Plaintiff Matthew Hiles for their efforts in bringing and prosecuting this matter; (b) the payment of attorneys' fees, not to exceed twenty-five percent (25%) of the Gross Settlement Fund, together with actual costs and expenses of suit to Class Counsel and Plaintiffs' Executive Committee

Members for distribution to their firms and Plaintiffs' Executive Committee members, at the sole discretion of Class Counsel, as set forth in paragraph 37 below; (c) the Settlement Administrator's fees and costs of notice, and the administration of this Settlement, as addressed in paragraph 38 below; and (d) taxes, if any, as addressed in paragraph 39 below.

aa.     "Notice of Proposed Class Action Settlement" means the Court-approved written notice to Class Members.

bb.     "Notice Program" means the notice program set forth and described in Exhibit B to this Settlement Agreement, which program shall be effected following issuance of the Preliminary Approval Order by the Court.

cc.     "Objection Deadline" means the date sixty (60) days after the Class Notice Date.

dd.     "Opt-Out Deadline" means the date sixty (60) days after the Class Notice Date.

ee.     "Order of Final Approval" means the order issued by the Court in response to the Final Approval Motion following the Final Approval Hearing, granting final approval of this Agreement.

ff.     "Parties" means the Named Plaintiffs and the Defendants.

gg.     "Plaintiffs" or "Named Plaintiffs" means and includes Patrick Kenny, Daniel Pipkin, Jennifer Patrick, Dao Phong, Ryan McKeen, Leron Levy,  Luke Szulczewski, Michael Allan, Gary Cribbs, Shawn Grisham, Bobby Cline, Mark Laning, Clarissa Portales, Douglas White, Eric Thomas, Brian Sandstrom, and Colleen Fischer.

hh.     "Preliminary Approval Date" means the date of the Preliminary Approval Order.

ii.     "Preliminary Approval Motion" or "Motion for Preliminary Approval" means the Named Plaintiffs' motion seeking preliminary approval of this Agreement, which shall include a copy of this Settlement Agreement.

jj.     "Preliminary Approval Order" means the Court's Order preliminarily

approving this Agreement, setting a date for the Final Approval Hearing, and providing for notice of the Settlement Agreement to be sent to the Class Members.

kk.    "Released Claims" refers to all claims released by Releasing Parties as described in paragraph 53 below.

ll.    "Released Parties" means the Settlement Administrator, the Defendants and each and all of their past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of their past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their executors, successors, assigns, and legal representatives.

mm.    "Releasing Parties" means Named Plaintiffs and all Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives.

nn.    "Settlement Administrator" means Gilardi & Co, LLC, which, if approved by the Court, shall serve as the Settlement Administrator for the settlement of the Action and shall also be responsible for providing notice to the Settlement Class of this Settlement, and of the preliminary and final approval thereof, as set forth herein.

oo.    "Settlement Class" means all persons in the United States who, during the Class Period, purchased, owned, or were an Authorized User of, any Covered Mobile Device.

pp.    "Settlement Payment" means a one-time *pro rata* cash payment from the Net Settlement Fund proceeds that Eligible Claimants are entitled to receive if they do not opt out of the Settlement, and if such proceeds are available for distribution per the terms of paragraphs 26-31 below.

qq.    "Wireless Provider" means AT&T Mobility, Cricket, Sprint, or T-Mobile, as operator of, or in the case of Cricket, an entity providing services over, a wireless network in the United States.

STIPULATION OF SETTLEMENT AND RELEASE

6

Case No. C-12-md-2330-EMC

**RECITALS**

3.     This is an MDL matter ("Consolidated Action"), the constituent cases of which were transferred to the above-referenced Court for consolidated or coordinated pre-trial proceedings following the filing of some 72 lawsuits against various combinations of defendant Carrier iQ, network carriers and the Manufacturer Defendants, regarding the presence and operation of Carrier iQ Software on consumer devices.  The Named Plaintiffs in this proceeding were plaintiffs in some of those 70-plus actions.  The TCAC, which Plaintiffs will file on January 22, 2016, like the Second Consolidated Amended Complaint before it, asserts claims against the Defendants for violation of the Federal Wiretap Act, various state privacy and wiretap acts, various state consumer protection acts, the Magnuson-Moss Warranty Act, and the implied warranty of merchantability under various state laws.

4.     On January 21, 2015, the Court  issued its decision granting in part and denying in part the motion to dismiss filed by the Defendants.  (Dkt. 339.)

5.     Plaintiffs and Class Counsel, and all Defendants and their counsel, have participated in an extensive alternative dispute resolution ("ADR") process that was overseen by the Hon. James Larson (U.S.M.J. Ret.) (the "ADR Process").  As part of this process, the Court allowed Plaintiffs to propound pre-ADR interrogatories and requests for production to all Defendants that Plaintiffs had served or that had waived service, and the referenced Defendants responded to these discovery requests by providing written answers, responses, and documents. Carrier iQ also provided additional voluntary discovery during the ADR Process concerning the operation of its software on devices manufactured to operate on each of the U.S. wireless networks with which Carrier iQ had commercial relationships: AT&T Mobility, Sprint, Cricket, and T-Mobile. Five in-person mediation sessions took place before Judge Larson on November 12, 2014; December 16, 2014; March 17, 2015; April 27, 2015; and September 28, 2015.  All Parties attended all five of these sessions (except that Pantech Wireless attended the November 12, 2014 session by phone).

6.     Prior to the ADR Process, the Action was extensively litigated, including by way

of: a motion to refer all of Plaintiffs' claims to arbitration pursuant to arbitration provisions in the Named Plaintiffs' (except for Jennifer Patrick's) contracts with wireless service providers; a motion to stay proceedings following the denial of the foregoing motion; and a motion to dismiss all of Plaintiffs' claims. Also, all Defendants (except Motorola), appealed to the U.S. Court of Appeals for the Ninth Circuit from the decision denying their motion to compel arbitration. That appeal remains pending, though the Defendants have agreed to dismiss that appeal as part of this Settlement.

7. In addition to answering and responding to Plaintiffs' pre-ADR interrogatories and requests for production (and producing documents in response to the latter), all Defendants that moved to compel arbitration answered and responded to written discovery the Court allowed Plaintiffs to conduct in the course of responding to Defendants' motion to compel arbitration. Defendant Carrier iQ additionally produced documents in response to that discovery. Also, as part of that process, Plaintiffs propounded discovery requests to Google Inc. and to their Wireless Providers. These entities responded by producing documents (Google and AT&T Mobility) and written answers and responses (Google, AT&T Mobility, Cricket, and Sprint). During this process, Plaintiffs filed and prevailed in part upon motions to compel as to the Defendants and Google.

8. During the pendency of this case, Class Counsel have conferred with consulting experts; conducted extensive factual and legal research; and have reviewed and analyzed discovery answers and responses, and documents, produced by the Defendants and by non-parties Google, AT&T Mobility, Cricket, and Sprint. Additionally, Class Counsel requested, and defendant Carrier iQ has provided, information regarding Carrier iQ's financial condition and its ability to satisfy a judgment in this case, as well as its ability to contribute funds to settle this matter. Class Counsel reviewed and analyzed the financial data provided by Carrier iQ as part of the process of reaching the Settlement memorialized hereby.

9. At all times, the Parties have negotiated vigorously with each other and at arm's length. The Parties have investigated the facts relating to the claims alleged in Plaintiffs' Third

STIPULATION OF SETTLEMENT AND
RELEASE

8

Case No. C-12-md-2330-EMC

Consolidated Amended Complaint (and the versions of the complaint that preceded it) and have made a thorough study of the legal principles applicable to the claims asserted against Defendants, as well as settlements of other analogous class action lawsuits.  Based upon Class Counsel's investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including the Parties' assessment of the uncertainties of litigation and the relative benefits conferred upon the Class Members pursuant to this Agreement, Class Counsel have concluded that this Settlement with Defendants on the terms set forth in this Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Class Members.

10.    The Parties acknowledge that notice to the Class Members of the material terms of this Agreement, as well as Court approval of the Agreement, are required to effectuate the Agreement, and that the Agreement will not become operative until the Court grants final approval of it and the Agreement becomes effective.

11.    The Defendants have asserted, or would assert, numerous defenses to the claims alleged in Plaintiffs' Third Consolidated Amended Complaint, and they expressly deny each of the claims and allegations asserted against them and any and all liability arising out of the conduct alleged in this Action.  Defendants assert that these claims are subject to arbitration under Plaintiffs' service contracts with AT&T Mobility, Sprint, Cricket, and also would be subject to arbitration under T-Mobile's service contracts. Defendants assert that the Carrier iQ software installed on the Named Plaintiffs' and Class Members' Mobile Devices during the Class Period did not violate any law, and they deny that either the Named Plaintiffs or Class Members suffered any cognizable injury as a result of their conduct.  By entering into this Agreement, Defendants do not admit any wrongdoing, and this Agreement, therefore, shall not constitute an admission of liability by any of the Defendants.  Rather, Defendants are settling this matter solely to avoid the cost and burden of continued litigation.

12.    NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned Parties, that this Action shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

## CERTIFICATION OF SETTLEMENT CLASS

13.     The Parties to this Agreement agree that this Action shall be certified and proceed as a class action solely for purposes of settlement under Fed. R. Civ. P. 23(e), in accordance with the requirements of Fed. R. Civ. P. 23(b)(3) as to all Defendants and, as to Carrier iQ only, also under Fed. R. Civ. P. 23(b)(2).   The Settlement Class shall consist of all Settlement Class members, with the Named Plaintiffs as the Settlement Class representatives and Class Counsel as counsel for the Settlement Class.

14.     This Agreement and certification of the settlement class is for settlement purposes only, and neither the fact of, nor any provision contained in, this Agreement or its Exhibits, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim or any fact alleged by Plaintiffs in this Action or in any other pending or subsequently filed action or proceeding of any wrongdoing, fault, violation of law, or liability of any kind on the part of any of the Defendants, or admission by any of the Defendants of any claim or allegation made in this Action or in any other action or proceeding. This Agreement shall, however, be admissible in any other action or proceeding to enforce the terms of the Agreement.

