STEVE W. BERMAN (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

BRUCE L. SIMON (Bar No. 96241)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA  94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com

*Counsel for Select Plaintiffs and Interim Co-Lead Counsel for the Proposed Classes*

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | No. 12-md-2330-EMC<br><br>**DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS, AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>Date: February 16, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Edward M. Chen<br>Dept: Courtroom 5, 17th Floor |

867462.3

C-12-md-2330-EMC

WARSHAW DECL. ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

I, Daniel L. Warshaw, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner in the law firm Pearson, Simon & Warshaw, LLP ("PSW"), attorneys of record for Plaintiff Daniel Pipkin and interim Co-Lead Counsel for Plaintiffs and the proposed Class in this case. I make this declaration in support of the Motion for Preliminary Approval of Class Action Settlement, Provisional Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel. I have personal knowledge of the following matters and, if called to testify concerning them, I could and would do so competently.

2. Prior to filing this lawsuit, PSW conducted a thorough investigation into the facts of this case. We filed the *Pipkin* action on December 2, 2011. That same day, in light of the multiple cases that had been filed, and many more that were likely to follow, we also filed the first motion to transfer actions to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. On April 16, 2012, the Judicial Panel on Multidistrict Litigation granted our motion and transferred the cases to this Court.

3. On July 16, 2012, this Court appointed PSW as interim Co-Lead Counsel for the proposed Class. (Dkt. No. 100.) Since then, PSW has worked cooperatively with our Co-Lead Counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), to efficiently and effectively manage this litigation.

4. PSW has been actively involved in all aspects of this case in conjunction with Hagens Berman. With our co-counsel, PSW worked on the drafting of the consolidated and amended complaints that have been filed herein; drafted the opposition to the Defendants' motion to compel arbitration and stay the litigation; conducted the arbitration-related discovery permitted by the Court as well as third-party discovery; drafted motions to compel discovery and engaged in follow-up efforts; argued at the hearing on the motion to compel arbitration; opposed the Defendants' motion to stay the litigation pending appeal of the order denying the motion to compel arbitration; drafted the responsive brief to Defendants' opening appellate brief; opposed the Defendants' motion to dismiss; engaged in ADR-related discovery prior to private mediation; consulted with experts and conducted extensive factual and legal research and analysis; reviewed

and analyzed documents produced by Defendants and their discovery responses; and participated in five all-day mediation sessions and additional follow-up calls which ultimately led to the proposed settlement.

**The Terms of the Proposed Settlement Merit Preliminary Approval**

5. This proposed settlement provides an exceptional result for the Settlement Class in light of the many challenges Plaintiffs have faced and would continue to face going forward should this case proceed. The settlement of $9 million and the injunctive relief provided by Carrier iQ provides benefits to the Settlement Class that equal or surpass the result that could be achieved at trial, without risk or delay. The claims in this case were hotly contested, and there was a very real risk that a jury could find no liability or award no damages, or less in damages, had the case proceeded to trial.

6. Therefore, based on my experience and investigation into the facts of this case, I believe that the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court. The proposed settlement has also been endorsed by the members of the Executive Committee, as well as the Named Plaintiffs. The Named Plaintiffs have confirmed their approval of the proposed settlement to Co-Lead Counsel through their respective counsel.

**The Notice Plan is the Best Practicable Notice Under the Circumstances**

7. The parties' settlement provides for a comprehensive, multi-faceted notice plan which was created with the assistance of notice experts at Gilardi & Co. ("Gilardi"), the proposed Settlement Administrator, and which is designed to effect the best notice practicable under the circumstances. It includes a Long and Short Form Notice; print and intensive, targeted Internet advertising components; a dedicated settlement website; references to the settlement website on the websites of proposed Class Counsel; and a joint press release with Defendants. The proposed notice program was selected, and will be administered, in consultation with Class Counsel by Gilardi. Pursuant to paragraph 41 of the Settlement Agreement, information to be provided as part of the class notice shall include a list of devices manufactured by the Manufacturer Defendants, and sold in the United States during the Class Period, which the parties believe to have borne Carrier iQ Software installed by means of the pre-load or embedded method, *i.e.*, the preload agent

1 or embedded agent. This list will be inserted into the Long Form Notice prior to dissemination of notice.

2. 8. Despite efforts by Co-Lead Counsel to obtain the addresses of Settlement Class Members, those addresses have not been made available by the Wireless Carriers. Thus, addresses and/or email addresses of Settlement Class Members are not available for direct notice to Settlement Class Members. However, should any such addresses become available, such as through a request from a Settlement Class Member for a claim form or a copy of the notice, Gilardi will mail or email a copy of the notice to those Settlement Class Members.

**Relevant Class Action, MDL, and Complex Litigation Experience**

9. PSW has extensive experience in class action, multi-district, and complex litigation, has negotiated numerous other substantial settlements, and has the ability to litigate this case on a classwide basis if the parties had failed to reach a fair settlement. Attached hereto as Exhibit A is a true and correct copy of PSW's firm resume.

