UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KENNY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CARRIER IQ, INC, et al.,<br><br>  Defendants. | Case No.  12-md-02330-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>Docket No. 403 |

Plaintiffs have moved for preliminary approval of a class action settlement. *See* Docket No. 403 (motion). Based on the papers submitted, the Court hereby orders supplemental briefing and/or evidence on the following. Supplemental information shall be filed within one week of the date of this order. The Court's strong preference is for a joint filing.

A.   Settlement Class Definition

The settlement class includes authorized users. The Court has some concern over whether the definition of authorized user may be too limiting – *i.e.*, that the person be authorized *by name* in the wireless provider account. The parties shall address whether authorized users are necessarily identified by name in the wireless provider accounts. For example, while that appears to be true for Mr. Laning and Mr. Sandstrom, it is not clear that that is the case for Mr. Phong.

B.   Notice to Settlement Class Members

The Court has some concern over the adequacy of the notice plan. The notice plan does not contemplate any individual notice. While the Warshaw declaration states that efforts were made by Plaintiffs' counsel to get addresses from the wireless providers (so that individual notice could be provided), it does not provide any specificity as to what exact efforts were made and/or why wireless providers refused. The parties shall provide supplemental briefing as to efforts made

to obtain addresses of the class members.

In addition, the parties shall address how effective some of the forms of notice are expected to be, given that, arguably, they would require a class member to be looking for the specific problem addressed by the lawsuit (*e.g.*, tracking software on cell phones) in order to get notice.

Finally, the parties shall address whether the cost of notice may legitimately be taken into account in assessing what the best notice practicable is. *See, e.g.*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974) (stating that "[t]here is nothing in Rule 23 to suggest that the notice requirements can be tailored to fit the pocketbooks of particular plaintiffs").

C. Opt-Outs

The parties have indicated that Defendants have the option of terminating the settlement if a certain number of opt-outs are submitted. *See, e.g.*, Sett. Agmt. ¶ 51. The parties shall submit for *in camera* review the Confidential Supplemental Agreement so that the Court may review the "opt-out threshold."

D. Scope of Release

The settlement agreement provides that class members shall release

> any and all past, present or future claims . . . that have been, may be, or could be asserted in the Action . . . . that are based upon, arise out of, or are related to or connected with, directly or indirectly, in whole or in part, the facts, activities, or circumstances alleged in the Third Consolidated Amended Complaint, any claims asserted against Defendants relating to this Action, *or any other purported occurrence relating to or arising from the presence or operation of Carrier iQ software on any Covered Mobile Device* (the "Released Claims") during the Class Period.

Sett. Agmt. ¶ 53 (emphasis added). The Court has some concern that the scope of the release may be overbroad, in particular based on the phrase italicized above. For example, arguably, a claim of product defect, independent of any privacy concerns, could arguably be encompassed by the release as phrased.

E. Maximum Estimated Value of Case

The parties do not appear to have provided any information as to "the potential recovery if

2

plaintiffs were to prevail on *each* of their claims."

http://cand.uscourts.gov/ClassActionSettlementGuidance (last visited January 25, 2016) (emphasis added). This information is crucial for the Court in order for it to evaluate whether the litigation risks make the ultimate settlement value fair, reasonable, and adequate. The parties shall therefore provide supplemental briefing as to the maximum estimated value of the case. This should include, *inter alia*, statutory and/or punitive damages where available.

F.   Strength of Plaintiffs' Case

Although the motion addresses the risk of continued litigation, *see, e.g.*, Mot. at 16-17, it does not squarely address the strength of Plaintiffs' case. Accordingly, the Court orders the parties to provide a more robust analysis as to the merits of Plaintiffs' claims.

G.   Risks of Litigation

The parties shall provide more specific information regarding CIQ's financial condition and its ability to satisfy a judgment and/or contribute funds to settle the case. The information should include the impact of the asset sale that CIQ made to AT&T. The information may be filed under seal, if necessary.

H.   Attorney's Fees, Costs, and/or Expenses

Plaintiffs shall provide additional information regarding attorney's fees, costs, and/or expenses. More specifically, (1) do Plaintiffs intend to seek the full 25%? (2) Do the requested fees take into account the injunctive relief obtained under the settlement and, if so, how was the injunctive relief valued? (3) What is the estimated lodestar, including the average hourly rate and the number of hours incurred? (4) Roughly speaking, how many hours were spent on the major tasks in this case (*e.g.*, the motion to compel arbitration, the motion to dismiss)? (5) What are the estimated costs and expenses?

