# EXHIBIT – 1

## Short Form Notice

*In re Carrier IQ, Inc. Consumer Privacy Litigation*, Case No. 12-md-02330-EMC

**If you purchased, owned or were an authorized user of a mobile device manufactured by HTC, Huawei, LG, Motorola, Pantech, or Samsung, with service provided by AT&T, Cricket, Sprint, or T-Mobile from December 1, 2007 through [date of preliminary approval], you could get a payment from a class action settlement. No one knows how many claims will be submitted. Please note that if there is a high volume of claims this could result in small-value cash payments.**

## WHAT IS THIS LAWSUIT ABOUT?

This is a class action lawsuit concerning software developed by Carrier iQ and installed on millions of U.S. mobile devices. Plaintiffs have alleged that the software, in addition to gathering data about cellular service quality, intercepted and transmitted private communications, content, and data on these devices in violation of the Federal Wiretap Act, various state privacy and wiretap acts, various state consumer protection acts, the Magnuson-Moss Warranty Act, and the implied warranty of merchantability under various state laws.

Defendants are Carrier iQ, Inc.; HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd. Defendants deny the allegations and claims described above.

The parties have agreed to settle the lawsuit. The Court has preliminarily approved the settlement and directed the publication of this notice. Read on for a summary of the settlement and your rights in the litigation.

## WHO IS A SETTLEMENT CLASS MEMBER?

All persons in the United States who, from December 1, 2007 through [date of preliminary approval], purchased, owned, or were an Authorized User of any Covered Mobile Device. Authorized User means a person authorized by name for the Covered Mobile Device on the AT&T Mobility, Cricket, Sprint, or T-Mobile account for the Covered Mobile Device during the class period. Covered Mobile Devices include certain phones and tablets manufactured by HTC, Huawei, LG, Motorola, Pantech Wireless, or Samsung. For the detailed class definition, please see the full Notice available at www.carrieriqsettlement.com.

## WHAT ARE THE KEY SETTLEMENT TERMS?

<u>Cash Payments</u>: Defendants have agreed to create a $9 million Settlement Fund which will cover payments to Settlement Class Members who file a valid claim ("Eligible Class Members"). Subject to Court approval, the following amounts will be paid from the Settlement Fund: Service awards (up to $5,000 each) to each of the 17 Class Representatives and one former Named Plaintiff, attorneys' fees (up to $2.25 million), any actual expenses and out of pocket costs incurred by Class Counsel and the Court-appointed Executive Committee, settlement administration expenses and the cost of Notice to Settlement Class members (currently estimated at $_____), and taxes, if any. The remaining Net Settlement Fund will be available for cash payments to Eligible Class Members on a *pro rata* basis. If the pro-rated amount and high volume of eligible claims make it economically infeasible to distribute payments to class members, then, subject to Court approval, the Net Settlement Fund will be distributed equally to three *cy pres* recipients: the Electronic Frontier Foundation, the Center for Democracy and Technology, and CyLab Usable Privacy and Security Laboratory at Carnegie Mellon University. If this occurs, Eligible Class Members will not receive any monetary compensation.

<u>Injunctive Relief and Error Remediation</u>: As part of the parties' settlement, defendant Carrier iQ agreed to provide certain non-monetary relief, including enhanced privacy safeguards on handsets running its software and remediating a software bug that had created the potential for data collection during error conditions. Defendant Carrier iQ has since sold its assets to AT&T Mobility IP, LLC, but it warrants that it performed as agreed prior to selling the software at issue. For more detail, please see the Settlement Agreement available at www.carrieriqsettlement.com.

## WHO REPRESENTS THE SETTLEMENT CLASS?

The Court has appointed the law firms of Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw, LLP to represent the Settlement Class. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

## WHAT ARE YOUR OPTIONS?

**Receive a Cash Payment**. If you are a member of the Settlement Class, you may file a claim online (including by mobile device) or by U.S. Mail, email, or fax. You must submit a claim form to receive a cash payment. To file online, visit www.carrieriqsettlement.com. You can obtain a copy of the claim form by downloading it from the website, calling 1-XXX-XXX-XXXX, emailing info@carrieriqsettlement.com, or sending a request to *Carrier IQ Settlement Administrator*, c/o Gilardi & Co. LLC, P.O. Box XXXX, XXX XXXXXX, XX XXXXX. Completed claim forms may be mailed, e-mailed, or faxed to

*Carrier IQ Settlement Administrator*
c/o Gilardi & Co. LLC
P.O. Box XXXX
XXX XXXXXX, XX XXXXX
info@carrieriqsettlement.com
Fax: 1-415-XXX-XXXX

If you file your claim online, by fax, or by email, your completed claim must be received by [claims filing deadline]. If you file by mail, your completed claim must be postmarked by [claims filing deadline].

