STEVE W. BERMAN (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

BRUCE L. SIMON (Bar No. 96241)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA  94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com

*Counsel for Select Plaintiffs and Interim Co-Lead Counsel for the Proposed Classes*

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE | No. 12-md-2330-EMC |
| CARRIER IQ, INC., CONSUMER PRIVACY LITIGATION | **[AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND PROVIDING FOR NOTICE TO SETTLEMENT CLASS MEMBERS** |
| | Date:     February 16, 2016<br>Time:     2:00 p.m.<br>Place:     Courtroom 5, 17th Floor<br>Judge:    Hon. Edward M. Chen |

1       WHEREAS, the above-entitled MDL action is pending before this Court (the

2   "Litigation");

3       WHEREAS, the Plaintiffs having moved, pursuant to Federal Rule of Civil Procedure

4   23(e), for an order approving the Settlement of this Litigation, in accordance with the Stipulation

5   of Settlement and Release ("Stipulation") attached as Exhibit A to the Declaration of Robert F.

6   Lopez in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional

7   Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel

8   filed on January 22, 2016, which, together with the exhibits annexed thereto, sets forth the terms

9   and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with

10  prejudice upon the terms and conditions set forth therein; the supplemental brief and supporting

11  declarations and exhibits filed jointly by the parties on February 2, 2016, in response to this

12  Court's Order re Supplemental Briefing and/or Evidence (Dkt. No. 408); and the Court having

13  read and considered the Stipulation and the exhibits annexed thereto, and having heard any

14  argument of counsel; and

15      WHEREAS, all defined terms herein have the same meanings as set forth in the

16  Stipulation;

17      NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:

18      1.      This Court has jurisdiction over the subject matter of the Litigation and over all

19  Parties to the Litigation, including all members of the Settlement Class.

20      2.      The Court does hereby preliminarily approve the Stipulation and the Settlement set

21  forth therein, subject to further consideration at the Final Approval Hearing described below.

22      3.      The Court finds on a preliminary basis that the Settlement as set forth in the

23  Stipulation falls within the range of reasonableness and therefore meets the requirements for

24  preliminary approval.

25      4.      The Court conditionally certifies, for settlement purposes only (and for no other

26  purpose and with no other effect upon the Litigation, including no effect upon the Litigation

27  should the Stipulation not receive final approval or should the Effective Date not occur), a class

28

1    defined as all persons in the United States who, from December 1, 2007 through

2    _____ [the date of this preliminary approval order] purchased,

3    owned, or were an Authorized User of any Covered Mobile Device. "Authorized User" means

4    person authorized by name on the Wireless Provider account for a Covered Mobile Device during

5    the Class Period.  "Authorized User" also means a person who, during the class period, purchased

6    or owned a Covered Mobile Device identified on the Wireless Provider account of another person

7    (such as the Wireless Provider account of a family member or spouse) by the telephone number

8    assigned to it.

9            5.      The Court finds, for settlement purposes only, that class certification under Fed. R.

10   Civ. P. 23(b)(2) and (b)(3) is appropriate in the settlement context because (1): the Defendants are

11   alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so

12   that the described injunctive and non-monetary relief is appropriate with respect to the Settlement

13   Class as a whole; and (2): (a) the Members of the Class are so numerous that joinder of all Class

14   Members in the class action is impracticable; (b) there are questions of law and fact common to

15   the Settlement Class which predominate over any individual questions; (c) the claims of the

16   Named Plaintiffs and proposed Class Representatives are typical of the claims of the Class; (d) the

17   Named Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately

18   represent and protect the interests of the Class Members; and (e) a class action is superior to other

19   available methods for the fair and efficient adjudication of the controversy.

20           6.      The Court finds that, subject to the Final Approval hearing, the Settlement

21   Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The

22   Court further finds that the Stipulation substantially fulfills the purposes and objectives of the

23   class action and provides beneficial relief to the Settlement Class.  The Court also finds that the

24   Stipulation: (a) is the result of serious, informed, non-collusive arms' length negotiations,

25   involving experienced counsel familiar with the legal and factual issues of this case and made with

26   the assistance and supervision of the Hon. James Larson (U.S.M.J. Ret.); (b) is within the range of

27   reasonableness such that  notice to the Settlement Class of the Settlement Agreement and the Final

28

1    Approval Hearing is warranted; (c) meets all applicable requirements of law, including Federal

2    Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and

3    (d) is not a finding or admission of liability by Defendants.

4          7.     The Court appoints Named Plaintiffs Patrick Kenny, Daniel Pipkin, Jennifer

5    Patrick, Dao Phong, Ryan McKeen, Leron Levy, Luke Szulczewski, Michael Allan, Gary Cribbs,

6    Shawn Grisham, Bobby Cline, Mark Laning, Clarissa Portales, Douglas White, Eric Thomas,

7    Brian Sandstrom, and Colleen Fischer as Class Representatives, and the law firms of Hagens

8    Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw, LLP as Class Counsel.

