UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KENNY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CARRIER IQ, INC, et al.,<br><br>        Defendants. | Case No. 12-md-02330-EMC<br><br>**ORDER GRANTING IN PART AND DENIN IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL; AND STRIKING SUPPLEMENTAL LOPEZ DECLARATION**<br><br>Docket No. 410 |

Plaintiffs have moved to file under seal three documents. Defendants have not opposed the motion.

Consistent with its prior order, the Court **GRANTS** the request to file under seal the Mobley declaration (which discusses the financial condition of CarrierIQ) and the Confidential Supplemental Agreement (regarding the opt-out threshold). *See* Docket No. 408 (order requiring supplemental briefing). However, the Court **DENIES** the request to file under seal the supplemental Lopez declaration. The supplemental Lopez declaration was filed in response to the Court's request for a more robust analysis regarding the merits of Plaintiffs' claims. Plaintiffs have asserted that the declaration should be filed under seal because it contains work product, including but not limited to attorney mental impressions, and because it contains Plaintiffs' confidential settlement considerations. *See* Mot. at 1-2. While the Court is not unsympathetic to Plaintiffs' concerns, a publicly filed response to the Court's request for supplemental briefing on the merits of Plaintiffs' claims is warranted. This is a multi-district litigation that has engendered a significant amount of public interest, given the privacy issues involved and the cell phone industry that has been implicated. The public has an interest in understanding Plaintiffs' views of

the merits of their claims, perhaps not at a minute level of detail, but certainly with more detail than that provided in the original briefing.

Accordingly, the Court shall strike the supplemental Lopez declaration, which is consistent with Plaintiffs' statement that they would withdraw the declaration if the Court were to deny the request to file under seal. *See* Docket No. 411 (Supp. Br. at 6) (stating that, "[a]s Plaintiffs have advised Defendants, in the event the Court denies Plaintiffs' request to file [the supplemental Lopez] declaration under seal, Plaintiffs will withdraw it and promptly submit a supplemental response to this section of the Court's order."). Within a week of the date of this order, Plaintiffs shall publicly file an analysis of the merits of their claims. *Cf.* Civ. L.R. 79-5(f)(2) (providing that "the document sought to be sealed will not be considered by the Court unless the Submitting Party files an unredacted version of the document within 7 days after the motion is denied").

For the foregoing reasons, the Court grants in part and denies in part the motion to file under seal. The Court also **STRIKES** the supplemental Lopez declaration, located at Docket No. 410-6, and orders Plaintiffs to publicly file a supplemental response regarding the merits of Plaintiffs' claims.

This order disposes of Docket No. 410.

**IT IS SO ORDERED**.

Dated: February 16, 2016

_____
EDWARD M. CHEN
United States District Judge