1  STEVE W. BERMAN (*pro hac vice*)
   **HAGENS BERMAN SOBOL SHAPIRO LLP**
2  1918 Eighth Avenue, Suite 3300
   Seattle, WA 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  steve@hbsslaw.com

5  BRUCE L. SIMON (Bar No. 96241)
   **PEARSON, SIMON & WARSHAW, LLP**
6  44 Montgomery Street, Suite 2450
   San Francisco, CA 94104
7  Telephone: (415) 433-9000
   Facsimile: (415) 433-9008
8  bsimon@pswlaw.com

9  *Counsel for Select Plaintiffs and Interim Co-Lead*
   *Counsel for the Proposed Classes*
10
   *[Additional Counsel Listed on*
11  *Signature Page]*

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16  IN RE                            No. 12-md-2330-EMC

17  CARRIER IQ, INC.,                **[SECOND AMENDED PROPOSED]**
    CONSUMER PRIVACY LITIGATION      **ORDER PRELIMINARILY APPROVING**
18                                   **SETTLEMENT; APPOINTING CLASS**
                                     **REPRESENTATIVES AND CLASS**
19                                   **COUNSEL; APPOINTING CLAIMS**
                                     **ADMINISTRATOR; AND PROVIDING**
20                                   **FOR NOTICE TO SETTLEMENT CLASS**
                                     **MEMBERS**
21
                                     Date:   February 16, 2016
22                                   Time:   2:00 p.m.
                                     Place:  Courtroom 5, 17th Floor
23                                   Judge:  Hon. Edward M. Chen

24

25

26

27

28

868291.2

[SECOND AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING
CLASS REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND
PROVIDING FOR NOTICE TO SETTLEMENT CLASS MEMBERS

1    WHEREAS, the above-entitled MDL action is pending before this Court (the

2  "Litigation");

3    WHEREAS, the Plaintiffs having moved, pursuant to Federal Rule of Civil Procedure

4  23(e), for an order approving the Settlement of this Litigation, in accordance with the Stipulation

5  of Settlement and Release attached as Exhibit A to the Declaration of Robert F. Lopez in Support

6  of Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of

7  Settlement Class, and Appointment of Class Representatives and Class Counsel filed on January

8  22, 2016 (Dkt. Nos. 404 and 404-1) and with the Amended Stipulation of Settlement and Release

9  filed on February 29, 2016 ("Stipulation") (Dkt. No. __), which Stipulation, together with the

10  exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the

11  Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set

12  forth therein; the supplemental brief and supporting declarations and exhibits filed jointly by the

13  parties on February 2, 2016, in response to this Court's Order re Supplemental Briefing and/or

14  Evidence (Dkt. No. 408), together with Plaintiffs' Memorandum in Response to Court's Order of

15  February 16, 2016 (Dkt. No. 416); and the Court having read and considered the Stipulation and

16  the exhibits annexed thereto, and having heard the argument of counsel on February 16, 2016; and

17    WHEREAS, all defined terms herein have the same meanings as set forth in the

18  Stipulation;

19    NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:

20    1.    This Court has jurisdiction over the subject matter of the Litigation and over all

21  Parties to the Litigation, including all members of the Settlement Class.

22    2.    The Court does hereby preliminarily approve the Stipulation and the Settlement set

23  forth therein, subject to further consideration at the Final Approval Hearing described below.

24    3.    The Court finds on a preliminary basis that the Settlement as set forth in the

25  Stipulation falls within the range of reasonableness and therefore meets the requirements for

26  preliminary approval.

27    4.    The Court conditionally certifies, for settlement purposes only (and for no other

28

868291.2

2

[SECOND AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING
CLASS REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND
PROVIDING FOR NOTICE TO SETTLEMENT CLASS MEMBERS

1  purpose and with no other effect upon the Litigation, including no effect upon the Litigation

2  should the Stipulation not receive final approval or should the Effective Date not occur), a class

3  defined as all persons in the United States who, from December 1, 2007 through _____ __,

4  2016 [the date of this preliminary approval order] who purchased, owned, or were an Authorized

5  User of any Covered Mobile Device. "Authorized User" means person authorized by name on the

6  Wireless Provider account for a Covered Mobile Device during the Class Period.  "Authorized

7  User" also means a person who, during the class period, purchased or owned a Covered Mobile

8  Device identified on the Wireless Provider account of another person (such as the Wireless

9  Provider account of a family member or spouse) by the telephone number assigned to it.

10      5.      The Court finds, for settlement purposes only, that class certification under Fed. R.

11  Civ. P. 23 (b)(2) and (b)(3) is appropriate in the settlement context because (1): the Defendants are

12  alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so

13  that the described injunctive and non-monetary relief is appropriate with respect to the Settlement

14  Class as a whole; and (2): (a) the Members of the Class are so numerous that joinder of all Class

15  Members in the class action is impracticable; (b) there are questions of law and fact common to

16  the Settlement Class which predominate over any individual questions; (c) the claims of the

17  Named Plaintiffs and proposed Class Representatives are typical of the claims of the Class; (d) the

18  Named Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately

19  represent and protect the interests of the Class Members; and (e) a class action is superior to other

20  available methods for the fair and efficient adjudication of the controversy.

