# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION



| | |
|---|---|
| IN RE ) | No. 12-md-2330-EMC N |
| CARRIER IQ, INC., ) | |
| CONSUMER PRIVACY LITIGATION ) | |

## OBJECTIONS OF PATRICK SWEENEY TO PROPOSED SETTLEMENT

NOW COMES, Pro Se Objector PATRICK S. SWEENEY and hereby files these objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN CLASS

Under penalty of perjury Patrick S. Sweeney (herein referred to as "Objector" or "Patrick") has reviewed the notice and believe that he is a member of the class as defined in that certain Notice of Class Action and Proposed Settlement which is not dated (herein referred to as the "Notice"). Patrick has filed two claims, one regarding his law firms ATT account and one for his personal account. His claim numbers are CIQ-40050759-5 AND CIQ-40050756-0. Patrick's address, e-mail addresses and telephone numbers are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does **NOT** intend to appear at the Fairness Hearing presently scheduled for July 28, 2016 at 1:30 p.m. PDT before

Honorable Judge Chen at the United States Courthouse, 450 Golden Gate Avenue, Courtroom 5, 17th Floor San Francisco, CA 94102.

## **REASONS FOR OBJECTING TO THE SETTLEMENT**

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel attorneys nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

   It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

   Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law that has developed in the class action arena (all three collectively referred herein as "Class Action Policy") Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard " for Class Action settlements.

2. The Settlement Administrator is not held to any specific timeframe to complete the settlement process.

3. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorney's fees would alleviate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award class counsel its fee notwithstanding the amount of relief actually achieved by the Class. This practice would be considered inequitable at best and excessive at worse in many other areas of the law when awarding attorney fees.

5. The fee calculation is unfair in that the percentage of the settlement amount is far too high (it is stated in the Notice that it is 25%, which is high, but if the percent is calculated by using monies actually awarded Class Members the percentage becomes much higher) By way of example: the Settlement Fund is $9 million dollars- attorney fees are $2.25 million; the cost of administration is already $1 million dollars; litigation expenses are $160,000 and Class Representative fees are $85,000. If all those sums are combined and subtracted from the $9 million Settlement Fund the amount left for distribution to Class Members is $5,505,000. $2.25 million of the actual dollars available to the Class Members represents a 40% attorney's fee.

The Objector hereby states that, of the 449 Docket Entries on PACER, very few entries were substantive in nature. The remaining entries were mostly procedural in nature. Although 449 is a fairly large number of Docket Entries it computes to an unfathomable $64,587 per Docket Entry.

6. The fee request is not reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable costs incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the fee request.

7. The Objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## **CONCLUSION**

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for their role in improving the Settlement, if applicable.

Respectfully submitted by:

*[signature]*

Patrick S. Sweeney, Pro Se
2590 Richardson Street
Madison, WI 53711
310-339-0548
patrick@sweeneylegalgroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of California sending this document via U.S. First Class Mail Delivery at the address provided in the Notice.

_____
Patrick S. Sweeney, Pro Se