

**In Re Carrier IQ - Docket No. 3:12-md-02330**

to: EMCpdf@cand.uscourts.gov

Cc: Sheila_Rash, "emccrd@cand.uscourts.gov", "dwarshaw@pswlaw.com", "tnewby@fenwick.com", "sam.miorelli@gmail.com", "patrick@sweeneylegalgroup.com"

Please respond to ". ."

06/13/2016 02:47 AM

History: This message has been forwarded.

2 attachments

Objection.pdf    Mail Receipt.pdf

I am writing to request that the docket be corrected in the above entitled case.

I am a member of the class in the above entitled class action case. On May 28, 2016 I first learned of the case. I was never given proper notice and it was a fluke that I received notice at all. I filed my claim for compensation on May 28, 2016

The class action web said that objections to the settlement could be filed so long as they were sent to the Court by mail by June 4, 2016. I filed my objection by mail on June 4, 2016. It was mailed to Clerk of Court, Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489 with copies to the persons mentioned on the web site. I brought the objection in person to the post office and observed them post mark the envelope June 4, 2016. A copy of my receipt of mailing is attached hereto (with private info redacted)

When I checked the court docket on June 13, 2016 there was no mention of my objection. There are two other objections but mine does not appear. Thus I am requesting that the docket be corrected to include my objection. I have attached a copy of my objection hereto.

Sandra Singer

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| In re | No. C-12-md-2330-EMC |
|---|---|
| CARRIER IQ, INC. CONSUMER PRIVACY LITIGATION | NOTICE OF OPPOSITION AND OPPOSITION TO PROPOSED SETTLEMENT |
| | Date: July 28, 2016 |
| | Time: 1:30 p.m. |
| | Judge: Honorable Edward M. Chen |
| | Dept.: Courtroom 5, 17th Floor |

I am a member of the class in the above class action and oppose the proposed settlement. The reason for this is that its not fair settlement, not in the best interest of the class, does not provide the class members with just compensation, and provides class counsel with excessive fees.

An issue here is that it is unclear just what the class members are going to receive. Though the deadline for submitting claims will have passed by the time of the hearing on the proposed settlement, there is nothing to indicate that further information will be provided.

In a class action case before a class action is allowed to be approved the court must determine whether the class members received sufficient direct benefit to justify the settlement as fair, reasonable, and adequate. Before doing so, though it must have the requisite factual basis. *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013). Such information is not available in the proposed settlement in the case at bar and thus the proposed settlement be denied

Also members of the class should be informed of how much money they will get if they participate in the class action case before they are required to decide whether to be included in the class or opt out. This did not occur here. Thus class members should be allowed to opt out if it is determined they will not get any money or only a low amount of money.

Since 2011, the 1st, 3rd, 5th, 7th and 9th Circuits have all restricted the practice of structuring settlements to give money to charities without exhausting every possibility of delivering the funds to class members. See http://blogs.reuters.com/alison-frankel/2015/01/12/by-restricting-charity-deals-appeals-courts-improve-class-actions/; *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th cir 2011); *Dennis v. Kellogg Co.*, 687 F.3d 1149 (9th Cir. 2012), affd 697 F.3d 858 (9th Cir. 2012);

The proposed settlement says there are 79 million class members and a 9 million dollar proposed settlement. This pales with settlements against a cell phone companies which each have far less customers then all the subject cell phone companies; see for example $105 million settlement https://www.ftc.gov/news-events/press-releases/2014/10/att-pay-80-million-ftc-consumer-refunds-mobile-cramming-case plus $100 million fine in another case against the same company https://www.fcc.gov/document/att-mobility-faces-100m-fine-misleading-consumers and

The proposed settlement then says if too many class members respond so that the amount of the divided settlement is less then $4 a person then no class member is going to get any money instead the injured persons money is going to go to a charity or political entity (alleged cy pres). Objection is made to this. Class members should be allowed to opt out if they are not going to get any or little money. Class members were not given this opportunity and should be given such an opportunity after it is known how many people have responded and how much money theyll get

A cy pres distribution should be a small percentage of the total settlement funds, with direct distributions to the class being the primary focus of the settlement. If the court does not receive sufficient information from the parties to make this determination, the court should withhold approval of the settlement until information is provided. *In re Baby Products Antitrust Litigation*,

A potential conflict of interest between class counsel and the class results in a settlement that distributes too little money to the class and too much to charity

It is unclear if the $9million includes notification to the class members. The settlement suggests that a large chunk of money was spent notifying the class. Not only has there been no documentation of this but the class could inexpensively have been notified by requiring the phone companies to slip notification in the envelope with or on their bills.

