| | |
|---|---|
| Steve W. Berman (*pro hac vice*)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>steve@hbsslaw.com | RODGER R. COLE (CSB No. 178865)<br>rcole@fenwick.com<br>FENWICK & WEST LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041<br>Telephone: 650.988.8500<br>Facsimile: 650.938.5200 |
| Bruce L. Simon (SBN 96241)<br>PEARSON SIMON & WARSHAW, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104<br>Telephone: (415) 433-9000<br>Facsimile: (415) 433-9008<br>bsimon@pswlaw.com | TYLER G. NEWBY (CSB No. 205790)<br>tnewby@fenwick.com<br>ANNASARA G. PURCELL<br>(CSB No. 295512)<br>apurcell@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: 415.875.2300<br>Facsimile: 415.281.1350 |
| *Plaintiffs' Interim Co-Lead Counsel* | *Attorneys for Defendant<br>Carrier iQ, Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br>CARRIER IQ, INC. CONSUMER PRIVACY LITIGATION | Civil Action No. 3:12-md-02330-EMC<br><br>DECLARATION OF KENNETH JUE ON BEHALF OF SETTLEMENT ADMINISTRATOR<br><br>Date: July 28, 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

I, KENNETH JUE, declare:

1. I am employed as a senior project manager by Gilardi & Co., a KCC Company ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Gilardi was appointed by the Court to serve as the Settlement Administrator in this case. As the senior project manager, I oversaw the administrative services provided. I have personal knowledge of the facts set forth

herein and, if called as a witness, could and would testify competently thereto.

2. Gilardi was retained to provide notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and on February 1, 2016, caused the CAFA notice to be mailed to fifty-one attorneys general and the U.S. Attorney General. The CAFA notice included a cover letter that provided the following information: a list of the defendants, an explanation that a class list is unavailable, the scheduled preliminary approval hearing date, a statement that there were no agreements contemporaneously made between class and defendants' counsel other than the Stipulation of Settlement and Release and agreements referenced in the Stipulation of Settlement and Release, and a description of the contents of an enclosed disc. The CAFA Notice included a disc containing electronic copies of the Class Action Complaint, Motion for Preliminary Approval, declarations from Robert Lopez (to which was attached the Stipulation of Settlement and Release, with it exhibits), Daniel Warshaw, Alan Vasquez, and Simon Frankel in support of the Motion for Preliminary Approval, the Proposed Order Granting Preliminary Approval, and the Order Re Supplemental Briefing. To date, we have had no objections or responses other than confirmations of receipt from service of that CAFA Notice.

3. On April 5, 2016, when notice commenced per the Court's preliminary approval order, Gilardi established the settlement website for this case, at www.carrieriqsettlement.com. On the settlement website, Class Members were able to submit online Claim Forms, view and print copies of the Claim Form, Notice, Order Granting Preliminary Approval, Amended Settlement Agreement, Complaint, and consult answers to Frequently Asked Questions. A true and correct copy of the Notice and Claim Form are attached hereto as Exhibit A and Exhibit B, respectively. On May 16, 2016, the website was updated to include copies of the Motion for Attorney Fees, Costs, Expenses, and Service Awards to Class Members and declarations in support of the Motion. The toll-free telephone number, email address, and mailing address for administration of this case are posted on the Settlement Website through a "Contact Us" link.

4. On April 5, 2016, Gilardi commenced the Notice Plan. The Notice Plan consisted of a press release submitted through PR Newswire on April 5, 2016; online advertisements

through June 4, 2016; print publication; and social media outreach.  Gilardi ran advertisements online via search advertising, the Google Display Network, banner advertising, and a Twitter promoted tweet campaign.  The paid online media generated 281,180,671 impressions and 238,952 clicks, for a Click Through Rate ("CTR") of 0.08%.  Below is a table summarizing the impressions and clicks via online media.

| Paid Online Media | Impressions | Clicks | CTR |
|---|---|---|---|
| Search Advertising | 2,225,707 | 3,726 | 0.17% |
| Google Display Network - Managed Placement to Youtube.com | 5,448,789 | 4,742 | 0.09% |
| Banner Advertising | 271,678,279 | 219,110 | 0.08% |
| Twitter Promoted Tweet Campaign | 1,827,896 | 11,374 | 0.62% |

