UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CARRIER IQ, INC. CONSUMER PRIVACY LITIGATION<br><br><br>This Document Relates to:<br><br>ALL CASES | No. 12-md-2330-EMC<br><br>[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL<br><br>Date:  July 28, 2016<br>Time:  1:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

("[PROPOSED]" shown with strikethrough)

WHEREAS, the above-entitled MDL action is pending before this Court (the "Litigation");

WHEREAS, the Court, having reviewed Plaintiffs' Motion for Final Approval of Class Settlement, Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel, the evidence and argument provided by the Parties at the Final Approval Hearing, and all pleadings and papers on file in this action; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Amended Stipulation of Settlement and Release filed on February 29, 2016 ("Stipulation") (Dkt. No. 419);

NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:

1. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all members of the Settlement Class.

2. The Court hereby grants final approval to the Stipulation and the Settlement set forth therein.

3. The Court finds that the Settlement as set forth in the Stipulation is, in all respects, fair, adequate, and reasonable to the Settlement Class.

4. The Court certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Litigation), a class defined as all persons in the United States who, from December 1, 2007 through March 1, 2016, purchased, owned, or were an Authorized User of any Covered Mobile Device. "Authorized User" means a person authorized by name on the Wireless Provider account for a Covered Mobile Device during the Class Period. "Authorized User" also means a person who, during the class period, purchased or owned a Covered Mobile Device identified on the Wireless Provider account of another person (such as the Wireless Provider account of a family member or spouse) by the telephone number assigned to it.

5. The Court finds, for settlement purposes only, that class certification under Federal Rules of Civil Procedure 23(b)(2) and (b)(3) is still appropriate in the settlement context because (1): the Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that the Settlement's described injunctive and non-monetary relief is appropriate with respect to the Settlement Class as a whole; and (2): (a) the Members of the Class

1 are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are
2 questions of law and fact common to the Settlement Class which predominate over any individual
3 questions; (c) the claims of the Named Plaintiffs and proposed Class Representatives are typical of
4 the claims of the Class; (d) the Named Plaintiffs and proposed Class Representatives and their
5 counsel will fairly and adequately represent and protect the interests of the Class Members; and
6 (e) a class action is superior to other available methods for the fair and efficient adjudication of the
7 controversy.

8       6.     The Court appoints Named Plaintiffs Patrick Kenny, Daniel Pipkin, Jennifer
9 Patrick, Dao Phong, Ryan McKeen, Leron Levy, Luke Szulczewski, Michael Allan, Gary Cribbs,
10 Shawn Grisham, Bobby Cline, Mark Laning, Clarissa Portales, Douglas White, Eric Thomas,
11 Brian Sandstrom, and Colleen Fischer as Class Representatives, and the law firms of Hagens
12 Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw, LLP as Class Counsel.

13       7.     The Court finds that the forms of notice to the Class Members regarding the
14 pendency of this Action and the methods of dissemination of notice in accordance with the terms
15 of the Court's Second Amended Order Preliminarily Approving Settlement; Appointing Class
16 Representatives and Class Counsel; Appointing Claims Administrator; and Providing for Notice to
17 Settlement Class Members (Dkt. No. 421) constituted valid, due, and sufficient notice to the Class
18 Members pursuant to Federal Rule of Civil Procedure 23, the United States Constitution, and any
19 other applicable law ("Notice Program").  The Court further finds that the Notice Program
20 constituted the best notice practicable under the circumstances given the size of the Settlement
21 Class, the lack of addresses for direct notice, and the inability of Plaintiffs to obtain such addresses
22 from the Wireless Providers for Settlement Class Members.

23       8.     The Court finds that the persons identified in Exhibit A attached hereto have timely
24 and validly requested exclusion from the Class, and are, therefore, excluded accordingly.  Such
25 persons are not included in or bound by the Final Judgment in this Action.  Such persons are not
26 entitled to any recovery obtained through this Settlement.

27       9.     The Court, having considered the timely objections to the Settlement, as well as the
28 responses of the Plaintiffs filed on July 14, 2016, and any oral argument as to these objections,

hereby overrules all such objections.

10. The Court hereby dismisses on the merits and with prejudice the claims asserted in the Litigation by Plaintiffs against Defendants.

11. In accordance with the terms of the Settlement, the Releasing Parties hereby fully, finally, and forever release, relinquish and discharge against each of the Released Parties and all persons acting through, under, or in concert with each such Released Party, all claims in the Action. Specifically, the Releasing Parties release any and all past, present or future claims, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability or damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that have been, may be, or could be asserted in the Action, any complaint filed in any of the Pre-Consolidated Actions, any subsequent amended complaint filed in this or any related case, or in any other action, court, arbitration, tribunal or administrative body, regardless of whether those claims are based on federal, state or local law, statute, ordinance, regulations, contract, common law, or any other source, that are based upon, arise out of, or are related to or connected with, directly or indirectly, in whole or in part, the facts, activities, or circumstances alleged in the Third Consolidated Amended Complaint, any claims asserted against Defendants relating to this Action, or any other purported occurrence relating to or arising from the presence or operation of Carrier iQ Software on any Covered Mobile Device (the "Released Claims") during the Class Period.

12. Without affecting the finality of the Final Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over and for the purposes of: (a) implementation of the Settlement and any distribution to Class Members pursuant to further orders of this Court; (b) hearing and determining Plaintiffs' Motion for Award of Attorneys' Fees, Costs, Expenses, and Service Awards to Class Representatives; (c) Defendants until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement; and (d) all Parties and Class Members for the purpose of enforcing and administering the Settlement.

13. In the event the Settlement does not become effective, then the judgment shall be

rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

14. The Court finds, pursuant to Federal Rules of Civil Procedure 54(a) and 54(b), that the Final Judgment should be entered as to the Parties in this Action. Accordingly, the Clerk is hereby directed to enter judgment forthwith.

IT IS SO ORDERED.

DATED: August 25, 2016

_____
HONORABLE
UNITED STATES



\*\*Modification made to Exhibit A of this Order\*\*

# EXHIBIT A

# EXHIBIT A

## In re Carrier IQ, Inc. Consumer Privacy Litigation

## Requests for Exclusion

1. ARAINA MCARTHUR;

2. JAMES E. FELTON;

3. GLENNA GHOLSON O'DELL; and

4. JOSEPH J. ABERK II

5. KASEY F. HOFFMAN

870207.1