UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA  -  SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>CARRIER IQ, INC. CONSUMER PRIVACY LITIGATION | No. C-12-md-2330-EMC<br><br>NOTICE OF 2nd SUPPLEMENT TO OPPOSITION AND 2nd SUPPLEMENT TO OPPOSITION TO PROPOSED SETTLEMENT<br><br>Date: July 28, 2016,  Time: 1:30 p.m.<br>Judge: Honorable Edward M. Chen<br>Dept.: Courtroom 5, 17th Floor |

This objector is a member of the class of the above entitled class action case. She filed a timely opposition to the proposed settlement. After she mailed her opposition in, oppositions from several other class members were entered as well as documents by class counsel. This objector thus filed a supplement to her opposition to address these. After this class counsel and an employee of the administrator filed on July 14, 2016 additional documents including that which pertain to this objector, this objector is thus filing this to respond.

All previous filings by this objector and all other objectors are incorporated by reference herein as if fully set forth herein.

This objector is not planning on appearing in person due to cost given her distance from the court house and is thus requesting the court rule on this on the papers.

Class counsel filed a pleading which was filed for an improper purpose filed for the sole purpose of harassment and malicious harm and Warshaw if not others filed a perjured affidavit

I. On July 14, 2016 Daniel Warshaw filed an affidavit under the penalty of perjury in which he falsely alleged that this objector refused to provide her cell phone number to him when in fact he knew she had provided him with her cell phone number.[1]

This objector filed a timely valid claim on May 28, 2016 providing the make and model of her covered cell phone, the name of her covered phone company, and that it was owned and used during the covered time period i.e. everything necessary to determine that she has a valid claim. While she did not initially include her cell phone number so as to protect her privacy, safety, security, prevent fraud and telephone harassment and to minimize undesired use of her cell phone minutes; this objector provided her cell phone number to Warshaw by email on June 30, 2016

---

[1]After he was called on this perjury Warshaw admitted that this objector had in fact given him her phone number when he falsely claimed she had refused to give it, he later claimed he meant this objector had refused to provide her phone number to the class administrator, however the class administrator never asked for her phone number, has never had any contact with her at all and this objector has no idea of the administrator's email. All communications in this case have come from  Warshaw and Lopez.  Warshaw and Lopez led this objector to believe that Warshaw and Lopez were the contact persons for this case. Warshaw also claimed it was ok for him to claim this objector had refused to provide her phone number when he knew she had provided it because this objector had stated in her supplement that she had provided her phone number, this clearly shows that Warshaw perjured himself as he has repeatedly maliciously falsely implied her word should not be relied on.

thus he clearly lied when he claimed on July 14, 2016 that she refused to provide it.[2]

In their filing class counsel made a frivolous claim and defamed this objector when they allege she "gave a spurious phone number for her purportedly covered device," this denigrates her integrity and suggests she did something to defraud the class when they know she did not. [3]

II. The claimed belief that this objector does not have a valid claim is further evidence that the purpose of the emails and letter from Warshaw and Lopez were dishonestly sent for the sole purpose of malicious harassment, to bully her, and an effort to intimidate her into dropping her objection as they knew when they sent these emails and letter the contents of her claim form including the contents of the space for phone no; as if she did not have a valid claim because she did not provide her cell phone number then it would not matter what phone or phone provider she had and there would be no reason why they would be deposing her.

III. The Doctrine of Equitable Estoppel requires that this objector be given her share of any settlement. The definition of equitable estoppel is a bar to a party from asserting a legal claim or defense that is contrary or inconsistent with his or her prior action of conduct. See *Kinzli v. City of Santa Cruz*, 539 F.Supp. 887, 901-902 (ND Cal 1982)*, City of Long Beach v. Mansell*, 3 Cal.3d 462, 488-489, 476 P.2d 423 (1970).

Even if class counsel could otherwise steal compensation from class members because they used data obviously not a phone number to protect privacy and security etc, since class counsel requested and obtained this objectors cell phone number, knowing that on this objector's claim form the space for phone number contained nine 1s, they are estopped from depriving her of her share of the settlement. Warshaw and Lopez by their letter and emails led this objector to believe that Warshaw and Lopez were the contact persons for this case.

 After Warshaw declared that each class member who filed a timely claim would get $148.85 ($139.53) he sent this objector another email taking more of her time requesting her cell phone number this time telling her that her cell phone number would "help him to verify the carrier associated with the device she identified". This objector relied on Warshaw's representation to her detriment in taking time and giving him her cell phone number which she did not want to give. Warshaw's statement led her to believe that she would not get the money if she did not provide him her cell phone number and would get the money if she did provide him her cell phone number.

