UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC., CONSUMER PRIVACY LITIGATION. | Case No. 12-md-02330-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART OBJECTOR SINGER'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Docket No. 486 |

Objector Sandra Singer has filed a motion to alter or amend the judgment. More specifically, Ms. Singer seeks the following relief: (1) an order awarding her the same relief awarded to other class members who submitted valid claims (approximately $140); (2) an order striking certain filings made by Plaintiffs' counsel (*i.e.*, Docket Nos. 464 and 469, which include two declarations from Mr. Warshaw); (3) an order awarding her compensation based on the value of her objections; and (4) an order awarding her compensatory and punitive damages based on alleged improper conduct by Plaintiffs' counsel.[1]

The Court has reviewed the papers submitted, as well as all other papers previously submitted by Ms. Singer and by Plaintiffs with respect to Ms. Singer's claim. The Court finds no merit to Ms. Singer's requests for relief (2)-(4) above, and therefore denies those requests for

---

[1] Ms. Singer also asked the Court to order the Clerk of the Court to file her "second supplemental opposition," a copy of which was faxed and e-mailed to the Court. Contrary to what Ms. Singer suggests, filing by fax is not permitted by the Civil Local Rules. Civil Local Rule 5-3(a) simply allows a party to file a fax copy of an original document. *See also* Civ. L.R. 5-3(b) (providing that "[t]he fax copy is *not* transmitted directly to the Clerk by electronic or telephonic means") (emphasis in original). However, as a courtesy, the Court has in the past filed papers submitted by Ms. Singer through e-mail, and the Court shall extend this courtesy again for the "second supplemental opposition." The Court notes that it did review the "second supplemental opposition" prior to the final approval hearing even though it was not formally docketed at that time. Plaintiffs' request that Ms. Singer's various papers be stricken, *see* Opp'n at 10, is denied.

relief.  The only issue remaining is whether Ms. Singer should be given the same relief as other class members who submitted valid claims (approximately $140).

In its order, the Court found that Ms. Singer had submitted an invalid claim because she did not provide, in her claim form, a genuine cell phone number.  *See* Docket No. 481 (Order at 7); Docket No. 469 (Warshaw Decl. ¶ 7) (noting that Ms. Singer provided a cell phone number of all 1's).  However, Ms. Singer asserts that, after her objection to the settlement was filed, *see* Docket Nos. 453-54 (objections), Plaintiffs contacted her and asked for proof that she was a class member with standing to object, including but not limited to her real cell phone number.  Ms. Singer provided Plaintiffs with her real cell phone number.  *See* Docket No. 467-1 (Obj. at 5-6); Docket No. 469 (Warshaw Decl. ¶¶ 8-9).  Ms. Singer takes the position that Plaintiffs' actions gave her the impression that, once she gave her real cell phone number, her claim would be considered on the merits.  *See, e.g.*, Docket No. 467-1 (Obj. at 6) (claiming that Plaintiffs "implied that if she did not provide [her real cell phone number] she would not receive any money").

As an initial matter, Plaintiffs argue that the Court should not entertain this specific request for relief (or for that matter, any of Ms. Singer's requests for relief) because Ms. Singer does not have standing to bring a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  The Court is not persuaded.  On its face, Rule 59(e) simply states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Nothing in the rule provides that such a motion may be brought by a party only.  Moreover, nothing about Rule 23, which governs class certification, suggests that an objector to a proposed class action settlement should not be allowed to ask for reconsideration of a ruling on an objection.

The authority cited by Plaintiffs, *see Pedraza v. United Guar. Corp.*, No. CV199-239, 2001 U.S. Dist. LEXIS 27165 (S.D. Ga. Sep. 19, 2001), is not binding on this Court.  Moreover, the *Pedraza* court was confronted with an objector's request for a new trial *or* an amendment of the judgment.  The court seemed to focus more on the request for a new trial, noting that Rule 59, by its terms, specified that a new trial may be granted to a *party*, not an objector.  *See id.* at *9 ("Rule 59 states that '[a] new trial may be granted to all or any of the *parties* . . . .'") (emphasis in

1  original). The court failed to address the fact that Rule 59(e), which governs alteration or
2  amendment of a judgment, does not contain similar limiting language. Furthermore, the *Pedraza*
3  court justified its holding that "unnamed class members lack standing to bring a Rule 59 motion"
4  because "unnamed class members, who have not intervened, lack standing to appeal a final
5  judgment." *Id.* at *10. But, as Plaintiffs themselves concede, it is no longer good law that an
6  objector lacks standing to appeal a final judgment. *See* Opp'n at 4 n.4.

7  Plaintiffs argue that, even if Ms. Singer has standing to seek reconsideration, she may do
8  so only on limited grounds which are inapplicable here. Again, the Court is not persuaded. The
9  Ninth Circuit has noted as follows with respect to Rule 59(e) motions:

> "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

In the instant case, Ms. Singer has provided a sufficient basis to support manifest injustice. That is, when Plaintiffs asked for her real cell phone number, this could reasonably have led Ms. Singer to believe that providing the real number would cure the deficiency in her original claim form and allow her to participate in the settlement. This would be true even if Ms. Singer is, in fact, an attorney or former attorney (although the Court notes that Plaintiffs' evidence in support of their claim that Ms. Singer is an attorney or former attorney is thin).[2]

Accordingly, the Court grants Ms. Singer limited relief. That is, the Court hereby orders Plaintiffs to investigate (either directly or through the settlement administrator) whether, based on

---

[2] *See, e.g.*, Docket No. 464-1 (Warshaw Decl., Ex. A) (appellate brief submitted by Ms. Singer to the First Circuit in which she uses the abbreviation "Esq." after her name). Plaintiffs have not pointed the Court to any bar number affiliated with Ms. Singer. Notably, in one of their papers, Plaintiffs even stated that Ms. Singer "*holds herself out* as an attorney," Docket No. 464 (Resp. at 2) (emphasis added), in implicit recognition of the fact that she may not be an attorney.

the real cell phone number provided by Ms. Singer, Ms. Singer is a member of the class. If so, then Ms. Singer should be awarded the same relief as all other claiming class members (*i.e.*, approximately $140). Plaintiffs shall make this determination within two weeks of the date of this order. By the same date, Plaintiffs shall file a supplemental brief reporting back on the results of their investigation.

The Court notes that, if Ms. Singer is entitled to relief, Plaintiffs and/or the settlement administrator will likely need to recalculate the exact award for each claiming class member (including Ms. Singer). Recalculation, however, is still possible because it appears that no distribution has been made to claiming class members as of yet, *i.e.*, because appeals have been taken by two other objectors. *See* Docket No. 419 (Am. Stip. of Sett. ¶¶ 2(s), 26) (providing that (1) the effective date of the settlement is, "if an appeal is filed, the latest of (i) the date of final affirmance of that Order of Final Approval . . . or (iii) the date of final dismissal of any appeal from the Order of Final Approval" and that (2) "[t]he monetary relief . . . shall be made available to eligible and qualifying Class Members after the Effective Date of this Agreement"). Because of the appeals, no actual distribution shall be made to any class member at this point in the proceedings.

Accordingly, the Court grants in part and denies in part Ms. Singer's motion to alter or amend the judgment. Ms. Singer is granted relief only to the extent Plaintiffs are ordered to investigate whether she is in fact a member of the class (*i.e.*, based on her real cell phone number); if she is, she is entitled to relief as a member of the class.

This order disposes of Docket No. 486.

**IT IS SO ORDERED**.

Dated: October 19, 2016

_____
EDWARD M. CHEN
United States District Judge

4