UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC., CONSUMER PRIVACY LITIGATION. | Case No. 12-md-02330-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MR. CULP'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Docket No. 501 |

Currently pending before the Court is Scott Culp's motion to alter or amend the judgment.

To the extent Mr. Culp's motion has been filed pursuant to Federal Rule of Civil Procedure 59(e), it is untimely. Under Rule 59(e), a motion to alter or amend "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, final judgment was entered on August 25, 2016. *See* Docket No. 485 (final judgment). Mr. Culp's motion was not filed until November 17, 2016, which is more than 28 days after the entry of judgment. *See* Docket No. 501 (envelope). The Court acknowledges that Mr. Culp is in prison. Thus, it is likely that he gave his motion to prison authorities for mailing in advance of November 17 – or even November 14 (the date his motion was mailed). But even if Mr. Culp gave the motion to prison authorities for mailing as early as, *e.g.*, November 1, that would still make his motion untimely.

To the extent Mr. Culp's motion has been filed pursuant to Federal Rule of Civil Procedure 60(b), the Court still is not inclined to grant him relief, with one exception, which is discussed below. In its final approval order, the Court noted that, although it had received a filing from Mr. Culp, no claim form had been submitted by him to the settlement administrator. *See* Docket No. 481 (Order at 8-9 n.6); *see also* Docket No. 477 (Vasquez Decl. ¶ 18) (stating that "no claim was received from Scott Culp"). In his pending motion, Mr. Culp disputes such, stating that he "sent

in a class action form with a valid phone number" and, "[b]ecause I am incarcerated and moved[,] I notified class action counsel again. Because they failed to respond I wrote directly to the court." Mot. at 1. The Court gives little weight to Mr. Culp's assertions, particularly because he has submitted no evidence to substantiate them (*e.g.*, no declaration and no supporting documentation). Furthermore, Mr. Culp's primary goal here seems to be to get *greater* relief than the rest of the class, *see* Mot. at 1 (asserting that "other class members . . . did not suffer mental health issues stemming from defendents [sic] actions"), but that is not what the parties negotiated and, in any event, he has not provided any evidence to support his claims of unique injury.

Accordingly, the Court denies Mr. Culp's motion to amend the judgment, with one exception. Both Plaintiffs and Defendants have indicated that they do not object to Mr. Culp's alternative request that he be excluded from the class action. In light of this circumstance, the Court grants Mr. Culp's request to be excluded from the class action. Mr. Culp's motion is otherwise denied.

This order disposes of Docket No. 501.

**IT IS SO ORDERED**.

Dated: December 6, 2016

_____
EDWARD M. CHEN
United States District Judge