Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594

Bruce L. Simon (CSB No. 96241)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com

*Class Counsel*

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No.  C-12-md-2330-EMC |
| CARRIER IQ, INC. CONSUMER PRIVACY LITIGATION | **CASE MANAGEMENT STATEMENT PURSUANT TO COURT'S ORDER OF MARCH 1, 2018** |
| This Document Relates to: | |
| ALL CASES | |

1    The parties respectfully submit this Case Management Statement in response to the Court's

2  order of March 1, 2018.  (Dkt. No. 508.)

3    **Plaintiffs' statement**

4    As the Court will recall, it granted final approval to a nationwide class settlement of

5  plaintiffs' claims on August 25, 2016.  (Dkt. No. 481.)  It also issued an Order Granting in Part and

6  Denying in Part Plaintiffs' Motion for Award of Attorneys' Fees, Costs, Expenses, and Service

7  awards, as well as the Judgment terminating this matter, that same day.  (Dkt. Nos. 483 and 485.)  In

8  its final approval order, it overruled objections from three individuals.  (Dkt. No. 481 at 7-8.)  Two

9  of these objectors, Sam Miorelli and Patrick Sweeney, filed notices of appeal, Dkt. Nos. 488[1] and

10  489, respectively, on September 23, 2016 (Miorelli) and September 26, 2016 (Sweeney).

11    The Ninth Circuit dismissed Sweeney's appeal on February 2, 2018, for failure to pay fees or

12  prosecute.  Order, *In re: Carrier iQ Consumer Litig.*, No. 16-16817, 2017 WL 4574828 (9th Cir.

13  Feb. 8, 2017).

14    The Ninth Circuit docketed Miorelli's Appeal on October 7, 2016.  (Dkt. No. 1, *In re:*

15  *Carrier iQ Consumer Litig.*, No. 16-16816 (Miorelli Appeal).)  After arranging to have the Excerpts

16  of Record transmitted to that court, Miorelli Appeal Dkt. No. 10, Miorelli submitted his appellant's

17  brief on February 17, 2017, Miorelli Appeal Dkt. No. 12.

18    The matter was then referred to the Circuit Mediator, Miorelli Appeal Dkt. Nos. 17-20, 22-

19  24, and further briefing was placed on hold as Class Counsel and Miorelli endeavored to determine,

20  with the Circuit Mediator's able assistance, whether Miorelli's appeal could be settled, *see generally*

21  *id.*

22    On September 21, 2017, Class Counsel, on behalf of plaintiffs-appellees, agreed to settle

23  Miorelli's appeal for $25,000 (Settlement Sum), with each side to bear its own costs and fees,

24

25

---

26    [1] Miorelli's notice of appeal indicated that he was appealing from the Court's Order Granting
Final Approval of Class Action Settlement, Certification of Settlement Class, and Appointment of
27  Class Representatives and Class Counsel; the Court's Order Granting in Part and Denying in Part
Plaintiffs' Motion for Award of Attorneys' Fees, Costs, Expenses, and Service Awards, and the
28  Judgment.  (*Id.*)

CASE MANAGEMENT STATEMENT - 1
Case No.: C-12-md-2330-EMC

1    pursuant to Fed. R. App. P. 42(b) ("The circuit clerk may dismiss a docketed appeal if the parties file

2    a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due.").

3           The settlement of Miorelli's appeal (Settlement) contemplates that the settlement sum will be

4    paid from plaintiffs' attorneys' fee award.  But because the Court made this fee award to Class

5    Counsel, the Settlement also sets forth the condition that such payment will only be made if this

6    Court approves the payment from Class Counsel's fee award.  *See* Miorelli Appeal Dkt. No. 24

7    (Ninth Cir. order attached as Exhibit 1).

8           In light of the foregoing, Miorelli has dismissed his appeal against plaintiffs-appellees

9    conditionally.  (*See* Miorelli Appeal Dkt. No. 23.)  If this Court does not approve the payment from

10   Class Counsel's fee award, or if other possibilities come to pass, *see* Ex. 1 hereto, then the

11   Settlement may be extinguished, in which case the parties would return to the Ninth Circuit to

12   complete adjudication of Miorelli's appeal.  (*See id.*)

13          The parties also wish to apprise the Court of the bankruptcy of defendant Pantech Wireless,

14   Inc., which occurred well after judgment was entered in this matter and well after Pantech deposited

15   its share of the underlying settlement sum into escrow pending disbursal pursuant to the Court's final

16   approval order.  While Class Counsel made inquiry and was advised that Pantech had no objection to

17   the Settlement or to the conditional dismissal of Miorelli's appeal, as evidenced by its signature on

18   Miorelli's stipulated notice of conditional dismissal, Miorelli Appeal Dkt. No. 23, nonetheless, in an

19   abundance of caution, Class Counsel engaged bankruptcy counsel and sought relief from the

20   automatic stay in Pantech's bankruptcy, which was filed in the Northern District of Georgia.  This

21   request was granted.  *See* Order, *In re Pantech Wireless, Inc.*, No. 16-bk-72088 (Bankr. N.D. Ga.

