**1** STEVE W. BERMAN (*Pro Hac Vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
**2** 1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
**3** Telephone: (206) 623-7292
Facsimile: (206) 623-0594
**4** steve@hbsslaw.com

**5** BRUCE L. SIMON (Bar No. 96241)
**PEARSON, SIMON & WARSHAW, LLP**
**6** 44 Montgomery Street, Suite 2450
San Francisco, CA 94104
**7** Telephone: (415) 433-9000
Facsimile: (415) 433-9008
**8** bsimon@pswlaw.com

**9** *Class Counsel*

**10** *[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION | No. 12-md-2330-EMC<br><br>**STIPULATION AND [PR~~O~~OPOSED] ORDER** |

876282.1

STIPULATION AND [PROPOSED] ORDER

WHEREAS, on June 6, 2016, Sam A. Miorelli, an attorney, filed an Objection to Class Action Settlement (Dkt. No. 450);

WHEREAS, on August 25, 2016, the Court overruled Miorelli's objections and entered the:

1. Order Granting Motion for Final Approval of Class Settlement, Certification of Settlement Class, and Appointment of Class Representatives (Dkt. No. 482);

2. Order Granting in Part and Denying in Part Plaintiffs' Motion for Award of Attorneys' Fees, Costs, Expenses, and Service Awards ("Fee Order") (Dkt. No. 483); and

3. Judgment (Dkt. No 485) (the preceding three items are collectively referred to as "Orders");

WHEREAS, on September 23, 2016, Miorelli filed a Notice of Appeal seeking review by the Ninth Circuit Court of Appeals of the Orders (Dkt. No. 488);

WHEREAS, on September 26, 2016, another purported class member, Patrick Sweeney, filed a Notice of Appeal seeking review of the Orders by the Ninth Circuit Court of Appeals (Dkt. No. 489), but that matter was dismissed by the Ninth Circuit for failure to prosecute on February 8, 2017—*see Patrick Kenny, et al. v. Carrier IQ, Inc., et al.*, Ninth Cir. Case No. 16-16817 (Dkt. No. 5);

WHEREAS, on February 17, 2017, Miorelli filed his Opening Brief with the Ninth Circuit challenging the Orders—*see Patrick Kenny, et al. v. Carrier IQ, Inc., et al.*, Ninth Cir. Case No. 16-16816 (Dkt. No. 9);

WHEREAS, based upon the filing date of Miorelli's notice of appeal, together with a review of various Ninth Circuit dockets, it appears that oral argument of Miorelli's appeal (if any) probably would not occur until the fall or winter of 2018, after which it could be many months until the Ninth Circuit issues its decision, which would further delay the disbursement of settlement benefits to eligible claimants;

WHEREAS, with the foregoing in mind, and with the assistance of the Ninth Circuit Mediator, Margaret Corrigan, Class Counsel negotiated with Miorelli and reached a settlement that that they signed with him on September 21, 2017—*see* true and correct copy of the agreement

between Miorelli and Class Counsel ("Agreement"), attached hereto as Exhibit A;

WHEREAS, Miorelli has conditionally dismissed his appeal per the terms of the Agreement and Fed. R. App. P. 42(b) ("The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due"),[1] such that jurisdiction is now present in this Court to decide the instant request (*see* Order conditionally dismissing appeal, Dkt. No. 509);

WHEREAS, Miorelli represents that he has performed 87.1 hours of work on the appeal and settlement at the hourly rate of $346, resulting in a reported lodestar of $30,136.60, and that he has expended sums in the amount of $1,182.87, relating to the appeal—*see* Declaration of Sam A. Miorelli filed herewith;

WHEREAS, the Agreement provides that, subject to this Court's approval and other conditions, Miorelli will be paid $25,000 (twenty-five thousand U.S. dollars) by the settlement administrator in this matter, Gilardi & Co., LLC, from the attorneys' fees awarded to Class Counsel by the Court in the Fee Order; and

WHEREAS, this payment to Miorelli from plaintiffs' fee award will not reduce the recovery to the class whatsoever; now, therefore,

IT IS HEREBY STIPULATED by and among the undersigned parties that $25,000 from the $2,250,000 award of fees to Class Counsel be paid to Miorelli per the terms of the Agreement, such that his appeal will be dismissed with prejudice.

---

[1] The Agreement provides that "[e]ach party shall bear his/their/its own attorneys' fees and costs as any shall relate to this Agreement." (Ex. A, ¶ 2.5.)

| | | |
|---|---|---|
| DATED: March 8, 2018 | | PEARSON, SIMON & WARSHAW, LLP |

By: <u>*/s/ Daniel L. Warshaw*</u>
         DANIEL L. WARSHAW

Daniel L. Warshaw
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwashaw@pswlaw.com

Bruce L. Simon (Bar No. 92641)
PEARSON SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

DATED: March 8, 2018         HAGENS BERMAN SOBOL SHAPIRO LLP

By: <u>*/s/ Robert F. Lopez*</u>
         ROBERT F. LOPEZ

Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com
robl@hbsslaw.com

*Class Counsel*

DATED: March 8, 2018

By: */s/ Sam A. Miorelli.*
 Sam A. Miorelli, E.I., Esq.