15.     Any certification of a conditional, preliminary, or final Settlement Class pursuant to the terms of this Agreement shall not constitute, and shall not be construed as, an admission on the part of any of the Defendants that this Action, or any other proposed or certified class action, is appropriate for class treatment pursuant to Fed. R. Civ. P. 23 or any similar state or federal class action rule or statute outside the settlement context.  This Agreement is without prejudice to the rights of the Defendants to: (1) oppose final certification in this Action should this Settlement not be approved or implemented for any reason; (2) oppose certification in any other proposed or certified class action; or (3) use the certification of this Settlement Class to oppose certification of any other proposed class action arising out of the issues and claims that are asserted herein.

16.     In the event this Stipulation is terminated pursuant to its own terms, or a Final Approval of the Settlement for any reason does not occur, the Settlement Class defined herein

shall cease to exist and the Action shall proceed as if no Settlement Class or Agreement had ever existed, and Defendants shall not have waived any and all rights they might have to oppose class certification, and to defend themselves against the allegations of Plaintiffs' Third Consolidated Amended Complaint.

## SUBMISSION FOR PRELIMINARY APPROVAL

17.     Following execution of this Agreement, the Plaintiffs, at a time to be mutually agreed-upon by the Parties, or as ordered by the Court, Class Counsel shall submit this Agreement to the Court by way of a Motion for Preliminary Approval.

## RELIEF TO THE CLASS

## INJUNCTIVE RELIEF TO THE CLASS BY CARRIER iQ

18.     Carrier iQ represents and warrants that prior to the Asset Sale, Carrier iQ made the modifications to the Carrier iQ Software set forth in paragraphs 19-20 and 22 below, and that it performed as set forth in paragraph 21 below.

19.     iQ Agent notification messages.   Carrier iQ developed the technical capability to offer all wireless carrier customers in the United States the capability to limit iQ Agent notification messages – messages that are sent to provide instructions to the Carrier iQ software embedded on handsets – to a specific destination port on cellular devices.  When this capability is enabled, the iQ Agent would receive notification messages only from the destination port designated by the wireless carrier.  This port would be separate from the port used when a consumer sends text messages via SMS.

20.     Metrics relating to Uniform Resource Locators ("URLs").   No Carrier iQ customers at the time of the Asset Sale were using the Carrier iQ software to collect metrics relating to URLs visited by users of handsets on which Carrier iQ software is installed.  Prior to the Asset Sale, Carrier iQ had the capability to offer the following privacy safeguards to any Carrier iQ wireless carrier customer in the United States requesting URL metrics:

a.     Profiles written for the collection of URLs would truncate the collected URL to exclude query strings embedded in URLs;

b.  Carrier iQ would enable collection of HTTP URLs for its US carrier customers only when one or both of the following two conditions are met:

i.  The device from which data is being collected is in a data session on that carrier's data network; or

ii.  The carrier demonstrates to Carrier iQ that consumers would receive a secondary form of notice that URL data may be collected when the device is not in a data session on the carrier's network.

21.  <u>Guidance to OEMs</u>.  Carrier iQ created guidance in its handset manufacturer Integration Training and Porting Guides concerning the integration of Carrier iQ software onto cellular devices on disabling logging functions that may be used during the debugging process before shipping devices for production.

## **ERROR REMEDIATION BY CARRIER iQ**

22.  Carrier iQ has fully remediated a software bug that created the potential for collection of non-human readable, encoded SMS content in level 3 radio data during certain error conditions and will create testing protocols to prevent similar bugs in future deployments.

## **MONETARY RELIEF FROM ALL DEFENDANTS**

23.  <u>Establishment of Gross Settlement Fund</u>.  Within thirty (30) days after entry of the Preliminary Approval Order, Defendants shall deposit $1.1 million of the Gross Settlement Fund into a trust account to be held by the Settlement Administrator for the benefit of the Settlement Class as set forth herein.  Within ninety (90) days after the Settlement Agreement is fully executed by all parties and Plaintiffs have provided payment instructions to Defendants, Defendants or their Insurers shall deposit the balance of the Gross Settlement Fund, *i.e.*, $7.9 million, into the trust account.  The trust account shall be an interest bearing Qualified Settlement Fund pursuant to Internal Revenue Code Section 1.468B-1 with a federally chartered national bank.  Contemporaneous with the signing of this Agreement, Plaintiffs will provide to Defendants in writing all instructions necessary to effect payment.

24.  Within thirty (30) days after the Preliminary Approval Date, Defendants shall

execute an election statement provided by the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.  The Gross Settlement Fund shall thereafter be administered and distributed as set forth in this Agreement.

25.     All interest accrued in the Settlement Administrator's trust account with respect to the Gross Settlement Fund shall accrue to the benefit of the Class.  The monetary relief to the Class; any service awards to the Named Plaintiffs and former Named Plaintiff Matthew Hiles as set forth herein; attorneys' fees, costs, and expenses as set forth herein; all fees and expenses of the Settlement Administrator; any taxes; and any *cy pres* distribution shall be paid from the Gross Settlement Fund.  No portion of the Gross Settlement Fund shall revert to any of the Defendants at any time, unless, and only if, the Settlement is terminated per the terms of this Agreement or otherwise does not become effective in that the Effective Date does not occur.

## DISTRIBUTION OF PROCEEDS OF NET SETTLEMENT FUND

26.     <u>Monetary Relief to Eligible Class Members</u>.  The monetary relief set forth in this Agreement shall be made available to eligible and qualifying Class Members after the Effective Date of this Agreement.  All Class Members will be eligible to submit a Claim Form to the Settlement Administrator for processing, but any relief will be available to eligible and qualifying Class Members only as set forth herein.  The Claim Form will be substantially in the form attached hereto as Exhibit A.  Claims via an electronic version of the Claim Form may be made online.  For other methods of claim submittal, Claim Forms will be available for download from the settlement website to be established by the Settlement Administrator as part of the Notice Program. Additionally, the Settlement Administrator shall establish a toll-free telephone number, email address, and U.S. mail address whereby Class Members may request Claim Forms.  Upon request by a Class Member via the toll-free telephone number, email, or U.S. mail, the Settlement Administrator shall send that Class Member a Claim Form.  Whenever a Claim Form is sent to a Class Member via email or U.S. Mail, a Short Form Notice of Proposed Class Action Settlement ("Short Form Notice") shall accompany the Claim Form, and that Short Form Notice shall advise

of the Internet address for the settlement website, where this Settlement Agreement and the Long Form Notice of Proposed Class Action Settlement ("Long Form Notice") shall be posted. Class Members who do not complete the electronic version of the claim form online may complete the non-electronic version of the Claim Form and send it back via email, U.S. mail, or a fax number to be established by the Settlement Administrator for this purpose. The email, U.S. mail, and fax numbers for returning the Claim Form shall be printed on the claim form and also shall be available on the settlement website.

27. <u>Order of Payments</u>. Subject to the approval of Class Counsel, the Settlement Administrator shall be paid from the Gross Settlement Fund on a periodic basis for the costs of notice and for settlement administration. Also, within ten (10) business days following the Effective Date, and subject to the Court's Order of Final Approval, the Settlement Administrator shall make payments from the Gross Settlement Fund for: (a) the service awards as set forth herein and approved by the Court for the Named Plaintiffs and former Named Plaintiff Matthew Hiles for their efforts in bringing and prosecuting this matter; (b) attorneys' fees, costs, and expenses as set forth herein and approved by the Court (and to be distributed by Class Counsel in their sole discretion); (c) the costs of administration of this Settlement by the Settlement Administrator, including notice-related costs, not already paid to the Settlement Administrator; and (d) any taxes. Once the payments designated above have been made from the Gross Settlement Fund, the balance remaining shall constitute the Net Settlement Fund from which Settlement Payments to Eligible Class Members shall be calculated.

28. <u>Payments to Class Members</u>. Distribution of the Net Settlement Fund to the Class Members shall be on a claims-made basis. As soon as reasonably practicable following establishment of the Net Settlement Fund, and in accordance with the terms of this Settlement Agreement, the Settlement Administrator shall distribute the proceeds of the Net Settlement Fund to Eligible Claimants on a *pro rata* basis; *provided, however*, that if the pro-rated amount to be distributed to each Eligible Claimant would be economically unfeasible to distribute due to the high volume of eligible claims and the cost to process and mail the corresponding volume of

checks to Eligible Claimants, then instead, subject to approval by the Court after notice by Class Counsel, the entire Net Settlement Fund shall be distributed in three equal portions to the following three *cy pres* recipients: the Electronic Frontier Foundation, the Center for Democracy and Technology, and CyLab Usable Privacy and Security Laboratory at Carnegie Mellon University. The determination that it would be economically unfeasible to distribute settlement funds to Eligible Claimants shall be made by Class Counsel and Defendants' counsel in consultation with the Settlement Administrator, if the Settlement Administrator determines and advises them at the conclusion of the Claims Period that the pro-rated amount to be distributed to each Eligible Claimant would be less than approximately Four U.S. Dollars ($4.00) due to the high volume of eligible claims and the cost to process and mail the corresponding volume of checks to Eligible Claimants. In the event of any such *cy pres* distribution, Eligible Claimants shall not receive any proceeds from the Net Settlement Fund.

29.    <u>Distribution of Settlement Payments</u>. Any Settlement Payments to Eligible Class Members shall be distributed in the form of a postcard check sent via first class mail, with the following phrase appearing prominently thereon: "**Settlement Payment Pursuant to Class Action Settlement Approved by the Court.**" For purposes of this mailing, the Settlement Administrator shall use the addresses specified on the Eligible Claimant's Claim Form.

30.    <u>Re-Mailing of Returned Settlement Payments</u>. Any Settlement Payment postcard checks that are returned as non-deliverable with a forwarding address shall be re-mailed by the Settlement Administrator to such forwarding address within five (5) business days. To the extent that any such postcard checks are returned as non-deliverable without a forwarding address, the Settlement Administrator shall conduct reasonable searches to locate valid address information for the intended recipients of the Settlement Payments, and shall, within five (5) business days, re-mail the postcard checks, as applicable, to any Eligible Class Members for whom new address information is identified.

31.    <u>Time Period To Accept Payment</u>. Eligible Class Members shall have one hundred and twenty (120) days from the date of their Settlement Payments to cash their checks. Eligible

Class Members may request new checks to be issued by the Settlement Administrator during this time period if they lose or misplace their original check; however, the time period for cashing the check will be the same as the original time period set forth above.