10. The attorneys at PSW have decades of experience handling complex consumer class actions, including cases that involve the types of claims asserted in this case. PSW has served as lead or co-lead counsel in numerous class actions, including: *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.), *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2330 (N.D. Cal.), *In re Credit Default Swaps Antitrust Litigation*, MDL No. 2476 (S.D.N.Y.), *In re Warner Music Group Corp. Digital Downloads Litigation*, No. CV 12-0559 (N.D. Cal.); *James v. UMG Recordings, Inc.*, No. CV 11-1613-SI (N.D. Cal.); *Sciortino, et al. v. PepsiCo, Inc.*, No. 14-cv-478 (N.D. Cal.); and *Senne v. Office of the Commissioner of Baseball et al.,* No. 3:14-cv-00608 (N.D. Cal.). *See generally* Exhibit A (PSW firm resume).

11. I played an integral role in *TFT-LCD*, where I negotiated the ESI protocol and managed a document review process that included nearly 8 million documents in multiple languages and 136 reviewers. The *TFT-LCD* case resulted in an approximate $473 million class recovery for direct purchaser plaintiffs.

12. Additionally, I have served as interim co-lead counsel in several complex consumer class actions, including *In re Warner Music Group Corp. Digital Downloads Litigation*, No. CV

12-0559-RS (N.D. Cal.) and *James v. UMG Recordings, Inc.*, No. CV 11-1613-SI (N.D. Cal.), cases involving allegations of underpaid royalties to recording artists and producers for digital downloads of their music; *Nasseri v. CytoSport, Inc.*, No. BC439181 (L.A. Super. Ct.), a national class action involving claims that CytoSport, Inc. failed to adequately disclose facts regarding some of its protein products in violation of Proposition 65 and state consumer statutes; and *Eashoo v. Iovate Health Sciences U.S.A., Inc*., No. 2:15-cv-01726-BRO-PJW (C.D. Cal.), a nationwide class action involving claims that Iovate misrepresented the amount of protein in its protein products in violation of state and federal laws.

13. I am currently serving as co-lead counsel in *Sciortino, et al. v. PepsiCo, Inc.*, No. C-14-0478 EMC (N.D. Cal.), which is also before this Court and involves allegations that Pepsi beverages violate Proposition 65.

14. My experience, in addition to that of the other attorneys at PSW, in leading these aforementioned complex class action lawsuits, makes PSW uniquely qualified to serve as Class Counsel in this case. As reflected in the attached firm resume, my partner and interim Co-Lead Counsel Bruce Simon has served as lead or co-lead counsel in many large and complex class action cases in this District and throughout the Country.

15. In addition to the experience of our Co-Lead Counsel, Hagens Berman, members of the Executive Committee also have extensive experience in class actions and commercial litigation.

**PSW Has the Resources, Ability, and Commitment to Prosecute This Case**

16. PSW has demonstrated its commitment to protecting class members in significant matters, including *TFT-LCD*, in which my firm undertook tremendous risk and expense in prosecuting a large antitrust class action over a period of more than five years. Under the co-leadership of my firm and Lieff, Cabraser, Heimann & Bernstein, LLP, we managed over 50 firms that had filed direct purchaser cases. As stated above, I personally helped manage discovery of nearly 8 million documents consisting of over 40 million pages, and oversaw as many as 136 document reviewers working concurrently. The direct purchaser class served 184 sets of discovery requests and three written depositions, responded to 75 sets of requests propounded by

1  defendants, and engaged in extensive discovery motion practice before a special master.  Class
2  Counsel took and defended more than 130 depositions: 50 in San Francisco, 40 elsewhere across
3  the country, and 41 outside of the United States.  In all, counsel for the direct purchaser plaintiffs
4  incurred in excess of $11 million in costs, and contributed well over 250,000 hours of work on the
5  case, including conducting a seven-week jury trial which resulted in a verdict for plaintiffs.

6      17.    We have also demonstrated such commitment in other noteworthy matters,
7  including *In re Credit Default Swaps Antitrust Litigation*, MDL No. 2476 (S.D.N.Y.) ("*CDS*"),
8  which alleged a conspiracy among the largest banks in the world to manipulate the credit default
9  swaps market.  Under the co-leadership of my firm and our co-counsel, over the course of more
10 than three years we helped manage the review of nearly 12 million documents, engaged in
11 multiple rounds of discovery requests, and took the depositions of key witnesses.  After months of
12 intensive settlement negotiations, the parties reached a landmark settlement amounting to $1.86
13 *billion*, making it one of the largest civil antitrust settlements in history.  On October 29, 2015, the
14 Honorable Denise L. Cote granted preliminary approval to the settlement, and final approval is
15 scheduled for April 15, 2016.

16     18.    Interim Co-Lead Counsel herein have committed extensive resources to this
17 litigation to date.  Interim Co-Lead Counsel have kept contemporaneous time records for their
18 firms, as well as for the Executive Committee members, as ordered by the Court. A recent review
19 of the time records for Interim Co-Lead Counsel confirmed that the 25% attorneys' fee request
20 that was negotiated for attorneys' fees, if approved, will result in a negative multiplier to counsel's
21 lodestar.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

19. Counsel for Plaintiffs have pursued this litigation vigorously, and we remain committed to advancing and protecting the common interests of all members of the proposed Settlement Class.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed January 22, 2016, in Sherman Oaks, California.

*/s/ Daniel L. Warshaw*
Daniel L. Warshaw