I.   Settlement Administration Fees and Costs

Although the parties have provided some indication as to what the cost of notice shall be, it does not appears that the parties have otherwise provided information about settlement administration fees and costs. The parties shall provide specific information as to estimated settlement administration fees and costs, including but not limited to the cost of notice.

3

J.   Incentive Awards

The parties shall cite any authority indicating that a named plaintiff is entitled to a $5,000 incentive award where each class member will likely obtain minimal monetary damages.

K.   Timing

There are several components to the parties' proposed timeline that give the Court concern. (1) The class members should be given at least 21 days' notice of the fee motion rather than 14. *See* Sett. Agmt. ¶ 3. (2) The parties shall file their responses to any class member objection at least 14 days before the final approval hearing, not 7. *See* Mot. at 25. (3) The settlement administrator shall give the parties a final declaration regarding class member responses at least 17 days before the final approval hearing, not 10. *See* Sett. Agmt. ¶ 44. (4) The parties shall file their motion for final approval at least 35 days before the final approval hearing, not 14. *See* Sett. Agmt. ¶ 47. *But see* Prop. Order ¶ 19 (providing for 35 days of notice). (5) Any reply brief in support of the motion for final approval shall be filed at least 14 days prior to the hearing, not 7. *See* Prop. Order ¶ 19.

L.   Proposed Order Granting Preliminary Approval

Paragraph 6 of the proposed order reads: "The Court also finds that the Stipulation: . . . (b) is sufficient to warrant notice of the Settlement Agreement and the Final Approval Hearing to the Settlement Class." Prop. Order ¶ 6. This language is a little confusing. Do the parties mean to say that the stipulation provides for sufficient notice? *But see* Prop. Order ¶ 9 (discussing adequacy of notice).

M.   Proposed Class Notices, Etc.

1.   Short-Form Notice (Vasquez Decl., Ex. 4)

The Court has two concerns regarding the short-form notice.

(1) The notice gives no indication that the cash payment may be minimal given the size of the class. Such notice should be given on the first page, as part of the bolded statement at the top of the page.

(2) The notice does not make clear that an objector must still file a claim for payment or, otherwise, he/she will receive nothing if the settlement is approved.

4

### 2. Long-Form Notice (Vasquez Decl., Ex. 4)

The Court has several concerns regarding the long-form notice.

(1) The notice gives no indication that the cash payment may be minimal given the size of the class. Such notice should be given on the first page, as part of the bolded statement at the top of the page.

(2) The chart on page 1 of the notice is confusing. The basic options should be: (a) submit a claim, (b) exclude yourself, (c) object, and (d) do nothing. Within the "object" explanation, there should be a statement informing the objector that he/she must still file a claim for payment or, otherwise, he/she will receive nothing if the settlement is approved. There should further be a statement that the object may appear at the final approval hearing and ask to speak about the fairness of the settlement.

(3) Although the notice does refer a class member to a "Release of Claims" attached to the claim form, the notice should still describe the scope of the release.

(4) The placement of the section "THE LAWYERS REPRESENTING YOU" is odd, inserted between the section on opting out and the section on objecting.

(5) The section on objecting should include a statement that an objector must still file a claim for payment or, otherwise, he/she will receive nothing if the settlement is approved.

(6) The placement of the section "THE COURT'S FAIRNESS HEARING" is odd, inserted between the section on objecting and the section on doing nothing.

### 3. Miscellany

In addition to the short- and long-form notices, the parties have provided sample banner advertising, *see* Vasquez Decl., Ex. 5; sample promoted Tweets, *see* Vasquez Decl., Ex. 6; and a draft press release. *See* Vasquez Decl., Ex. 8. The Court has some concern over the proposed banner advertising, promoted Tweets, etc. More specifically, the proposals refer only to owners and not authorized users.

The Court also has some concern over the proposed press release. For example, it gives no indication that the cash payment may be minimal given the size of the class. Also, it does not describe, as one of the options, "do nothing," and the ramifications of doing nothing.

5

Furthermore, the option of objecting does not explain that an objector must still file a claim for payment or, otherwise, he/she will receive nothing if the settlement is approved. Finally, the press release basically just reads like a notice rather than the conventional press release. The parties shall address whether this may affect the likelihood of its being picked up by a newswire and getting published.

4. Claim Form (Lopez Decl., Ex. A)

The Court has two concerns with respect to the claim form. (1) The claim form does not appear to have as an attachment the "Release of Claims" referenced above. (2) The claim form simply refers to an authorized user, and not, *e.g.*, an owner or purchaser.

As stated above, supplemental briefing and/or evidence shall be filed within a week of the date of this order. A joint filing is preferred.

**IT IS SO ORDERED**.

Dated: January 26, 2016

_____
EDWARD M. CHEN
United States District Judge