**Exclude Yourself**. If you do not want to remain a Settlement Class Member, you may exclude yourself from the lawsuit by following the instructions found in the full Notice at www.carrieriqsettlement.com. If you exclude yourself, you will not receive any settlement payment but you will retain your right to sue the Defendants for any claims you may have and will not be bound by any Court orders or judgments. Your exclusion request must be submitted by [exclusion deadline].

**File an Objection**. If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it. You may also ask to speak at the Final Approval Hearing. Please see the full Notice at www.carrieriqsettlement.com for detailed instructions on how to file an objection and file a Notice of Intent to Appear at the hearing. Your objection and Notice of Intent to Appear must be filed with the Court no later than [objection deadline]. Even if you file an objection, if you want to remain eligible to receive a payment from the settlement, you must also file a valid claim. If you don't file a claim, you will receive no cash payment if the settlement is approved.

## FINAL SETTLEMENT APPROVAL

The Court will have a Final Approval Hearing at __:__ .m. on [date of fairness hearing] [courthouse address and courtroom] to determine whether to approve the Settlement and Plaintiffs' application for fees, costs, and expenses, and the service awards to the Class Representatives and former Named Plaintiff. The hearing date may be changed by the Court without notice to the Settlement Class. Please check www.carrieriqsettlement.com for updates.

## HOW CAN YOU GET MORE INFORMATION?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.carrieriqsettlement.com. You may also review the settlement agreement and other court documents by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

For questions about the settlement or the claims process, you may contact the Settlement Administrator at 1-XXX-XXX-XXXX, info@carrieriqsettlement.com, or www.carrieriqsettlement.com.

# EXHIBIT – 2

## Long Form Notice

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*In re Carrier IQ, Inc. Consumer Privacy Litigation*, Case No. 12-md-02330-EMC

**If you purchased, owned or were an authorized user of a mobile device made by HTC, Huawei, LG, Motorola, Pantech, or Samsung, with service on AT&T, Cricket, Sprint, or T-Mobile, you could get a payment from a class action settlement. No one knows how many claims will be submitted. Please note that if there is a high volume of claims this could result in small-value cash payments.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement has been reached in a class action lawsuit concerning software deployed on certain mobile devices from December 1, 2007 through [date of preliminary approval].

- The settlement provides for a $9 million fund that will cover payments, on the conditions set forth in the Settlement Agreement, to Settlement Class Members (as defined below). To receive money from the settlement, you must file a valid and timely claim.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | The only way to get a payment per the conditions set forth in the Settlement Agreement. |
| **EXCLUDE YOURSELF BY [DATE]** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court about why you don't like the settlement. You may also appear at the Final Approval Hearing on [date of fairness hearing] and ask to speak about the fairness of the settlement. |
| | If you file an objection and you want to remain eligible to receive a payment from the settlement, you must also file a valid claim. If you don't file a claim, you will receive no cash payment if the settlement is approved. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

**WHAT THIS NOTICE CONTAINS**

BASIC INFORMATION .................................................................................................................................. 2
    1.  Why did I receive this notice? ............................................................................................................. 2
    2.  Why is this a class action? ................................................................................................................... 2
    3.  What is this lawsuit about? .................................................................................................................. 2
    4.  Why is there a settlement? .................................................................................................................. 2
WHO IS IN THE SETTLEMENT ................................................................................................................... 2
    5.  How do I know if I am part of the settlement? ................................................................................... 2
    6.  I'm still not sure if I am included. ...................................................................................................... 3
THE SETTLEMENT BENEFITS—WHAT YOU GET ................................................................................. 3
    7.  What does the settlement provide? ..................................................................................................... 3
THE LAWYERS REPRESENTING YOU ..................................................................................................... 4
    8.  Do I have a lawyer in this case? ......................................................................................................... 4
    9.  How will the lawyers be paid? ............................................................................................................ 4
HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM ......................................................... 4
    10.  How can I get a payment? ................................................................................................................. 4
    11.  When would I get my payment? ....................................................................................................... 4
    12.  What am I giving up to get a payment or stay in the Class? ............................................................ 4
EXCLUDING YOURSELF FROM THE SETTLEMENT ............................................................................. 4
    13.  How do I get out of the settlement? .................................................................................................. 5
    14.  If I don't exclude myself, can I sue Defendants for the same thing later? ...................................... 5
    15.  If I exclude myself, can I get money from this settlement? ............................................................ 5

**QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE, OR VISIT WWW.CARRIERIQSETTLEMENT.COM**

OBJECTING TO THE SETTLEMENT ............................................................................................... 5
    16. How do I tell the Court that I don't like the settlement? ............................................... 5
    17. What's the difference between objecting and excluding? ............................................. 5
IF YOU DO NOTHING ...................................................................................................................... 6
    18. What happens if I do nothing at all? .............................................................................. 6
THE COURT'S FAIRNESS HEARING ............................................................................................. 6
    19. When and where will the Court decide whether to approve the settlement? ................ 6
    20. Do I have to come to the hearing? ................................................................................. 6
    21. May I speak at the hearing? ........................................................................................... 6
GETTING MORE INFORMATION .................................................................................................. 6
    22. Are there more details about the settlement? How do I get more information? ........... 6

## BASIC INFORMATION

**1. Why did I receive this notice?**

If you purchased or were an authorized user of a mobile device made by HTC, Huawei, LG, Motorola, Pantech, or Samsung, with service provided by AT&T, Cricket, Sprint, or T-Mobile between December 1, 2007 and [date of preliminary approval], your rights may be affected by a proposed class action settlement. The Court has ordered this Notice because Settlement Class Members, as defined below, have a right to know about the settlement, and about their options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The case is known as *In re Carrier IQ, Inc. Consumer Privacy Litigation*, Case No. 12-md-02330 in the United States District Court for the Northern District of California. The judge overseeing this case is the Hon. Edward M. Chen. The people who sued are called Plaintiffs, and the companies they sued are called the Defendants.

**2. Why is this a class action?**

In a class action, one or more people, called Class Representatives or Named Plaintiffs (in this case, Patrick Kenny, Daniel Pipkin, Jennifer Patrick, Dao Phong, Ryan McKeen, Leron Levy, Luke Szulczewski, Michael Allan, Gary Cribbs, Shawn Grisham, Bobby Cline, Mark Laning, Clarissa Portales, Douglas White, Eric Thomas, Brian Sandstrom, and Colleen Fischer), sue on behalf of class of people who have similar claims. One court resolves the issues for all, members of the class, except for those who exclude themselves from the class.

**3. What is this lawsuit about?**

This lawsuit concerns software developed by Defendant Carrier iQ and deployed on millions of U.S. mobile devices. Plaintiffs allege that the software, in addition to gathering data about cellular service quality, intercepted private communications, content, and data on these devices. Plaintiffs allege that under certain circumstances, this private content has been, or could have been, transmitted off mobile devices without customers' knowledge to third parties, including at least one device manufacturer and the author of the Android operating system.  The lawsuit alleges violations of the Federal Wiretap Act, various state privacy and wiretap acts, various state consumer protection acts, the Magnuson-Moss Warranty Act, and the implied warranty of merchantability under various state laws. Defendants deny these allegations.

Defendants are Carrier iQ, Inc.; HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd.

**4. Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation either directly or on their behalf. The Class Representatives and their attorneys think the settlement is in the best interests of the Plaintiffs and the Settlement Class Members (as defined below).

## WHO IS IN THE SETTLEMENT

To see if you may claim money from this settlement, you first have to determine if you are a Settlement Class Member.

**5. How do I know if I am part of the settlement?**

The Settlement Class has been defined as "All persons in the United States who, during the Class Period, purchased, owned, or were an Authorized User of any Covered Mobile Device."  Any person within the Settlement Class is a Settlement Class Member.

- The Class Period is December 1, 2007 through [date of preliminary approval].

- An Authorized User is a person authorized by name on the Wireless Provider account for a Covered Mobile Device during the Class Period.

- A Covered Mobile Device is a telephone or tablet manufactured or marketed by any Manufacturer Defendant that was equipped with Carrier iQ software at the time of sale to end users of the Covered Mobile Device.