9          8.     A hearing (the "Final Approval Hearing") shall be held before this Court on

10   _____, 2016, at ____ _.m., at the United States District Court for the Northern District

11   of California, 450 Golden Gate Avenue, Courtroom 5 – 17th Floor, San Francisco, California

12   94102, to determine whether the proposed settlement of the Litigation on the terms and conditions

13   provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should

14   be finally approved by the Court; whether a Judgment as provided in the Stipulation should be

15   entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class

16   Counsel and any awards to the Named Plaintiffs (and one former Named Plaintiff) for their

17   representation of, or service on behalf of, the Settlement Class.

18         9.     As set forth in the Declaration of Alan Vasquez Regarding Dissemination of

19   Notice, the Court finds that the forms of notice to the Class Members regarding the pendency of

20   this class action (including the Short Form Notice and Long Form Notice, attached as Exhibits A

21   and B, respectively), and the methods of dissemination to the Class Members in accordance with

22   the terms of this Order ("Notice Program"), constitute valid, due, and sufficient notice to the Class

23   Members pursuant to Federal Rule of Civil Procedure 23, the United States Constitution, and any

24   other applicable law.  The Court further finds that the Notice Program constitutes the best notice

25   practicable under the circumstances given the size of the Settlement Class, the lack of addresses

26   for direct notice, and the inability of Plaintiffs to obtain such addresses from the Wireless

27   Providers for Settlement Class Members; and shall constitute due and sufficient notice to all

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING CLASS
REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND PROVIDING
FOR CLASS NOTICE TO SETTLEMENT CLASS MEMBERS

1    persons entitled thereto.  The Court also approves the Claim Form (attached as Exhibit C).  The

2    Parties may, by agreement, revise the notices or claim form in ways that are not material, or in

3    ways that are appropriate to update those documents for purposes of accuracy or formatting.

4          10.     The Court appoints Gilardi & Co. LLC ("Settlement Administrator") to supervise

5    and administer the notice procedure as well as the processing of claims as more fully set forth

6    below:

7          (a)     No later than thirty-five (35) days from the entry of this order ("Class

8    Notice Date"), or as soon as reasonably practicable thereafter, the Settlement Administrator shall

9    cause:

10       •    Direct notice via email or USPS mail to all class members for whom an address

11             is provided;

12       •    A 1/6 page print publication insertion in the National edition of *USA Today*

13             newspaper on two occasions;

14       •    A 1/2 page print publication insertion in *People* magazine;

15       •    Text Link search advertising on Google.com;

16       •    Banner advertising targeting U.S. adult cell phone owners through Xaxis RON

17             advertising;

18       •    Banner advertising through the Facebook Exchange platform;

19       •    Banner advertising through managed placements to Youtube.com;

20       •    A promoted Tweet campaign on Twitter.com targeting likely cell phone users;

21       •    Social media outreach through Twitter and Facebook; and

22       •    A national press release jointly prepared by the parties.

23          (b)     Effective on the Class Notice Date, the Settlement Administrator shall post

24    on the Settlement website the Stipulation, the Short and Long Form Class Notices, the Claim

25    Form, and the pleadings filed by Class Counsel related to this motion.  The website shall

26    otherwise conform to the terms of the Stipulation;

27          (c)     The Settlement website shall be developed, hosted, and maintained by the

28

5                                  3:12-md-2330-ECM

1    Settlement Administrator and shall include the ability to submit Claim Forms electronically; and

2             (d)    No later than seventeen (17) days prior to the Final Approval Hearing, the

3    Settlement Administrator shall prepare a declaration verifying that it fulfilled its obligations as set

4    forth herein and in the Stipulation.  Class Counsel shall file and serve the declaration.

5         11.    The Court finds that the Defendants have complied with the requirements of

6    CAFA, and caused notice of the proposed Settlement to be served upon the appropriate

7    government officials within ten (10) days after the Stipulation was filed with the Court.

8         12.    All fees, costs, and expenses incurred by the Settlement Administrator in

9    identifying and notifying members of the Settlement Class, and the processing of claims, shall be

10   paid from the Gross Settlement Fund per the terms of the Stipulation.

11        13.    All members of the Class who do not exclude themselves from the Settlement Class

12   by properly and timely submitting an exclusion form shall be bound by all determinations and

13   judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the

14   Settlement Class.

15        14.    Class Members who wish to apply for a Settlement payment shall complete and

16   return their Claim Form no later than sixty-six (66) days after the Class Notice Date and in

17   accordance with the instructions contained therein.  Any Class Member who does not timely and

18   validly submit a Claim Form within the time provided shall be barred from receiving a Settlement

19   payment, unless otherwise ordered by the Court, but shall nevertheless be bound by any Judgment

20   entered by the Court.

21        15.    Any member of the Class who does not exclude himself or herself from the

22   Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually

23   or through counsel of his or her own choice.  If he or she does not enter an appearance, he or she

24   will be represented by Class Counsel.