21      6.      The Court finds that, subject to the Final Approval hearing, the Settlement

22  Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The

23  Court further finds that the Stipulation substantially fulfills the purposes and objectives of the

24  class action and provides beneficial relief to the Settlement Class.  The Court also finds that the

25  Stipulation: (a) is the result of serious, informed, non-collusive arms' length negotiations,

26  involving experienced counsel familiar with the legal and factual issues of this case and made with

27  the assistance and supervision of the Hon. James Larson (U.S.M.J. Ret.); (b) is within the range of

28

3

1    reasonableness such that notice to the Settlement Class of the Settlement Agreement and the Final

2    Approval Hearing is warranted; (c) meets all applicable requirements of law, including Federal

3    Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and

4    (d) is not a finding or admission of liability by Defendants.

5          7.      The Court appoints Named Plaintiffs Patrick Kenny, Daniel Pipkin, Jennifer

6    Patrick, Dao Phong, Ryan McKeen, Leron Levy, Luke Szulczewski, Michael Allan, Gary Cribbs,

7    Shawn Grisham, Bobby Cline, Mark Laning, Clarissa Portales, Douglas White, Eric Thomas,

8    Brian Sandstrom, and Colleen Fischer as Class Representatives, and the law firms of Hagens

9    Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw, LLP as Class Counsel.

10         8.      A hearing (the "Final Approval Hearing") shall be held before this Court on July

11   28, 2016, at 1:30 p.m., at the United States District Court for the Northern District of California,

12   450 Golden Gate Avenue, Courtroom 5 – 17th Floor, San Francisco, California 94102, to

13   determine whether the proposed settlement of the Litigation on the terms and conditions provided

14   for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be finally

15   approved by the Court; whether a Judgment as provided in the Stipulation should be entered; and

16   to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and

17   any awards to the Named Plaintiffs (and one former Named Plaintiff) for their representation of, or

18   service on behalf of, the Settlement Class.

19         9.      As set forth in the Declaration of Alan Vasquez Regarding Dissemination of Notice

20   and the Declaration of Alan Vasquez in Response to Order Re Supplemental Briefing and/or

21   Evidence (Dkt. Nos. 407 and 411-3), the Court finds that the forms of notice to the Class Members

22   regarding the pendency of this class action (including the Short Form Notice and Long Form

23   Notice, attached as Exhibits A and B, respectively), and the methods of dissemination to the Class

24   Members in accordance with the terms of this Order ("Notice Program"), constitute valid, due, and

25   sufficient notice to the Class Members pursuant to Federal Rule of Civil Procedure 23, the United

26   States Constitution, and any other applicable law.  The Court further finds that the Notice Program

27   constitutes the best notice practicable under the circumstances given the size of the Settlement

28

868291.2

4

[SECOND AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING
CLASS REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND
PROVIDING FOR NOTICE TO SETTLEMENT CLASS MEMBERS

1   Class, the lack of addresses for direct notice, and the inability of Plaintiffs to obtain such addresses

2   from the Wireless Providers for Settlement Class Members; and shall constitute due and sufficient

3   notice to all persons entitled thereto.  The Court also approves the Claim Form (attached as

4   Exhibit C).  The Parties may, by agreement, revise the notices or claim form in ways that are not

5   material, or in ways that are appropriate to update those documents for purposes of accuracy or

6   formatting.

7       10.   The Court appoints Gilardi & Co. LLC ("Settlement Administrator") to supervise

8   and administer the notice procedure as well as the processing of claims as set forth in the

9   Stipulation and as summarized below:

10      (a)   No later than thirty-five (35) days from the entry of this order ("Class

11   Notice Date"), or as soon as reasonably practicable thereafter, the Settlement Administrator shall

12   cause:

13   - Direct notice via email or USPS mail to all class members for whom an address

14      is provided;

15   - A 1/6 page print publication insertion in the National edition of *USA Today*

16      newspaper on two occasions;

17   - A 1/2 page print publication insertion in *People* magazine;

18   - Text Link search advertising on Google.com;

19   - Banner advertising targeting U.S. adult cell phone owners through Xaxis RON

20      advertising;

21   - Banner advertising through the Facebook Exchange platform;

22   - Banner advertising through managed placements to YouTube.com;

23   - A promoted Tweet campaign on Twitter.com targeting likely cell phone users;

24   - Social media outreach through Twitter and Facebook; and

25   - A national press release jointly prepared by the parties.

26      (b)   Effective on the Class Notice Date, the Settlement Administrator shall post

27   on the Settlement website the Stipulation, the Short and Long Form Class Notices, the Claim

28

[SECOND AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING
CLASS REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND
PROVIDING FOR NOTICE TO SETTLEMENT CLASS MEMBERS

1    Form, and the pleadings filed by Class Counsel related to this motion.  The website shall

2    otherwise conform to the terms of the Stipulation;

3            (c)      The Settlement website shall be developed, hosted, and maintained by the

4    Settlement Administrator and shall include the ability to submit Claim Forms electronically; and

5            (d)      No later than seventeen (17) days prior to the Final Approval Hearing, the

6    Settlement Administrator shall prepare a declaration verifying that it fulfilled its obligations as set

7    forth herein and in the Stipulation.  Class Counsel shall file and serve the declaration.

8        11.      The Court finds that the Defendants have complied with the requirements of

9    CAFA, and caused notice of the proposed Settlement to be served upon the appropriate

10   government officials within ten (10) days after the Stipulation was filed with the Court.

11       12.      All fees, costs, and expenses incurred by the Settlement Administrator in

12   identifying and notifying members of the Settlement Class, and the processing of claims, shall be

13   paid from the Gross Settlement Fund per the terms of the Stipulation.