Based on the settlement web page there are only 5 companies involved ATT, Sprint, Tmobile, Cricket, and MetroPCS. A motion could have been filed requiring these 5 phone companies to put notification to all customers in the envelope with or on their bills. This in lieu of depositions of these companies to produce names and addresses of their customers, so as to protect the privacy of customers and lessen expense to the phone companies and anyone giving notice to the class.

It is unclear if class counsel filed such a motion, if they did not then this constitutes malpractice and any expense beyond notification in phone company bills should be paid by class counsel not deducted from the $9 million which should be paid to the class members.

If the members of the class are going to get no money or get only $4 then strenuous objection is made to class counsel being paid $2.25 million dollars as they failed to adequately protect the interests of the class and did not do a good job for the class.

Courts should seek to align the interests of the class and its counsel by presumptively discounting attorneys' fees whenever all or a portion of the settlement fund is distributed cy pres. See *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)* 654 F.3d 935 (9th Cir. 2011)

Notice to class members of the case, administration costs and Cy Pres awards are not to be included as part of the value to the settlement to the class. The "ratio that is relevant is the ratio of (1) the fee to (2) the fee plus what the class members received." Administrative costs, the cost of notifying class members of the case, and cy pres awards should be not be included in the percentage... Basing the award of attorneys' fees on this ratio, which shows how the aggregate value of the settlement is being split between class counsel and the class, gives class

counsel an incentive to design the claims process in such a way as will maximize the settlement benefits actually received by the class, *Pearson v. NBTY*, 772 F.3d 778 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014)

Courts are encouraged to decrease attorneys' fee awards when they have "reason to believe that counsel has not met its responsibility to seek an award that adequately prioritizes direct benefit to the class. *In re Baby Products Antitrust Litigation* see also Class Action Fairness Act of 2005, Pub. L. No. 1092, §2(a)(3), 119 Stat.4, 4(2005) (codified as amended at 28 U.S.C. §1711 (2012).

In calculating the amount of the recovery the percentage is calculated, a court must include only the amount distributed to class members use the net recovery to the class, rather than the gross recovery, as the fund of which counsel may receive a percentage[ and] subtract the costs of litigation including the costs of delivering the remedy to individual class members" n that "only hours spent working to generate compensation for class members should count Jay Tidmarsh, Cy Pres and the Optimal Class Action, 82 Geo Wash L.Rev 767

"Whenever a settlement agreement includes a cy pres component, the fees awarded to class counsel should be tied to the value of money and benefits actually redeemed by the injured class members not the theoretical value of the cy pres remedy. John H. Beisner, Jessica Davidson Miller & Jordan M. Schwartz, Cy Pres :A Not So Charitable Contribution to Class Action Practice,U.S.CHAMBER COM, (Oct. 2010), http://ilr.iwssites.com/uploads/sites/1/cypres_0.pdf

If paid on a percentage basis they should be paid a percentage of the amount of money the class members actually get not the amount given to a charity or political entity.

If paid on an hourly basis class counsels' claims of their hourly rates are too high and given the low amount they have benefitted the class (if the class members get only $4) class counsel should receive on the lower end of the amount lawyers are paid. Class counsel in this case claims their usual rates are $895.00 an hour and $775.00 an hour, these rates are higher then many Ivy League lawyers in big Wall St law firms, which lawyers are considered the highest paid lawyers in the world. Class counsel is neither Ivy League nor Wall St.