The Summary Notice was published in the National Edition of *USA Today* on April 14, 2016 and April 21, 2016 and in *People* in the April 18, 2016 issue, which went on sale on April 8, 2016.  A copy of the Summary Notice is attached hereto as Exhibit C.  Through its social media outreach, Gilardi generated approximately 36,871 impressions generated from 143 organic tweets via Twitter over a 60 day period.  The impressions generated 531 engagements, including 54 views from media entities.  The Facebook page created by Gilardi did not generate any questions or comments from Facebook users.

5. On or before April 5, 2016, Gilardi established a toll free telephone number, 877-368-7154, that Class Members could call and listen to answers to Frequently Asked Questions and request a Claim Form to be mailed to them.  As of June 13, 2016 there have been a total of 531 calls and 224 claim requests.

6. Class Members could submit Claim Forms by mail, fax, and email.  Class Members could also file electronic claims via the settlement website.  The submission deadline for submitting a claim was June 4, 2016.  As of June 20, 2016, Gilardi has received 57,245 timely online, faxed, emailed, and mailed claims and 3,225 untimely claims.  In Gilardi's 30 years of experience administering thousands of settlements and related matters, consumer settlements with similar characteristics typically generate participation at less than 1% of the estimated number of

3

Class Members. In this matter the class size is unknown; however, it is estimated that as many as 79 million handsets may have had the Carrier iQ software installed. Using the 79 million figure, we estimate the claim filing rate as approximately 0.08% of the estimated class size, when including untimely claims. But statistics regarding mobile phone ownership show that 40% of users switch phones as soon as their contract allows, which is typically every 1 to 2 years. Another 2% of users upgrade their phones whenever a new model is available which is typically every year. Fifty-eight percent of users only switch their phones when they become obsolete or no longer work. Applying these statistical assumptions over the 9-year class period, we estimate the class size may be approximately 30 million unique individuals, resulting in a filing rate of approximately 0.20% of the estimated class size, when including 3, 225 untimely claims. In an analysis of settlements administered by KCC where notice relied on media notice exclusively, the claims rate ranged between 0.002% and 9.378%, with a median rate of 0.023%. Therefore, in our experience, the claims rate in this settlement is consistent with many other settlement administrations with similar case characteristics.

7. Gilardi is currently processing and determining the eligibility of claims. Of the timely claims received, 39,662 are estimated to be valid after removing ineligible, duplicate (claimants submitting multiple claims for the same device), and untimely claims. Gilardi estimates that the approximate dollar value per timely valid claim is $148.85.

8. As of June 20, 2016, Gilardi has also received and processed 2,467 otherwise eligible late claim submissions. Including these valid, but untimely claims, the approximate dollar value per claim is $139.53.[1]

9. The above estimated dollar values per claim is an approximation that assumes the $9 million settlement fund will be reduced by $2,250,000 in attorneys' fees, $108,933.72 in attorneys' costs, $85,000 for awards to class representatives, and $652,300 in estimated administrative fees. The $652,300 in estimated administrative fees is based on the costs incurred to date (including the cost of the Notice Plan), plus anticipated costs and fees through distribution

---

[1] Gilardi will update Class Counsel with the number of valid untimely claims and provide an estimated value per claim prior the Fairness Hearing.

of timely and untimely valid claims processed as of June 20, 2016.[2] The estimated administrative cost amount is nearly ¼ less than Gilardi's proposal to class counsel for administering the settlement using indirect notice.

10. The postmark deadline for submitting a Request for Exclusion was June 4, 2016. To date, Gilardi has received four Requests for Exclusion. Attached as Exhibit D is a list of individuals requesting exclusion from the Settlement.

11. The postmark deadline for submitting an Objection to the Settlement was June 4, 2016. To date, Gilardi has received four Objections forwarded by counsel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 23rd day of June 2016, at San Rafael, California.

_____
Kenneth Jue

---

[2] Gilardi will provide a final invoice to Class Counsel prior to the Fairness Hearing.