---

[2]This objector was not given proper notice of this case, learned of it at the last minute by a fluke, and did not even have time to determine if the web site was legitimate. Prior to the claims deadline she had emailed Mr. Warshaw and he did not even respond until after the claims deadline. She put nine 1's in the phone number space because the computer would not let the claim go through without something in the space. No one would seriously believe that that was anyones phone number. There was no intent to mislead anyone into believing that that was her phone number. As far as this objector is aware a cell phone number does not identify either the phone nor phone company it is used on as cell phone numbers are portable.

[3]Class counsel falsely claims this objector did not file a valid claim and thus they falsely claim she does not have any standing to object to the settlement. The claim she did not file a valid claim is a frivolous claim. All class members have standing to file an objection even if they did not file a claim. Either she is a member of the class or she is not, if she is a member of the class she is entitled to a share of the proceeds having filed a timely claim and can file an opposition. If not a member of the class she can file additional claims against Carrier IQ

Having now obtained her cell phone number knowing of the contents of her claim form when they asked for her cell phone number, they can not now deprive her of her share of the settlement.

IV. A claim that persons who owned and used a covered cell phone on a covered cell phone company during the covered time and gave notice of a claim by the deadline ie are class members injured by the defendant should not receive compensation is a frivolous claim and does not meet the requirement of being fair, reasonable, and adequate settlement required by FRCP 23(e)2, as the purpose of a class action case is to compensate those injured by defendant not to violate them

This objector is not the only class member who put such data in the space for phone number. Kenneth Jue who states he is an employee of the settlement administrator stated in this case doc #462 aver 5 p. 2 that 187 persons submitted claims with similar data in the phone number space. Likely the same reason as this objector, not to mislead but to so as to protect privacy, safety, security, prevent fraud and telephone harassment and to minimize undesired use of cell phone minutes as as the computer required this to submit the claim.

Certainly people damaged by the defendants illegal act have a right to compensation without being subjected to telephone harassment, identity fraud, etc which could occur by giving out their cell phone number, especially where as here there was insufficient notice of the case to determine if the class settlement web site was even legitimate. As far as is known a cell phone number does not identify either the phone nor phone company it is used on, as cell phone numbers are portable

If defendant is not required to pay all class members injured by their illegal acts that is all class members who owned and used a listed phone on a listed phone company during the subject time, then there should be no judgement allowing them to escape liability, as all persons injured by defendant are entitled to receive compensation. [4]

Class counsel has engaged in malpractice and in an unethical breach of their duty to loyally and zealously represent all class members including these 187 class members and has violated FRCP 23(g)4 to fairly and adequately represent the interests of the class in opposing and not advocating for payment to all injured class members.

Putting nine 1s in the space for phone number does not injure the other class members, does not provide extra financial benefit to a person putting such in the space for phone number, does not effect amount of harm caused by defendant, nor was anyone mislead to believe that nine 1s was anyone's phone number. The placing of nine 1s in the space for phone number was done to

---

[4]If it was the intent to require a cell phone number as a condition of an injured person receiving compensation that would be a barrier to giving notice of injury and thus an unfair and deceptive business practice prohibited by G.L. ch. 93A. See *Schubach v. Household Finance*,376 NE 2d 140 (Ma 1978). The notice failed to disclose that if class members put 1s rather then phone no. they would be deprived of compensation owed them. Though injured class members including this opposer filed their claims prior to the opt out deadline, they were not informed until after the opt out deadline of this deceitful invalidation of their valid claims and theft of the money owed them. These acts are all prohibited by G.L. ch. 93A (for Massachusetts residents only). *Slaney v. Westwood Auto*, 322 NE 2d 768 (Ma 1975); *York v. Sullivan*, 338 NE 2d 341 (Ma 1975); *Weiler v. PortfolioScope*, 83 Mass. App. Ct. 216 (2013), *Heller v. Silverbranch Constr*, 382 NE 2d 1065 (Ma 1978).