22   Feb. 7, 2018) (Dkt. No. 68) (attached as Exhibit 2).  The bankruptcy court's order provides

23   specifically, *inter alia*, that the automatic stay shall not bar or affect the conditional dismissal of

24   Miorelli's Ninth Circuit appeal, these proceedings, or disbursal of cash settlement funds to settlement

25   class members in the underlying matter.  *See id.*

26          Class Counsel have asked Miorelli to compile the reasonable attorneys' fees, costs, and

27   expenses he has incurred to-date in his appeal.  In response, he has filed a declaration setting these

28   forth.

1     Also, Miorelli and Class Counsel have filed a stipulated request that the Court approve

2     payment of the Settlement Sum to Miorelli from the attorneys' fees awarded to Class Counsel.

3          The parties are preapared to appear at the case management conference currently scheduled

4     for March 15, 2018 and answer any questions that the Court may have regarding the items raised

5     herein.  However, if the Court does not have any questions, and approves the stipulated request, then

6     the parties to the Settlement will move forward toward its full consummation, assuming that no

7     conditions occur which lead to plaintiff-appellees' withdrawal from the Settlement.  Thereafter,

8     Miorelli's appeal will be dismissed with finality, as will the defendants-appellants'[2] appeals from this

9     Court's decision denying their request to refer the incorporated matters to arbitration.  (*See Kenny v.*

10    *Carrier iQ Inc.*, No. 14-15843 (9th Cir., filed Apr. 30, 2014); *Kenny v. Carrier iQ Inc.*, No. 14-

11    15846 (9th Cir., filed Apr. 30, 2014).)  Once the Effective Date accrues under the underlying

12    settlement agreement, then, per the Court's final approval order, disbursal of settlement benefits to

13    all concerned can begin, and the settlement administrator can pay Miorelli out of Class Counsel's fee

14    award.

15         Most importantly, the settlement administrator will then be able to proceed with disbursing

16    cash settlement benefits to settlement class members who made valid, payable claims, all without the

17    additional time it would have taken to fully resolve Miorelli's appeal on the merits.

18         **Defendants' statement**

19         Defendants take no position with respect to the terms of the plaintiffs-appellees' Settlement

20    with Miorelli.  However, defendants also do not oppose entry of the stipulated request made by

21    plaintiffs-appellees and Miorelli to pay him the Settlement Sum from the attorneys' fees awarded to

22    Class Counsel by the Court.

23

24

25

26

27    _____
      [2] This reference does not include Motorola, which did not file a motion to refer the case against it

28    to arbitration, such that it did not appeal, either.

CASE MANAGEMENT STATEMENT - 3
Case No.: C-12-md-2330-EMC

1  Dated: March 8, 2018                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

2                                          By ____/s/ *Robert F. Lopez*_____
                                                   Robert F. Lopez
3                                          Steve W. Berman (*pro hac vice*)
                                           Robert F. Lopez (*pro hac vice*)
4                                          1918 Eighth Avenue, Suite 3300
                                           Seattle, WA  98101
5                                          Telephone:  (206) 623-7292
                                           Facsimile:   (206) 623-0594
6                                          steve@hbsslaw.com
                                           robl@hbsslaw.com
7

8                                          By ____/s/ *Daniel L. Warshaw*_____
                                                   Daniel L. Warshaw
9                                          PEARSON SIMON & WARSHAW, LLP
                                           Clifford H. Pearson (108523)
10                                         Daniel L. Warshaw (185365)
                                           15165 Ventura Blvd., Suite 400
11                                         Sherman Oaks, CA 91403
                                           Telephone: (818) 788-8300
12                                         Facsimile:  (818) 788-8014
                                           cpearson@pswlaw.com
13                                         dwarshaw@pswlaw.com