Sam A. Miorelli, E.I., Esq. (*pro se*)
764 Ellwood Avenue
Orlando, FL 32804
Phone: 352-458-4092
sam.miorelli@gmail.com

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

DATED: March 8, 2018 By: */s/ Daniel L. Warshaw*
 DANIEL L. WARSHAW

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |
| 2 | Pursuant to the stipulation of the Class Counsel and objector Sam A. Miorelli, it is hereby |
| 3 | ordered that $25,000 from the $2,250,000 award of fees to Class Counsel be reallocated to |
| 4 | Miorelli by the settlement administrator, Gilardi & Co. |
| 6 | DATED: __3/9__, 2018 |



Edward M. Chen
United States District Judge

# EXHIBIT A

# AGREEMENT REGARDING RESOLUTION OF APPEAL
# IN RE CARRIER IQ, INC., CONSUMER PRIVACY LITIGATION
# Ninth Cir. No. 16-16816/N.D. Cal. No. 12-md-2330-EMC

This Agreement Regarding Resolution of Appeal ("Agreement") is made and entered into by and between Co-Lead Class Counsel ("Class Counsel") in *In re Carrier iQ, Inc., Consumer Privacy Litigation*, No. 12-md-2330-EMC (N.D. Cal.), and attorney Sam Miorelli, an objector in that matter.

## RECITALS

A. Class Counsel and other plaintiffs' counsel brought class action lawsuits ("Carrier iQ Litigation") against Carrier iQ, Inc.; HTC America, Inc.; HTC Corporation; Huawei Device USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; LG Electronics, Inc.; Motorola Mobility LLC; Pantech Wireless, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd., ("Defendants"). After coordination of the lawsuits by the Judicial Panel on Multidistrict Litigation and assignment to the Hon. Edward M. Chen in the Northern District of California ("the Court" or "district court"), the plaintiffs filed a First Consolidated Amended Complaint on August 27, 2012. The operative complaint is the Third Consolidated Amended Complaint, filed on January 22, 2016.

B. After lengthy negotiations and several mediation sessions, the parties in the Carrier iQ Litigation reached a class-wide settlement ("Settlement"). Plaintiffs then submitted the Settlement to the Court for its approval. Miorelli asserted class membership and objected to the terms of the Settlement and appeared and argued at the final approval hearing. The Court overruled Miorelli's objections and granted final approval of the Settlement. The Court also granted plaintiffs' request for attorneys' fees payable from the Settlement fund. Miorelli then filed a notice of appeal to the U.S. Court of Appeals for the Ninth Circuit from: the Court's Order Granting Final Approval of Class Action Settlement, Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel, filed on August 25, 2016; the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Award of Attorneys' Fees, Costs, Expenses, and Service Awards, filed on August 25, 2016; and the Judgment, filed on August 25, 2016 ("Appeal"). The Ninth Circuit docketed Miorelli's Appeal as Matter No. 16-16816, and Miorelli has filed an appellant's brief in that matter.

C. With the assistance of the Ninth Circuit Mediator, Margaret Corrigan, Miorelli and Class Counsel negotiated a resolution of the Appeal as set forth herein. In order to further this negotiated resolution, the parties have agreed to vacate the remainder of the briefing schedule in the Appeal, and Miorelli has agreed to dismiss his appeal conditionally, subject to its reinstatement by the Ninth Circuit following Miorelli's timely motion to that court of appeals if the district court denies approval of this Agreement, or if Class Counsel rescind the Agreement pursuant to Sec. 1.1(f) below, whichever occurs first. The request for conditional dismissal shall be in the form of a stipulation signed by all parties to the Appeal, and it shall provide that any motion for reinstatement as contemplated herein shall be filed within 28 days of the event triggering the request. The parties acknowledge that as of the date they have entered into this Agreement, the briefing schedule has been vacated.

NOW, THEREFORE, in consideration of the foregoing facts and the promises, covenants and releases, representations, and warranties contained in this Agreement, the parties hereto agree as follows:

## SECTION 1

## **AGREEMENT**

1.1. As consideration for the execution of this Agreement, the parties hereto agree as follows:

(a) Miorelli will be paid $25,000 (twenty-five thousand U.S. dollars) ("Settlement Sum") by the Settlement Administrator for the Settlement, Gilardi & Co., LLC, from the attorneys' fee awarded to Class Counsel on and subject to the conditions set forth in this Agreement, including but not limited to the following occurrences:

(i) conditional dismissal of the Appeal by the Ninth Circuit, at Miorelli's request, such that the district court regains jurisdiction for purposes of considering the stipulation or motion described herein;

(ii) district court approval of payment to Miorelli as set forth herein; and

(iii) the passage of 37 (thirty-seven) days from the date on which the district court enters an order approving payment to Miorelli (in order to allow for possible appeals as referenced in Sec. 1.1(g) below).