32.   <u>Unclaimed Monies</u>.   Any unclaimed monies in the Net Settlement Fund remaining after the foregoing efforts to distribute the funds therein to Class Members shall be paid on a *cy pres* basis, divided in three equal portions, among the Electronic Frontier Foundation, the Center for Democracy and Technology, and CyLab Usable Privacy and Security Laboratory at Carnegie Mellon University.  No unclaimed monies will revert to any of the Defendants.

33.   <u>Final Accounting</u>.   No later than thirty (30) days after all Settlement Payments are issued to Eligible Class Members or the Net Settlement Fund is distributed to the *cy pres* recipients as set forth in paragraphs 26-32 above, the Settlement Administrator shall provide a final accounting to Class Counsel and Defendants' counsel.  The Settlement Administrator shall also provide declarations to Class Counsel and Defendants' counsel to be filed with the Court, concerning the status of the administration process, at the request of Class Counsel or Defendants at any time.

34.   <u>No Offset for Other Settlements</u>.   There shall be no offset to any Settlement Payments received by any Eligible Class Members under this Agreement for any other Settlement Payment, or any payment whatsoever, that they receive from any of the other Defendants in this action.

35.   <u>No Claims Arising From Distributions</u>.   No person shall have any claim against any of the Defendants, the Named Plaintiffs, the Settlement Class, Class Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

**OTHER PAYMENTS**

36.   <u>Service Award to Named Plaintiffs</u>.   Subject to the Court's approval, the Named Plaintiffs and former Named Plaintiff Matthew Hiles shall each receive a service award not to exceed $5,000 for their time and efforts in bringing and prosecuting this matter.  The payment of

Service Awards is to be considered separately by the Court from its consideration of the fairness and adequacy of this Settlement Agreement, and any order with respect to this payment shall not affect or delay the approval of this Settlement Agreement.  Within ten (10) business days after the Effective Date, the Settlement Administrator shall deduct from the Settlement Fund and pay to the Named Plaintiffs the amount approved by the Court.

37.   <u>Attorneys' Fees, Costs, and Expenses</u>.  At least fourteen (14) days before the Opt-Out Deadline and Objection Deadline (which shall be the same date), Class Counsel shall file a Motion for Attorneys' Fees, Costs, and Expenses to be paid from the Gross Settlement Fund in accordance with Fed. R. Civ. P. 23(h).  Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses is to be considered separately by the Court from its consideration of the fairness and adequacy of this Settlement Agreement, and any order with respect to this separate motion shall not affect or delay the approval of this Settlement Agreement.  Attorneys' fees shall not exceed twenty-five percent (25 %) of the Gross Settlement Fund, while costs and expenses shall be the actual costs and expenses incurred by Class Counsel and Plaintiffs' Executive Committee Members.  Defendants shall not object to Class Counsels' request for attorneys' fees, costs, and expenses, so long as it is consistent with this paragraph.  These amounts will compensate counsel, at Class Counsel's sole discretion, for work already performed in this case and all of the work remaining to be performed in this case, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining dismissal of the Action.  Within three (3) business days after the Effective Date, the Settlement Administrator shall deduct from the Gross Settlement Fund and pay to Class Counsel, for distribution at Class Counsels' sole discretion, the amounts approved by the Court for attorneys' fees, costs, and expenses.  The money paid from the Gross Settlement Fund shall be the only fees for which Defendants are responsible for services provided on behalf of the class.

38.   <u>Costs of Notice Provision and Settlement Administration.</u>  All fees and expenses of the Settlement Administrator shall be paid from the Gross Settlement Fund.  Ten (10) business

days prior to the Final Fairness Hearing, the Settlement Administrator shall provide the Parties with declarations detailing its fees and expenses related to the notice program and the settlement administration process, which shall be filed with the Court. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the expenses incurred in the administration of the Settlement.

39.    <u>Taxes</u>.  Any federal or state taxes assessed on the Gross Settlement Fund or Net Settlement Fund, but not on Class Member awards, shall be paid from the Gross Settlement Fund.

**NOTICE OF SETTLEMENT**

40.    Notice of this settlement shall be provided to Class Members as set forth in the Notice Plan, which is set forth and described in Exhibit B to this Agreement. The Parties will request that the Court determine that the proposed procedures for notice set forth in Exhibit B constitute the best practicable notice to Class Members.

41.    The Settlement Administrator shall be responsible for effecting the Notice Plan set forth in Exhibit B. As soon as reasonably practicable after the Court issues the Preliminary Approval Order, and following payment by Defendants of the initial $1.1 million of the Gross Settlement Fund as referenced in paragraph 23, the Settlement Administrator shall publish per the terms of the Notice Plan set forth in Exhibit B the Court-approved Class Notice to all Class Members, which shall provide instructions and information to Class Members concerning the Settlement and their right to claim a share of the Net Settlement Fund on the terms, including the possibility of *pro rata* reduction and the caveat regarding economic feasibility, set forth herein at paragraphs  26-28, as well as their objection rights and opt-out rights. Information to be provided as part of Class Notice shall include a list of devices manufactured by the Manufacturer Defendants and sold in the United States during the Class Period which the Parties believe to have borne Carrier iQ Software installed by means of the pre-load or embedded method, *i.e.*, the preload agent or embedded agent.

42.    Effective on the Class Notice Date, the Settlement Administrator shall also arrange for a telephone call center facility with a toll number to be active until such time as all

STIPULATION OF SETTLEMENT AND RELEASE

18

distributions of Settlement Payments, if any, are completed to Eligible Class Members, in order to respond to questions from Class Members.

43.     Effective on the Class Notice Date, the Settlement Administrator shall also make active a website describing the terms of the Settlement and from which Class Members can download relevant forms such as the Class Notice in long form and short form; the Settlement Agreement; the Claim Form; the Court's Preliminary Approval Order; and Class Counsel's Motion for Final Approval and Motion for Attorneys' Fees and Expenses, when it becomes available.  The website shall include the toll-free number applicable to this Settlement as set forth in paragraph 26 above, and shall remain active until such time as distributions of Settlement Payments, if any, are completed to Eligible Class Members.

44.     No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall provide Class Counsel and Defendants' counsel with a declaration setting forth: (a) the details of execution and performance of the Notice Plan; (b) the total number of Class Members who were sent the Class Notice (with a breakdown as to the Short Form Notice and Long Form Notice); and (c) the total number of Class Members who sent timely requests for exclusion or objections to the Settlement, along with the complete copies of all requests for exclusion and objections received, including the postmark dates for each request for exclusion or objection.   Class Counsel shall file such declaration with the Court.

## OPT-OUTS AND OBJECTIONS

45.     <u>Requests for Exclusion</u>:  Both forms of the Class Notice shall provide that Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out"), postmarked no later than the Opt-Out Deadline.  Such written request for exclusion must contain the name, address, telephone number, and email address of the Class Member requesting exclusion, and be personally signed by the Class Member who seeks to opt out.  No opt-out request may be made on behalf of a group of Class Members.  The opt-out request must be sent by mail to the Settlement Administrator and must be timely postmarked as set forth above.  The postmark date of the mailing envelope shall

be the exclusive means used to determine whether an opt-out has been timely submitted. Any Class Member who requests exclusion from (opts out of) the Settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.

46.     Objections:  The Class Notice shall provide that any Class Members who wish to object to the Settlement Agreement must send to the Court a written statement of objection filed or postmarked no later than the Objection Deadline.  The Notice of Objection must state the basis for the objection and include any supporting papers.  Such objection must contain the name, address, telephone number, and email address of the Class Member making the objection, and be personally signed by the Class Member.  Any objection and supporting papers must be timely filed with the Court, either by mailing them to the Clerk of the United States District Court for the Northern District of California, or by filing them in person at any location of the United States District Court for the Northern District of California, except that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system under the cause number for the Action as set forth above.  Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

## ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

47.     Final Approval Motion.  At least fourteen (14) days before the Final Approval Hearing, Plaintiffs shall file a motion requesting that the Court grant final approval of the Settlement Agreement, with Class Counsel filing a memorandum of points and authorities in support of the motion, and addressing any timely submitted objections to the Settlement.

48.     Matters To Be Considered at Final Approval Hearing.  At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved; whether the Settlement should be finally approved as fair, reasonable, and adequate; whether any objections to the Settlement should be overruled; whether the service awards

STIPULATION OF SETTLEMENT AND RELEASE

20

referenced in paragraph 36 should be approved; whether Class Counsel's motion for attorneys' fees, costs and expenses should be approved; and whether an Order of Final Approval and Final Judgment should be entered.

49. This Agreement is subject to and conditioned upon the issuance by the Court of an Order of Final Approval which grants final approval of this Agreement; approves the Settlement Class pursuant to Fed. R. Civ. P. 23 and its relevant subparts; and:

a. Finds that the Class Notice satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

b. Finds that the Agreement is fair, reasonable and adequate to the Class, that each Class Member (except those who submit a timely and valid request for exclusion from the Class) shall be bound by this Agreement;

c. Dismisses on the merits and with prejudice all claims asserted in the Action against Defendants; and

d. Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

## **TERMINATION OF AGREEMENT**

50. The Named Plaintiffs, on behalf of the Class Members, by Class Counsel, and any of the Defendants, by that Defendant's counsel, shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so to all other Parties hereto within ten (10) business days of: (a) the Court's refusal to grant Preliminary Approval of this Agreement; (b) the Court's refusal to grant final approval of this Agreement; or (c) the date upon which the Final Judgment is modified or reversed in any material respect by the Ninth Circuit Court of Appeals or the U.S. Supreme Court. The above notwithstanding, the Parties agree that should the Court modify the Agreement in any respect, or condition preliminary or final approval of the Agreement on modification in any respect, then the Parties will, within the above-indicated period, meet and confer in a good-faith attempt to reach agreement and preserve the Agreement.

51. Any Defendant may, with the agreement of at least two other Defendants,

terminate this agreement if, ten (10) days after the Opt-Out Deadline, that Defendant and at least those other two Defendants determine that the number of Settlement Class members who have timely and validly submitted requests for exclusion exceeds a number agreed to by the Parties in the Confidential Supplemental Agreement (the "Opt-Out Threshold").   Requests for exclusion from persons or entities who would not otherwise meet the Settlement Class definition do not count toward the Opt-Out Threshold. The Parties shall seek to keep the Opt-Out Threshold confidential. In the event that the Court directs that the Confidential Supplemental Agreement be filed under seal prior to the deadline for submitting Requests for Exclusion, no party shall have any right to any relief by reason of such disclosure.   In the event of a termination of this Settlement pursuant to the Confidential Supplemental Agreement, this Stipulation shall become null and void.  If a Defendant elects to terminate this Agreement pursuant to this paragraph, it will give notice of its election in writing to Class Counsel and counsel of record for each Defendant.