- Manufacturer Defendants are HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd.

- Wireless Provider means AT&T Mobility, Cricket, Sprint, or T-Mobile, as operator of, or in the case of Cricket, an entity providing services over, a wireless network in the United States.

Qualifying devices may include

[Insert "list of devices manufactured by the Manufacturer Defendants and sold in the United States during the Class Period which the Parties believe to have borne Carrier iQ Software installed by means of the pre-load or embedded method, i.e., the preload agent or embedded agent" as required by SA paragraph 41]

6. **I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information at www.carrieriqsettlement.com. You may also call the Settlement Administrator at 1-XXX-XXX-XXXX or send an email to info@carrieriqsettlement.com. In addition, you may contact Class Counsel at the address and phone number listed in Question 21.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

7. **What benefits does the settlement provide?**

   i. <u>Cash Payments</u>

Defendants have agreed to create a $9 million Gross Settlement Fund which will cover payments to Settlement Class Members who file a timely and valid claim ("Eligible Class Members"). Subject to Court approval, the following amounts will be paid from the Gross Settlement Fund: (a) Service awards (up to $5,000 each) for each of the 17 Class Representatives and a former Named Plaintiff for their efforts in bringing and prosecuting this matter; (b) attorneys' fees, up to 25% of the Gross Settlement Fund ($2.25 million), together with actual out of pocket costs and expenses of suit incurred by Class Counsel and members of the Court appointed Executive Committee; (c) the Settlement Administrator's fees and costs, including the costs of notice to the Settlement Class per the plan appended to the Settlement Agreement (currently estimated to be _____); and (d) taxes, if any. The remaining amount ("Net Settlement Fund") will be available for cash payments to Eligible Class Members on a *pro rata* basis.

   ii. Potential *Cy Pres* Distribution

***Please note***: No one knows how many Settlement Class Members will submit claims for cash payments. If the pro-rated amount and high volume of eligible claims make it economically infeasible to make the distribution, then, subject to Court approval, the Net Settlement Fund will be distributed equally to three *cy pres* recipients on behalf of the Settlement Class, each of which advocates on behalf of and/or performs research seeking to advance consumer electronic privacy: the Electronic Frontier Foundation, the Center for Democracy and Technology, and CyLab Usable Privacy and Security Laboratory at Carnegie Mellon University. If this occurs, Eligible Class Members will not directly receive any monetary compensation directly.

   iii. <u>Injunctive Relief</u>

In addition to the Gross Settlement fund, Defendant Carrier iQ agreed as part of the Settlement Agreement to provide certain non-monetary relief, including the capability for wireless carriers to designate, a port on a mobile device separate from the one used to send and receive SMS text messages for communicating instructions to the Carrier iQ software; privacy safeguards for URL metrics requested by Carrier iQ customers; and guidance to handset manufacturers on disabling logging functions that may be used during the debugging process before shipping devices for production. As part of the settlement, Carrier iQ represents and warrants that it implemented this relief prior to a sale of its assets to AT&T Mobility IP, LLC in 2015.

   iv. <u>Error Remediation</u>

Carrier iQ also has fixed a software bug that had created the potential for the collection of data during error conditions, and prior to the 2015 sale of its assets to AT&T Mobility, it created testing protocols to prevent similar bugs in future deployments.

**THE LAWYERS REPRESENTING YOU**

**8. Do I have a lawyer in this case?**

The Court has appointed the law firms of Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw, LLP to represent you and other Settlement Class Members. Together, the lawyers are called Class Counsel. You will not be charged separately for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**9. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees up to 25% of the Gross Settlement Fund ($2.25 million) and the actual out of pocket costs and expenses of litigation incurred by Class Counsel or the Court appointed Executive Committee not to exceed $_____. These amounts are all subject to Court approval and the Court may award less than these amounts. Defendants have agreed not to oppose these fees and expenses.

**HOW YOU APPLY FOR A PAYMENT—SUBMITTING A CLAIM FORM**

**10. How can I apply for a payment?**

To qualify for payment, you must submit a claim by [claim filing deadline]. You may file your claim online, via U.S. Mail, email, or fax.

*Online*:

- Go to www.carrieriqsettlement.com, either on your computer or with your mobile device, to file your claim online.
- If submitted online, your claim must be received no later than [claim filing deadline].