25        16.    Any Class Member may, upon request, be excluded from the Class.  Any such

26   Class Member must mail a request for exclusion postmarked no later than sixty-six (66) days after

27   the Class Notice Date to the Settlement Administrator:  *Carrier IQ Settlement Exclusions,* c/o

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING CLASS
REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND PROVIDING
FOR CLASS NOTICE TO SETTLEMENT CLASS MEMBERS

Gilardi & Co. LLC, PO Box 30201, College Station, TX 77842-3201.  The request for exclusion must include the Class Member's name, address, telephone number, email address, and an original signature.  All Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not receive a settlement payment, and shall not be bound by the Stipulation or any Judgment.

17.     Any member of the Settlement Class who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, why a Judgment should not be entered thereon, why attorneys' fees, costs and expenses should not be awarded to Class Counsel, or why an award should not be made to the Named Plaintiffs (and one former Named Plaintiff) for their representation of, and service to, the Settlement Class; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or any attorneys' fees, costs and expenses to be awarded to Class Counsel or award made to the Named Plaintiffs (and one former Named Plaintiff), unless a written objection is filed with the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102-3489, no later than sixty-six (66) days after the Class Notice Date.  If a Settlement Class Member is represented by his or her own counsel, then any objection must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.  The objection must set forth the basis of the objection and include any supporting papers.  Any member of the Settlement Class who does not make his or her objection in the manner described in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as incorporated in the Stipulation, and to the award of attorneys' fees, costs and expenses to Class Counsel and the payment of an award to the Named Plaintiffs (and one former Named Plaintiff) for their representation of, and service to, the Settlement Class, unless otherwise ordered by the

1  Court.

2  18.  Class Counsel's application for attorneys' fees, costs and expenses shall be filed

3  and served no later than forty-five (45) days after the Class Notice Date.  The application for

4  attorneys' fees, costs and expenses and for incentive awards to the Named Plaintiffs (and one

5  former Named Plaintiff) submitted by Class Counsel will be considered separately from the

6  fairness, reasonableness, and adequacy of the settlement.

7  19.  The motion in support of final approval of the settlement shall be filed and served

8  no later than thirty five (35) calendar days prior to the Final Approval Hearing and any reply

9  papers shall be filed and served no later than fourteen (14) calendar days prior to the Final

10  Approval Hearing.

11  20.  The Court adopts the following schedule in order to effectuate the final approval of

12  the Stipulation:

13  (a)  The Notice Program shall commence no later than thirty-five (35) days after

14  the entry of this Order ("Class Notice Date");

15  (b)  Class Counsel's application for attorneys' fees, costs, and expenses shall be

16  filed on or before _____, 2016, forty-five (45) days after the Class Notice Date;

17  (c)  Class Members shall have until _____, 2016, sixty-six (66) days

18  after the Class Notice Date, to file claims, opt-out, or exclude themselves, to object to the

19  Stipulation of Settlement and Release ("Stipulation"), or to respond to Class Counsel's application

20  for attorneys' fees, costs,  and expenses;

21  (d)  Plaintiffs shall file their Motion for Final Approval on or before

22  _____, 2016, thirty-five (35) days before the Final Approval Hearing;

23  (e)  Plaintiff shall reply to any objection to the Stipulation and/or Class

24  Counsel's application for attorneys' fees, costs, and expenses on or before _____, 2016,

25  fourteen (14) days before the Final Approval Hearing; and

26  (f)  The Final Approval Hearing shall be held on _____, 2016 [no

27  earlier than 145 days from the date of the order granting preliminary approval].

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING CLASS
REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND PROVIDING
FOR CLASS NOTICE TO SETTLEMENT CLASS MEMBERS

21.     At or after the Final Approval Hearing, the Court shall determine whether any application for attorneys' fees, costs and expenses, and any award to the Named Plaintiffs (and one former Named Plaintiff) for their representation of, and service to, the Class, should be approved.

22.     Neither this order, the fact that a settlement was reached and filed, the Stipulation, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants.  This order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation.  In no event shall this order, the fact that a settlement was reached, the Stipulation, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Litigation, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the settling Parties and only the settling Parties in a proceeding to enforce the Stipulation.

23.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

24.     All discovery and proceedings in this Litigation are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

25.     Pending final determination of whether the Settlement should be approved, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, shall not maintain, commence, prosecute, or pursue directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Stipulation, including in any court or arbitration

1   forum.

2       26.     If the Stipulation is terminated by Defendants as provided in Paragraphs 50 and 51

3   of the Stipulation, then this order may not be introduced as evidence or referred to in any actions

4   or proceedings by any person or entity and shall be treated as vacated *nunc pro tunc*, and each

5   Party shall be restored to his, her, or its respective position in this Litigation as it existed prior to

6   the execution of the Stipulation.

7       27.     By entering this order, the Court does not make any determination as to the merits

8   of this case.

9       28.     The Court retains jurisdiction over the Litigation to consider all further matters

10  arising out of or connected with the Stipulation and the settlement described therein.

11          IT IS SO ORDERED.

12

13

14  DATED: _____          _____

15                                 HONORABLE EDWARD M. CHEN
                                   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING CLASS
REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND PROVIDING
FOR CLASS NOTICE TO SETTLEMENT CLASS MEMBERS