14       13.      All members of the Class who do not exclude themselves from the Settlement Class

15   by properly and timely submitting an exclusion form shall be bound by all determinations and

16   judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the

17   Settlement Class.

18       14.      Class Members who wish to apply for a Settlement payment shall complete and

19   return their Claim Form no later than sixty (60) days after the Class Notice Date and in accordance

20   with the instructions contained therein.  Any Class Member who does not timely and validly

21   submit a Claim Form within the time provided shall be barred from receiving a Settlement

22   payment, unless otherwise ordered by the Court, but shall nevertheless be bound by any Judgment

23   entered by the Court.

24       15.      Any member of the Class who does not exclude himself or herself from the

25   Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually

26   or through counsel of his or her own choice.  If he or she does not enter an appearance, he or she

27   will be represented by Class Counsel.

28

868291.2

[SECOND AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING
CLASS REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND
PROVIDING FOR NOTICE TO SETTLEMENT CLASS MEMBERS

16.     Any Class Member may, upon request, be excluded from the Class.  Any such Class Member must mail a request for exclusion postmarked no later than sixty (60) days after the Class Notice Date to the Settlement Administrator:  *Carrier IQ Settlement Exclusions,* c/o Gilardi & Co. LLC, PO Box 30201, College Station, TX 77842-3201.  The request for exclusion must include the Class Member's name, address, telephone number, email address, and an original signature.  All Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not receive a settlement payment, and shall not be bound by the Stipulation or any Judgment.

17.     Any member of the Settlement Class who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, why a Judgment should not be entered thereon, why attorneys' fees, costs and expenses should not be awarded to Class Counsel, or why an award should not be made to the Named Plaintiffs (and one former Named Plaintiff) for their representation of, and service to, the Settlement Class; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or any attorneys' fees, costs and expenses to be awarded to Class Counsel or award made to the Named Plaintiffs (and one former Named Plaintiff), unless a written objection is filed with the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102-3489, no later than sixty (60) days after the Class Notice Date.  If a Settlement Class Member is represented by his or her own counsel, then any objection must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.  The objection must set forth the basis of the objection and include any supporting papers.  Any member of the Settlement Class who does not make his or her objection in the manner described in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as incorporated in the

7

1    Stipulation, and to the award of attorneys' fees, costs and expenses to Class Counsel and the

2    payment of an award to the Named Plaintiffs (and one former Named Plaintiff) for their

3    representation of, and service to, the Settlement Class, unless otherwise ordered by the Court.

4         18.    The Court adopts the following schedule in order to effectuate the final approval of

5    the Stipulation:

6              (a)    The Notice Program shall commence no later than thirty-five (35) days after

7    the entry of this Order ("Class Notice Date");

8              (b)    Class Counsel's application for attorneys' fees, costs, and expenses shall be

9    filed on or before _____ __, 2016, twenty-one (21) days before the deadline to object to the

10   settlement as set forth in ¶ 18(c) herein.  The application for attorneys' fees, costs and expenses

11   and for incentive awards to the Named Plaintiffs (and one former Named Plaintiff) submitted by

12   Class Counsel will be considered separately from the fairness, reasonableness, and adequacy of

13   the settlement and will be heard at the same time as the Final Approval Hearing;

14             (c)    Class Members shall have until _____ __, 2016, sixty (60) days

15   after the Class Notice Date to file claims, opt-out, or exclude themselves, to object to the

16   Stipulation of Settlement and Release ("Stipulation"), or to respond to Class Counsel's application

17   for attorneys' fees, costs, and expenses;

18             (d)    Plaintiffs shall file their Motion for Final Approval on or before June 23,

19   2016, thirty-five (35) days before the Final Approval Hearing;

20             (e)    The Settlement Administrator shall provide a final declaration to interim co-

21   lead counsel and counsel for the defendants regarding class member responses no later than July

22   11, 2016, seventeen (17) days before the Final Approval Hearing;

23             (f)    Plaintiff shall reply to any objection to the Stipulation and/or Class

24   Counsel's application for attorneys' fees, costs, and expenses on or before July 14, 2016, fourteen

25   (14) days before the Final Approval Hearing; and

26             (g)    The Final Approval Hearing shall be held on July 28, 2016 at 1:30 p.m.

27        19.    At or after the Final Approval Hearing, the Court shall determine whether any

28

1    application for attorneys' fees, costs and expenses, and any award to the Named Plaintiffs (and

2    one former Named Plaintiff) for their representation of, and service to, the Class, should be

3    approved.

4    20.    Neither this order, the fact that a settlement was reached and filed, the Stipulation,

5    nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted

6    as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing

7    whatsoever or breach of any duty on the part of Defendants.  This order is not a finding of the

8    validity or invalidity of any of the claims asserted or defenses raised in the Litigation.  In no event

9    shall this order, the fact that a settlement was reached, the Stipulation, or any of its provisions or

10   any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or

11   referred to in the Litigation, in any other action, or in any judicial, administrative, regulatory,

12   arbitration, or other proceeding, by any person or entity, except by the settling Parties and only the

13   settling Parties in a proceeding to enforce the Stipulation.

14   21.    The Court reserves the right to adjourn the date of the Final Approval Hearing

15   without further notice to the members of the Settlement Class, and retains jurisdiction to consider

16   all further applications arising out of or connected with the proposed settlement.  The Court may

17   approve the settlement, with such modifications as may be agreed to by the settling Parties, if

18   appropriate, without further notice to the Settlement Class.