In a case where the class counsel is Daniel L. Warshaw, Pearson, Simon Warshaw & Penny, Sherman Oaks, Ca, the same class counsel as the case at bar, the court found that the request for lawyers fees included duplicative entries, excessive charges for most categories of services, a substantial amount of block billing, and use of an inflated hourly rate, See *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)* 654 F.3d 935 (9th Cir. 2011)

The disparity between the value of the class recovery and class counsel's compensation raises at least an inference of unfairness, and that the current record does not adequately dispel the possibility that class counsel bargained away a benefit to the class in exchange for their own interests...stating that courts must be particularly vigilant for more subtle signs that class counsel ha[s] allowed pursuit of their own self interests to infect the negotiations. *Jones,* supra.

Settlements involving nonmonetary provisions for class members deserve careful scrutiny to ensure that these provisions have actual value to the class...Collusion may not always be evident on the face of a settlement, and courts therefore must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations. Staton, 327 F.3d at 960; see also Third Circuit Task Force, 108 F.R.D. at 266. A few such signs are: (1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded," Hanlon, 150 F.3d at 1021; see Murray v. GMAC Mortg. Corp., 434 F.3d 948, 952 (7th Cir.2006); Crawford v. Equifax Payment Servs., Inc., 201 F.3d 877, 882 (7th Cir.2000). *Jones,* supra.

Also class counsel wants to be paid for 5 days 8 hrs each for mediation which produced no benefit to the class, they should have known by the end of the 1st day that they were wasting time not in the benefit of the class and should not be paid for this waste of time at class expense.

Objection is also made to the $5000.00 requested to each named plaintiffs if the rest of the class members are going to get little or nothing. It seems that the named plaintiffs and class counsel want to use the members of the class only to get more money for themselves while the class members get nothing, colluding with the defendants, who in exchange for a low settlement and millions to class counsel are protected from having to pay money to those they injured.

Class counsel doesnt even do his job of responding to class members. For example I have had 2 cell phones with an included company. One of the cell phones is clearly covered, the other cell phone make and model is listed as covered with the other included phone companies but not mine, also all makes and models of this phone except mine are listed as covered with my phone company. I wrote and asked if this was a clerical error and why this one phone from one company was omitted and class counsel did not even respond.

For the reasons stated herein the proposed settlement should be denied.

Respectfully Submitted
*Sandra Singer*
Sandra Singer
PO Box 15424
Boston, Mass 02215
Spamnodo@yahoo.com

CERTIFICATE OF SERVICE

I certify that I have served all parties with a copy of the within by service on the persons stated for service on the class action web site at the email believed on file with the court for service including Daniel L. Warshaw, Pearson Simon & Warshaw, LLP, 15165 Ventura Boulevard, Suite 400, Sherman Oaks, CA 91403, dwarshaw@pswlaw.com and Tyler Newby, Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104, tnewby@fenwick.com

*Sandra Singer*
Sandra Singer

4

```
=========================================
```

                    MA

06/04/2016   (800)275-8777   10:21 AM
=========================================
=========================================
Product                 Sale        Final
Description             Qty         Price
-----------------------------------------
First-Class              1         $0.47
Mail
Letter
    (Domestic)
    (SAN FRANCISCO, CA  94102)
    (Weight:0 Lb 0.80 Oz)
    (Expected Delivery Day)
    (Tuesday 06/07/2016)
-----------------------------------------
Total                              $0.47

Credit Card Remitd                 $0.47
    (Card Name:VISA)


Order stamps at usps.com/shop or call
1-800-Stamp24. Go to
usps.com/clicknship to print shipping
labels with postage. For other
information call 1-800-ASK-USPS.


*****************************************
Get your mail when and where you want
it with a secure Post Office Box. Sign
up for a box online at
usps.com/poboxes.
*****************************************


    All sales final on stamps and postage
    Refunds for guaranteed services only
         Thank you for your business

       Today's Postal Service is hiring!
    Immediate openings available for City
         Carrier Assistants (CCA) in many
    locations nationwide! Apply today at
            www.usps.com/employment.