Based on the large number of persons (187 persons) who put data other then their cell phone number in the space, its obvious they were not given proper notice and that administrator, class counsel, and defendant have engaged in unfair and deceptive business practices prohibited by G.L. ch. 93A

protect privacy, safety, security, prevent fraud and telephone harassment and to minimize undesired use of cell phone minutes as the computer required this to submit the claim

V. In his affidavit under penalties of perjury Warshaw also falsely accusing this objector of making a frivolous claim in another case when she did not and which case he knows completely irrelevant and inadmissable to the case at bar a case. In citing this irrelevant inadmissible case Warshaw maliciously disobeyed a court order after the subject court had specifically ruled that the case is not for publication without the approval of the specific court which approval Warshaw did not obtain.  He made this malicious irrelevant inadmissible accusation for the sole purpose of harassment and other malicious harm to maliciously violate the privacy of and abuse this objector. Warshaw's malicious dishonest act is not only in violation of rules of court but is unethical.

This objector did not file anything frivolous but even assuming arguendo she had which she has not, it would not be admissible and was made solely as mudslinging  Prohibited Use-Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed R Evidence 404b. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed R Evidence 404a

See also *Mathis v. Phillips Chevrolet*,  269 F.3d 771, (7th Cir  2001) forbidden purpose of suggesting that because Mathis had filed frivolous discrimination claims in the past, impermissible inference that the present case is frivolous. Forbidden purpose to say because Mathis was given to filing frivolous lawsuits, the jury should not credit his claims in this suit. See also *Outley v City of New York*, 837 F2d 587 (2nd Cir 1988), and *Reddy v. Nuance Communications*, Case No. 5:11-cv-05632-PSG. (US Dist Ct ND California 2015)

Pursuant to FRCP 12F, motion is herein made to strike and remove from the case file and docket class counsels Response  to Objections including the Declarations of Daniel Warshaw (this case documents #464 and #469) or at least (p. 2 of response and p.2 and 6 his 1st declaration #464) and  p.4 of his 2nd declaration #469); as these documents contain matter which is immaterial, impertinent, and scandalous, filed for the sole purpose of causing malicious harm and the filing of which violates a court order prohibiting its publication.

This objector filed an objection to the proposed settlement in this case as the proposed settlement was profoundly inadequate, unfair, and unreasonable as it provided  a settlement with  $2.25 million for the lawyers while no money at all to the class members if many filed claims. In her objection this objector cited numerous court cases which have ruled such proposed settlements as not allowable and a violation of FRCP 23.

Per FRCP 23(e)5 class members have a right to object to a settlement proposal. This means they have a right to object without being subjected to abuse physical or emotional, violations of privacy, defamation, personally derogatory comments, intimidation, immaterial, impertinent, or scandalous material, mudslinging, bullying, oppression, annoyance, unduly burdensome, any other predatory act, or in anyway made to feel uncomfortable for exercising this right.

Nothing about this opposer has anything to do with whether the proposed settlement was allowable. The law speaks for itself (assuming the matter has not become moot which it had not when this opposers opposition was filed) it was up to the court to determine if it is a fair and

adequate settlement for lawyers in a case to get millions while the class members get nothing,

However, since the entering of her objection class counsel has engaged in a vicious campaign of repeated abuse, repeated malicious mudslinging completely irrelevant to the case, made personally derogatory and defamatory false accusations, innuendo or implications, violated her privacy, humiliated and degraded her, bullying and repeatedly engaged in actions which are oppressive, annoying and unduly burdensome, and otherwise maliciously harmful and caused severe emotional distress, and loss of time and to this objector to intimidate her into withdrawing her objection, retaliating against her for filing the objection, violate her right to object per FRCP 23(e)5 and the 1st amendment US Constitution. Class counsel is now attempting to steal from this class member her share of this small settlement and have spent more money objecting to paying her then the amount of her share of the settlement.

The mudslinging has not been limited to this objector they have also sought to circulate dirt against all the other objectors as well. in.[5] By filing hundreds of pages of irrelevant documents (most of which pertain to the other objectors) class counsel are clouding the issues in this case as to whether or not the proposed settlement in the case at bar, the requested lawyers fees, and the requested payments to named plaintiffs are a fair, reasonable, and adequate settlement

Even if objectors are all mass murderers and none are, it is irrelevant. This objectors objections were supported by numerous case law, it does not matter if class counsel does not like her.

VI. Class counsel should be required to compensate this objector for having to file this and their fees should otherwise be reduced as mentioned previously. Though class counsel has a duty to represent all class members and loyally and zealously advocate for them, they have engaged in malpractice neglected to do so. First by entering into a settlement which may have provided class members with nothing while providing class counsel with millions of dollars and now neglecting to advocate for 187 class members injured by defendants illegal acts who filed timely claims who class counsel now is attempting to steal from by not paying them their share of this settlement.