14                                         Bruce L. Simon (96241)
                                           44 Montgomery Street, Suite 2450
15                                         San Francisco, CA 94104
                                           Telephone: (415) 433-9000
16                                         Facsimile: (415) 433-9008
                                           bsimon@pswlaw.com
17
                                           *Class Counsel*
18
                                           By: _/s/ *Rodger R. Cole*_____
19                                                 Rodger R. Cole
                                           rcole@fenwick.com
20                                         FENWICK & WEST LLP
                                           801 California Street
21                                         Mountain View, CA 94041
                                           Ph: (650) 988-8500
22                                         Fax: (650) 938-5200

23                                         Tyler G. Newby
                                           tnewby@fenwick.com
24                                         FENWICK & WEST LLP
                                           555 California Street, 12th Floor
25                                         San Francisco, CA 94104
                                           Telephone: (415) 875-2300
26                                         Facsimile: (415) 281-1350

27                                         *Attorneys for Defendant Carrier iQ, Inc.*

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By:  */s/ Rosemarie T. Ring*
   Rosemarie T. Ring
Rose.Ring@mto.com
Jonathan H. Blavin
Jonathan.Blavin@mto.com
Bryan H. Heckenlively
Bryan.Heckenlively@mto.com
MUNGER, TOLLES & OLSON, LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Henry Weissmann
Henry.Weissmann@mto.com
MUNGER, TOLLES & OLSON, LLP
355 South Grand Avenue,
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants HTC America, Inc., and HTC Corporation*

By:  */s/ Simon J. Frankel*
   Simon J. Frankel
sfrankel@cov.com
COVINGTON & BURLING LLP
1 Front St., 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Attorneys for Defendant Huawei Device USA, Inc.*

By:  */s/ Wilson W. Lin*
   Wilson W. Lin
WLin@park-law.com
H.C. Park & Associates, PLC
1894 Preston White Drive
Reston, VA 20191
Telephone: (703) 544-9230
Facsimile:  (703) 288-5139

*Attorneys for Defendant Pantech Wireless, Inc.*

CASE MANAGEMENT STATEMENT - 5
Case No.: C-12-md-2330-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  _/s/ Lance A. Etcheverry_____
          Lance A. Etcheverry
lance.etcheverry@skadden.com
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Attorneys for Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.*

By:  _/s/ Jeff E. Scott_____
          Jeff E. Scott
ScottJ@gtlaw.com
Lori Chang
ChangL@gtlaw.com
Rebekah Guyon
GuyonR@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Ian C. Ballon
Ballon@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone: 650-328-8500
Facsimile: 650-328-8508

*Attorneys for Defendants LG Electronics, Inc. and LG Electronics MobileComm U.S.A., Inc.*

By:  _/s/ Christopher J. Letkewicz_____
          Christopher J. Letkewicz
cletkewicz@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL  60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

1                                             Krista M. Enns

Krista M. Enns
kenns@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant Motorola Mobility LLC*

CASE MANAGEMENT STATEMENT - 7
Case No.: C-12-md-2330-EMC

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.


DATED:  March 8, 2018                    By:    _____
                                                 /s/ Daniel L. Warshaw
                                                 DANIEL L. WARSHAW


876280.1

# EXHIBIT 1

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  CARRIER IQ, CONSUMER PRIVACY LITIGATION,

------------------------------

 PATRICK KENNY, individually and on behalf of himself and all others similarly situated,

              Plaintiff-Appellee,

 v.

SAM A. MIORELLI,

              Objector-Appellant,

     v.

CARRIER IQ, INC.; et al.,

              Defendants-Appellees.

No.    16-16816

D.C. No. 3:12-md-02330-EMC
Northern District of California,
San Francisco

ORDER

The purpose of the parties in entering this stipulation to dismiss without prejudice is to return jurisdiction to the district court to seek its approval of the Settlement Agreement which resolves this appeal.

Pursuant to the stipulation of the parties, this appeal is dismissed without prejudice to its reinstatement upon the occurrence of any of the Triggering Occurrences as defined by the parties herein and the Objector-Appellant's filing a timely motion to reinstate.