(b) Class Counsel enter into this Agreement without admitting to the validity of any of Miorelli's points on Appeal or of any points that he made at the district court level, and while denying all of the same, in order to conclude this matter fully and without the further, lengthy delay that resolution of Miorelli's Appeal on its merits would entail;

(c) Miorelli enters into this Agreement without denying the validity of any of his points on Appeal or any points that he made at the district court level, in order to conclude this matter fully and without the further, lengthy delay that resolution of Miorelli's Appeal on its merits would entail;

(d) Class Counsel will draft a stipulation or motion, at its election, seeking approval of the payment referenced in Sec. 1.1(a) above, which stipulation or motion shall be subject to the reasonable approval of Miorelli before Class Counsel files it;

(e) If Miorelli disapproves the stipulation or motion referenced in Sec. 1.1(d) and if the parties hereto cannot within 10 (ten) days agree on changes to the stipulation or motion that will make it mutually satisfactory, then this Agreement shall be rescinded, such that no payment shall be due to Miorelli, and the Appeal shall be reinstated upon the granting of Miorelli's timely motion to the Ninth Circuit to reinstate;

(f) Miorelli agrees to produce true and correct records of his lodestar/time accrued in this matter at the district court and Ninth Circuit levels, including but not limited to time spent drafting his appellant's brief, as well as records of any costs and expenses he incurred at the district court and Ninth Circuit levels, for Class Counsel's use at their discretion in connection with the motion or stipulation referenced in Sec. 1.1(d) above;

(g) If any person or other entity files an objection or opposition to the motion or stipulation seeking district court approval of this Agreement, including its conditional payment terms; or if any person or other entity files an objection to, or appeals from, the district court's approval of the Agreement, including but not limited to its conditional payment terms; or if any person or other entity otherwise files an appeal for any reason, then Class Counsel may rescind this Agreement at their sole election, such that no payment shall be due to Miorelli, and the Appeal shall be reinstated upon the granting of Miorelli's timely motion to the Ninth Circuit to reinstate; and

(h) Miorelli agrees that the conditional dismissal of his Appeal will become a final dismissal with prejudice once all conditions to payment to him of the Settlement Sum have been fulfilled.

## SECTION 2
## <u>GENERAL PROVISIONS</u>

2.1. Entire Agreement. This Agreement contains the entire understanding and agreement between the parties hereto with respect to the matters referred to herein. No other representations, covenants, undertakings or other prior or contemporary agreements, whether oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the parties hereto. The parties hereto acknowledge that each party has not executed this Agreement in reliance on any other promise, representation, or warranty.

2.2. Construction. This Agreement shall not be construed against the party preparing it, but shall be construed as if all parties jointly prepared this Agreement, and any uncertainty and ambiguity shall not be interpreted against any one party. The Agreement shall be interpreted, enforced, and governed by and under the laws of the State of California, where the Carrier iQ Litigation MDL was venued, and where Miorelli filed his objection and appeared in support of it.

2.3. Modification. This Agreement shall not be modified by either party by any oral representations made before or after the execution of this Agreement. All modifications must be in writing and signed by each party hereto.

2.4. Time is of the Essence. Time is of the essence for the performance of each and every covenant and the satisfaction of each and every condition contained in this Agreement.

2.5. No party shall be deemed the drafter of this Agreement nor shall anyone argue that any particular provision should be construed against its drafter. Each party shall bear his/their/its own attorneys' fees and costs as any shall relate to this Agreement.

2.6. This Agreement is subject to Federal Rule of Evidence 408 and any other state and federal equivalents, and it shall not be admissible or otherwise used except to secure its approval by the Court or to effect or enforce its terms.

2.7. The effective date of this Agreement shall be the latest date indicated hereinbelow.

BY THEIR SIGNATURES BELOW, THE UNDERSIGNED REPRESENT THAT THEY HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND AND AGREE TO EACH AND ALL OF THE TERMS AND CONDITIONS SET FORTH THEREIN.

**CLASS COUNSEL**

BY: _/s/ Daniel Warshaw_
Daniel L. Warshaw
Of and for Pearson, Simon & Warshaw, LLP

DATED: 9/21/17

BY: _/s/_
Sam Miorelli

DATED: 9/21/2017

**CLASS COUNSEL**

BY: _/s/ Robert F. Lopez_
Robert F. Lopez
Of and for Hagens Berman Sobol Shapiro LLP

DATED: Sept. 21, 2017