52.     If this Settlement Agreement is terminated pursuant to paragraph 50 or 51 it will be deemed null and void *ab initio*.  In that event: (i) the Preliminary Approval Order and all of its provisions will be vacated; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation (including any declarations and briefs filed in support of the motion for preliminary or final approval) will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

## RELEASES

53.     Upon the Effective Date, and in consideration of the benefits and other consideration set forth above, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged against each of the Released Parties and all persons acting through, under, or in concert with each such Released Party, all claims in the Action. Specifically, the Releasing Parties shall be deemed to have released any and all past, present or future claims, causes of actions, suits, petitions, demands in law or equity, or any allegations of

STIPULATION OF SETTLEMENT AND
RELEASE                                              22                    Case No. C-12-md-2330-EMC

liability or damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that have been, may be, or could be asserted in the Action, any complaint filed in any of the Pre-Consolidated Actions, any subsequent amended complaint filed in this or any related case, or in any other action, court, arbitration, tribunal or administrative body, regardless of whether those claims are based on federal, state or local law, statute, ordinance, regulations, contract, common law, or any other source, that are based upon, arise out of, or are related to or connected with, directly or indirectly, in whole or in part, the facts, activities, or circumstances alleged in the Third Consolidated Amended Complaint, any claims asserted against Defendants relating to this Action, or any other purported occurrence relating to or arising from the presence or operation of Carrier iQ Software on any Covered Mobile Device (the "Released Claims") during the Class Period.

54.     <u>Waiver of Known and Unknown Claims.</u>  The general releases in this Agreement extend to claims the Releasing Parties do not know or suspect to exist in their favor, which, if known by them, would have materially affected their decisions to enter into this Agreement.  The Parties, including the Releasing Parties, understand and acknowledge that they are familiar with California Civil Code section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Agreement shall have, expressly waived and relinquished any rights they may have under California Civil Code section 1542 or any other statute or common law principle with a similar effect as to all releases set forth in this Agreement.  In connection with such waiver and relinquishment, the Releasing Parties acknowledge that they are aware that, after executing this Agreement, they or their legal counsel or agents may discover Released Claims or facts in addition to, or different from, those which they now know or believe to exist with respect to the subject matter of this Agreement or the Parties hereto, but that it is Plaintiffs' intention hereby to

fully, finally, and forever settle and release all of the Released Claims, whether known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore may have existed against the Released Parties.

55.     Upon entry of the Order of Final Approval and Final Judgment, the Consolidated Action shall be dismissed in its entirety with prejudice as to all Defendants.

56.     <u>Covenant Not to Sue</u>.  Upon execution of this Agreement by all Parties, each Class member automatically and without further action or notice covenants not to commence, maintain or assert against Defendants, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or any other alleged class or any other person or entity, any of the Released Claims.  Pursuant to the terms of this Agreement, and upon order of the Court, each Class member is enjoined from bringing or otherwise pursuing any Released Claims against Defendants or Defendant Parties in any forum.

57.     The Parties are hereby deemed to agree and acknowledge that the provisions of Paragraphs 53-56 together constitute an essential term of this Agreement and will be included in the Order of Final Approval entered by the Court.

## **MISCELLANEOUS**

58.     <u>Acknowledgment</u>.  Each of the Parties acknowledges and represents that such Party: (a) has fully and carefully read this Agreement prior to execution; (b) has been fully apprised by counsel of the legal effect and meaning of the terms of this Agreement; (c) has had the opportunity to undertake whatever investigation or inquiry is necessary or appropriate in connection with this Agreement; (d) has been afforded the opportunity to negotiate any and all terms of this Agreement; and (e) is executing this Agreement voluntarily and free from any undue influence, coercion, or duress of any kind.

59.     <u>Agreement To Cooperate</u>.  The Parties and their respective counsel will cooperate with each other in good faith and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may

become necessary to effectuate the terms of this Agreement, the Parties may seek the assistance of the Court to resolve such disagreement after meeting and conferring with each other in good faith to attempt to resolve the dispute.

60.     Authority.  Each person executing this Settlement Agreement on behalf of any of the Parties represents that such person has the authority to execute this Agreement.

61.     Binding Upon Successors and Assigns.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties and the Parties, as previously defined.

62.     Construction.  The Parties believe that the terms of this Agreement are a fair, adequate, and reasonable settlement of this Action, and have arrived at this Settlement Agreement in arms-length negotiations and with the assistance of a retired United States Magistrate Judge, taking into account all relevant factors, present and potential.  This Agreement has been drafted jointly by counsel for the Parties.  Hence, in any construction or interpretation of this Agreement, the same shall not be construed against any of the Parties.

63.     Counterparts.  This Agreement may be executed in one or more counterparts.  All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

64.     Defense Fees and Costs.  All of each Defendant's own attorneys' fees and legal costs and expenses incurred in the Action (and in the original proceedings initiated by the Named Plaintiffs) shall be borne by each Defendant from each Defendant's separate funds and not from the Gross Settlement Fund.

65.     Entire Agreement.  This Agreement constitutes the entire, fully integrated agreement among the Parties relating to the Settlement.  All prior or contemporaneous agreements, understandings and statements, whether oral or written, and whether by a party or its counsel, are merged herein.  No oral or written representations, warranties or inducements of any kind have been made to any Party concerning this Agreement, other than as set forth herein

STIPULATION OF SETTLEMENT AND RELEASE                                    25                          Case No. C-12-md-2330-EMC

(including in paragraphs 18, 67.a, and 67.b).

66.     <u>Limitation of Agreement</u>.  This Agreement may not be relied upon for any purpose by, and does not create any rights in, any person(s) or entity other than Named Plaintiffs, the Settlement Class, and the Defendants.

67.     <u>Representations and Warranties</u>.  a.  Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics   America, Inc.; and Samsung Electronics Co., Ltd make the following representation and warranty with respect to this Settlement, and they acknowledge that the Named Plaintiffs, on their own behalf and on behalf of the Settlement, have relied on this representation and warranty in entering into this Agreement:

> As to the Mobile Devices identified in the Manufacturer Defendants' responses to Plaintiffs' First Set of Pre-ADR Interrogatories, the Manufacturer Defendants (other than the HTC defendants) have uncovered no evidence: (1) that any such devices shipped to consumers with activated "debug code" in the Carrier IQ interface; or (2) that any consumer SMS text messages or Internet search terms or queries were transmitted from the device logs of such devices either to the OEMs or to any unauthorized third party as a result of activated "debug code" in the Carrier IQ interface on those Mobile Devices;

> and

b.   Carrier iQ represents and warrants that prior to the Asset Sale, Carrier iQ made the modifications to the Carrier iQ Software set forth in paragraphs 19-20 and 22 herein.

68.     <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of California.

69.     <u>Headings and Captions</u>.  The headings and captions in this Agreement are for convenience only and in no way define, limit, or otherwise describe the scope or intent of this Agreement, or any term of this Agreement.  Each term of this Agreement is contractual and is not merely a recital.

70.     <u>No Oral Modifications</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.  No rights hereunder may be waived except in writing.  No oral amendment or modification shall be

STIPULATION OF SETTLEMENT AND RELEASE
Case No. C-12-md-2330-EMC

permitted or effective.

71.  <u>Publicity</u>.  The Parties, Class Counsel, and counsel for any Defendant shall not make any public statements  about the Parties' settlement except: (a) as reasonably necessary to fulfill the obligation to provide Class Notice; (b) to refer to the fact that the case settled; (c) to discuss the terms of the settlement in papers filed or discussions with the Court in this Action; (d) to advocate for preliminary and final approval of the settlement in this Action; and (e) Class Counsel may include their appointment as co-lead class counsel in their resumes, websites, or filings with other courts to establish that they worked on the Action and that it was settled. (Specifically excluded from the public statements encompassed by this provision are communications between Class Counsel and any Settlement Class member and communications with objectors, or persons who have or are threatening to opt out of the Settlement Class, wherein Class Counsel discusses the benefits of participating in the settlement.)  Further, Class Counsel may post on their websites an announcement of the fact that the Parties have settled and may include a link to the settlement website established by the Settlement Administrator.  In response to any unsolicited inquiries from the media, the Parties and their counsel may refer to the fact that the case settled and may refer the media to the settlement website to be established by the Settlement Administrator and/or to an agreed-upon joint press release regarding the settlement to be disseminated to the media as part of the notice program set forth in Exhibit B to this Agreement.

72.  <u>Non-Disparagement</u>.  The Parties and their counsel agree not to make any public statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage, or in any way criticize the personal or business reputation, practices, or conduct of each other, their employees, directors, and officers relating to the claims alleged and defenses raised in the Action.

73.  <u>No Waiver</u>.  The failure of any party to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any party

thereafter to enforce that provision or each and every provision.  No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

74.   <u>Notices</u>.  Unless otherwise agreed in writing, all notices to the Parties or counsel required by the Agreement shall be made in writing and communicated by first class mail and email to the following:

If to the Named Plaintiffs or Class Counsel:

> Steve W. Berman
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1918 Eighth Avenue
> Suite 3300
> Seattle, WA 98101
> Telephone: (206) 623-7292
> Facsimile: (206) 623-0594
> Email: steve@hbsslaw.com

> Daniel L. Warshaw
> PEARSON SIMON & WARSHAW, LLP
> 15165 Ventura Boulevard
> Suite 400
> Sherman Oaks, CA  91403
> Telephone: (818) 788-8300
> Facsimile: (818) 788-8104
> Email: dwarshaw@pswlaw.com

If to the Carrier iQ, Inc. or its counsel:

> Tyler G. Newby
> FENWICK & WEST LLP
> 555 California Street, 12th Floor
> San Francisco, CA 94104
> Telephone: (415) 875.2300
> Facsimile: (415) 281.1350
> tnewby@fenwick.com

If to the HTC defendants or their counsel:

> Rosemarie T. Ring
> MUNGER, TOLLES & OLSON, LLP
> 560 Mission Street
> Twenty-Seventh Floor
> San Francisco, CA 94105-2907
> Telephone: (415) 512-4000
> Facsimile: (415) 512-4077

Rose.Ring@mto.com

If to Huawei Device USA or its counsel:

Simon J. Frankel
COVINGTON & BURLING LLP
1 Front St., 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
sfrankel@cov.com

If to the LG defendants or their counsel:

Jeff E. Scott
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800
ScottJ@gtlaw.com

Ian C. Ballon
GREENBERG TRAURIG, LLP
1900 University Ave., 5th Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Ballon@gtlaw.com

If to Motorola Mobility or its counsel:

Krista M. Enns
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
kenns@winston.com

If to Pantech Wireless or its counsel:

Wilson W. Lin
H.C. PARK & ASSOCIATES, PLC
1894 Preston White Drive
Reston, VA 20191
Telephone: (703) 544-9230
Facsimile:  (703) 288-5139
WLin@park-law.com

STIPULATION OF SETTLEMENT AND
RELEASE

Case No. C-12-md-2330-EMC

If to the Samsung defendants or their counsel:

Lance A. Etcheverry
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
lance.etcheverry@skadden.com

Any party may change the address to which requests, demands, claims, or other communications hereunder are to be delivered by giving the other Parties notice in the manner herein set forth.