*By U.S. Mail, email, or fax*:

- Go to www.carrieriqsettlement.com to download a claim form, or request one by calling 1-XXX-XXX-XXXX, emailing info@carrieriqsettlement.com, or sending a request to *Carrier IQ Settlement Administrator*, c/o Gilardi & Co. LLC, P.O. Box XXXX, XXX XXXXXX, XX XXXXX.
- Submit your completed claim form by U.S. Mail, email, or fax to

*Carrier IQ Settlement Administrator*
c/o Gilardi & Co. LLC
P.O. Box XXXX
XXX XXXXXX, XX XXXXX
info@carrieriqsettlement.com
Fax: 1-415-XXX-XXXX

- If mailed, claim forms must be postmarked no later than [claim filing deadline]. If submitted by email or fax, claim forms must be received by [claim filing deadline].

Remember, you must submit your claim by [claim filing deadline] to be eligible for a payment.

**11. When would I get my payment?**

The Court will hold a hearing on [date of fairness hearing] to decide whether to approve the settlement. If Judge Chen approves the settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, likely more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement by way of information posted on the settlement website at www.carrieriqsettlement.com. Please be patient.

**12. What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you stay in the class, regardless of whether you file a claim for payment, you will release all legal claims you may have against Defendants as to the facts, activities, or circumstances alleged in this Action. In brief, these are the legal claims that relate to the Carrier iQ software's alleged interception and transmission of private data on certain mobile devices during the Class Period. These include legal claims under the Federal Wiretap Act, various state privacy and wiretap acts, various state consumer protection acts, the Magnuson-Moss Warranty Act, and the implied warranty of merchantability under various state laws. The "Release of Claims," include in the Claim Form, describes exactly the legal claims that you give up if you stay in the class. If you sign the claim form, you will agree to a "Release of Claims," attached to the claim form, which describes exactly the legal claims that you give up if you get settlement benefits, whether by direct cash payment or by way of contribution to the three *cy pres* recipients listed in Section 7.ii above.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you don't want a payment from this settlement, but you want keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself from the Settlement Class—sometimes referred to as opting out of the Settlement Class.

### 13. How do I get out of the settlement Class?

To exclude yourself from the Class settlement, you must send a letter by mail saying that you want to be excluded from the *In re Carrier IQ, Inc. Consumer Privacy Litigation* settlement. You must include your name, address, telephone number, email address, and your personal signature. You must mail your exclusion request postmarked no later than [opt-out deadline], to:

*Carrier IQ Settlement Exclusions*
*c/o Gilardi & Co. LLC*
*P.O. Box XXXX*
*XXX XXXXXX, XX XXXXX*

You can't exclude yourself on the phone or by email. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by the settlement in this lawsuit. You may be able to sue (or continue to sue) Defendants in the future.

### 14. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Defendants for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is [opt-out deadline].

### 15. If I exclude myself, can I submit a claim for money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 16. How do I tell the Court that I don't like the settlement?

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Court saying that you object to *In re Carrier IQ, Inc. Consumer Privacy Litigation*. You must state the basis for your objection and include any supporting papers. Be sure to include your name, address, telephone number, email address, and your signature.

To be considered, your objection must be sent to the Court by [objection deadline]. If you are represented by counsel, your objection must be filed through the court's Case Management/Electronic Case Filing (CM/ECF) system. Otherwise, mail your objection to the address below:

**Clerk of Court**
Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

*In-Person Alternative*: Instead of mailing your objection, you may file your objection with the court in person at any location of the United States District Court for the Northern District of California.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

The Court will consider objections at the Fairness Hearing described in Question 19. You may appear at the hearing and ask to speak about the fairness of the settlement by following the instructions in Question 20. If you want to remain eligible to receive a payment from the settlement, even if you file an objection, you must also file a claim form. If you don't file a valid claim, you will receive no cash payment if the settlement is approved.