19   22.    All discovery and proceedings in this Litigation are stayed until further order of this

20   Court, except as may be necessary to implement the settlement or comply with the terms of the

21   Stipulation.

22   23.    Pending final determination of whether the Settlement should be approved, all

23   Class Members who do not timely and validly exclude themselves from the Settlement Class, and

24   each of them, and anyone who purports to act on their behalf, shall not maintain, commence,

25   prosecute, or pursue directly, representatively, or in any other capacity, any Released Claim

26   subsumed and covered by the Release in the Stipulation, including in any court or arbitration

27   forum.

28

24.     If the Stipulation is terminated by Defendants as provided in Paragraphs 50 and 51 of the Stipulation, then this order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated *nunc pro tunc*, and each Party shall be restored to his, her, or its respective position in this Litigation as it existed prior to the execution of the Stipulation.

25.     By entering this order, the Court does not make any determination as to the merits of this case.

26.     The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Stipulation and the settlement described therein.

IT IS SO ORDERED.

DATED: _____              _____
                                 HONORABLE EDWARD M. CHEN
                                 UNITED STATES DISTRICT JUDGE

[SECOND AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL; APPOINTING CLAIMS ADMINISTRATOR; AND PROVIDING FOR NOTICE TO SETTLEMENT CLASS MEMBERS

# EXHIBIT A

*In re Carrier IQ, Inc. Consumer Privacy Litigation*, Case No. 12-md-02330-EMC

**If you purchased, owned or were an authorized user of a mobile device manufactured by HTC, Huawei, LG, Motorola, Pantech, or Samsung, with service provided by AT&T, Cricket, Sprint, or T-Mobile from December 1, 2007 through [date of preliminary approval], you could get a payment from a class action settlement.  No one knows how many claims will be submitted.  Please note that if there is a high volume of claims this could result in small-value cash payments.**

## WHAT IS THIS LAWSUIT ABOUT?

This is a class action lawsuit concerning software developed by Carrier iQ and installed on millions of U.S. mobile devices. Plaintiffs have alleged that the software, in addition to gathering data about cellular service quality, intercepted and transmitted private communications, content, and data on these devices in violation of the Federal Wiretap Act, various state privacy and wiretap acts, various state consumer protection acts, the Magnuson-Moss Warranty Act, and the implied warranty of merchantability under various state laws.

Defendants are Carrier iQ, Inc.; HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd. Defendants deny the allegations and claims described above.

The parties have agreed to settle the lawsuit. The Court has preliminarily approved the settlement and directed the publication of this notice. Read on for a summary of the settlement and your rights in the litigation.

## WHO IS A SETTLEMENT CLASS MEMBER?

All persons in the United States who, from December 1, 2007 through [date of preliminary approval], purchased, owned, or were an Authorized User of any Covered Mobile Device. Authorized User means a person authorized by name for the Covered Mobile Device on the AT&T Mobility, Cricket, Sprint, or T-Mobile account for the Covered Mobile Device during the class period. Covered Mobile Devices include certain phones and tablets manufactured by HTC, Huawei, LG, Motorola, Pantech Wireless, or Samsung. For the detailed class definition, please see the full Notice available at www.carrieriqsettlement.com.

## WHAT ARE THE KEY SETTLEMENT TERMS?

Cash Payments: Defendants have agreed to create a $9 million Settlement Fund which will cover payments to Settlement Class Members who file a valid claim ("Eligible Class Members"). Subject to Court approval, the following amounts will be paid from the Settlement Fund:  Service awards (up to $5,000 each) to each of the 17 Class Representatives and one former Named Plaintiff, attorneys' fees (up to $2.25 million), any actual expenses and out of pocket costs incurred by Class Counsel and the Court-appointed Executive Committee, settlement administration expenses and the cost of Notice to Settlement Class members (currently estimated at _____), and taxes, if any.  The remaining Net Settlement Fund will be available for cash payments to Eligible Class Members on a *pro rata* basis. If the pro-rated amount and high volume of eligible claims make it economically infeasible to distribute payments to class members, then, subject to Court approval, the Net Settlement Fund will be distributed equally to three *cy pres* recipients: the Electronic Frontier Foundation, the Center for Democracy and Technology, and CyLab Usable Privacy and Security Laboratory at Carnegie Mellon University.  If this occurs, Eligible Class Members will not receive any monetary compensation.

Injunctive Relief and Error Remediation: As part of the parties' enhanced settlement, defendant Carrier iQ agreed to provide certain non-monetary relief, including enhanced privacy safeguards on handsets running its software and remediating a software bug that had created the potential for data collection during error conditions. Defendant Carrier iQ has since sold its assets to AT&T Mobility IP, LLC, but it warrants that it performed as agreed prior to selling the software at issue. For more detail, please see the Settlement Agreement available at www.carrieriqsettlement.com.

## WHO REPRESENTS THE SETTLEMENT CLASS?

The Court has appointed the law firms of Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw, LLP to represent the Settlement Class. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

## WHAT ARE YOUR OPTIONS?

Receive a Cash Payment. If you are a member of the Settlement Class, you may file a claim online (including by mobile device) or by U.S. Mail, email, or fax. You must submit a claim form to receive a cash payment. To file online, visit www.carrieriqsettlement.com. You can obtain a copy of the claim form by downloading it from the website, calling 1-XXX-XXX-XXXX, emailing info@carrieriqsettlement.com, or sending a request to *Carrier IQ Settlement Administrator*, c/o Gilardi & Co. LLC, P.O. Box XXXX, XXX XXXXXX, XX XXXXX. Completed claim forms may be mailed, e-mailed, or faxed to

*Carrier IQ Settlement Administrator*
c/o Gilardi & Co. LLC
P.O. Box XXXX
XXX XXXXXX, XX XXXXX
info@carrieriqsettlement.com
Fax: 1-415-XXX-XXXX

If you file your claim online, by fax, or by email, your completed claim must be received by [claims filing deadline]. If you file by mail, your completed claim must be postmarked by [claims filing deadline].