Certainly class counsel should not get 25% or any money for the money owed these 187 class members as class counsel has failed to advocate for them. Instead the burden has fallen on this objector to take the time necessary to seek to compel payment of her right to her share of the settlement and by doing so benefitting all 187 of these class members injured by defendants[6]

Thus it would only be fair for this money ($6523.02 =25% of 187 x $139.53) which otherwise may have been paid to class counsel to be deducted from class counsels lawyers fees and paid to

---

[5]Class counsel have filed around 200 pages of material mostly pertaining to the other objectors in other cases they have made objections This objector is not making any statement regarding the validity or lack thereof of the objections the other objectors have made in other cases as she has not examined them nor the merits of the other proposed settlements, just that they are not relevant to this case. Class counsel alleged what they call a small number of objectors and opt outs but that is believed due to many class members not receiving notice of the case

[6]It is unclear if any of the other 187 class members whose money class counsel is trying to steal from have even been given notice of this. The certificate of service accompany Warshaw's filing indicates only 4 persons were served with what he filed, the 4 who filed the objections. Warshaw did not include the Jue declaration in the envelope to this objector but did send her 200 pages of dirt on the other objectors. She did receive a copy of the Jue declaration in an envelope with a return address of Hagens Berman with a meter postmark of Seattle, WA .

this objector, this money should be deducted only from class counsels lawyers fees and not the from the class members.

This amount paid to this objector and should then be tripled pursuant to G.L. ch. 93A[7] as punitive damages against class counsel for engaging in this malpractice ($19569.08 =$6523.02 x 3). If class counsels regular and usual hourly pay is as they claim them significant punitive damages should be assessed against them  the only way to prevent such malpractice in the future

This money is in addition to other money which class counsel should be ordered to pay to this objector for having to take time to file an objection  and supplement and time she had to spend due to harassment from class counsel for filing the objection and the severe emotional distress class they caused her by class counsels abuse, harassment, violations of privacy, defamation of character, personally derogatory statements, bullying, abuse of process  etc.

Warshaw maliciously defamed this opposer, submitted a perjured affidavit, claimed (along with other class counsel) a usual hourly rate substantially higher then the average lawyers hourly rate and numerous courts have found that class counsel where Warshaw is listed as class counsel made rulings to the effect that class counsel lied about their hourly rate.

This opposer thus believes that all of this suggests that Warshaw has a reputation for truth and veracity as a dishonest person and a liar. Warshaws false accusations against this opposer falsely suggesting that maybe she didnt own or use the cell phone or service provider she claimed or that she put down nine 1s in the phone number space was for some nefarious  purpose when she did not, is nothing more then projection by Warshaw of his own dishonesty.[8]

In a case where the class counsel is Daniel L. Warshaw, Pearson, Simon Warshaw & Penny, Sherman Oaks, Ca, the court in *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)* 654 F.3d 935, 943 (9th Cir. 2011) ruled  "class counsels request for lawyers fees included duplicative entries, excessive charges for most categories of services, a substantial amount of block billing, and use of an inflated hourly rate."

---

[7]G.L. ch. 93A is the Massachusetts Consumer Protection statute. Though the settlement proposal suggests California law should apply, since the illegal harm occurred to class members in Massachusetts and other states, there is no reason to limit residents of these other states to California law. If Massachusetts or any other state has stronger consumer protection and privacy laws then California then those should apply. The law which should apply should be the law where the harm occurred or the class member resides. Though G.L. ch. 93A generally requires a demand letter and waiting 30 days this is not possible since the Jue declaration was not filed until around July 12, 2016 and the hearing is scheduled for July 28, 2016. If 30 days wait is necessary to receive this money, then the hearing should be rescheduled to allow the 30 days wait.