Objector-Appellant must file a motion to reinstate this appeal within 28 days of any of the following Triggering Occurrences, whichever occurs first:

(1) Objector-Appellant's written notice of disapproval of the draft Stipulation [and Proposed Order] re: Appeal or motion prepared by counsel for Plaintiffs-Appellees and the parties' failure to reach an agreement on revisions to that draft document that are mutually acceptable within ten days of the written notice of disapproval;

(2) The filing of any objection or opposition to the motion or stipulation seeking district court approval of the Settlement Agreement or the filing of any objection to, or appeal from, the district court approval of the Settlement Agreement and the subsequent election in writing by counsel for Plaintiffs-Appellees to rescind the Settlement Agreement; or

(3) the district court filing an order declining to approve the Settlement Agreement in full, including its conditional payment term.

A copy of this order shall serve as the mandate of this court.

FOR THE COURT


By: Margaret A. Corrigan
Circuit Mediator

MAC/Mediation

2

# EXHIBIT 2

**IT IS ORDERED as set forth below:**

**Date: February 7, 2018**



*James R. Sacca*

**James R. Sacca**
**U.S. Bankruptcy Court Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: | No. 1:16-bk-72088 |
| PANTECH WIRELESS, INC., | |
| Debtor. | JUDGE: James R. Sacca |
| ------------------------------------------------- | |
| PATRICK KENNY, DANIEL PIPKIN, LUKE SZULCZEWSKI, ERIC THOMAS, BRIAN SANDSTROM, and COLLEEN FISCHER, on their own behalf, and on behalf of the Settlement Class they represent, | CHAPTER 11 |
| Movants, | |
| v. | |
| PANTECH WIRELESS, INC., | |
| Respondent. | |

ORDER

The Motion for Relief from the Automatic Stay (the "Motion," Dkt. No. 62) of Movants

Patrick Kenny, Daniel Pipkin, Luke Szulczewski, Eric Thomas, Brian Sandstrom, and Colleen

Fischer, filed on their own behalf and on behalf of the Settlement Class they represent (collectively, the "Movants"), came on for hearing on February 6, 2018 in the above entitled Court, before the Honorable James R. Sacca, United States Bankruptcy Judge.

The Court, having read and considered the Motion and finding that notice of the Motion was proper and that no opposition has been filed, and for good cause appearing, it is therefore:

**ORDERED** that:

1.      The Motion is granted in its entirety;

2.      Relief from the automatic stay is approved "for cause" under 11 U.S.C. § 362(d)(1);

3.      As to Movants, their successors, transferees, and assigns, the automatic stay under 11 U.S.C. § 362(a) is hereby terminated as to the Debtor and the Debtor's bankruptcy Estate for the following:

   a.   To allow any and all matters to proceed (including documents created/executed, and orders to be entered) to effectuate the dismissal of the Ninth Circuit Appeal commonly known as *Patrick Kenny, et al. v. Sam A. Miorelli v. Carrier IQ, Inc., et al.*, Case No. 16-16816.

   b.   To allow any and all proceedings in the *Carrier iQ* Matter pending in the District Court, commonly known as *In re Carrier iQ, Inc. Consumer Privacy Litigation*, N.D. Cal. No. 12-md-2330-EMC, to proceed (including but not limited to the creation/execution of documents and entry of orders/judgments), all in accordance with applicable non-bankruptcy law, so any and all settlements in that matter can be fully initiated with all parties, and the cash settlement benefits then disbursed to the Settlement Class members;

4.      This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code;

5.      This order is binding and effective in any Bankruptcy Case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the *Carrier iQ* Matter pending in the District Court or the

Ninth Circuit Court of Appeals (both as defined in the Motion and para. 3, *supra*.).

6.     This order shall be effective and enforceable immediately upon entry,

notwithstanding Fed.R.Bankr.P 4001(a)(3).

### END OF DOCUMENT

Prepared and Presented By:

/s/ William A. Rountree
Rountree & Leitman, LLC
2800 North Druid Hills Road
Bldg. B, Suite 100
Atlanta, GA 30329
Telephone (404) 584-1244
Facsimile (404) 581-5038
wrountree@randllaw.com

and

/s/ Noreen A. Madoyan
CRAIG G. MARGULIES, ESQ. (CA SBN 185925)
NOREEN A. MADOYAN, ESQ (SBN 279227)
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777
Email:  Craig@MarguliesFaithLaw.com
Email: Noreen@MarguliesFaithLaw.com

*Counsel for Movants*

## DISTRIBUTION LIST

William A. Rountree
Rountree & Leitman, LLC
2800 North Druid Hills Road
Bldg. B, Suite 100
Atlanta, GA 30329

James H. Morawetz
Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Gregory M. Taube
Nelson Mullins Riley & Scarborough
Suite 1700
201 17th Street, NW
Atlanta, GA 30363