75. <u>Time Periods</u>. The time periods and/or dates described in this Agreement with respect to the giving of Notice and the hearings are subject to approval and change by the Court with the approval of the Parties, or by agreement of the Parties.

76. <u>Exclusive Remedy and Jurisdiction of the Court.</u> This Agreement shall be the sole and exclusive remedy for any and all Released Claims. Upon entry of the Order of Final Approval and Final Judgment, each Class Member may not initiate, assert, or prosecute any Released Claims against any Released Party. If any Class Member who does not opt-out in accordance with the procedures set forth in this Settlement Agreement attempts to prosecute an action asserting a Released Claim, counsel for any affected Party shall forward this Agreement and the Order of Final Approval and Final Judgment to such Class Member and advise the Class Member of the releases provided under this Settlement Agreement.

77. This Court shall retain exclusive and continuing jurisdiction over the Consolidated Action and all Parties and Class members to interpret and enforce this Settlement Agreement.

78. No provision in this Agreement shall preclude any action to enforce the terms of this Agreement.

79. <u>No Admission of Wrongdoing</u>. Each Defendant denies that it violated the law with respect to the claims asserted against it in the Action, or otherwise, and maintains that it has meritorious defenses to each of those claims. Nonetheless, each Defendant believes that further

STIPULATION OF SETTLEMENT AND
RELEASE

30

litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus, each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms and conditions set forth in this Settlement.

**READ AND AGREED TO:**

DATED: _____January 20ᵗʰ____, 2016

Patrick Kenny

DATED: _____, 2016

Daniel Pipkin

DATED: _____, 2016

Jennifer Patrick

DATED: _____, 2016

Dao Phong

DATED: _____, 2016

Ryan McKeen

DATED: _____, 2016

Leron Levy

DATED: _____, 2016

Luke Szulczewski

DATED: _____, 2016

Michael Allan

DATED: _____, 2016

Gary Cribbs

DATED: _____, 2016

Shawn Grisham

DATED: _____, 2016

Bobby Cline

STIPULATION OF SETTLEMENT AND
RELEASE

31

Case No. C-12-md-2330-EMC

litigation would be protracted, burdensome, expensive, and distracting from its business. Thus, each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms and conditions set forth in this Settlement.

**READ AND AGREED TO:**

DATED: _____, 2016

_____
Patrick Kenny

DATED: _____11/19_____, 2016

_____
Daniel Pipkin

DATED: _____, 2016

_____
Jennifer Patrick

DATED: _____, 2016

_____
Dao Phong

DATED: _____, 2016

_____
Ryan McKeen

DATED: _____, 2016

_____
Leron Levy

DATED: _____, 2016

_____
Luke Szulczewski

DATED: _____, 2016

_____
Michael Allan

DATED: _____, 2016

_____
Gary Cribbs

DATED: _____, 2016

_____
Shawn Grisham

DATED: _____, 2016

_____
Bobby Cline

STIPULATION OF SETTLEMENT AND RELEASE

31

Case No. C-12-md-2330-EMC

1   litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus,

2   each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms

3   and conditions set forth in this Settlement.

4   **READ AND AGREED TO:**

5   DATED: _____, 2016

6                                                   _____
                                                    Patrick Kenny

7
8   DATED: _____, 2016

                                                    _____
                                                    Daniel Pipkin

9   DATED: January 18, 2016

10                                                  _____
                                                    Jennifer Patrick

11
12  DATED: _____, 2016

                                                    _____
                                                    Dao Phong

13
14  DATED: _____, 2016

                                                    _____
                                                    Ryan McKeen

15
16  DATED: _____, 2016

                                                    _____
                                                    Leron Levy

17
18  DATED: _____, 2016

                                                    _____
                                                    Luke Szulczewski

19
20  DATED: _____, 2016

                                                    _____
                                                    Michael Allan

21
22  DATED: _____, 2016

                                                    _____
                                                    Gary Cribbs

23
24  DATED: _____, 2016

                                                    _____
                                                    Shawn Grisham

25
26  DATED: _____, 2016

27                                                  _____
                                                    Bobby Cline

28  STIPULATION OF SETTLEMENT AND
    RELEASE                                     31              Case No. C-12-md-2330-EMC

1 | litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus,

2 | each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms

3 | and conditions set forth in this Settlement.

4 | **READ AND AGREED TO:**

5 | DATED: _____, 2016

6 | _____
Patrick Kenny

7 | DATED: _____, 2016

8 | _____
Daniel Pipkin

9 | DATED: _____, 2016

10 | _____
Jennifer Patrick

11 | DATED: ___January 19___, 2016

12 | _____
Dao Phong

13 | DATED: _____, 2016

14 | _____
Ryan McKeen

15 | DATED: _____, 2016

16 | _____
Leron Levy

17 | DATED: _____, 2016

18 | _____
Luke Szulczewski

19 | DATED: _____, 2016

20 | _____
Michael Allan

21 |

22 | DATED: _____, 2016

23 | _____
Gary Cribbs

24 | DATED: _____, 2016

25 | _____
Shawn Grisham

26 | DATED: _____, 2016

27 | _____
Bobby Cline

28 | STIPULATION OF SETTLEMENT AND RELEASE

31

Case No. C-12-md-2330-EMC

litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus, each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms and conditions set forth in this Settlement.

**READ AND AGREED TO:**

DATED: _____, 2016          _____
                                        Patrick Kenny

DATED: _____, 2016          _____
                                        Daniel Pipkin

DATED: _____, 2016          _____
                                        Jennifer Patrick

DATED: _____, 2016          _____
                                        Dao Phong

1/22

DATED: _____, 2016          _____
                                        Ryan McKeen

DATED: _____, 2016          _____
                                        Leron Levy

DATED: _____, 2016          _____
                                        Luke Szulczewski

DATED: _____, 2016          _____
                                        Michael Allan

DATED: _____, 2016          _____
                                        Gary Cribbs

DATED: _____, 2016          _____
                                        Shawn Grisham

DATED: _____, 2016          _____
                                        Bobby Cline

STIPULATION OF SETTLEMENT AND
RELEASE                                    31                    Case No. C-12-md-2330-EMC

litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus, each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms and conditions set forth in this Settlement.

**READ AND AGREED TO:**

DATED: _____, 2016

_____
Patrick Kenny

DATED: _____, 2016

_____
Daniel Pipkin

DATED: _____, 2016

_____
Jennifer Patrick

DATED: _____, 2016

_____
Dao Phong

DATED: _____, 2016

_____
Ryan McKeen

DATED: January 20th, 2016

_____
Leron Levy

DATED: _____, 2016

_____
Luke Szulczewski

DATED: _____, 2016

_____
Michael Allan

DATED: _____, 2016

_____
Gary Cribbs

DATED: _____, 2016

_____
Shawn Grisham

DATED: _____, 2016

_____
Bobby Cline

STIPULATION OF SETTLEMENT AND RELEASE

31

Case No. C-12-md-2330-EMC

1 litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus,

2 each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms

3 and conditions set forth in this Settlement.

4 **READ AND AGREED TO:**

5 DATED: _____, 2016

6 _____
Patrick Kenny

7 DATED: _____, 2016

8 _____
Daniel Pipkin

9 DATED: _____, 2016

10 _____
Jennifer Patrick

11 DATED: _____, 2016

12 _____
Dao Phong

13 DATED: _____, 2016

14 _____
Ryan McKeen

15 DATED: _____, 2016

16 _____
Leron Levy

17 DATED: 1 /18, 2016

18 _____
Luke Szulczewski

19 DATED: _____, 2016

20 _____
Michael Allan

21 DATED: _____, 2016

22 _____
Gary Cribbs

23

24 DATED: _____, 2016

25 _____
Shawn Grisham

26 DATED: _____, 2016

27 _____
Bobby Cline

28 STIPULATION OF SETTLEMENT AND
RELEASE

31

litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus, each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms and conditions set forth in this Settlement.

**READ AND AGREED TO:**

DATED:  _____, 2016

_____
Patrick Kenny

DATED:  _____, 2016

_____
Daniel Pipkin

DATED:  _____, 2016

_____
Jennifer Patrick

DATED:  _____, 2016

_____
Dao Phong

DATED:  _____, 2016

_____
Ryan McKeen

DATED:  _____, 2016

_____
Leron Levy

DATED:  _____, 2016

_____
Luke Szulczewski

DATED:  1/20/2016, 2016

_____
Michael Allan

DATED:  _____, 2016

_____
Gary Cribbs

DATED:  _____, 2016

_____
Shawn Grisham

DATED:  _____, 2016

_____
Bobby Cline

1  litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus,

2  each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms

3  and conditions set forth in this Settlement.

4  **READ AND AGREED TO:**

5  DATED: _____, 2016

6  _____
   Patrick Kenny

7
8  DATED: _____, 2016
   _____
   Daniel Pipkin

9
10 DATED: _____, 2016
   _____
   Jennifer Patrick

11
12 DATED: _____, 2016
   _____
   Dao Phong

13
14 DATED: _____, 2016
   _____
   Ryan McKeen

15
16 DATED: _____, 2016
   _____
   Leron Levy

17
18 DATED: _____, 2016
   _____
   Luke Szulczewski

19
20 DATED: _____, 2016
   _____
   Michael Allan

21
22 DATED: __1/18_____, 2016
   _____
   Gary Cribbs

23
24 DATED: _____, 2016
   _____
   Shawn Grisham

25
26 DATED: _____, 2016
   _____
   Bobby Cline

27
28 STIPULATION OF SETTLEMENT AND
   RELEASE                                    31              Case No. C-12-md-2330-EMC

litigation would be protracted, burdensome, expensive, and distracting from its business. Thus, each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms and conditions set forth in this Settlement.