### 17. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

**18. What happens if I do nothing at all?**

If you do nothing, you won't be able to claim money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any Defendants about the legal issues in this case, ever again.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at __:__ _.m. on _____, [date of fairness hearing], at the United States District Court for the Northern District of California, [courthouse address and courtroom]. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Chen will listen to people who have asked to speak at the hearing. However, if you wish to speak, you must file a "Notice of Intention to Appear" as explained in response to Question 20, below. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Chen may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you filed your written objection with the Court on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**21. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Carrier IQ, Inc. Consumer Privacy Litigation*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [Month DD, YYYY], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses below. You cannot speak at the hearing if you excluded yourself.

| Class Counsel | Defendants' Counsel | Clerk of Court |
|---|---|---|
| Daniel L. Warshaw<br>PEARSON SIMON & WARSHAW, LLP<br>15165 Ventura Boulevard<br>Suite 400<br>Sherman Oaks, CA  91403 | Tyler Newby<br>Fenwick & West LLP<br>555 California Street<br>12th Floor<br>San Francisco, CA 94104 | Office of the Clerk<br>United States District Court<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3489<br><br>*In-Person Alternative*: Instead of mailing your letter, you may file it in person at any location of the United States District Court for the Northern District of California. |

## GETTING MORE INFORMATION

**22. Are there more details about the settlement? How do I get more information?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.carrieriqsettlement.com. You may also review the settlement agreement and other court documents by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

For questions about the settlement or the claims process, you may contact the Settlement Administrator at 1-XXX-XXX-XXXX, info@carrieriqsettlement.com, www.carrieriqsettlement.com.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

# EXHIBIT – 3

## Banner Samples

**Sample Revised Banner**



**Revised Promoted Tweet**

**Revised Text Link Ad**

# EXHIBIT – 4

## Press Release

# Hagens Berman Sobol Shapiro LLP and Pearson Simon & Warshaw, LLP Announce Proposed Settlement of Carrier iQ Consumer Privacy Litigation

San Francisco, CA (Newswire) – The following statement is being issued by Hagens Berman Sobol Shapiro LLP and Pearson Simon & Warshaw, LLP regarding the Carrier iQ Consumer Privacy Litigation:

Attorneys representing owners or authorized users of certain mobile devices, today announced they have reached an agreement with defendants to settle the Carrier iQ Consumer Privacy Litigation. The settlement class consists of persons who owned or were an authorized user of a mobile device manufactured by HTC, Huawei, LG, Motorola, Pantech, or Samsung, with service provided by AT&T, Cricket, Sprint, or T-Mobile from December 1, 2007 through [date of preliminary approval].

The proposed settlement resolves allegations that Carrier iQ software, in addition to gathering data about cellular service quality, intercepted and transmitted private communications, content, and data on these devices in violation of the Federal Wiretap Act, various state privacy and wiretap acts, various state consumer protection acts, the Magnuson-Moss Warranty Act, and the implied warranty of merchantability under various state laws.

Defendants are Carrier iQ, Inc.; HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd. Defendants deny the allegations and claims described above.

Under the agreement, Defendants have agreed to create a $9 million Settlement Fund which will cover payments to Settlement Class Members who file a valid claim ("Eligible Class Members"). Subject to Court approval, the following amounts will be paid from the Settlement Fund: Service awards (up to $5,000 each) to each of the 17 Class Representatives and one former Named Plaintiff, attorneys' fees (up to $2.25 million), any actual expenses and out of pocket costs incurred by Class Counsel and the Court-appointed Executive Committee, settlement administration expenses and the cost of Notice to Settlement Class members.

The remaining Net Settlement Fund will be available for cash payments to Eligible Class Members on a *pro rata* basis. If the pro-rated amount and high volume of eligible claims make it economically infeasible to distribute payments to class members, then, subject to Court approval, the Net Settlement Fund will be distributed equally to three *cy pres* recipients: the Electronic Frontier Foundation, the Center for Democracy and Technology, and CyLab Usable Privacy and Security Laboratory at Carnegie Mellon University. If this occurs, Eligible Class Members will not receive any monetary compensation.

Carrier iQ has also agreed to provide certain non-monetary relief, including enhanced privacy safeguards on handsets running its software and remediating a software bug that had created the potential for data collection during error conditions. Defendant Carrier iQ has since sold its assets to AT&T Mobility IP, LLC, but it warrants that it performed as agreed prior to selling the software at issue. For more detail, please see the Settlement Agreement available at **www.carrieriqsettlement.com**.