Exclude Yourself. If you do not want to remain a Settlement Class Member, you may exclude yourself from the lawsuit by following the instructions found in the full Notice at www.carrieriqsettlement.com.  If you exclude yourself, you will not receive any settlement payment but you will retain your right to sue the Defendants for any claims you may have and will not be bound by any Court orders or judgments. Your exclusion request must be submitted by [exclusion deadline].

File an Objection. If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it. You may also ask to speak at the Final Approval Hearing. Please see the full Notice at www.carrieriqsettlement.com for detailed instructions on how to file an objection and file a Notice of Intent to Appear at the hearing. Your objection and Notice of Intent to Appear must be filed with the Court no later than [objection deadline].  Even if you file an objection, if you want to remain eligible to receive a payment from the settlement, you must also file a valid claim. If you don't file a claim, you will receive no cash payment if the settlement is approved.

## FINAL SETTLEMENT APPROVAL

The Court will have a Final Approval Hearing at __:__ _.m. on [date of fairness hearing] [courthouse address and courtroom] to determine whether to approve the Settlement and Plaintiffs' application for fees, costs, and expenses, and the service awards to the Class Representatives and former Named Plaintiff. The hearing date may be changed by the Court without notice to the Settlement Class. Please check www.carrieriqsettlement.com for updates.

## HOW CAN YOU GET MORE INFORMATION?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.carrieriqsettlement.com. You may also review the settlement agreement and other court documents by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

For questions about the settlement or the claims process, you may contact the Settlement Administrator at 1-XXX-XXX-XXXX, info@carrieriqsettlement.com or www.carrieriqsettlement.com.

# EXHIBIT B

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*In re Carrier IQ, Inc. Consumer Privacy Litigation*, Case No. 12-md-02330-EMC

**If you purchased, owned or were an authorized user of a mobile device made by HTC, Huawei, LG, Motorola, Pantech, or Samsung, with service on AT&T, Cricket, Sprint, or T-Mobile, you could get a payment from a class action settlement.  No one knows how many claims will be submitted.  Please note that if there is a high volume of claims this could result in small-value cash payments.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement has been reached in a class action lawsuit concerning software deployed on certain mobile devices from December 1, 2007 through [date of preliminary approval].

- The settlement provides for a $9 million fund that will cover payments, on the conditions set forth in the Settlement Agreement, to Settlement Class Members (as defined below). To receive money from the settlement, you must file a valid and timely claim.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | The only way to get a payment per the conditions set forth in the Settlement Agreement. |
| **EXCLUDE YOURSELF BY [DATE]** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court about why you don't like the settlement.  You may also appear at the Final Approval Hearing on [date of fairness hearing] and ask to speak about the fairness of the settlement. If you file an objection and you want to remain eligible to receive a payment from the settlement, you must also file a valid claim. If you don't file a claim, you will receive no cash payment if the settlement is approved. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ............................................................................................................................... 2
   1. Why did I receive this notice? ........................................................................................................ 2
   2. Why is this a class action? ............................................................................................................. 2
   3. What is this lawsuit about? ............................................................................................................. 2
   4. Why is there a settlement? ............................................................................................................. 2

WHO IS IN THE SETTLEMENT ............................................................................................................... 2
   5. How do I know if I am part of the settlement? ............................................................................... 2
   6. I'm still not sure if I am included. .................................................................................................. 3

THE SETTLEMENT BENEFITS—WHAT YOU GET ............................................................................. 3
   7. What does the settlement provide? ................................................................................................. 3

THE LAWYERS REPRESENTING YOU ................................................................................................. 4
   8. Do I have a lawyer in this case? ..................................................................................................... 4
   9. How will the lawyers be paid? ....................................................................................................... 4

HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM ...................................................... 4
   10. How can I get a payment? ............................................................................................................. 4
   11. When would I get my payment? ................................................................................................... 4
   12. What am I giving up to get a payment or stay in the Class? ......................................................... 4

EXCLUDING YOURSELF FROM THE SETTLEMENT ........................................................................ 4
   13. How do I get out of the settlement? .............................................................................................. 5
   14. If I don't exclude myself, can I sue Defendants for the same thing later? .................................... 5
   15. If I exclude myself, can I get money from this settlement? .......................................................... 5

OBJECTING TO THE SETTLEMENT ................................................................................................................ 5
   16.  How do I tell the Court that I don't like the settlement? ........................................................................ 5
   17.  What's the difference between objecting and excluding? ........................................................................ 5

IF YOU DO NOTHING ................................................................................................................................ 6
   18.  What happens if I do nothing at all? ........................................................................................................ 6

THE COURT'S FAIRNESS HEARING ........................................................................................................... 6
   19.  When and where will the Court decide whether to approve the settlement? ............................................ 6
   20.  Do I have to come to the hearing? .......................................................................................................... 6
   21.  May I speak at the hearing? .................................................................................................................... 6

GETTING MORE INFORMATION ................................................................................................................ 6
   22.  Are there more details about the settlement? How do I get more information? ........................................ 6

## BASIC INFORMATION

### 1.   Why did I receive this notice?

If you purchased or were an authorized user of a mobile device made by HTC, Huawei, LG, Motorola, Pantech, or Samsung, with service provided by AT&T, Cricket, Sprint, or T-Mobile between December 1, 2007 and [date of preliminary approval], your rights may be affected by a proposed class action settlement. The Court has ordered this Notice because Settlement Class Members, as defined below, have a right to know about the settlement, and about their options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The case is known as *In re Carrier IQ, Inc. Consumer Privacy Litigation*, Case No. 12-md-02330 in the United States District Court for the Northern District of California. The judge overseeing this case is the Hon. Edward M. Chen. The people who sued are called Plaintiffs, and the companies they sued are called the Defendants.