[8]There is yet another case where this same class counsel sought over a million dollars for themselves while giving one class nothing and another class little. The named plaintiff indicates that class counsel engaged in fraud and when he objected to no money going to the class, this same class counsel substituted a different named plaintiff without the consent of the original named plaintiff. Indicating this class counsel uses members of the class only to get money for themselves and not to benefit them. This same class counsel has been accused of fraud in that case. See *Fleury v. Cartier*, Case3:05-cv-04525-EMC (US ND Cal) document #470; http://www.ripoffreport.com /r/Pearson-SimonWarshaw-Penny-LLP/San-Francisco-California-94104/Pearson-SimonWarshaw-Penny-LLP-Bruce-Simon-Consumers-alert-questionable-representatio-745332. While this objector has no personal knowledge of that case seems more then coincidence there've been repeated claims of fraud and dishonesty against class counsel

6

And in another case where class counsel is Daniel L. Warshaw, Pearson, Simon Warshaw & Penny, the court in *Gardner, v. Sprint*, Case No. 08-2559 (US D. Kansas 2009), see https://scholar.google.com/scholar_case?case=8532220383195369208&q=gardner+v+sprint&hl=en&as_sdt=4,106,120,144, where Warshaw claimed an hourly rate of $500.00 to $650.00 the court ruled that $168.58 was a reasonable hourly fee for him, ie a ruling to the effect that Warshaw had lied and again used an inflated hourly rate.[9]

Perhaps it might be different if only one court had found that class counsel lied, but where class counsel has claimed an hourly rate well above the average lawyers hourly rate and court after court has found that class counsel here are dishonest persons who over and over have lied about their hourly rate, collateral estoppel applies in this case against class counsel.

The court in *Gardner* has already ruled that $168.58 is a reasonable hourly rate for Warshaw not withstanding Warshaw's representation of an hourly rate of $500.00 to $650.00. Thus this court should rule that Warshaw should get no more then $168.58/hr (from which various amounts should be deducted for his malpractice and other illegal acts etc.) and then only if this is more then 25% with deductions as indicated herein.[10]

Collateral estoppel applies to Warshaw of the courts ruling that Warshaw is not worth more then $168.58/hr. This is so even though this objector was not a participant in the Gardner case as mutuality is not a requirement for collateral estoppel. While due process considerations forbid use of collateral estoppel against one who was not a participant in the 1st action, these considerations do not apply to a person who has already litigated a matter. Non-mutual collateral estoppel is allowable. A person need not be a party nor privity to a party to apply collateral estoppel against a person who was a participant in the case. *Appling v. State Farm*, 340 F. 3d 769 (9th cir 2003), *SEC v. Alexander*, 115 F.Supp.3d 1071( US N.D. Cal 2015), Parklane Hosiery v Shore, 439 US 322 (1979)*, Blonder-Tongue v. University of Ill. Foundat*, 402 U.S. 313 (1971), TeitelbaumFurs, Inc. v. Dominion Ins. Co., 58 Cal. 2d 601, 375 P.2d 439,(1962), *Bernhard v. Bank of America* , 19 Cal.2d 807, 122 P2d 892 (1942)

All of the elements for collateral estoppel against Warshaw exist. He had in both the *Jones* case and the *Gardner* case, a full and fair opportunity to litigate the identical issue (a fair hourly rate for him) in the prior actions and every motive to make as vigorous and effective a case for his hourly rate as possible, the issue was actually litigated in the prior actions, the issue was decided in a final judgment, and as counsel for the plaintiff he was an active participant in the case.

After this calculation other items should be deducted from the money paid class counsel as is stated in this, the initial and 1st supplemental objection. The abusive behavior by Warshaw is so egregious that he had made this objector sick to her stomach and caused her nightmares. There

---

[9]In *Gardner* this same class counsel abandoned the class members when they got what they wanted for the named plaintiff. This is further proof of the intent of this class counsel to use members of the class only to get money for themselves and not to benefit class members.

[10]Average Hourly Lawyer Salary in San Franciso California $58 - $86. Top Hourly Lawyer Salary in San Fransico California $68 - $102, see http://salarygenius.com/ca/san-francisco/salary/lawyer-salary. Based on class counsels web site Warshaw went to Whittier Law School a bottom rung law school rated the worst law school in the United States, see  http://abovethelaw.com/2012/10/ranking-the-worst-aba-accredited-law-schools

needs to be action taken against him to make sure he never again harms an objector simply for exercising their right to object to an unfair settlement. That a primary objection of this objector has since become moot doesnt undue the harm caused by Warshaw's abuse.

Thus this objector requests the following relief in addition to relief she has previously requested :

1.  Pursuant to FRCP 12f that  the court strike class counsels response to oppositions and Mr. Warshaw's declaration (this case documents #464 and #469)

2. If the court does find  $148.85 ($139.53) (or any other amount) per class member is fair, reasonable, and adequate compensation that the court issue an order that this money should be paid to  all class members who owned and used a listed cell phone on a listed phone company during the covered time ie all class members injured by the defendant should receive this money.