READ AND AGREED TO:

DATED: _____, 2016

_____
Patrick Kenny

DATED: _____, 2016

_____
Daniel Pipkin

DATED: _____, 2016

_____
Jennifer Patrick

DATED: _____, 2016

_____
Dao Phong

DATED: _____, 2016

_____
Ryan McKeen

DATED: _____, 2016

_____
Leron Levy

DATED: _____, 2016

_____
Luke Szulczewski

DATED: _____, 2016

_____
Michael Allan

DATED: _____, 2016

_____
Gary Cribbs

DATED: 1/22, 2016

_____
Shawn Grisham   MAC

DATED: 1-21, 2016

_____
Bobby Cline

STIPULATION OF SETTLEMENT AND
RELEASE

31

Case No. C-12-md-2330-EMC

1   litigation would be protracted, burdensome, expensive, and distracting from its business.  Thus,

2   each Defendant has concluded that it is desirable and beneficial to settle the Action on the terms

3   and conditions set forth in this Settlement.

4   **READ AND AGREED TO:**

5

6   DATED: _____, 2016                   _____
                                                Patrick Kenny

7

8   DATED: _____, 2016                   _____
                                                Daniel Pipkin

9

10   DATED: _____, 2016                   _____
                                                Jennifer Patrick

11

12   DATED: _____, 2016                   _____
                                                Dao Phong

13

14   DATED: _____, 2016                   _____
                                                Ryan McKeen

15

16   DATED: _____, 2016                   _____
                                                Leron Levy

17

18   DATED: _____, 2016                   _____
                                                Luke Szulczewski

19

20   DATED: _____, 2016                   _____
                                                Michael Allan

21

22   DATED: _____, 2016                   _____
                                                Gary Cribbs

23

24   DATED: _____, 2016                   _____
                                                Shawn Grisham

25

26   DATED: _1-21_, 2016                   _____
                                                Bobby Cline

27

28   STIPULATION OF SETTLEMENT AND
       RELEASE                           31                Case No. C-12-md-2330-EMC

1   DATED: _January 19_, 2016

2
                                        _____
3                                       Mark Laning

4   DATED: _____, 2016
                                        _____
5                                       Clarissa Portales

6   DATED: _____, 2016
                                        _____
7                                       Douglas White

8   DATED: _____, 2016
                                        _____
9                                       Eric Thomas

10  DATED: _____, 2016
                                        _____
11                                      Brian Sandstrom

12  DATED: _____, 2016
                                        _____
13                                      Colleen Fischer

14  DATED: _____, 2016
                                        _____
15                                      Carrier iQ, Inc.

16                                      BY: _____

17                                      ITS: _____

18
    DATED: _____, 2016
19                                      _____
                                        HTC America, Inc.
20
                                        BY: _____
21
                                        ITS: _____
22
    DATED: _____, 2016
23                                      _____
                                        HTC Corporation
24
                                        BY: _____
25
                                        ITS: _____
26
    DATED: _____, 2016
27                                      _____
                                        Huawei Device USA, Inc.
28  STIPULATION OF SETTLEMENT AND
    RELEASE                         32         Case No. C-12-md-2330-EMC

1

DATED: _____, 2016

Mark Laning

2

3

DATED: Jan 19th , 2016

4

Clarissa Portales

*Clarissa Hernandez formerly known as Clarissa Portales*

5

6

DATED: _____, 2016

Douglas White

7

8

DATED: _____, 2016

Eric Thomas

9

10

DATED: _____, 2016

Brian Sandstrom

11

12

DATED: _____, 2016

Colleen Fischer

13

14

15

DATED: _____, 2016

Carrier iQ, Inc.

16

BY: _____

17

ITS: _____

18

19

DATED: _____, 2016

HTC America, Inc.

20

BY: _____

21

ITS: _____

22

23

DATED: _____, 2016

HTC Corporation

24

BY: _____

25

ITS: _____

26

27

DATED: _____, 2016

Huawei Device USA, Inc.

28

STIPULATION OF SETTLEMENT AND
RELEASE

32

Case No. C-12-md-2330-EMC

1

2

DATED: _____, 2016

Mark Laning

3

4

DATED: _____, 2016

Clarissa Portales

5

6

DATED: January 20, 2016

Douglas White

7

8

DATED: _____, 2016

Eric Thomas

9

10

DATED: _____, 2016

Brian Sandstrom

11

12

DATED: _____, 2016

Colleen Fischer

13

14

DATED: _____, 2016

Carrier iQ, Inc.

15

16

BY: _____

17

ITS: _____

18

19

DATED: _____, 2016

HTC America, Inc.

20

BY: _____

21

ITS: _____

22

23

DATED: _____, 2016

HTC Corporation

24

BY: _____

25

ITS: _____

26

27

DATED: _____, 2016

Huawei Device USA, Inc.

28

STIPULATION OF SETTLEMENT AND
RELEASE

32

Case No. C-12-md-2330-EMC

1

DATED: _____, 2016

_____
Mark Laning

2

3

DATED: _____, 2016

_____
Clarissa Portales

4

5

DATED: _____, 2016

_____
Douglas White

6

7

8

DATED: Jan 18, 2016

_____
Eric Thomas

9

10

DATED: _____, 2016

_____
Brian Sandstrom

11

12

DATED: _____, 2016

_____
Colleen Fischer

13

14

DATED: _____, 2016

_____
Carrier iQ, Inc.

15

16

BY: _____

17

ITS: _____

18

19

DATED: _____, 2016

_____
HTC America, Inc.

20

BY: _____

21

ITS: _____

22

23

DATED: _____, 2016

_____
HTC Corporation

24

BY: _____

25

ITS: _____

26

27

DATED: _____, 2016

_____
Huawei Device USA, Inc.

28

STIPULATION OF SETTLEMENT AND
RELEASE

32

Case No. C-12-md-2330-EMC

1    DATED: _____, 2016

2                                                    _____
                                                     Mark Laning
3    DATED: _____, 2016

4                                                    _____
                                                     Clarissa Portales
5
     DATED: _____, 2016
6                                                    _____
                                                     Douglas White
7

8    DATED: _____, 2016
                                                     _____
9                                                    Eric Thomas

10   DATED: _January 18th_, 2016

11                                                   _____
                                                     Brian Sandstrom
12   DATED: _____, 2016

13                                                   _____
                                                     Colleen Fischer
14
     DATED: _____, 2016
15                                                   _____
                                                     Carrier iQ, Inc.
16                                                   BY: _____

17                                                   ITS: _____

18
     DATED: _____, 2016
19                                                   _____
                                                     HTC America, Inc.
20                                                   BY: _____

21                                                   ITS: _____

22
     DATED: _____, 2016
23                                                   _____
                                                     HTC Corporation
24                                                   BY: _____

25                                                   ITS: _____

26
     DATED: _____, 2016
27                                                   _____
                                                     Huawei Device USA, Inc.
28   STIPULATION OF SETTLEMENT AND                                    Case No. C-12-md-2330-EMC
     RELEASE                              32

1   DATED: _____, 2016

2
                               Mark Laning

3   DATED: _____, 2016

4
                               Clarissa Portales

5
6   DATED: _____, 2016

                               Douglas White

7
8   DATED: _____, 2016

                               Eric Thomas

9
10  DATED: _____, 2016

                               Brian Sandstrom

11

12  DATED: Jan 20 , 2016        *Colleen Fischer*

13                               Colleen Fischer

14
15  DATED: _____, 2016

                               Carrier iQ, Inc.

16                               BY: _____

17                               ITS: _____

18
19  DATED: _____, 2016

                               HTC America, Inc.

20                               BY: _____

21                               ITS: _____

22
23  DATED: _____, 2016

                               HTC Corporation

24                               BY: _____

25                               ITS: _____

26
27  DATED: _____, 2016

                               Huawei Device USA, Inc.

28  STIPULATION OF SETTLEMENT AND
     RELEASE                   32           Case No. C-12-md-2330-EMC

1   DATED: _____, 2016

2                                           _____
                                            Mark Laning
3   DATED: _____, 2016

4                                           _____
                                            Clarissa Portales
5

6   DATED: _____, 2016
                                            _____
                                            Douglas White
7

8   DATED: _____, 2016
                                            _____
                                            Eric Thomas
9

10  DATED: _____, 2016
                                            _____
                                            Brian Sandstrom
11

12  DATED: _____, 2016
                                            _____
                                            Colleen Fischer
13

14  DATED: _____, 2016

15                                          Carrier iQ, Inc.

16                                          BY: Magnolia M. Mobley

17                                          ITS: General Counsel

18

19  DATED: _____, 2016
                                            _____
                                            HTC America, Inc.
20
                                            BY: _____
21
                                            ITS: _____
22

23  DATED: _____, 2016
                                            _____
                                            HTC Corporation
24
                                            BY: _____
25
                                            ITS: _____
26

27  DATED: _____, 2016
                                            _____
                                            Huawei Device USA, Inc.