**Class Members have the option to submit a claim form, exclude themselves from the lawsuit, file an objection, or do nothing. Further detail regarding these options can be found at the case website, www.carrieriqsettlement.com.**

This release summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at **www.carrieriqsettlement.com**. You may also review the

settlement agreement and other court documents by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**Class Members with questions about the settlement or the claims process may also contact the Settlement Administrator by phone at 1-XXX-XXX-XXXX, via email at info@carrieriqsettlement.com, or by visiting www.carrieriqsettlement.com.**

**Media Contact**
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue
Suite 3300
Seattle, WA 98101
206-623-7292

Bruce L. Simon
PEARSON SIMON &
WARSHAW, LLP
44 Montgomery Street
Suite 2450
San Francisco, CA  94104
415-433-9000

# EXHIBIT – 5

## Claim Form

Please return your completed claim form postmarked by **Deadline** to:

Carrier IQ Privacy Settlement
**P.O. Box XXXX**
**San Rafael, CA XXXXX**

Or submit your claim online by **Deadline** at www.carrieriqsettlement.com.

**Must Be Postmarked No Later Than Month XX, 2016**

CIQ

# Claim Form

If you purchased, owned or were an Authorized User of a Covered Mobile Device equipped with Carrier iQ software between December 1, 2007 and **Month DD, YYYY**, you may be eligible to receive a cash payment. To submit a claim, please complete the requested information below. Please read the Notice available at www.carrieriqsettlement.com. You may also submit a claim online at www.carrieriqsettlement.com.

**Contact Information**

First Name

M.I.

Last Name

Street Address

Continuation of Street Address

City

State

Zip Code

Email Address

Area code  Telephone number (home)

Area code  Telephone number (work)

**Mobile Device Information**

Wireless Provider (please fill in only one circle)
○ AT&T Mobility   ○ Cricket   ○ Sprint   or   ○ T-Mobile

Name of Wireless Account Holder

Device Manufacturer (please fill in only one circle)
○ HTC   ○ Huawei   ○ LG   ○ Motorola   ○ Pantech   or   ○ Samsung

Device Model

Mobile Phone Number of Device Claimed

The information I have included on this Claim Form is complete and correct to the best of my knowledge. I also acknowledge that I am releasing all claims as described on page 2 of this Claim Form.

Signature: _____   Dated: _____



FOR CLAIMS PROCESSING ONLY   OB   CB

○ DOC
○ LC
○ REV

○ RED
○ A
○ B

1

**Release of Claims\***

Upon the Effective Date, and in consideration of the benefits and other consideration set forth in the Stipulation of Settlement and Release, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged against each of the Released Parties and all persons acting through, under, or in concert with each such Released Party, all claims in the Action. Specifically, the Releasing Parties shall be deemed to have released any and all past, present or future claims, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability or damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that have been, may be, or could be asserted in the Action, any complaint filed in any of the Pre-Consolidated Actions, any subsequent amended complaint filed in this or any related case, or in any other action, court, arbitration, tribunal or administrative body, regardless of whether those claims are based on federal, state or local law, statute, ordinance, regulations, contract, common law, or any other source, that are based upon, arise out of, or are related to or connected with, directly or indirectly, in whole or in part, the facts, activities, or circumstances alleged in the Third Consolidated Amended Complaint, any claims asserted against Defendants relating to this Action, or the presence or use of Carrier iQ software on any Covered Device (the "Released Claims") during the class period in so far as any claim or potential claim based on the presence or use of Carrier iQ software on any Covered Device is in the nature of any of the claims that the Released Parties have alleged in this Action.

<u>Waiver of Known and Unknown Claims.</u> The general releases in the Agreement extend to claims the Releasing Parties do not know or suspect to exist in their favor, which, if known by them, would have materially affected their decisions to enter into this Agreement. The Parties, including the Releasing Parties, understand and acknowledge that they are familiar with California Civil Code section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Agreement shall have, expressly waived and relinquished any rights they may have under California Civil Code section 1542 or any other statute or common law principle with a similar effect as to all releases set forth in this Agreement. In connection with such waiver and relinquishment, the Releasing Parties acknowledge that they are aware that, after executing this Agreement, they or their legal counsel or agents may discover Released Claims or facts in addition to, or different from, those which they now know or believe to exist with respect to the subject matter of this Agreement or the Parties hereto, but that it is Plaintiffs' intention hereby to fully, finally, and forever settle and release all of the Released Claims, whether known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore may have existed against the Released Parties.

**\*All capitalized terms shall have the same meaning as in the Stipulation of Settlement and Release, available at www.carrieriqsettlement.com.**