### 2.   Why is this a class action?

In a class action, one or more people, called Class Representatives or Named Plaintiffs (in this case, Patrick Kenny, Daniel Pipkin, Jennifer Patrick, Dao Phong, Ryan McKeen, Leron Levy, Luke Szulczewski, Michael Allan, Gary Cribbs, Shawn Grisham, Bobby Cline, Mark Laning, Clarissa Portales, Douglas White, Eric Thomas, Brian Sandstrom, and Colleen Fischer), sue on behalf of class of people who have similar claims. One court resolves the issues for all, members of the class, except for those who exclude themselves from the class.

### 3.   What is this lawsuit about?

This lawsuit concerns software developed by Defendant Carrier iQ and deployed on millions of U.S. mobile devices. Plaintiffs allege that the software, in addition to gathering data about cellular service quality, intercepted private communications, content, and data on these devices. Plaintiffs allege that under certain circumstances, this private content has been, or could have been, transmitted off mobile devices without customers' knowledge to third parties, including at least one device manufacturer and the author of the Android operating system.  The lawsuit alleges violations of the Federal Wiretap Act, various state privacy and wiretap acts, various state consumer protection acts, the Magnuson-Moss Warranty Act, and the implied warranty of merchantability under various state laws. Defendants deny these allegations.

Defendants are Carrier iQ, Inc.; HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd.

### 4.   Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation either directly or on their behalf. The Class Representatives and their attorneys think the settlement is in the best interests of the Plaintiffs and the Settlement Class Members (as defined below).

## WHO IS IN THE SETTLEMENT

To see if you may claim money from this settlement, you first have to determine if you are a Settlement Class Member.

### 5.   How do I know if I am part of the settlement?

The Settlement Class has been defined as "All persons in the United States who, during the Class Period, purchased, owned, or were an Authorized User of any Covered Mobile Device."  Any person within the Settlement Class is a Settlement Class Member.

- The Class Period is December 1, 2007 through [date of preliminary approval].

- An Authorized User is a person authorized by name on the Wireless Provider account for a Covered Mobile Device during the Class Period.

- A Covered Mobile Device is a telephone or tablet manufactured or marketed by any Manufacturer Defendant that was equipped with Carrier iQ software at the time of sale to end users of the Covered Mobile Device.

- Manufacturer Defendants are HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd.

- Wireless Provider means AT&T Mobility, Cricket, Sprint, or T-Mobile, as operator of, or in the case of Cricket, an entity providing services over, a wireless network in the United States.

Qualifying devices may include

[Insert "list of devices manufactured by the Manufacturer Defendants and sold in the United States during the Class Period which the Parties believe to have borne Carrier iQ Software installed by means of the pre-load or embedded method, i.e., the preload agent or embedded agent" as required by SA paragraph 41]

**6.    I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information at www.carrieriqsettlement.com. You may also call the Settlement Administrator at 1-XXX-XXX-XXXX or send an email to info@carrieriqsettlement.com. In addition, you may contact Class Counsel at the address and phone number listed in Question 21.

<strong>THE SETTLEMENT BENEFITS—WHAT YOU GET</strong>

**7.    What benefits does the settlement provide?**

i.      <u>Cash Payments</u>

Defendants have agreed to create a $9 million Gross Settlement Fund which will cover payments to Settlement Class Members who file a timely and valid claim ("Eligible Class Members"). Subject to Court approval, the following amounts will be paid from the Gross Settlement Fund:  (a) Service awards (up to $5,000 each) for each of the 17 Class Representatives and a former Named Plaintiff for their efforts in bringing and prosecuting this matter; (b) attorneys' fees, up to 25% of the Gross Settlement Fund ($2.25 million), together with actual out of pocket costs and expenses of suit incurred by Class Counsel and members of the Court appointed Executive Committee; (c) the Settlement Administrator's fees and costs, including the costs of notice to the Settlement Class per the plan appended to the Settlement Agreement (currently estimated to be            ); and (d) taxes, if any. The remaining amount ("Net Settlement Fund") will be available for cash payments to Eligible Class Members on a *pro rata* basis.

ii.     Potential *Cy Pres* Distribution

***Please note*:  No one knows how many Settlement Class Members will submit claims for cash payments.  If the pro-rated amount and high volume of eligible claims make it economically infeasible to make the distribution, then, subject to Court approval, the Net Settlement Fund will be distributed equally to three *cy pres* recipients on behalf of the Settlement Class, each of which advocates on behalf of and/or performs research seeking to advance consumer electronic privacy: the Electronic Frontier Foundation, the Center for Democracy and Technology, and CyLab Usable Privacy and Security Laboratory at Carnegie Mellon University.  If this occurs, Eligible Class Members will not directly receive any monetary compensation directly.**

iii.    <u>Injunctive Relief</u>

In addition to the Gross Settlement fund, Defendant Carrier iQ agreed as part of the Settlement Agreement to provide certain non-monetary relief, including the capability for wireless carriers to designate, a port on a mobile device separate from the one used  to send and receive SMS text messages for communicating instructions to the Carrier iQ software; privacy safeguards for URL metrics requested by Carrier iQ customers; and guidance to handset manufacturers on disabling logging functions that may be used during the debugging process before shipping devices for production.  As part of the settlement, Carrier iQ represents and warrants that it implemented this relief prior to a sale of its assets to AT&T Mobility IP, LLC in 2015.

iv.     <u>Error Remediation</u>

Carrier iQ also has fixed a software bug that had created the potential for the collection of data during error conditions, and prior to the 2015 sale of its assets to AT&T Mobility, it created testing protocols to prevent similar bugs in future deployments.