3. Class counsel be found guilty of  malpractice in neglecting to advocate for compensation for the 187 class members who owned and used a listed cell phone on a listed phone company during the covered time i.e. who were injured by defendant (or at least those who submitted a timely claim including this opposer) but who class counsel now indicates will not receive compensation and ordered to pay to this opposer 25% of all money paid to these 187 class members money to be deducted from class counsels lawyers fees not from the class members.

4. Per doctrine of equitable estoppel if payment is not ordered for all injured class members that an order be issued to pay this objector $148.85 ($139.53) (or any other amount paid class members)  as class counsel when in possession of this objectors claim form and after they knew of the contents of this objectors claim form that she had put nine 1s in the phone number section, sent her emails and letter requesting her cell phone number and obtained her cell phone number by leading her to believe if she gave them her phone number she would get this money.

5. That in addition to 1)her share of the settlement and 2)money ordered paid to this objector as a result of class counsel's malpractice that 3)class counsel (out of their money not the classes money) be ordered to pay to this objector  financial compensation to compensate her for the time she had to spend on this matter, and severe emotional distress caused by class counsel and in addition to this that 4)money be paid to this objector for time spent filing the objection, the supplement to the objection, and this 2nd supplemental to objection

5. That the relief in the documents this objector has previously requested be allowed

                                                Respectfully Submitted,
                                                *Sandra Singer*
                                                Sandra Singer
                                                PO Box 15424
                                                Boston, Mass 02215
                                                Spamnodo@yahoo.com

CERTIFICATE OF SERVICE

I certify that I have served all parties with a copy of the within by service on the persons stated for service on the class action web site et al at the email believed on file with the court for service including Daniel Warshaw (dwarshaw@pswlaw.com), Robert  Lopez (robl@hbsslaw.com), and Tyler Newby (tnewby@fenwick.com)

                                                                       *Sandra Singer*
                                                                        Sandra Singer

AFFIDAVIT

Now comes Sandra Singer and herein says and deposes that:

1. I am a class member of the within (Carrier IQ) class action case. I owned and used an included cell phone on an included cell phone service company during the subject time for several (though not all years) between Dec 1, 2007 and March 1, 2016. I supplied class counsel with the make and model of the cell phone, the cell phone service company and my cell phone number. I filed a timely claim on the case website on May 28, 2016 stating the make and model of the subject cell phone, the name of the cell phone service company, and that I owned and used this cell phone on this phone company during the subject time (between Dec 7, 2007 and March 1, 2016)

2. I received an email from class counsel on June 14, 2016 which was also sent by letter it was type signed by Robert Lopez and Daniel Warshaw. In this they stated they were in possession of my claim form and noted it contained nine 1's in the phone number space. They asked for various things as stated and I responded as stated in documents in this case.

3. I received a second email from class counsel on June 28, 2016 this one from Warshaw. This was after he said class members would receive $148.85 ($139.53).  In this email Warshaw stated my claim contained nine 1's in the phone number space. Warshaw claimed giving him my cell phone number would "help him to verify the carrier associated with the device I identified." I reliance of this provided Warshaw with my cell phone number on June 30, 2016

4. I relied on Warshaw's representation to my detriment in taking time and giving him my cell phone number which I did not want to give.  I was led to believe by class counsel that if I did not provide my cell phone number to them that I would not get this money and if I did provide my cell phone number I would get this money. At no time did I ever hear from any administrator and was led to believe by emails from Lopez and Warshaw they were the contact persons in this case.

5. The placing of nine 1s  in the space for phone number was done to protect privacy, safety, security, prevent fraud and telephone harassment and to minimize undesired use of cell phone minutes as the computer required this to submit the claim, at no time was there any attempt to mislead anyone as nine 1s is obviously not a phone number, nor was anyone harmed by this. One does not get more money with nine 1. As far as Im aware a cell phone number does not identify either a phone make or model nor the phone company as cell phone numbers are portable.

6. Any claim that I filed a false or frivolous claim is false and defamatory to my character. Warshaw also violated my privacy in a way completely irrelevant to the case. Privacy is very important to me. The actions by class counsel have caused me to have to spend time on this which I should not have had to and have caused me to suffer severe emotional distress.

7. To the best of my knowledge, information and belief all statements in the within document are true.
  under the pains and penalties of perjury this 25th day of July 2016

*Sandra Singer*
                    Sandra Singer