28  STIPULATION OF SETTLEMENT AND                    Case No. C-12-md-2330-EMC
    RELEASE                          32

| | | |
|---|---|---|
| 1 | DATED: _____, 2016 | |
| 2 | | Mark Laning |
| 3 | DATED: _____, 2016 | |
| 4 | | Clarissa Portales |
| 5 | DATED: _____, 2016 | |
| 6 | | Douglas White |
| 7 | | |
| 8 | DATED: _____, 2016 | |
| 9 | | Eric Thomas |
| 10 | DATED: _____, 2016 | |
| 11 | | Brian Sandstrom |
| 12 | DATED: _____, 2016 | |
| 13 | | Colleen Fischer |
| 14 | DATED: _____, 2016 | |
| 15 | | Carrier iQ, Inc. |
| 16 | | BY: _____ |
| 17 | | ITS: _____ |
| 18 | DATED: _Jan. 22_, 2016 | |
| 19 | | HTC America, Inc. |
| 20 | | BY: _Marcus Woo_ |
| 21 | | ITS: _Director_ |
| 22 | DATED: _Jan. 22_, 2016 | |
| 23 | | HTC Corporation |
| 24 | | BY: _Marcus Woo_ |
| 25 | | ITS: _VP & General Counsel_ |
| 26 | | |
| 27 | DATED: _____, 2016 | |
| 28 | STIPULATION OF SETTLEMENT AND RELEASE | Huawei Device USA, Inc. |

Case No. C-12-md-2330-EMC

| | |
|---|---|
| | BY: _____ |
| | ITS: _____ |
| DATED:  _Jan 21_, 2016 | _____ |
| | LG Electronics, Inc. |
| | BY: _Noel Lim_ |
| | ITS: _Head of Litigation Team_ |
| DATED:  _____, 2016 | _____ |
| | LG Electronics MobileComm U.S.A., Inc. |
| | BY: _____ |
| | ITS: _____ |
| DATED:  _____, 2016 | _____ |
| | Motorola Mobility LLC |
| | BY: _____ |
| | ITS: _____ |
| DATED:  _____, 2016 | _____ |
| | Pantech Wireless, Inc. |
| | BY: _____ |
| | ITS: _____ |
| DATED:  _____, 2016 | _____ |
| | Samsung Electronics America, Inc. |
| | BY: _____ |
| | ITS: _____ |
| DATED:  _____, 2016 | _____ |
| | Samsung Electronics Co., Ltd. |
| | BY: _____ |
| | ITS: _____ |

STIPULATION OF SETTLEMENT AND RELEASE

33

BY: _____

ITS: _____


DATED: _____, 2016
_____
LG Electronics, Inc.

BY: _____

ITS: _____


DATED: _____1/21____, 2016
*Sangman Ko*
_____
LG Electronics MobileComm U.S.A., Inc.

BY: *SANGMAN KO* _____

ITS: *CFO* _____


DATED: _____, 2016
_____
Motorola Mobility LLC

BY: _____

ITS: _____


DATED: _____, 2016
_____
Pantech Wireless, Inc.

BY: _____

ITS: _____


DATED: _____, 2016
_____
Samsung Electronics America, Inc.

BY: _____

ITS: _____


DATED: _____, 2016
_____
Samsung Electronics Co., Ltd.

BY: _____

ITS: _____

STIPULATION OF SETTLEMENT AND RELEASE

33

Case No. C-12-md-2330-EMC

1                           BY: _____

2                           ITS: _____

3

4  DATED: _____, 2016
                           _____
                           LG Electronics, Inc.

5                           BY: _____

6                           ITS: _____

7

8  DATED: _____, 2016
                           _____
                           LG Electronics MobileComm U.S.A., Inc.

9                           BY: _____

10                         ITS: _____

11                                       *Paul A. Alsdorf*

12  DATED:   January 19 , 2016
                           Motorola Mobility LLC

13                           BY: Rachel A. Adams

14                           ITS: VP Litigation

15

16  DATED: _____, 2016
                           _____
                           Pantech Wireless, Inc.

17                           BY: _____

18                         ITS: _____

19

20  DATED: _____, 2016
                           _____
                           Samsung Electronics America, Inc.

21                         BY: _____

22                         ITS: _____

23

24  DATED: _____, 2016
                           _____
25                         Samsung Electronics Co., Ltd.

26                         BY: _____

27                         ITS: _____

28  STIPULATION OF SETTLEMENT AND
     RELEASE                     33              Case No. C-12-md-2330-EMC

1    BY: _____

2    ITS: _____

3
4    DATED: _____, 2016     _____
                                   LG Electronics, Inc.

5    BY: _____

6    ITS: _____

7
8    DATED: _____, 2016     _____
                                   LG Electronics MobileComm U.S.A., Inc.

9    BY: _____

10   ITS: _____

11
12   DATED: _____, 2016     _____
                                   Motorola Mobility LLC

13   BY: _____

14   ITS: _____

15
16   DATED: _01 / 19_, 2016        _____
                                   Pantech Wireless, Inc.

17   BY: _Yong Jin   Kim_

18   ITS: _CEO_

19

20
21   DATED: _____, 2016     _____
                                   Samsung Electronics America, Inc.

22   BY: _____

23   ITS: _____

24
25   DATED: _____, 2016     _____
                                   Samsung Electronics Co., Ltd.

26   BY: _____

27   ITS: _____

28   STIPULATION OF SETTLEMENT AND          33          Case No. C-12-md-2330-EMC
     RELEASE

1             BY: _____

2             ITS: _____

3

4 DATED: _____, 2016   _____
               LG Electronics, Inc.

5             BY: _____

6             ITS: _____

7

8 DATED: _____, 2016   _____
               LG Electronics MobileComm U.S.A., Inc.

9             BY: _____

10            ITS: _____

11

12 DATED: _____, 2016   _____
              Motorola Mobility LLC

13            BY: _____

14            ITS: _____

15

16 DATED: _____, 2016   _____
              Pantech Wireless, Inc.

17            BY: _____

18            ITS: _____

19

20 DATED: _Jan 20_____, 2016   _____
              Samsung Electronics America, Inc.

21            BY: _MH LYU_____

22            ITS: _CFO_____

23

24 DATED: _____, 2016   _____
              Samsung Electronics Co., Ltd.

25

26            BY: _____

27            ITS: _____

28 STIPULATION OF SETTLEMENT AND
  RELEASE       33     Case No. C-12-md-2330-EMC

1

BY: _____

2

ITS: _____

3

4   DATED: _____, 2016

_____
LG Electronics, Inc.

5

BY: _____

6

ITS: _____

7

8   DATED: _____, 2016

_____
LG Electronics MobileComm U.S.A., Inc.

9

BY: _____

10

ITS: _____

11

12   DATED: _____, 2016

_____
Motorola Mobility LLC

13

BY: _____

14

ITS: _____

15

16   DATED: _____, 2016

_____
Pantech Wireless, Inc.

17

BY: _____

18

ITS: _____

19

20   DATED: _____, 2016

_____
Samsung Electronics America, Inc.

21

BY: _____

22

ITS: _____

23

24   DATED: _Jan 20_, 2016

_____
Samsung Electronics Co., Ltd.

25

26   BY: _Kyu S. Lee_

27   ITS: _Vice President_

28   STIPULATION OF SETTLEMENT AND
RELEASE

33

Case No. C-12-md-2330-EMC

1

**APPROVED AS TO FORM AND CONTENT:**

2

3      Dated: January 22, 2016          By: _Robert F. Lopez_

4                                       Steve W. Berman
                                        Robert F. Lopez
5                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1918 Eighth Avenue, Suite 3300
6                                       Seattle, WA 98101
                                        Telephone: (206) 623-7292
7                                       Facsimile: (206) 623-0594
                                        steve@hbsslaw.com
8                                       robl@hbsslaw.com

9                                  By: _____
                                        Daniel L. Warshaw
10                                      PEARSON SIMON & WARSHAW, LLP
                                        15165 Ventura Blvd., Suite 400
11                                      Sherman Oaks, CA 91403
                                        Telephone: (818) 788-8300
12                                      Facsimile: (818) 788-8104
                                        dwarshaw@pswlaw.com
13

14                                      Bruce L. Simon
                                        Robert G. Retana
15                                      PEARSON SIMON & WARSHAW, LLP
                                        44 Montgomery Street, Suite 2450
16                                      San Francisco, CA 94104
                                        Telephone: (415) 433-9000
17                                      Facsimile: (415) 433-9008
                                        bsimon@pswlaw.com
18                                      rretana@pswlaw.com
19

20                                      *Plaintiffs' Interim Co-Lead Counsel*

21                                 By: _____
                                        Rodger R. Cole
22                                      rcole@fenwick.com
                                        FENWICK & WEST LLP
23                                      801 California Street
                                        Mountain View, CA 94041
24                                      Ph: (650) 988-8500
                                        Fax: (650) 938-5200
25

26                                      Tyler G. Newby
                                        tnewby@fenwick.com
27                                      FENWICK & WEST LLP

28     STIPULATION OF SETTLEMENT AND                          Case No. C-12-md-2330-EMC
       RELEASE                              34

**APPROVED AS TO FORM AND CONTENT:**

Dated: January *22*, 2016

By: _____
Steve W. Berman
Robert F. Lopez
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

By: _____
Daniel L. Warshaw
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pswlaw.com

Bruce L. Simon
Robert G. Retana
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
rretana@pswlaw.com

*Plaintiffs' Interim Co-Lead Counsel*

By: _____
Rodger R. Cole
rcole@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Ph: (650) 988-8500
Fax: (650) 938-5200

Tyler G. Newby
tnewby@fenwick.com
FENWICK & WEST LLP

STIPULATION OF SETTLEMENT AND
RELEASE

34

Case No. C-12-md-2330-EMC

1    **APPROVED AS TO FORM AND CONTENT:**

2

3       Dated:  January ▮▮ , 2016              By: _____
                                               Steve W. Berman
4                                              Robert F. Lopez
                                               HAGENS BERMAN SOBOL SHAPIRO LLP
5                                              1918 Eighth Avenue, Suite 3300
                                               Seattle, WA 98101
6                                              Telephone: (206) 623-7292
                                               Facsimile: (206) 623-0594
7                                              steve@hbsslaw.com
                                               robl@hbsslaw.com
8

9                                           By: _____
                                               Daniel L. Warshaw
10                                             PEARSON SIMON & WARSHAW, LLP
                                               15165 Ventura Blvd., Suite 400
11                                             Sherman Oaks, CA 91403
                                               Telephone: (818) 788-8300
12                                             Facsimile: (818) 788-8104
                                               dwarshaw@pswlaw.com
13

14                                             Bruce L. Simon
                                               Robert G. Retana
15                                             PEARSON SIMON & WARSHAW, LLP
                                               44 Montgomery Street, Suite 2450
16                                             San Francisco, CA 94104
                                               Telephone: (415) 433-9000
17                                             Facsimile: (415) 433-9008
                                               bsimon@pswlaw.com
18                                             rretana@pswlaw.com
19

20                                             *Plaintiffs' Interim Co-Lead Counsel*

21                                          By: _____
                                               Rodger R. Cole
22                                             rcole@fenwick.com
                                               FENWICK & WEST LLP
23                                             801 California Street
                                               Mountain View, CA 94041
24                                             Ph: (650) 988-8500
                                               Fax: (650) 938-5200
25

26                                             Tyler G. Newby
                                               tnewby@fenwick.com
27                                             FENWICK & WEST LLP