## THE LAWYERS REPRESENTING YOU

**8.   Do I have a lawyer in this case?**

The Court has appointed the law firms of Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw, LLP to represent you and other Settlement Class Members. Together, the lawyers are called Class Counsel. You will not be charged separately for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**9.   How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees up to 25% of the Gross Settlement Fund ($2.25 million) and the actual out of pocket costs and expenses of litigation incurred by Class Counsel or the Court appointed Executive Committee not to exceed $_____$.   These amounts are all subject to Court approval and the Court may award less than these amounts. Defendants have agreed not to oppose these fees and expenses.

## HOW YOU APPLY FOR A PAYMENT—SUBMITTING A CLAIM FORM

**10.   How can I apply for a payment?**

To qualify for payment, you must submit a claim by [claim filing deadline]. You may file your claim online, via U.S. Mail, email, or fax.

*Online*:

- Go to www.carrieriqsettlement.com, either on your computer or with your mobile device, to file your claim online.

- If submitted online, your claim must be <u>received</u> no later than [claim filing deadline].

*By U.S. Mail, email, or fax*:

- Go to www.carrieriqsettlement.com to download a claim form, or request one by calling 1-XXX-XXX-XXXX, emailing info@carrieriqsettlement.com, or sending a request to *Carrier IQ Settlement Administrator*, c/o Gilardi & Co. LLC, P.O. Box XXXX, XXX XXXXXX, XX XXXXX.

- Submit your completed claim form by U.S. Mail, email, or fax to

*Carrier IQ Settlement Administrator*
c/o Gilardi & Co. LLC
P.O. Box XXXX
XXX XXXXXX, XX XXXXX
info@carrieriqsettlement.com
Fax: 1-415-XXX-XXXX

- If mailed, claim forms must be <u>postmarked</u> no later than [claim filing deadline]. If submitted by email or fax, claim forms must be <u>received</u> by [claim filing deadline].

Remember, you must submit your claim by [claim filing deadline] to be eligible for a payment.

**11.   When would I get my payment?**

The Court will hold a hearing on [date of fairness hearing] to decide whether to approve the settlement. If Judge Chen approves the settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, likely more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement by way of information posted on the settlement website at www.carrieriqsettlement.com. Please be patient.

**12.   What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you stay in the class, regardless of whether you file a claim for payment, you will release all legal claims you may have against Defendants as to the facts, activities, or circumstances alleged in this Action. In brief, these are the legal claims that relate to the Carrier iQ software's alleged interception and transmission of private data on certain mobile devices during the Class Period. These include legal claims under the Federal Wiretap Act, various state privacy and wiretap acts, various state consumer protection acts, the Magnuson-Moss Warranty Act, and the implied warranty of merchantability under various state laws. The "Release of Claims," include in the Claim Form, describes exactly the legal claims that you give up if you stay in the class.  If you sign the claim form, you will agree to a "Release of Claims," attached to the claim form, which describes exactly the legal claims that you give up if you get settlement benefits, whether by direct cash payment or by way of contribution to the three *cy pres* recipients listed in Section 7.ii above.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you don't want a payment from this settlement, but you want keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself from the Settlement Class—sometimes referred to as opting out of the Settlement Class.

### 13.  How do I get out of the settlement Class?

To exclude yourself from the Class settlement, you must send a letter by mail saying that you want to be excluded from the *In re Carrier IQ, Inc. Consumer Privacy Litigation* settlement. You must include your name, address, telephone number, email address, and your personal signature. You must mail your exclusion request postmarked no later than [opt-out deadline], to:

*Carrier IQ Settlement Exclusions*
c/o Gilardi & Co. LLC
P.O. Box XXXX
XXX XXXXXX, XX XXXXX

You can't exclude yourself on the phone or by email. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by the settlement  in this lawsuit. You may be able to sue (or continue to sue) Defendants in the future.

### 14.  If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Defendants for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is [opt-out deadline].

### 15.  If I exclude myself, can I submit a claim for money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 16.  How do I tell the Court that I don't like the settlement?

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Court saying that you object to *In re Carrier IQ, Inc. Consumer Privacy Litigation*. You must state the basis for your objection and include any supporting papers. Be sure to include your name, address, telephone number, email address, and your signature.

To be considered, your objection must be sent to the Court by [objection deadline]. If you are represented by counsel, your objection must be filed through the court's Case Management/Electronic Case Filing (CM/ECF) system. Otherwise, mail your objection to the address below:

**Clerk of Court**
Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

*In-Person Alternative*: Instead of mailing your objection, you may file your objection with the court in person at any location of the United States District Court for the Northern District of California.