28   STIPULATION OF SETTLEMENT AND                          Case No. C-12-md-2330-EMC
     RELEASE                                34

555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

*Attorneys for Defendant Carrier iQ, Inc.*

By: _Rosemarie Ring_
Rosemarie T. Ring
Rose.Ring@mto.com
Jonathan H. Blavin
Jonathan.Blavin@mto.com
Bryan H. Heckenlively
Bryan.Heckenlively@mto.com
MUNGER, TOLLES & OLSON, LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Henry Weissmann
Henry.Weissmann@mto.com
MUNGER, TOLLES & OLSON, LLP
355 South Grand Avenue,
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants HTC America, Inc., and HTC Corporation*

By: _____
Simon J. Frankel
sfrankel@cov.com
COVINGTON & BURLING LLP
1 Front St., 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Attorneys for Defendant Huawei Device USA, Inc.*

By: _____
Wilson W. Lin
WLin@park-law.com
H.C. Park & Associates, PLC

STIPULATION OF SETTLEMENT AND RELEASE

35

Case No. C-12-md-2330-EMC

555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

*Attorneys for Defendant Carrier iQ, Inc.*

By: _____
   Rosemarie T. Ring
   Rose.Ring@mto.com
   Jonathan H. Blavin
   Jonathan.Blavin@mto.com
   Bryan H. Heckenlively
   Bryan.Heckenlively@mto.com
   MUNGER, TOLLES & OLSON, LLP
   560 Mission Street
   Twenty-Seventh Floor
   San Francisco, CA 94105-2907
   Telephone: (415) 512-4000
   Facsimile: (415) 512-4077

   Henry Weissmann
   Henry.Weissmann@mto.com
   MUNGER, TOLLES & OLSON, LLP
   355 South Grand Avenue,
   Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
   Telephone: (213) 683-9100
   Facsimile: (213) 687-3702

*Attorneys for Defendants HTC America, Inc., and HTC Corporation*

By: _____
   Simon J. Frankel
   sfrankel@cov.com
   COVINGTON & BURLING LLP
   1 Front St., 35th Floor
   San Francisco, CA 94111
   Telephone: (415) 591-6000
   Facsimile: (415) 591-6091

*Attorneys for Defendant Huawei Device USA, Inc.*

By: _____
   Wilson W. Lin
   WLin@park-law.com
   H.C. Park & Associates, PLC

STIPULATION OF SETTLEMENT AND RELEASE

35

Case No. C-12-md-2330-EMC

555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

*Attorneys for Defendant Carrier iQ, Inc.*

By: _____
Rosemarie T. Ring
Rose.Ring@mto.com
Jonathan H. Blavin
Jonathan.Blavin@mto.com
Bryan H. Heckenlively
Bryan.Heckenlively@mto.com
MUNGER, TOLLES & OLSON, LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Henry Weissmann
Henry.Weissmann@mto.com
MUNGER, TOLLES & OLSON, LLP
355 South Grand Avenue,
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants HTC America, Inc., and
HTC Corporation*

By: _____
Simon J. Frankel
sfrankel@cov.com
COVINGTON & BURLING LLP
1 Front St., 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Attorneys for Defendant Huawei Device USA, Inc.*

By: _____
Wilson W. Lin
WLin@park-law.com
H.C. Park & Associates, PLC

STIPULATION OF SETTLEMENT AND
RELEASE

35

Case No. C-12-md-2330-EMC

1894 Preston White Drive
Reston, VA 20191
Telephone: (703) 544-9230
Facsimile:  (703) 288-5139

*Attorneys for Defendant Pantech Wireless, Inc.*

By: *Lance A. Etcheverry*

Lance A. Etcheverry
lance.etcheverry@skadden.com
SKADDEN ARPS SLATE MEAGHER & FLOM
LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

S. Sheryl Leung
sheryl.leung@skadden.com
SKADDEN ARPS SLATE MEAGHER & FLOM
LLP
525 University Avenue, Suite 1400
Palo Alto, California  94301
Telephone: (650) 470-4544
Facsimile: (650) 798-6605

*Attorneys for Defendants Samsung Electronics
America, Inc. and Samsung Electronics Co., Ltd.*

By: _____

Jeff E. Scott
ScottJ@gtlaw.com
Lori Chang
ChangL@gtlaw.com
Rebekah Guyon
GuyonR@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Ian C. Ballon
Ballon@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone: 650-328-8500
Facsimile: 650-328-8508

STIPULATION OF SETTLEMENT AND
RELEASE

36

Case No. C-12-md-2330-EMC

1894 Preston White Drive
Reston, VA 20191
Telephone: (703) 544-9230
Facsimile:  (703) 288-5139

*Attorneys for Defendant Pantech Wireless, Inc.*

By: _____

Lance A. Etcheverry
lance.etcheverry@skadden.com
SKADDEN ARPS SLATE MEAGHER & FLOM
LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

S. Sheryl Leung
sheryl.leung@skadden.com
SKADDEN ARPS SLATE MEAGHER & FLOM
LLP
525 University Avenue, Suite 1400
Palo Alto, California  94301
Telephone: (650) 470-4544
Facsimile: (650) 798-6605

*Attorneys for Defendants Samsung Electronics*
*America, Inc. and Samsung Electronics Co., Ltd.*

By: _____

Jeff E. Scott
ScottJ@gtlaw.com
Lori Chang
ChangL@gtlaw.com
Rebekah Guyon
GuyonR@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Ian C. Ballon
Ballon@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone: 650-328-8500
Facsimile: 650-328-8508

STIPULATION OF SETTLEMENT AND
RELEASE

36

Case No. C-12-md-2330-EMC

1

2

*Attorneys for Defendants LG Electronics, Inc. and*
*LG Electronics MobileComm U.S.A., Inc.*

3          By: _____

Christopher J. Letkewicz

4          cletkewicz@winston.com

WINSTON & STRAWN LLP

5          35 W. Wacker Drive

Chicago, IL  60601-9703

6          Telephone: (312) 558-5600

Facsimile: (312) 558-5700

7

Krista M. Enns

8          kenns@winston.com

WINSTON & STRAWN LLP

9          101 California Street

San Francisco, CA 94111-5894

10         Telephone: (415) 591-1000

Facsimile: (415) 591-1400

11

*Attorneys for Defendant Motorola Mobility LLC*

867595.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    STIPULATION OF SETTLEMENT AND          37          Case No. C-12-md-2330-EMC
RELEASE

EXHIBIT A

Please return your completed claim form
postmarked by Deadline to:

Carrier IQ Privacy Settlement
P.O. Box XXXX
San Rafael, CA XXXXX

Or submit your claim online by
Deadline at www.carrieriQsettlement.com.

**Must Be Postmarked
No Later Than
Month XX, 2016**



CIQ

# Claim Form

If you were an Authorized User of a Covered Mobile Device equipped with Carrier iQ software between December 1, 2007 and Month DD, YYYY, you may be eligible to receive a cash payment. To submit a claim, please complete the requested information below. Please read the Notice available at www.carrieriQsettlement.com. You may also submit a claim online at www.carrieriQsettlement.com.

## Contact Information

First Name                                    M.I.    Last Name

Street Address

Continuation of Street Address

City                                                              State        Zip Code

Email Address

Area code      Telephone number (home)            Area code      Telephone number (work)

## Mobile Device Information

Wireless Provider (please fill in only one circle)
○ AT&T Mobility      ○ Cricket      ○ Sprint      or      ○ T-Mobile

Name of Wireless Account Holder

Device Manufacturer (please fill in only one circle)
○ HTC      ○ Huawei      ○ LG      ○ Motorola      ○ Pantech      or      ○ Samsung

Device Model

Mobile Phone Number of Device Claimed

The information I have included on this Claim Form is complete and correct to the best of my knowledge. I also acknowledge that I am releasing all claims asserted against Defendants relating to this Action, or any other purported occurrence relating to or arising from the presence or operation of Carrier iQ on any Covered Mobile Device during the Class Period, as defined in the Settlement Agreement.

Signature: _____     Dated: _____



| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ DOC ○ LC ○ REV | ○ RED ○ A ○ B |
|---|---|---|---|---|---|---|

1

# EXHIBIT B



**IN RE CARRIER IQ, INC., CONSUMER PRIVACY LITIGATION**

**SUGGESTED NOTICE PLAN**

| Print Publication | Imps / Circ |
|---|---|
| **Paid Newspapers** | |
| USA Today | |
| **Magazines** | |
| People | |
| **SUBTOTAL PRINT PUBLICATION** | |

## PAID ONLINE ADVERTISING

**Search Advertising**

Text link Search Ads on Google, Yahoo/Bing

Mgmt fee

**Google Display Network - Managed Placement to Youtube.com**

Banner ad units targeted through Google Display Network's managed placement on www.youtube.com. Gilardi will effort to use targeting related to mobile phone reviews and/or consumer privacy issues related to mobile phones

**Banner Advertising**

| | |
|---|---|
| Display - Mobile Targeting - Mobile Targeting reaching individuals across mobile web and app | 5,333,333 |
| National (English) - Run of Network Advertising with Data Overlay Targeting Adult Cell Phone Owners 18+ yrs old | 225,000,000 |
| National (Spanish) - Run of Network Advertising with Data Overlay Targeting Adult Cell Phone Owners 18+ yrs old | 12,000,000 |
| Facebook Exchange - Targeting individuals 18+ yrs old who show interest in mobile phones and/or consumer privacy | 16,000,000 |
| **Total Impressions** | 258,333,333 |
| **Frequency Cap - Unique IP Addr** | 2 |
| **Total Impressions - Unique IP Addr** | 129,166,667 |

**Twitter Promoted Tweet Campaign**

Promoted Tweets delivered over 30 to 60 day period, targeting by mobile phone interest and/or consumer privacy interest (estimated to deliver approx. 3 million impressions)

**SUBTOTAL ONLINE**

## SOCIAL MEDIA OUTREACH

**Facebook**

Develop and maintain case-specific Facebook Page with links to the case website.  Staff will respond to inquiries with approved language from the parties or the court approved notice.

**Twitter**

Identify accounts of influencers and potential class members.  Staff will draft and submit tweet language consistent with approved notice and scheduled daily dissemination with unique hashtag for tracking of tweet reach.

**SUBTOTAL OUTREACH**

## NEWSWIRE

1x Press Release through PR Newswire to USA-1 (US Nationwide PR Distribution List)