You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

The Court will consider objections at the Fairness Hearing described in Question 19.  You may appear at the hearing and ask to speak about the fairness of the settlement by following the instructions in Question 20. If you want to remain eligible to receive a payment from the settlement, even if you file an objection, you must also file a claim form. If you don't file a valid claim, you will receive no cash payment if the settlement is approved.

### 17.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

**18.  What happens if I do nothing at all?**

If you do nothing, you won't be able to claim money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any Defendants about the legal issues in this case, ever again.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at __:__ _.m. on _____, [date of fairness hearing], at the United States District Court for the Northern District of California, [courthouse address and courtroom]. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Chen will listen to people who have asked to speak at the hearing. However, if you wish to speak, you must file a "Notice of Intention to Appear" as explained in response to Question 20, below.  The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**20.  Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Chen may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you filed your written objection with the Court on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Carrier IQ, Inc. Consumer Privacy Litigation*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [Month DD, YYYY], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses below. You cannot speak at the hearing if you excluded yourself.

| Class Counsel | Defendants' Counsel | Clerk of Court |
|---|---|---|
| Daniel L. Warshaw<br>PEARSON SIMON &<br>WARSHAW, LLP<br>15165 Ventura Boulevard<br>Suite 400<br>Sherman Oaks, CA  91403 | Tyler Newby<br>Fenwick & West LLP<br>555 California Street<br>12th Floor<br>San Francisco, CA 94104 | Office of the Clerk<br>United States District Court<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3489<br><br>*In-Person Alternative*: Instead of mailing your letter, you may file it in person at any location of the United States District Court for the Northern District of California. |

## GETTING MORE INFORMATION

**22.  Are there more details about the settlement? How do I get more information?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.carrieriqsettlement.com. You may also review the settlement agreement and other court documents by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

For questions about the settlement or the claims process, you may contact the Settlement Administrator at 1-XXX-XXX-XXXX, info@carrieriqsettlement.com, www.carrieriqsettlement.com.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

# EXHIBIT C

Please return your completed claim form
postmarked by Deadline to:

Carrier IQ Privacy Settlement
P.O. Box XXXX
San Rafael, CA XXXXX

Or submit your claim online by
Deadline at www.carrieriqsettlement.com.

**Must Be Postmarked
No Later Than
Month XX, 2016**

## CIQ

# Claim Form

If you purchased, owned or were an Authorized User of a Covered Mobile Device equipped with Carrier iQ software between December 1, 2007 and Month DD, YYYY,  you may be eligible to receive a cash payment. To submit a claim, please complete the requested information below. Please read the Notice available at www.carrieriqsettlement.com. You may also submit a claim online at www.carrieriqsettlement.com.

## Contact Information

First Name

M.I.

Last Name

Street Address

Continuation of Street Address

City

State

Zip Code

Email Address

Area code — Telephone number (home)

Area code — Telephone number (work)

## Mobile Device Information

Wireless Provider (please fill in only one circle)

○ AT&T Mobility    ○ Cricket    ○ Sprint    or    ○ T-Mobile

Name of Wireless Account Holder

Device Manufacturer (please fill in only one circle)

○ HTC    ○ Huawei    ○ LG    ○ Motorola    ○ Pantech    or    ○ Samsung

Device Model

Mobile Phone Number of Device Claimed

The information I have included on this Claim Form is complete and correct to the best of my knowledge. I also acknowledge that I am releasing all claims as described on page 2 of this Claim Form.

Signature: _____    Dated: _____



FOR CLAIMS
PROCESSING
ONLY

OB        CB

○ DOC
○ LC
○ REV

○ RED
○ A
○ B

1

### Release of Claims*

Upon the Effective Date, and in consideration of the benefits and other consideration set forth above, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged against each of the Released Parties and all persons acting through, under, or in concert with each such Released Party, all claims in the Action.  Specifically, the Releasing Parties shall be deemed to have released any and all past, present or future claims, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability or damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that have been, may be, or could be asserted in the Action, any complaint filed against any Defendant in an action that was transferred by order of the United States Judicial Panel on Multi-District Litigation in In Re: Carrier IQ, Inc., Consumer Privacy Litigation, MDL No. 2330 or that was otherwise consolidated with the Action ("the Pre-Consolidated Actions"), any subsequent amended complaint filed in this or any related case, or in any other action, court, arbitration, tribunal or administrative body, regardless of whether those claims are based on federal, state or local law, statute, ordinance, regulations, contract, common law, or any other source, that are based upon, arise out of, or are related to or connected with, directly or indirectly, in whole or in part, the facts, activities, or circumstances alleged in any complaint filed in the Action during the Class Period.

<u>Waiver of Known and Unknown Claims.</u> The general releases in the Agreement extend to claims the Releasing Parties do not know or suspect to exist in their favor, which, if known by them, would have materially affected their decisions to enter into this Agreement. The Parties, including the Releasing Parties, understand and acknowledge that they are familiar with California Civil Code section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Agreement shall have, expressly waived and relinquished any rights they may have under California Civil Code section 1542 or any other statute or common law principle with a similar effect as to all releases set forth in this Agreement. In connection with such waiver and relinquishment, the Releasing Parties acknowledge that they are aware that, after executing this Agreement, they or their legal counsel or agents may discover Released Claims or facts in addition to, or different from, those which they now know or believe to exist with respect to the subject matter of this Agreement or the Parties hereto, but that it is Plaintiffs' intention hereby to fully, finally, and forever settle and release all of the Released Claims, whether known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore may have existed against the Released Parties.

**\*All capitalized terms shall have the same meaning as in the Stipulation of Settlement and Release, available at www.carrieriqsettlement.com.**

